**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| BRACKINS EL PRIVATE ESTATE TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>THE HONORABLE LILES C. BURKE; THE HONORABLE R. DAVID PROCTOR; JUSTIN JONES; THE ALABAMA STATE BAR; PRAVEEN KRISHNA, AUSA; U.S. MARSHALS SERVICE,<br><br>        Defendants. | CIVIL ACTION NO. |

**NOTICE OF REMOVAL**

Defendants the U.S. Marshals Service and Praveen Krishna, Assistant U.S. Attorney, give notice of removal under 28 U.S.C. § 1442(a)(1) of the above-captioned civil action, now pending in the Circuit Court of Madison County, Alabama.

**I.    Plaintiff's State Court Complaint**

1.    On March 7, 2026, Plaintiff Brackins El Private Estate Trust filed a civil complaint in Circuit Court of Madison County, Alabama, against:

LILES C. BURKE, in his individual capacity as Trustee De Son Tort; R. DAVID PROCTOR, in his individual capacity as Trustee De Son Tort; JUSTIN JONES, in his individual capacity; THE ALABAMA

1

STATE BAR, an administrative agency; PRAVEEN KRISHNA, U.S. Attorney, in his individual capacity; U.S. MARSHALS SERVICE (NORTHERN DISTRICT OF ALABAMA), in their individual capacities[.]

Ex. A, Madison Cty. Compl. at 7 (case caption).

2.    The same day, Plaintiff requested service of civil summons by certified mail.  Ex. B, Madison Cty. Summons.

3.    As of the date of filing this notice, neither the U.S. Marshals Service nor AUSA Krishna had been served.

## II.    Removal is Appropriate Under 28 U.S.C. § 1442(a)(1).

4.    Removal of the claims against U.S. Marshals Service and AUSA Krishna to the U.S. District Court for the Northern District of Alabama is appropriate under 28 U.S.C. § 1442(a)(1).  This section provides:

> A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

2

**A.     The U.S. Marshals Service may Exercise the Agency Removal Provision**

5.     The U.S. Marshals Service is a bureau within the Department of Justice.  As a bureau of the United States, it falls within the definition of "agency" as that term is used in Title 28 provisions, such as 28 U.S.C. § 1442(a)(1).  *See* 28 U.S.C. § 451 ("The term 'agency' includes any department, independent establishment, commission, administration, authority, board *or bureau of the United States* or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense.") (emphasis).  Accordingly, as an agency of the United States, it may remove this civil action.  *See* 28 U.S.C. § 1442(a)(1)

6.     In addition, the U.S. Marshals Service has a colorable federal defense.[1]  Specifically, the U.S. Marshals Service is entitled to federal sovereign immunity.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

---

[1] In noting this, the U.S. Marshals Service is not conceding a colorable federal defense is required for an agency to remove an action under 28 U.S.C. § 1442(a)(1).  *See Jax Leasing, LLC v. Xiulu Ruan*, 359 F. Supp. 3d 1129, 1140 (S.D. Ala. 2019) ("Because Section 1442(a)(1) allows the United States to remove regardless of whether the suit against it relates to any act under color of office and regardless of whether the United States asserts a colorable federal defense, the plaintiff's motion for remand is due to be denied.").

**B.      AUSA Krishna may Exercise the Officer Removal Provision**

7.      An officer may remove under section 1442(a)(1) if he "proves that he is a federal officer, his conduct underlying the suit was performed under color of federal office, and he has a 'colorable' federal defense." *State v. Meadows*, 88 F.4th 1331, 1338 (11th Cir. 2023).

8.      AUSA Krishna is a federal officer.  He is an Assistant U.S. Attorney employed by the U.S. Attorney's Office for the Northen District of Alabama, which is a component of the Department of Justice.

9.      AUSA Krishna's conduct underlying the suit was performed under color of his federal office, *i.e.*, as an AUSA.  Specifically, AUSA Krishna's only connection to Plaintiff Brackins El Private Estate Trust is through his role as an AUSA representing defendants in *pro se* suits brought by Plaintiff's attorney Kimberly A. Ford.  *See Ford v. Burke* 5:26-CV-255-ECM-KFP (N.D. Ala.); *Ford v. Proctor*, 5:26-cv-284-ECM-KFP (N.D. Ala.).

10.      Finally, AUSA Krishna has a colorable federal defense.  Specifically, AUSA Krishna may raise qualified immunity as a defense.  *See Fleming v. United States*, 127 F.4th 837, 853 (11th Cir. 2025) ("So a different doctrine sustains federal officers' 'initiative' in the face of legal threats: qualified immunity. Qualified immunity shields government officials performing discretionary functions so long as their 'conduct does not violate clearly established statutory or

4

constitutional rights of which a reasonable person would have known.'") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 517 (1985))

**III.   Removal is Timely, and the Procedural Requirements will be Complied with.**

11.   The state-court complaint was filed on March 7, 2026.  As of the date of filing this notice, neither the U.S. Marshals Service nor AUSA Krishna had been served.  Removal under 28 U.S.C. § 1442(a)(2) is timely because the 30-day time limit for filing the notice of removal has not expired.  *See* 28 U.S.C. § 1446(b)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999) (30-day time limit for removal runs after perfection of service).

12.   Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be provided to all parties, and a copy of this notice of removal will be filed with the Clerk of the Circuit Court of Madison County, Alabama.

CATHERINE L. CROSBY
UNITED STATES ATTORNEY

Don B. Long III
Assistant U.S. Attorney
U.S. Attorney's Office
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2001

<u>CERTIFICATE OF SERVICE</u>

I certify that on or about March 18, 2026, I served a copy of the above on the

Plaintiff by sending a copy by certified mail to:

Kimberly A. Ford, Esq.
470 Providence Main, Suite 302C
Huntsville, AL 35806

I certify that on or about March 18, 2026, I served a copy of the above on the

Alabama State Bar and Justin Jones by sending a copy by first-class mail to:

Alabama State Bar
415 Dexter Ave
Montgomery, AL 36104

Justin Jones
415 Dexter Ave
Montgomery, AL 36104

I certify that on or about March 18, 2026, I served a copy of the above on the

Honorable Liles C. Burke and the Honorable R. David Proctor by hand delivering

a copy to their counsel as follows:

Praveen Krishna,
Assistant U.S. Attorney
1801 Fourth Avenue North
Birmingham, AL 35203

_____
Don B. Long III
Assistant U.S. Attorney

6