FILED
2026 Mar-19 AM 09:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

DOCUMENT 1-1

**ELECTRONICALLY FILED**
3/7/2026 6:50 PM
47-CV-2026-900456.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/25 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number: <br>47-CV-2026-900456.00 |
|---|---|---|

Date of Filing:   Judge Code:
03/07/2026

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**BRACKINS EL PRIVATE ESTATE TRUST v. HON. LILES C. BURKE ET AL**

**First Plaintiff:** ☐ Business  ☐ Individual  **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☑ Other                         ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING      P ☐ APPEAL FROM PROBATE COURT

A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ YES  ☑ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☐ MONETARY AWARD REQUESTED   ☑ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
FOR063          3/7/2026 6:50:22 PM          /s/ KIMBERLY ADINA FORD ESQ.
               Date                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☐ NO

ELECTRONICALLY FILED
3/7/2026 6:50 PM
47-CV-2026-900456.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication. Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and itsparties remain private, non-public, and are not submitted for adjudication or administrative review. All rights reserved, none waived. Recording of this document does not constitute a waiver of privacy, ownership, or trustee discretion, and does not confer jurisdiction or authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

This document is protected under the principles of private contract, Article I Section 10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority."Equity regards the beneficiary as the true owner."

- "Equity imputes intention to fulfill obligation."
- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private equity record

and must be docketed pursuant to Federal Rule of Civil Procedure 5(d) and Alabama Rule of

Civil Procedure 5. The Court and its clerks act ministerially under notice of trust possession. Any

further statutory interpretation or adversarial designation is hereby rebutted by trust record.


*/s/ Beneficiary*

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## Notice and Command to Clerk of Court

Let this Notice be entered as formal and final command to the Clerk of Court to seal the Equity Docket pertaining to the Brackins El Private Estate Trust.

All filings have been duly and lawfully entered under private trust jurisdiction. The forum has been noticed, fiduciary breaches declared, dishonors recorded, and equity affirmed. The Office of the Beneficiary now issues this lawful demand for ministerial compliance by the Clerk:

- To seal the record,
- To protect the corpus, and
- To conclude the matter in accordance with law, duty, and equity.

Authority and Legal Foundation

- Ministerial Duty Under ARCP 5, the Clerk may not refuse filings for form alone and must execute non-discretionary ministerial duties. Failure to comply constitutes breach and administrative dishonor, enforceable by surcharge and nunc pro tunc correction.
- Administrative Doctrine Pursuant to IRS Manual §21.7.13.3.2.1, only the Beneficiary lawfully appointed possesses final ledger and accounting authority. Further, IRS Manual §4.25.6.1 mandates full accounting upon fiduciary failure.

Equity Jurisprudence

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

- Pomeroy §§395, 818 affirms closure of equity record in favor of the trust upon fiduciary failure.

- Blackstone, Book III, Ch. 23 establishes private rights restored upon judicial default.

- Lewin §935 confirms fiduciary silence or neglect closes the record to equity in favor of the trust.

### Maxims of Equity

- Equity delights in the end of litigation.

- Where the duty is ministerial, the act is mandatory.

- The record speaks for itself and binds the conscience of the court.

### Final Admonition

- The Clerk is hereby warned: Any refusal to seal constitutes ministerial breach and unauthorized tampering with a private trust corpus. Such refusal will trigger notice of ministerial default and liability by surcharge.

- "For by thy words thou shalt be justified, and by thy words thou shalt be condemned." Matthew 12:37

Issued under Seal and Authority of the Beneficiary, Brackins El Private Estate Trust

"Pursuant to IRS Manual §21.7.13.3.2.1, IRS protocol requires recognition of the duly appointed Beneficiary as the party authorized to file and account on behalf of the estate. Likewise, IRS Manual §4.25.6.1 instructs examiners to demand full accounting where fiduciary failure occurs.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

These administrative protocols parallel and reinforce equity's own requirement that fiduciaries

be held to full accounting."

Dated: March 7, 2026

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### (In Chancery)

**BRACKINS EL PRIVATE ESTATE TRUST,**
Appearing in equity through its Executor in special
and limited capacity, **Complainant**

v.                                                          Case No.: _____

**LILES C. BURKE, in his individual capacity as Trustee De Son Tort; R. DAVID
PROCTOR, in his individual capacity as Trustee De Son Tort; JUSTIN JONES, in his
individual capacity; THE ALABAMA STATE BAR, an administrative agency; PRAVEEN
KRISHNA, U.S. Attorney, in his individual capacity; U.S. MARSHALS SERVICE
(NORTHERN DISTRICT OF ALABAMA), in their individual capacities; Defendants.**

### EMERGENCY-EX PARTE VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF IN EQUITY
### (Action Under 42 U.S.C. § 1983 for Deprivation of Trust Property Rights)

### NOTICE, DECLARATION, AND DEMAND ON BEHALF OF THE TRUST

**COMES NOW** the **Brackins El Private Estate Trust** (the "Trust"), by and through its
duly appointed Trustee and Fiduciary Counsel, Kimberly A. Ford, Esq., acting **ON BEHALF OF
THE TRUST** and in defense of its *res*. The Trust hereby **NOTICES** this Court of a coordinated
and continuing **Fiduciary Interference** by the Defendants. The Trust **DECLARES** that the
Defendants, acting under color of law but outside their lawful jurisdiction, have committed a
**Deprivation of Property Rights** in violation of the **Alabama Uniform Trust Code (Title 19,
Chapter 3B)** and the **U.S. Constitution**.

## I. JURISDICTION AND STANDING

1. This Court has **Exclusive Chancery Jurisdiction** over all trust matters (Ala. Code §
   19-3B-201).
2. The Trust is an Alabama private trust with **Exclusive Chancery Jurisdiction** residing in
   the state courts (Ala. Code § 19-3B-201).
3. The Petitioner has **Standing** as the **Real Party in Interest** (Ala. R. Civ. P. 17(a)) and the
   **Trustee** holds the **Exclusive Power** to litigate on behalf of the Trust (Ala. Code §
   19-3B-816(a)(24)).

## II. STATEMENT OF THE BREACH

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the
Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes
continuing breach; Trust silence is not consent. Equity perfected; jurisdiction
in conscience only.

4. **Defendant Burke** has issued coercive orders against a non-party **Beneficiary**, in direct violation of **Ala. Code § 19-3B-303(4)**, which mandates that the Trustee represents and binds the Trust.

5. **Defendant Alabama State Bar** has initiated meritless disciplinary proceedings against **Fiduciary Counsel** to "chill" the Trust's chosen representation, a violation of the **6th and 14th Amendments**.

6. These actions constitute a **Systemic Fiduciary Breach** and a **Deprivation of Property Rights** under **42 U.S.C. § 1983**.

## III. DEMAND FOR RELIEF

7. The Trust **DEMANDS** a **Temporary Restraining Order** and **Permanent Injunction** enjoining the Defendants from further interference with the Trust's administration or its chosen counsel.

8. The Trust **DEMANDS** a **Declaration** that all federal orders against the Beneficiary are **void ab initio** for lack of jurisdiction.

9. The Trust **DEMANDS** an **Equitable Accounting** from the Defendants for their interference and a **Surcharge** for all costs incurred.

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U.S. citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC §1-308, all rights and remedies are expressly reserved without prejudice. No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Respectfully submitted this 7th day of March, 2026. I declare under penalty of perjury that the foregoing is true and correct. Executed on March 7, 2026 at Huntsville, AL.

*/s/Kimberly A. Ford*
Kimberly A. Ford
Fiduciary Counsel and TTEE for Brackins El Private Estate Trust
FORDUMAS LLC
*Law, Consulting and Mediation Firm*

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1-800-408-1501
kimberly@fordumas.com

## CERTIFICATE OF SERVICE

I do hereby certify that on March 9, 2026, I shall complete service of process on the defendants via first class certified mail with return receipt to:

Hon. Liles C. Burke
660 Gallatin Street
Huntsville, AL 35801

Hon. R. David Proctor
1729 5th Avenue North
Birmingham, AL 35203

Praveen Krishna, U.S Attorney
United States Attorney's Office, Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203

United States Marshals Service, Northern District of Alabama
Hugo L. Black United States Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Alabama State Bar
415 Dexter Avenue
Montgomery, AL 36104

Justin Jones, Assistant General Counsel
Alabama State Bar
415 Dexter Avenue
Montgomery, AL 36104

On this the 7th day of March, 2026.

*/s/ Kimberly A. Ford*

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

**From:** cmecf_ALND@alnd.uscourts.gov
**Subject:** Activity in Case 5:25-cv-01568-LCB Brackins El Private Estate, The v. White et al Order
**Date:** February 11, 2026 at 5:43 PM
**To:** ecfAdmin@alnd.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Northern District of Alabama**

**Notice of Electronic Filing**

The following transaction was entered on 2/11/2026 at 5:42 PM CST and filed on 2/11/2026

**Case Name:**      Brackins El Private Estate, The v. White et al
**Case Number:**   5:25-cv-01568-LCB
**Filer:**
**WARNING: CASE CLOSED on 01/23/2026**
**Document Number:** 44

Docket Text:
**ORDER: The Court GRANTS the Government's Motion to Enjoin [22]; Randy Brackins El is therefore permanently enjoined from filing further litigation or administrative matters in accordance with the terms of this order. Signed by Judge Liles C Burke on 2/11/26. Associated Cases: 5:25-cv-01568-LCB, 5:25-cv-01600-LCB, 5:25-cv-01607-LCB, 5:25-cv-01685-LCB(SPT )**

**Case Name:**      Brackins El Private Estate Trust, The v. Bondi et al
**Case Number:**   5:25-cv-01600-LCB
**Filer:**
**WARNING: CASE CLOSED on 01/23/2026**
**Document Number:** 31

Docket Text:
**ORDER: The Court GRANTS the Government's Motion to Enjoin [22]; Randy Brackins El is therefore permanently enjoined from filing further litigation or administrative matters in accordance with the terms of this order. Signed by Judge Liles C Burke on 2/11/26. Associated Cases: 5:25-cv-01568-LCB, 5:25-cv-01600-LCB, 5:25-cv-01607-LCB, 5:25-cv-01685-LCB(SPT )**

**Case Name:**      Brackins El Private Estate Trust, The v. Mack et al
**Case Number:**   5:25-cv-01607-LCB
**Filer:**
**WARNING: CASE CLOSED on 01/23/2026**
**Document Number:** 28

Docket Text:
**ORDER: The Court GRANTS the Government's Motion to Enjoin [22]; Randy Brackins El is therefore permanently enjoined from filing further litigation or administrative matters in accordance with the terms of this order. Signed by Judge Liles C Burke on 2/11/26. Associated Cases: 5:25-cv-01568-LCB, 5:25-cv-01600-LCB, 5:25-cv-01607-LCB, 5:25-cv-01685-LCB(SPT )**

**Case Name:**      Brackins El Private Estate Trust v. LaGanke
**Case Number:**   5:25-cv-01685-LCB
**Filer:**
**WARNING: CASE CLOSED on 01/23/2026**
**Document Number:** 25

Docket Text:
**ORDER: The Court GRANTS the Government's Motion to Enjoin [22]; Randy Brackins El is therefore permanently enjoined from filing further litigation or administrative matters in accordance with the terms of this order. Signed by Judge Liles C Burke on 2/11/26. Associated Cases: 5:25-cv-01568-LCB, 5:25-cv-**

**DOCUMENT 2**

**01600-LCB, 5:25-cv-01607-LCB, 5:25-cv-01685-LCB(SPT )**

**5:25-cv-01568-LCB Notice has been electronically mailed to:**

Alex LaGanke    alex.laganke@usdoj.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-01568-LCB Notice has been delivered by other means to:**

**5:25-cv-01600-LCB Notice has been electronically mailed to:**

Prim F. Escalona, US Attorney    Caseview.ecf@usdoj.gov

Alex LaGanke    alex.laganke@usdoj.gov

Jason Matthew Bledsoe    generalcivil@Alabamaag.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-01600-LCB Notice has been delivered by other means to:**

**5:25-cv-01607-LCB Notice has been electronically mailed to:**

Prim F. Escalona, US Attorney    Caseview.ecf@usdoj.gov

Alex LaGanke    alex.laganke@usdoj.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-01607-LCB Notice has been delivered by other means to:**

**5:25-cv-01685-LCB Notice has been electronically mailed to:**

Don B Long , III    don.long2@usdoj.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-01685-LCB Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=2/11/2026] [FileNumber=6385987-0
] [46a71f5f51f4eadecb547de01ceff0cca1e50d737ee7d407efff8aed82fd06db95d
56919bce3bf2e54e9fda4a0c52622cd3654268323209dece21e4fc7462188]]

**From:** cmecf_ALND@alnd.uscourts.gov
**Subject:** Activity in Case 5:25-cv-01568-LCB Brackins El Private Estate, The v. White et al Order
**Date:** February 26, 2026 at 4:49 PM
**To:** ecfAdmin@alnd.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Northern District of Alabama**

**Notice of Electronic Filing**

The following transaction was entered on 2/26/2026 at 4:47 PM CST and filed on 2/26/2026
**Case Name:**      Brackins El Private Estate, The v. White et al
**Case Number:**   5:25-cv-01568-LCB
**Filer:**
**WARNING: CASE CLOSED on 01/23/2026**
**Document Number:** 45(No document attached)

**Docket Text:**
**ORDER: The Court SETS this matter for a bench trial on March 30, 2026, at 9:00 a.m., in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Ford must show cause why she should not be held in criminal contempt under 18 U.S.C ¶ 401 for disobedience of a lawful order. Signed by Judge Liles C Burke on 2/26/26. Associated Cases: 5:25-cv-01568-LCB, 5:25-cv-01600-LCB, 5:25-cv-01607-LCB, 5:25-cv-01685-LCB(SPT )**

**Case Name:**      Brackins El Private Estate Trust, The v. Bondi et al
**Case Number:**   5:25-cv-01600-LCB
**Filer:**
**WARNING: CASE CLOSED on 01/23/2026**
**Document Number:** 32(No document attached)

**Docket Text:**
**ORDER: The Court SETS this matter for a bench trial on March 30, 2026, at 9:00 a.m., in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Ford must show cause why she should not be held in criminal contempt under 18 U.S.C ¶ 401 for disobedience of a lawful order. Signed by Judge Liles C Burke on 2/26/26. Associated Cases: 5:25-cv-01568-LCB, 5:25-cv-01600-LCB, 5:25-cv-01607-LCB, 5:25-cv-01685-LCB(SPT )**

**Case Name:**      Brackins El Private Estate Trust, The v. Mack et al
**Case Number:**   5:25-cv-01607-LCB
**Filer:**
**WARNING: CASE CLOSED on 01/23/2026**
**Document Number:** 29(No document attached)

**Docket Text:**
**ORDER: The Court SETS this matter for a bench trial on March 30, 2026, at 9:00 a.m., in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Ford must show cause why she should not be held in criminal contempt under 18 U.S.C ¶ 401 for disobedience of a lawful order. Signed by Judge Liles C Burke on 2/26/26. Associated Cases: 5:25-cv-01568-LCB, 5:25-cv-01600-LCB, 5:25-cv-01607-LCB, 5:25-cv-01685-LCB(SPT )**

**Case Name:**      Brackins El Private Estate Trust v. LaGanke
**Case Number:**   5:25-cv-01685-LCB
**Filer:**
**WARNING: CASE CLOSED on 01/23/2026**
**Document Number:** 26(No document attached)

DOCUMENT 1

**Docket Text:**
**ORDER: The Court SETS this matter for a bench trial on March 30, 2026, at 9:00 a.m., in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Ford must show cause why she should not be held in criminal contempt under 18 U.S.C ¶ 401 for disobedience of a lawful order. Signed by Judge Liles C Burke on 2/26/26. Associated Cases: 5:25-cv-01568-LCB, 5:25-cv-01600-LCB, 5:25-cv-01607-LCB, 5:25-cv-01685-LCB(SPT )**

**5:25-cv-01568-LCB Notice has been electronically mailed to:**

Alex LaGanke    alex.laganke@usdoj.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-01568-LCB Notice has been delivered by other means to:**

**5:25-cv-01600-LCB Notice has been electronically mailed to:**

Prim F. Escalona, US Attorney    Caseview.ecf@usdoj.gov

Alex LaGanke    alex.laganke@usdoj.gov

Jason Matthew Bledsoe    generalcivil@Alabamaag.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-01600-LCB Notice has been delivered by other means to:**

**5:25-cv-01607-LCB Notice has been electronically mailed to:**

Prim F. Escalona, US Attorney    Caseview.ecf@usdoj.gov

Alex LaGanke    alex.laganke@usdoj.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-01607-LCB Notice has been delivered by other means to:**

**5:25-cv-01685-LCB Notice has been electronically mailed to:**

Don B Long , III    don.long2@usdoj.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-01685-LCB Notice has been delivered by other means to:**



**From:** cmecf_ALND@alnd.uscourts.gov
**Subject:** Activity in Case 5:25-cv-01568-LCB Brackins El Private Estate, The v. White et al Order
**Date:** March 2, 2026 at 10:22 AM
**To:** ecfAdmin@alnd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Northern District of Alabama**

## Notice of Electronic Filing

The following transaction was entered on 3/2/2026 at 10:20 AM CST and filed on 3/2/2026

| | |
|---|---|
| **Case Name:** | Brackins El Private Estate, The v. White et al |
| **Case Number:** | 5:25-cv-01568-LCB |
| **Filer:** | |

**WARNING: CASE CLOSED on 01/23/2026**
**Document Number:** 48

Docket Text:
**AMENDED ORDER: The Court SETS this matter for a Bench Trial for 3/31/2026 at 9:00 AM in Federal Courthouse, Huntsville, AL before the undersigned. The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States. The Clerk of Court is DIRECTED to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama. The United States Marshals Service is DIRECTED to serve a copy of this order on Randy Brackins El. This amended order SUPERSEDES the orders entered February 27, 2026 (docs. 46 & 47), which contained a scrivener's error. Signed by Judge Liles C Burke on 3/2/2026. Associated Cases: 5:25-cv-01568-LCB, 5:25-cv-01600-LCB, 5:25-cv-01607-LCB, 5:25-cv-01685-LCB(LCB)**

| | |
|---|---|
| **Case Name:** | Brackins El Private Estate Trust, The v. Bondi et al |
| **Case Number:** | 5:25-cv-01600-LCB |
| **Filer:** | |

**WARNING: CASE CLOSED on 01/23/2026**
**Document Number:** 36

Docket Text:
**AMENDED ORDER: The Court SETS this matter for a Bench Trial for 3/31/2026 at 9:00 AM in Federal Courthouse, Huntsville, AL before the undersigned. The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States. The Clerk of Court is DIRECTED to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama. The United States Marshals Service is DIRECTED to serve a copy of this order on Randy Brackins El. This amended order SUPERSEDES the orders entered February 27, 2026 (docs. 46 & 47), which contained a scrivener's error. Signed by Judge Liles C Burke on 3/2/2026. Associated Cases: 5:25-cv-01568-LCB, 5:25-cv-01600-LCB, 5:25-cv-01607-LCB, 5:25-cv-01685-LCB(LCB)**

Case Name:          Brackins El Private Estate Trust, The v. Mock et al

**Case Name:**     Brackins El Private Estate Trust, The v. Mack et al
**Case Number:**   5:25-cv-01607-LCB
**Filer:**
**WARNING: CASE CLOSED on 01/23/2026**
**Document Number:** 33

**Docket Text:**
**AMENDED ORDER: The Court SETS this matter for a Bench Trial for 3/31/2026 at 9:00 AM in Federal Courthouse, Huntsville, AL before the undersigned. The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States. The Clerk of Court is DIRECTED to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama. The United States Marshals Service is DIRECTED to serve a copy of this order on Randy Brackins El. This amended order SUPERSEDES the orders entered February 27, 2026 (docs. 46 & 47), which contained a scrivener's error. Signed by Judge Liles C Burke on 3/2/2026. Associated Cases: 5:25-cv-01568-LCB, 5:25-cv-01600-LCB, 5:25-cv-01607-LCB, 5:25-cv-01685-LCB(LCB)**

**Case Name:**     Brackins El Private Estate Trust v. LaGanke
**Case Number:**   5:25-cv-01685-LCB
**Filer:**
**WARNING: CASE CLOSED on 01/23/2026**
**Document Number:** 30

**Docket Text:**
**AMENDED ORDER: The Court SETS this matter for a Bench Trial for 3/31/2026 at 9:00 AM in Federal Courthouse, Huntsville, AL before the undersigned. The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States. The Clerk of Court is DIRECTED to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama. The United States Marshals Service is DIRECTED to serve a copy of this order on Randy Brackins El. This amended order SUPERSEDES the orders entered February 27, 2026 (docs. 46 & 47), which contained a scrivener's error. Signed by Judge Liles C Burke on 3/2/2026. Associated Cases: 5:25-cv-01568-LCB, 5:25-cv-01600-LCB, 5:25-cv-01607-LCB, 5:25-cv-01685-LCB(LCB)**

**5:25-cv-01568-LCB Notice has been electronically mailed to:**

Alex LaGanke    alex.laganke@usdoj.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-01568-LCB Notice has been delivered by other means to:**

**5:25-cv-01600-LCB Notice has been electronically mailed to:**

Prim F. Escalona, US Attorney    Caseview.ecf@usdoj.gov

Alex LaGanke    alex.laganke@usdoj.gov

Jason Matthew Bledsoe    generalcivil@Alabamaag.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-01600-LCB Notice has been delivered by other means to:**

**5:25-cv-01607-LCB Notice has been electronically mailed to:**

Prim F. Escalona, US Attorney    Caseview.ecf@usdoj.gov

Alex LaGanke    alex.laganke@usdoj.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-01607-LCB Notice has been delivered by other means to:**

**5:25-cv-01685-LCB Notice has been electronically mailed to:**

Don B Long , III    don.long2@usdoj.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-01685-LCB Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/2/2026] [FileNumber=6400391-0]
[86ba2a5a638c7d252c82cbeaad2f6cdb0ac9365f22ec33ce9972f2c8b5cdc44ec987
aa6d862ed28c2a0ebf6c26f337e801092507cff312c183fb88e56bba2f8e]]

DOCUMENT 2

From: cmecf_ALND@alnd.uscourts.gov
Subject: Activity in Case 5:26-cv-00205-LCB El v. Bates et al Order Dismissing Case
Date: February 10, 2026 at 4:54 PM
To: ecfAdmin@alnd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Northern District of Alabama**

**Notice of Electronic Filing**

The following transaction was entered on 2/10/2026 at 4:53 PM CST and filed on 2/10/2026

**Case Name:**       El v. Bates et al
**Case Number:**     5:26-cv-00205-LCB
**Filer:**
**WARNING: CASE CLOSED on 02/10/2026**
**Document Number:** 6

**Docket Text:**
**ORDER: The Court STRIKES Brackins El's Verified Complaint for Declaratory, Injunctive, and Monetary Relief (Doc. 1) and his Supplemental Motion for Judicial Disqualification and Recusal (Docs. 2,3, and 4) and DISMISSES the case without prejudice. The Court ORDERS Kimberly Ford to cease filing anything on behalf of others in the Northern District of Alabama. If Ford files anything further in this district on anyone's behalf but her own, the Court may well hold her in contempt. Signed by Judge Liles C Burke on 2/10/26. (SPT )**

**5:26-cv-00205-LCB Notice has been electronically mailed to:**

Kimberly Adina Ford      kimberly@fordumas.com

**5:26-cv-00205-LCB Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=2/10/2026] [FileNumber=6384937-0
] [a8ef43d400db193de52c5e0f49ef3fd845246a1a0616ec41bd6dba9a33b7b0ac18f
b381222606b0d2fe0c66c2bc19f04a5d5265cff17aac0317f6c2752d512bc]]

## SUPPLEMENTAL DEED OF TRUST AND APPOINTMENT OF TRUSTEE

### BRACKINS EL PRIVATE ESTATE TRUST
### RESTORATION ESCROW ACCOUNT
#### A Private Irrevocable Complex Trust Existing in Equity

THIS SUPPLEMENTAL DEED OF TRUST AND APPOINTMENT OF TRUSTEE (hereinafter "Deed") is made and entered into on this _____ day of _____, 2022 by and between:

**GRANTOR:** ▓▓▓▓▓▓▓▓ a living man, acting in his private capacity as Grantor, of the Brackins El Private Estate Trust

c/o 6675 County Road 203
Danville, Alabama 35619
(hereinafter referred to as "Grantor")

**TRUSTEE:** Kimberly Adina Ford, Esq., TTEE
Fiduciary Agent/Trustee in Equity
Attorney of Record and Fiduciary Counsel
FORDUMAS Law, Consulting and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, Alabama 35806
Telephone: 256-886-6240
Facsimile: 800-408-1501
Email: kimberly@fordumas.com, Alabama State Bar No. ASB-4139-R80F
(hereinafter referred to as "Trustee")

**BENEFICIARY:** ▓▓▓▓▓▓▓▓ , in his private capacity
c/o 6675 County Road 203
Danville, Alabama 35619
(hereinafter referred to as "Beneficiary")

## RECITALS

WHEREAS, the Grantor established the original Brackins Declaration of Trust on or about January 2, 2022, which was subsequently recorded in Morgan County, Alabama, and supplemented by an Affidavit of Ownership of Certificate of Title and Registered Securities recorded on June 23, 2022, in Morgan County Probate (MISC Book 2022, Pages 6926-6928), and an Affidavit of Truth and UCC-1 Financing Statement recorded on August 9, 2022, in Morgan County Probate (MISC Book 2022, Pages 26612-26616); and

**WHEREAS**, the Trust was reconstituted and reorganized as a private irrevocable complex trust in or about July 2024, as reflected in the Trust's federal tax filings; and

**WHEREAS**, the Grantor executed a Durable Power of Attorney on June 13, 2025, notarized in Morgan County, Alabama, and filed an Affidavit of Declaration of Irrevocable Trust on June 27, 2025, recorded at the Lawrence County Probate Office (Instrument No. 6002733), and a Supplemental Correction and Jurisdictional Addendum on July 23, 2025, recorded at the Lawrence County Probate Office (Instrument No. 6003105); and

**WHEREAS**, the Internal Revenue Service assigned Employer Identification Number 41-6591705 to the Brackins El Private Estate Trust, Restoration Escrow Account, by Notice CP 575 D dated November 12, 2025, designating Kimberly A. Ford as TTEE (Trustee); and

**WHEREAS**, the Trustee executed and filed the Trust's initial U.S. Income Tax Return for Estates and Trusts (IRS Form 1041) for tax year 2024 on November 19, 2025, and filed IRS Form 56-F (Notice Concerning Fiduciary Relationship of Financial Institution) with respect to the Trust's account at Pinnacle Financial Partners, 409 Madison Street, Huntsville, Alabama 35801, and filed IRS Form 2848 (Power of Attorney and Declaration of Representative) authorizing the Trustee to act on behalf of the Trust in all income, escrow, and fiduciary accounting matters from tax year 2024 forward; and

**WHEREAS**, a Trust Instrument and Restoration Escrow Account Agreement have been filed with the Lawrence County Circuit Court, as referenced in the Form 56-F; and

**WHEREAS**, the Grantor desires to formally memorialize and confirm the appointment of Kimberly Adina Ford, Esq., as Trustee of the Trust, and to set forth the powers, duties, and obligations of the Trustee in a comprehensive instrument that supplements and is consistent with all prior Trust instruments; and

**WHEREAS**, the Trustee has agreed to accept and continue to perform the duties, responsibilities, and obligations of the office of Trustee as set forth herein and in all prior Trust instruments;

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor hereby declares, confirms, and supplements the Trust as follows:

## ARTICLE I: NAME, IDENTIFICATION, AND ESTABLISHMENT

**Section 1.1. Name.** The Trust shall be known as the **"Brackins El Private Estate Trust,"** (hereinafter referred to as the "Trust"). The Trust may also be

referenced as the "Brackins El Private Estate Trust" or the "Brackins El Trust" in filings, correspondence, and legal proceedings.

**Section 1.2. Establishment and Continuity.** This Deed supplements and confirms the Trust originally established by the Brackins Declaration of Trust dated January 2, 2022, as subsequently amended, supplemented, and reconstituted through the instruments identified in the Recitals above. This Deed does not create a new trust but rather memorializes, confirms, and supplements the existing Trust and the appointment of the Trustee.

**Section 1.3. Tax Identification.** The Trust has been assigned Employer Identification Number 41-6591705 by the Internal Revenue Service, as confirmed by IRS Notice CP 575 D dated November 12, 2025. The Trust is classified as a complex trust for federal income tax purposes.

**Section 1.4. Situs.** The principal situs of this Trust shall be Lawrence County, Alabama, where the Trust's foundational instruments are recorded. The Trust's mailing address is 6675 County Road 203, Danville, Alabama 35619. The Trust's telephone number is 256-886-6240.

**Section 1.5. Financial Institution.** The Trust maintains accounts at Pinnacle Financial Partners, 409 Madison Street, Huntsville, Alabama 35801, as reflected in IRS Form 56-F filed by the Trustee.

**Section 1.6. Private Nature.** The Trust is a private estate existing in equity. Its terms, assets, and administration are confidential and shall not be disclosed to any person or entity except as required by law, by order of a court of competent jurisdiction, or as necessary to protect the rights of the Trust and its Beneficiary in judicial or administrative proceedings. No statement in this Deed or in any filing made on behalf of the Trust shall be deemed a waiver of Trust separation or construed as a submission to any foreign or statutory jurisdiction. All rights and remedies are expressly reserved without prejudice pursuant to UCC Section 1-308.

## ARTICLE II: APPOINTMENT AND CONFIRMATION OF TRUSTEE

**Section 2.1. Appointment.** The Grantor hereby formally appoints, confirms, and ratifies the appointment of **Kimberly Adina Ford, Esq.**, as the Trustee of the Trust, effective nunc pro tunc to the date of the IRS Notice CP 575 D (November 12, 2025), which designated Kimberly A. Ford as TTEE of the Trust.

**Section 2.2. Titles and Capacities.** The Trustee shall hold and may use the following titles in connection with the administration of the Trust and in all filings, correspondence, and legal proceedings on behalf of the Trust:

(a) **TTEE (Trustee)**, as designated by the Internal Revenue Service;

(b) **Fiduciary Agent/Trustee in Equity**, as designated in IRS Form 56-F;

(c) **Attorney of Record and Fiduciary Counsel**, in her capacity as a licensed attorney representing the Trust in legal proceedings; and

(d) Such other titles as may be appropriate to the Trustee's role and consistent with the purposes of the Trust.

**Section 2.3. Acceptance.** The Trustee hereby accepts the appointment and agrees to hold, administer, and protect the Trust Estate in accordance with the terms of this Deed, all prior Trust instruments, and her fiduciary duties under the laws of the State of Alabama.

## ARTICLE III: PURPOSE OF THE TRUST

**Section 3.1. General Purpose.** The Trust is established and maintained for the following purposes:

(a) To hold, protect, manage, and administer the Trust Estate (as defined in Article IV) for the benefit of the Beneficiary;

(b) To protect and prosecute all legal claims, causes of action, constitutional rights, and employment rights belonging to or arising from the interests of the Beneficiary, including but not limited to claims arising under the United States Constitution, 42 U.S.C. Sections 1983 and 1985, the Whistleblower Protection Act (5 U.S.C. Section 2302), the Family and Medical Leave Act (29 U.S.C. Section 2601 et seq.), the Americans with Disabilities Act (42 U.S.C. Section 12101 et seq.), Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e et seq.), and any other federal or state statute, regulation, or common law doctrine;

(c) To preserve and defend the Beneficiary's right of access to the courts of the United States and the State of Alabama, including the right to petition for redress of grievances under the First Amendment to the United States Constitution;

(d) To hold, manage, and protect real and personal property, financial assets, intellectual property, and any other assets transferred to the Trust by the Grantor or acquired by the Trust in the course of its administration;

(e) To receive, hold, and distribute any monetary awards, settlements, judgments, back pay, compensatory damages, punitive damages, or other relief obtained through the prosecution of the Beneficiary's legal claims;

(f) To maintain the Trust's accounts, file all required federal, state, and local tax returns, and comply with all applicable reporting obligations; and

(g) To carry out any other lawful purpose consistent with the protection and advancement of the Beneficiary's rights and interests.

## ARTICLE IV: TRUST ESTATE

**Section 4.1. Initial Trust Estate.** The Trust Estate consists of all property, rights, and interests previously transferred to the Trust through the instruments identified in the Recitals, together with the following:

(a) All legal claims, causes of action, and rights of action currently pending or hereafter arising, including but not limited to those identified in Article III, Section 3.1(b), and those specifically enumerated in Schedule A attached hereto;

(b) All rights to back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs, and any other monetary or equitable relief arising from the prosecution of such claims;

(c) All employment rights, benefits, and entitlements arising from the Beneficiary's employment with the National Aeronautics and Space Administration (NASA), Marshall Space Flight Center, Huntsville, Alabama;

(d) All real and personal property, tangible and intangible, previously transferred to the Trust or hereafter transferred by the Grantor or any other person;

(e) All funds held in the Trust's accounts at Pinnacle Financial Partners and any other financial institution; and

(f) All income, proceeds, and appreciation derived from the foregoing.

**Section 4.2. Additional Contributions.** The Grantor or any other person may, from time to time, transfer additional property to the Trust by delivering such property to the Trustee with a written instrument identifying the property and expressing the intent that it be held as part of the Trust Estate.

**Section 4.3. Acceptance.** The Trustee hereby confirms acceptance of the Trust Estate and agrees to hold, administer, and distribute the same in accordance with the terms of this Deed and all prior Trust instruments.

## ARTICLE V: POWERS AND DUTIES OF THE TRUSTEE

**Section 5.1. General Powers.** The Trustee shall have all powers necessary and appropriate to carry out the purposes of this Trust, including but not limited to the following:

(a) **Power to Litigate.** The Trustee shall have full power and authority to initiate, prosecute, defend, settle, compromise, or otherwise resolve any legal claim, cause of action, or proceeding on behalf of the Trust and its Beneficiary in any court of competent jurisdiction, including but not limited to the United States District Courts, the United States Courts of Appeals, the United States Supreme Court, the Merit Systems Protection Board, the Equal Employment Opportunity Commission, and any state court or administrative tribunal.

(b) **Power to Retain Counsel.** The Trustee may retain such legal counsel, experts, consultants, and other professionals as the Trustee deems necessary or advisable for the administration of the Trust and the prosecution of its legal claims. The Trustee, being a licensed attorney, may also serve as counsel of record for the Trust in any proceeding.

**(c) Power to Manage Property.** The Trustee shall have full power and authority to acquire, hold, manage, invest, reinvest, sell, convey, exchange, lease, mortgage, pledge, or otherwise dispose of any property constituting part of the Trust Estate.

**(d) Power to Execute Documents.** The Trustee shall have full power and authority to execute, acknowledge, and deliver any and all instruments, documents, and agreements necessary or appropriate to carry out the purposes of this Trust.

**(e) Power to Open and Manage Accounts.** The Trustee shall have the power to open and maintain bank accounts, brokerage accounts, escrow accounts, and other financial accounts in the name of the Trust, including the existing account at Pinnacle Financial Partners.

**(f) Power to Collect and Distribute.** The Trustee shall have the power to collect all income, proceeds, awards, settlements, and other sums due to the Trust and to distribute the same to the Beneficiary in accordance with the terms of this Deed.

**(g) Power to File Tax Returns and IRS Forms.** The Trustee shall have the power and duty to file all required federal, state, and local tax returns on behalf of the Trust using the Trust's EIN (41-6591705), including but not limited to IRS Form 1041 (U.S. Income Tax Return for Estates and Trusts), IRS Form 56-F (Notice Concerning Fiduciary Relationship of Financial Institution), IRS Form 2848 (Power of Attorney and Declaration of Representative), and all 1099-series information returns.

**(h) Power to Act as Fiduciary Agent.** The Trustee shall have the power to act as Fiduciary Agent/Trustee in Equity in all matters relating to the Trust's financial accounts, tax obligations, and fiduciary relationships with financial institutions.

**Section 5.2. Fiduciary Duty.** The Trustee shall administer the Trust in good faith, in accordance with its terms and purposes, and in the best interests of the Beneficiary. The Trustee shall exercise the care, skill, prudence, and diligence that a reasonably prudent person acting in a like capacity would exercise under the circumstances. The Trustee owes the highest duty of loyalty to the Beneficiary and shall not engage in any self-dealing or conflict of interest.

**Section 5.3. Duty to Defend.** The Trustee shall have an affirmative duty to defend the Trust Estate and the rights of the Beneficiary against all threats, claims, encumbrances, and adverse actions, whether arising from private parties, state actors, or federal officials. This duty includes, without limitation, the obligation to:

(a) Challenge any judicial order, administrative action, or disciplinary proceeding that threatens the integrity of the Trust or the constitutional rights of the Beneficiary;

(b) Seek emergency relief, including temporary restraining orders, preliminary injunctions, writs of mandamus, and writs of prohibition, when the Trust's interests or the Beneficiary's liberty are at risk;

(c) File petitions, motions, notices, and other documents in any court or administrative tribunal as necessary to protect the Trust and the Beneficiary; and

(d) Resist any attempt by any person, entity, court, or agency to interfere with the Trustee's access to the courts or the Trustee's ability to fulfill her fiduciary obligations.

**Section 5.4. Duty to Account.** The Trustee shall maintain accurate and complete records of all Trust transactions, assets, liabilities, income, and distributions. The Trustee shall provide an annual accounting to the Beneficiary upon request.

**Section 5.5. Compensation.** The Trustee shall be entitled to reasonable compensation for services rendered in the administration of the Trust, including but not limited to legal fees for services performed in the Trustee's capacity as counsel for the Trust. Such compensation shall be paid from the Trust Estate.

## ARTICLE VI: RIGHTS OF THE BENEFICIARY

**Section 6.1. Right to Distributions.** The Beneficiary shall be entitled to receive distributions from the Trust Estate as determined by the Trustee in the Trustee's sole discretion, consistent with the purposes of the Trust.

**Section 6.2. Right to Information.** The Beneficiary shall have the right to receive information about the Trust's administration, assets, and liabilities upon reasonable request.

**Section 6.3. Right to Petition.** The Beneficiary shall retain the right to petition any court of competent jurisdiction for relief related to the administration of the Trust, the conduct of the Trustee, or the protection of the Beneficiary's rights under the Trust.

**Section 6.4. Spendthrift Provision.** No interest of the Beneficiary in the Trust Estate or in any distribution from the Trust shall be subject to anticipation, alienation, assignment, attachment, garnishment, levy, execution, or any other legal or equitable process by any creditor of the Beneficiary, except as otherwise required by applicable law. This provision is intended to constitute a spendthrift trust under Ala. Code Section 19-3B-502.

DOCUMENT 2

## ARTICLE VII: IRREVOCABILITY

**Section 7.1. Irrevocable Trust.** This Trust is irrevocable. The Grantor hereby relinquishes all right, title, and interest in and to the Trust Estate and all power to alter, amend, revoke, or terminate this Trust, except as expressly provided herein.

**Section 7.2. Amendment.** This Deed and the Trust may be amended only by a written instrument signed by both the Trustee and the Beneficiary, and only to the extent that such amendment is consistent with the purposes of the Trust and does not violate any applicable law. Any amendment shall be recorded in the same manner as this Deed.

## ARTICLE VIII: SUCCESSOR TRUSTEE

**Section 8.1. Resignation.** The Trustee may resign by providing thirty (30) days' written notice to the Beneficiary. Such resignation shall not take effect until a successor Trustee has been appointed and has accepted the Trust.

**Section 8.2. Removal.** The Beneficiary may remove the Trustee for cause by petition to a court of competent jurisdiction.

**Section 8.3. Appointment of Successor.** In the event of the Trustee's resignation, removal, incapacity, or death, the Beneficiary shall have the right to appoint a successor Trustee by written instrument. Any successor Trustee must be a licensed attorney in good standing in at least one jurisdiction of the United States.

**Section 8.4. Vesting in Successor.** Upon acceptance of the Trust by a successor Trustee, all rights, powers, duties, and obligations of the Trustee under this Deed and all prior Trust instruments shall vest in the successor Trustee without the necessity of any further act or conveyance.

## ARTICLE IX: TERMINATION

**Section 9.1. Termination Events.** This Trust shall terminate upon the earliest of the following:

(a) The final resolution of all legal claims, causes of action, and proceedings held by or on behalf of the Trust, and the distribution of all remaining Trust assets to the Beneficiary;

(b) The written agreement of the Trustee and the Beneficiary to terminate the Trust, provided that all pending legal matters have been resolved or transferred to the Beneficiary; or

(c) The operation of law.

**Section 9.2. Distribution Upon Termination.** Upon termination of the Trust, the Trustee shall distribute all remaining Trust assets to the Beneficiary, or to the Beneficiary's estate if

the Beneficiary is deceased, after payment of all outstanding debts, obligations, and expenses of the Trust.

## ARTICLE X: GOVERNING LAW AND GENERAL PROVISIONS

**Section 10.1. Alabama Law.** This Deed shall be governed by, construed, and enforced in accordance with the laws of the State of Alabama, including the Alabama Uniform Trust Code, Ala. Code Section 19-3B-101 et seq. (2006), as amended.

**Section 10.2. Severability.** If any provision of this Deed is held to be invalid, illegal, or unenforceable by a court of competent jurisdiction, such holding shall not affect the validity, legality, or enforceability of the remaining provisions, which shall continue in full force and effect.

**Section 10.3. Consistency with Prior Instruments.** This Deed is intended to supplement and be consistent with all prior Trust instruments identified in the Recitals. In the event of any conflict between this Deed and any prior instrument, this Deed shall control to the extent of such conflict.

**Section 10.4. Headings.** The headings and titles of the Articles and Sections of this Deed are for convenience of reference only and shall not affect the interpretation or construction of any provision hereof.

**Section 10.5. Reservation of Rights.** All rights and remedies of the Trust, the Trustee, and the Beneficiary are expressly reserved without prejudice pursuant to UCC Section 1-308. No statement in this Deed shall be deemed a waiver of Trust separation or construed as a submission to any foreign or statutory jurisdiction.

## ARTICLE XI: EXECUTION

IN WITNESS WHEREOF, the Grantor and the Trustee have executed this Supplemental Deed of Trust and Appointment of Trustee as of the date first written above.

DOCUMENT 2

**GRANTOR:**

_____, Grantor, UCC Section 1-308
Brackins El Private Estate Trust Date:
_____

**ACKNOWLEDGMENT OF GRANTOR**

**STATE OF ALABAMA**
**COUNTY OF MADISON**

Before me, the undersigned Notary Public in and for said State and County, on this ___4th___ day of ___March_____ _, 2026 personally appeared ▬▬▬▬▬▬▬ ▬, known to me ( or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity as Grantor, Settlor, and Executor of the Brackins El Private Estate Trust, and that by his signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal. _____

*Nakila Gipson*

Notary Public
State of Alabama

My Commission Expires: 8-23-27



TRUSTEE:

Kimberly Adina Ford, Esq., TTEE/Fiduciary-Agent/Trustee in Equity Attorney of Record and Fiduciary Counsel
FORDUMAS Law, Consulting and Mediation Firm
Alabama State Bar No. ASB-4139-R80F
Date: 3/4/26

## ACKNOWLEDGMENT OF TRUSTEE

### STATE OF ALABAMA
### COUNTY OF MADISON

Before me, the undersigned Notary Public in and for said State and County, on this 4th day of March, 20 26, personally appeared **Kimberly Adina Ford**, known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her authorized capacity as Trustee (TTEE) and Fiduciary Agent/Trustee in Equity of the Brackins El Private Estate Trust, Restoration Escrow Account, and that by her signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

8-23-27



Notary Public
State of Alabama
My Commission Expires:

# SCHEDULE A: TRUST ESTATE

The following property and rights constitute the Trust Estate, in addition to all property previously transferred to the Trust through the instruments identified in the Recitals:

## I. Legal Claims and Causes of Action

1. All legal claims, causes of action, and rights of action arising from the Beneficiary's employment with the National Aeronautics and Space Administration (NASA), Marshall Space Flight Center, Huntsville, Alabama, including but not limited to claims of wrongful termination, retaliation, whistleblower protection violations, FMLA violations, ADA violations, and Title VII violations.

2. All constitutional claims arising under the First, Fifth, and Fourteenth Amendments to the United States Constitution, including claims of denial of access to courts, denial of due process, and retaliation for the exercise of the right to petition for redress of grievances.

3. All claims arising under 42 U.S.C. Sections 1983 and 1985 against any person acting under color of state or federal law who has deprived or conspired to deprive the Beneficiary of his constitutional rights.

4. All claims pending before the Merit Systems Protection Board, the Equal Employment Opportunity Commission, the United States District Court for the Northern District of Alabama, the United States Court of Appeals for the Eleventh Circuit, and any other court or administrative tribunal, including but not limited to:

(a) Case No. 5:25-cv-01568 (N.D. Ala.)
(b) Case No. 5:25-cv-01600 (N.D. Ala.)
(c) Case No. 5:25-cv-01607 (N.D. Ala.)
(d) Case No. 5:25-cv-01685 (N.D. Ala.)
(e) Case No. 5:26-cv-00256-LCB (N.D. Ala.)
(f) Case No. 26-10250 (11th Cir.) (Ford v. Burke)
(g) Case No. 26-10607-B (11th Cir.) (Mandamus, now closed)
(h) Any and all related or successor proceedings.

## II. Monetary Rights

5. All rights to back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs, and any other monetary or equitable relief arising from the prosecution of the claims identified above.

## III. Property and Financial Assets

6. All funds held in the Trust's accounts at Pinnacle Financial Partners, 409 Madison Street, Huntsville, Alabama 35801, and any other financial institution.

7. All real and personal property, tangible and intangible, previously transferred to the Trust through the Beneficial Ownership Affidavit recorded June 23, 2022, in Morgan County Probate (MISC Book 2022, Pages 6926-6928), including all rights in lands, tenements, and hereditaments in Lawrence County, Alabama.

8. All interests secured by the UCC-1 Financing Statement recorded August 9, 2022, in Morgan County Probate (MISC Book 2022, Pages 26612-26616).

## IV. Intellectual Property

9. All copyright interests and intellectual property rights held by or on behalf of the Beneficiary, as documented in the Copyright filing.

**V. General**

10. All income, proceeds, appreciation, and after-acquired property derived from the foregoing.

---

*END OF SUPPLEMENTAL DEED OF TRUST AND APPOINTMENT OF TRUSTEE*

FILED
2026 Mar-02 AM 10:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| BRACKINS EL PRIVATE ESTATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 5:25-cv-1568-LCB |
| | ) |
| CRAIG WHITE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| BRACKINS EL PRIVATE ESTATE TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 5:25-cv-1600-LCB |
| | ) |
| PAMELA BONDI, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| BRACKINS EL PRIVATE ESTATE TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 5:25-cv-1607-LCB |
| | ) |
| LARRY K. MACK, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| BRACKINS EL PRIVATE ESTATE, TRUST | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 5:25-cv-1685-LCB |
| | ) |
| ALEX MCKENZIE LAGANKE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AMENDED ORDER

In February of 2026, the Court permanently enjoined Randy Brackins El—as well as all trusts in his name, and all variations thereof—from commencing new lawsuits in any federal court against any person or entity without first obtaining that court's leave or hiring an attorney to represent him who is licensed to practice in the jurisdiction. (Doc. 44). Following this injunction, Brackins El filed a new case in the U.S. District Court for the Northern District of Alabama without first obtaining the Court's leave or hiring an attorney licensed to practice in the District. *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. February 13, 2026). The Court therefore **ORDERS** Randy Brackins El to show-cause why he should not be held in criminal contempt for violating a lawful court order; requests that his contempt be prosecuted by the U.S. Attorney for the Northern District of Alabama; and sets this matter for trial.

## I.    BACKGROUND

Over the past 18 months, Randy Brackins El has filed eight lawsuits, either in his own name or as the beneficiary of a putative trust, arising from an employment dispute with the National Aeronautics and Space Administration's George C. Marshall Space Flight Center. *Brackins El v. Nelson*, 5:24-cv-1244-LCB (N.D. Ala. Sept. 11, 2024); *Brackins El v. Stewart*, 5:25-cv-581-LCB (N.D. Apr. 17, 2025); *Brackins El Private Estate v. White*, 5:25-cv-1568-LCB (N.D. Ala. Sept. 12, 2025);

*Brackins El Private Estate Trust v. Bondi*, 5:25-cv-1600-LCB (N.D. Ala. Sept. 18, 2025); *Brackins El Private Estate Trust v. Mack*, 5:25-cv-1607-LCB (N.D. Ala. Sept. 19, 2025); *Brackins El v. Bates*, 5:26-cv-167-LCB (N.D. Ala. Feb. 1, 2026); *Brackins El v. Bates*, 5:26-cv-205-LCB (N.D. Ala. Feb. 9, 2026); *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Fed. 13, 2026). All have been stricken has frivolous.

On February 11, 2026, the Court declared Mr. Brackins El a vexatious litigant under 28 U.S.C. § 1651(a) and permanently enjoined him from filing new lawsuits in various federal and state fora without that forum's pre-filing approval or hiring an attorney licensed to practice in the forum to represent him. (Doc. 44). As part of that injunction, the Court ordered the following:

> 2. Brackins El—as well as all trusts in his name, and all other variations thereof—is permanently enjoined from commencing new lawsuits in any federal court, agency, tribunal, committee, or other forum against any person or entity, or from serving any person or entity with any paper purporting to initiate any lawsuit, action, proceeding, or matter, without first obtaining leave of that court, agency, tribunal, committee, or other forum.
>
> 3. Brackins El, or any person or entity acting for him or at his behest, must attach a copy of this order in every case in which he seeks leave to initiate a new lawsuit in any federal court, agency, tribunal, committee, or other forum.
>
> . . .
>
> 9. Nothing in this order shall be construed to prohibit Brackins El or anyone acting on his behalf from retaining

3

a licensed attorney to represent him in any cause of action in any legal forum. The terms of this injunction do not apply to any attorney that Brackins El should retain to represent him in any forum in which the attorney is a member in good standing and eligible to practice law.

*Id.* at 4–7.

Two days later, Brackins El filed his eighth lawsuit, *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026). Brackins El did not obtain the Court's leave before initiating this lawsuit or hire an attorney to represent him who is licensed to practice in the District.

## II.    LEGAL STANDARDS

Title 18 U.S.C § 401 empowers a federal district court to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Where the nature of such contempt is criminal, the court may punish "any person . . . for that contempt after prosecution on notice." FED. R. CRIM. P. 42(a).

Notice to a person threatened with criminal contempt "must (A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) state the essential facts constituting the charged criminal contempt and describe it as such." *Id.* at (a)(1). In such cases, the court must also "request that the contempt be prosecuted by an attorney for the government, unless the interest of

4

justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt." *Id.* at (a)(2).

Criminal contempt is neither a felony nor a misdemeanor but a *sui generis* offense. *United States v. Cohn*, 586 F.3d 844, 848–49 (11th Cir. 2009). If the maximum sentence is limited to six months imprisonment or a fine of $5,000, the matter may be prosecuted as a petty offense and tried without a jury. *See Taylor v. Hayes*, 418 U.S. 488, 495 (1974) (holding that contempt may be charged as a petty offense and tried without a jury); 18 U.S.C. § 19 (defining petty offenses); and 18 U.S.C. § 3571(b)(6) (limiting fines for petty offenses to $5,000).

## III. DISCUSSION

Brackins El was expressly prohibited from filing new lawsuits in federal court unless he either (1) sought and secured the court's pre-filing approval, or (2) hired an attorney to represent him who is licensed to practice in the court. (Doc. 44). Here, he did neither; and, in direct contravention of that order, Brackins El has filed a new lawsuit in the United States District Court for the Northern District of Alabama through an attorney who is barred from practicing in the District. *See Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026). Because Brackins El filed a new lawsuit following the Court's anti-filing injunction without pre-filing approval or a licensed attorney, the Court finds probable cause to believe that he has willfully

violated a lawful order of the Court, (doc. 44). The Court therefore initiates these criminal contempt proceedings against him.

## IV.   CONCLUSION

In accordance with Rule 42 of the Federal Rules of Criminal Procedure, the Court therefore **ORDERS** as follows:

1.   By filing the following document, Brackins El has violated a lawful court order that he seek the Court's pre-filing approval or hire an attorney licensed to practice in the District before filing a new matter in the United States District Court for the Northern District of Alabama, (doc. 44):

- *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026).

2.   The Court **SETS** this matter for a bench trial on **March 31, 2026, at 9:00 a.m.** in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Brackins El must show cause why he should not be held in criminal contempt under 18 U.S.C § 401 for disobedience of a lawful court order.

3.   The Court requests that the United States prosecute this matter as a petty offense. If he is held in criminal contempt, Brackins El may thus face up to six months imprisonment, a fine of up to $5,000.00, or both for each willful violation of the Court's order. During the prosecution of this matter, Brackins El is entitled to the protections normally accorded a criminal defendant

6

charged with a petty offense, including the right to representation of counsel, the presumption of innocence, the privilege against self-incrimination, the opportunity to testify on his behalf, the right to cross-examine and call witnesses, and the right to proof beyond a reasonable doubt. *See Hicks v. Feiock*, 485 U.S. 624, 631–32 (1988) (criminal penalties for contempt may not be imposed on someone who has not been accorded the protections that the Constitution requires of such criminal proceedings).

4.    The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States.

5.    The Clerk of Court is **DIRECTED** to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama.

6.    The United States Marshals Service is **DIRECTED** to serve a copy of this order on Randy Brackins El.

7.    This amended order **SUPERSEDES** the orders entered February 27, 2026 (docs. 46 & 47), which contained a scrivener's error.

**DONE** and **ORDERED** this March 2, 2026.

_____
LILES C. BURKE
UNITED STATES DISTRICT JUDGE

FILED
2026 Feb-26  PM 04:5
U.S. DISTRICT COUR'
N.D. OF ALABAM,

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **BRACKINS EL PRIVATE ESTATE,** <br><br> Plaintiff, <br><br> v. <br><br> **CRAIG WHITE**, *et al.*, <br><br> Defendants. | **Case No.: 5:25-cv-1568-LCB** |
| **BRACKINS EL PRIVATE ESTATE TRUST,** <br><br> Plaintiff, <br><br> v. <br><br> **PAMELA BONDI**, *et al.*, <br><br> Defendants. | **Case No.: 5:25-cv-1600-LCB** |
| **BRACKINS EL PRIVATE ESTATE TRUST,** <br><br> Plaintiff, <br><br> v. <br><br> **LARRY K. MACK**, *et al.*, <br><br> Defendants. | **Case No.: 5:25-cv-1607-LCB** |
| **BRACKINS EL PRIVATE ESTATE, TRUST** <br><br> Plaintiff, <br><br> v. <br><br> **ALEX MCKENZIE LAGANKE,** <br><br> Defendant. | **Case No.: 5:25-cv-1685-LCB** |

## ORDER

In January of 2026, the Court disbarred attorney Kimberly Ford from practice in the Northern District of Alabama and ordered her to certify within ten days that she had provided a copy of the disbarment order to her clients, opposing counsel, and the judge presiding over the matter in every pending state or federal case in which she was counsel of record. She did not. She was therefore held in contempt of court and remanded to the custody of the U.S. Marshals until she purged herself of that contempt.

Then in early February, Ford, despite her disbarment, filed new pleadings on behalf of a client in the Northern District of Alabama. The Court struck her pleadings and expressly ordered her to stop filing any more papers on behalf of others in the District. But here we go again: in direct contradiction of that order, Ford has filed new pleadings, new motions, and other papers as attorney of record for two clients in the Northern District.

The Court therefore **ORDERS** Kimberly Ford to show cause why she should not be held in criminal contempt for violating a lawful court order; requests that her contempt be prosecuted by the U.S. Attorney for the Northern District of Alabama; and sets this matter for trial.

2

## I.   BACKGROUND

On January 23, 2026, the Court disbarred attorney Kimberly Ford from practice in the U.S. District Court for the Northern District of Alabama, finding that her "thoroughgoing contempt and entrenched pattern of misconduct" had amply "demonstrate[d] her unfitness to practice in this district." (Doc. 37 at 54). Specifically, Ford was publicly reprimanded and disbarred for her intentional, bad-faith threats and harassment toward opposing counsel, her knowing equivocations with the Court, her abuses of the judicial process and frivolous advocacy, and her willful violations of Court orders. *Id.* at 2

Notwithstanding this disbarment, Ford filed a new complaint in the District nine days later on behalf of Randy Brackins El. *Brackins El v. Bates*, 5:26-cv-167-LCB (N.D. Ala. Feb. 1, 2026), ECF No. 1. The Court struck the complaint and dismissed the case without prejudice, because a person not barred in the Northern District may only represent themself if they are not otherwise represented by an attorney. *Bates*, 5:26-167-LCB, ECF No. 2 at 1–2 (quoting N.D. ALA. L.R. 83.1(d), (j)).

But the day after the complaint was stricken and the case dismissed, Ford filed an "Emergency Motion to Vacate Void Dismissal and Restore Original Action" on behalf of Brackins El. *Bates*, 5:26-cv-167-LCB, ECF No. 3. The Court struck this filing too, explaining once again that "Ford is prohibited from filing anything in this

3

court . . . on anyone's behalf but her own[,] because last month she was disbarred from practice in the Northern District of Alabama." *Bates*, 5:26-cv-167-LCB, ECF No. 4. at 1.

Then on February 9, Ford filed a new case on Brackins El's behalf with the same recently stricken complaint along with four additional papers: a motion for the Court's disqualification and recusal, two filings in support of that motion, and a motion for judgment as a matter of law. *Brackins El v. Bates, et al.*, 5:26-cv-205-LCB (N.D. Ala. Feb. 9, 2026), ECF Nos. 1, 2, 3, 4 & 5. The Court struck each one of these for the same reason it had stricken the complaint the week before: Ford was "prohibited from practicing law in the district." *Bates*, 5:26-cv-205-LCB, ECF No. 6 at 2. In striking the complaint this time, however, the Court rebuked Ford for continuing to practice law, and, to make sure that she fully "grasp[ed] the meaning of disbarment," it ordered her to "cease filing anything on behalf of others in the Northern District of Alabama." *Id.* The order carried a warning that if she filed "anything further in this district on anyone's behalf but her own," she could be held in contempt of court. *Id.*

Notwithstanding this warning, Ford has since filed two new cases on behalf of others in the Northern District of Alabama. The first reintroduces the twice-stricken complaint on behalf of Randy Brackins El, *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), while the second petitions the Court for habeas

relief under 28 U.S.C. § 2254 on behalf of Timothy Van Anderson, *Van Anderson v. Sanders*, 3:26-cv-258-LCB-NAD (N.D. Ala. Feb. 16, 2026).

In the third iteration of the *Bates* case, Ford has also filed the following pleadings, motions, and other papers: a supplemental motion for judicial disqualification and recusal; a consolidated motion to compel agency action under 5 U.S.C. § 706(1) and notice of MSPB delay; a motion for judgment as a matter of law; a first amended complaint; a supplemental notice of re-filed exhibits and incorporation into amended complaint; a supplemental ex-parte notice of trust interference; a supplemental notice of newly filed state supreme court records in support of pending motion for judgment as a matter of law; Plaintiff's corrected and strengthened supplemental notice of authorities and newly filed state supreme court records in further support of pending motion for judgment as a matter of law; Plaintiff's corrected supplemental notice of filing, motion to enforce federal EEOC settlement agreement, motion for summary judgment on statutory timing violation, Loudermill due process violation, and whistleblower retaliation prima facie case, and motion for recusal pursuant to 28 U.S.C. § 455(a); and motion under Federal Rule of Civil Procedure 60(b) to Vacate order of dismissal. *Bates*, 5:26-cv-256-LCB, ECF Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 & 14.

5

In the habeas case, Ford has also filed a motion under Federal Rule of Civil Procedure 60(b) to vacate order of dismissal. *Van Anderson*, 3:26-cv-258-LCB-NAD, ECF No. 3.

## II.    LEGAL STANDARDS

Title 18 U.S.C § 401 empowers a federal district court to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Where the nature of such contempt is criminal, the court may punish "any person . . . for that contempt after prosecution on notice." FED. R. CRIM. P. 42(a).

Notice to a person threatened with criminal contempt "must (A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) state the essential facts constituting the charged criminal contempt and describe it as such." *Id.* at (a)(1). In such cases, the court must also "request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt." *Id.* at (a)(2).

Criminal contempt is neither a felony nor a misdemeanor but a *sui generis* offense. *United States v. Cohn*, 586 F.3d 844, 848-49 (11th Cir. 2009). If the

6

maximum sentence is limited to six months imprisonment or a fine of $5,000, the matter may be prosecuted as a petty offense and tried without a jury. *See Taylor v. Hayes*, 418 U.S. 488, 495 (1974) (holding that contempt may be charged as a petty offense and tried without a jury); 18 U.S.C. § 19 (defining petty offenses); and 18 U.S.C. § 3571(b)(6) (limiting fines for petty offenses to $5,000).

## III.   DISCUSSION

The Court could not have put the matter more plainly: Ford may not practice law in the Northern District of Alabama. When Ford tried to do so anyway, the Court was patient; it struck her unlawful filings and gently reminded her that disbarment means—well, disbarment. But Ford kept filing things anyway and was then expressly ordered to cease filing anything on behalf of others in this District.

Following that express order, Ford then filed a total of fifteen documents on behalf of others in this District, and because she has continued to file documents on behalf of others in the Northern District of Alabama, the Court finds probable cause to believe she has willfully violated a lawful order of the Court. *Bates*, 5:26-cv-205-LCB, ECF No. 6. Ford has been warned many times of the consequences of filing without legal authority, and this Court therefore initiates these criminal contempt proceedings against her.

## IV. CONCLUSION

In accordance with Rule 42 of the Federal Rules of Criminal Procedure, the

Court therefore **ORDERS** as follows:

1.    Because she has filed the following documents, the Court finds

probable cause to believe that Ford has violated a lawful court order that she

cease filing documents on behalf of others in the Northern District of

Alabama, *Bates*, 5:26-cv-205-LCB, ECF No. 6:

- *Van Anderson v. Sanders*, 3:26-cv-258-LCB-NAD (N.D. Ala. Feb. 13, 2026), ECF No. 1;

- *Van Anderson v. Sanders*, 3:26-cv-258-LCB-NAD (N.D. Ala. Feb. 13, 2026), ECF No. 3

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 1;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 2;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 3;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 4;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 5;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 6;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 7;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 8;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 9;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 10;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 11;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 12; and

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 14.

2.    The Court **SETS** this matter for a bench trial on **March 30, 2026, at 9:00 a.m.** in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Ford must show cause why she should not be held in criminal contempt under 18 U.S.C § 401 for disobedience of a lawful court order.

3.    The Court requests that the United States prosecute this matter as a petty offense. If Ford is held in criminal contempt, she may thus face up to six months imprisonment, a fine of up to $5,000.00, or both for each willful violation of the Court's order. During the prosecution of this matter, Ford is entitled to the protections normally afforded a criminal defendant charged with a petty offense, including the right to representation of counsel, the

9

presumption of innocence, the privilege against self-incrimination, the opportunity to testify on her behalf, the right to cross-examine and call witnesses, and the right to proof beyond a reasonable doubt. *See Hicks v. Feiock*, 485 U.S. 624, 631-32 (1988) (criminal penalties for contempt may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings).

4.      The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States.

5.      The Clerk of Court is **DIRECTED** to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama.

6.      The United States Marshals Service is directed to serve a copy of this order on Ford.

**DONE** and **ORDERED** this February 26, 2026.

LILES C. BURKE
UNITED STATES DISTRICT JUDGE

10

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KARVELLE POPE, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | }　Case No.: 1:25-cv-00974-RDP |
| | } |
| UNITED NATURAL FOOD INC, | } |
| | } |
| Defendant. | } |

## ORDER

Before the court is Attorney Kimberly Ford's Emergency Motion to Vacate the Court's January 26, 2026 Order. (Doc. # 8). Attorney Ford is disbarred from the practice of law in the United States District Court for the Northern District of Alabama and therefore lacks authority to practice before this court or to file motions on behalf of any party. Accordingly, the Emergency Motion to Vacate (Doc. # 8) is **DENIED**.

Attorney Ford is **ORDERED** to fully comply with the court's January 26, 2026 Order. (Doc. # 7). Although the original February 9, 2026 deadline has passed, the court will accept full compliance with the Order **on or before March 20, 2026. FAILURE TO COMPLY WITH THE COURT'S ORDER WILL RESULT IN FURTHER SANCTIONS.**

DONE and ORDERED this February 27, 2026.

R. DAVID PROCTOR
SENIOR U.S. DISTRICT JUDGE

DOCUMENT 2

Kimberly Ford
FORDUMAS LLC
470 Providence Main St NW, Ste 302c
Huntsville, AL 35806-4843

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 28, 2025

Kimberly Adina Ford
Fordumas, LLC
470 PROVIDENCE MAIN ST NW STE 302C
HUNTSVILLE, AL 35806-4843

Appeal Number: 25-13497-E
Case Style: In re: Brackins El Private Estate Trust
District Court Docket No: 5:25-cv-01568-LCB

The enclosed order has been entered. No further action will be taken in this matter.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers

| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

# In the
# United States Court of Appeals
## For the Eleventh Circuit

---

No. 25-13497

---

In re: BRACKINS EL PRIVATE ESTATE TRUST,

Petitioner.

---

On Petition for Writ of Mandamus to the
United States District Court for the
Northern District of Alabama
D.C. Docket No. 5:25-cv-01568-LCB

---

Before NEWSOM, BRASHER, and KIDD, Circuit Judges.

BY THE COURT:

Before the Court is a petition for a writ of mandamus filed by Petitioner Brackins El Private Estate Trust, requesting, among other relief, that the Court issue a writ of mandamus directing remand of the underlying proceedings.

2                    Order of the Court                25-13497

A writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes amounting to a judicial usurpation of power or a clear abuse of discretion." *In re Wellcare Health Plans, Inc.*, 754 F.3d 1234, 1238 (11th Cir. 2014) (quotation marks omitted). A petitioner is entitled to the writ only if: (1) he has "no other adequate means to attain the relief he desires"; (2) he has a "clear and indisputable . . . right to issuance of the writ"; and (3) the issuing court determines, in the exercise of its discretion, that the writ is appropriate under the circumstances. *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1265 (11th Cir. 2021). The petitioner has the burden of showing that the petitioner has no other avenue of relief and that the right to relief is clear and indisputable. *Mallard v. United States District Court*, 490 U.S. 296, 309 (1989).

Petitioner has not met that burden here. Accordingly, the petition is DENIED.

E-Filed
March 06, 2026 8:27 AM
Honorable Megan B. Rhodebeck
Clerk of the Court

DOCUMENT 2

# IN THE SUPREME COURT OF ALABAMA
## Case No.: SC-2025-0903

BRACKINS EL PRIVATE ESTATE TRUST,
EIN: 41-65XXXXX,
By and Through Its Trustee,
KIMBERLY A. FORD, Esq., TTEE,
Fiduciary Agent/Trustee in Equity,

Complainant,

v.

LILES C. BURKE, United States District Judge;

From the Circuit Court of Madison County, Alabama
Cases No.: 47-CV-2025-901619.00,  47-CV-2025-901675, and
United States District Court related cases 5:25-cv-01568 (and
consolidated cases); and 11th Circuit Court of Appeals, Case
No. 26-10250)

## SUPPLEMENTAL NOTICE OF MATERIAL DEVELOPMENTS IN RELATED FEDERAL PROCEEDINGS AND NOTICE OF FILING IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

Kimberly A. Ford, Esq.(FOR063)
Fiduciary Counsel & TTEE  for the Brackins El Private Estate Trust
FORDUMAS LLC
*Law, Consulting snd Mediation Firm*
470 Providence Main, Suite 302C Huntsville, AL 35806
ofc: 256.886.6240
facsimile 1-800-408-1501
kimberly@fordumas.com

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication. Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and its parties remain private, n o n - public, and are not submitted for adjudication or administrative review. All rights reserved, none waived. Recording of this document does not constitute a waiver of privacy, ownership, or trustee discretion, and does not confer jurisdiction o r authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

This document is protected under the principles of private contract, Article I § 10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority."Equity regards

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

i

the beneficiary as the true owner."

- "Equity imputes intention to fulfill obligation."
- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

## NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private

equity record and must be docketed pursuant to Alabama Rule of Civil Procedure 5.

The Court and its clerks act ministerially under notice of trust possession. Any

further statutory interpretation or adversarial designation is hereby rebutted by trust

record.

*/s/ Beneficiary*

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## Notice and Command to Clerk of Court

Let this Notice be entered as formal and final command to the Clerk of Court to seal the Equity Docket pertaining to the Brackins El Private Estate Trust.

All filings have been duly and lawfully entered under private trust jurisdiction. The forum has been noticed, fiduciary breaches declared, dishonors recorded, and equity affirmed. The Office of the Beneficiary now issues this lawful demand for ministerial compliance by the Clerk:

- To seal the record,

- To protect the corpus, and

- To conclude the matter in accordance with law, duty, and equity.

Authority and Legal Foundation
- Ministerial Duty Under ARCP 5, the Clerk may not refuse filings for form alone and must execute nondiscretionary ministerial duties. Failure to comply constitutes breach and administrative dishonor, enforceable by surcharge and nunc pro tunc correction.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

- Administrative Doctrine Pursuant to IRS Manual §21.7.13.3.2.1, only the Beneficiary lawfully appointed possesses final ledger and accounting authority. Further, IRS Manual §4.25.6.1 mandates full accounting upon fiduciary failure.

Equity Jurisprudence

- Pomeroy §§395, 818 affirms closure of equity record in favor of the trust upon fiduciary failure.

- Blackstone, Book III, Ch. 23 establishes private rights restored upon judicial default.

- Lewin §935 confirms fiduciary silence or neglect closes the record to equity in favor of the trust.

Maxims of Equity

- Equity delights in the end of litigation.

- Where the duty is ministerial, the act is mandatory.

- The record speaks for itself and binds the conscience of the court.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

Final Admonition

- The Clerk is hereby warned: Any refusal to seal constitutes ministerial breach and unauthorized tampering with a private trust corpus. Such refusal will trigger notice of ministerial default and liability by surcharge.

- "For by thy words thou shalt be justified, and by thy words thou shalt be condemned." Matthew 12:37

Issued under Seal and Authority of the Beneficiary, Brackins El Private Estate Trust

"Pursuant to IRS Manual §21.7.13.3.2.1, IRS protocol requires recognition of the duly appointed Beneficiary as the party authorized to file and account on behalf of the estate. Likewise, IRS Manual §4.25.6.1 instructs examiners to demand full accounting where fiduciary failure occurs. These administrative protocols parallel and reinforce equity's own requirement that fiduciaries be held to full accounting."

Dated: March 6, 2026

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

DOCUMENT 2

## I. PURPOSE OF THIS NOTICE

The Brackins El Private Estate Trust, (hereinafter "the Trust"), EIN 41-65XXXXX, through its duly appointed Trustee and Attorney of Record, Kimberly Adina Ford, Esq., respectfully files this Supplemental Notice to inform this Honorable Court of material developments in related federal proceedings that directly implicate the Alabama Uniform Trust Code, Alabama Code Title 19, Chapter 3B, and the authority of this Court as the final arbiter of Alabama trust law.

This Notice is filed to ensure that this Court has a complete and current record of the proceedings affecting the Trust, its Trustee, and its Beneficiary across multiple forums, and to bring to this Court's attention actions taken by a federal judicial officer that raise substantial questions under the Alabama Uniform Trust Code, questions over which this Court holds ultimate interpretive authority.

## II. BACKGROUND

This Court is familiar with the Trust and its filings in this proceeding. This Court has accepted filings made in Trust posture and

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

1

has requested binders from the Trust in connection with the matters pending before it. The Trust respectfully notes that this Court's acceptance of filings in Trust posture constitutes recognition of the Trust's standing and capacity under Alabama law - a recognition that no other court has questioned and that no opposing party has challenged.

The Trust is an irrevocable express trust established on January 2, 2022, under the laws of the State of Alabama, governed by the Alabama Uniform Trust Code, Alabama Code Title 19, Chapter 3B. The Trust holds IRS-assigned Employer Identification Number 41-65XXXXX, confirmed by IRS Notice CP 575 D. The Trustee, Kimberly Adina Ford, Esq. (ASB-4139-R80F), serves as TTEE (IRS Form 1041), Fiduciary Agent and Trustee in Equity (IRS Form 56-F), and Attorney of Record and Fiduciary Counsel.

## III. MATERIAL DEVELOPMENTS

On March 5, 2026, three material events occurred in rapid succession that this Court should be aware of:

A. Emergency Supplemental Notice Filed in the Eleventh Circuit

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

2

DOCUMENT 2

The Trust filed an Emergency Supplemental Notice of Material Developments and Memorandum of Law in the United States Court of Appeals for the Eleventh Circuit, Case No. 26-10250, styled In Re: Brackins El Private Estate Trust v. The Honorable Liles C. Burke. A true and correct copy of this filing is attached hereto as **Exhibit A** and incorporated herein by reference.

The Emergency Supplemental Notice addresses Respondent Judge Burke's issuance of contempt orders against the Trust Beneficiary, commanding the Beneficiary's personal appearance at a contempt hearing scheduled for March 31, 2026. The contempt orders were served upon the Beneficiary by United States Marshals on the evening of March 5, 2026.

The significance of this development is that the Trust Beneficiary is not a party to the proceedings before Judge Burke. The Trust is the party. The Trustee is the authorized representative. The Beneficiary is the protected person for whose benefit the Trust exists. Judge Burke's contempt order against the Beneficiary constitutes an attempt to force the enjoinment of a non-party through the coercive power of contempt, bypassing the procedural requirements of Federal Rule of Civil

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

3

Procedure 19 (required joinder) and the structural protections of the Alabama Uniform Trust Code.

B. § 1983 Action Filed in Madison County

On the same day, the Trust filed an Ex Parte Complaint for Declaratory and Injunctive Relief under 42 U.S.C. § 1983 in the Circuit Court of Madison County, Alabama, Case No. 47-CV-2026-900424.00, against Justin Jones and the Alabama State Bar, with an Application for Temporary Restraining Order. The complaint alleges a coordinated pattern of interference with the Trust's legal representation through the targeting of the Trust's Trustee and Attorney of Record.

C. Service of Contempt Orders on the Trust Beneficiary

On the evening of March 5, 2026, United States Marshals personally served contempt orders issued by Judge Burke upon the Trust Beneficiary at his residence, commanding his personal appearance at a contempt hearing on March 31, 2026. This service occurred on the same day the Trust filed its Emergency Motion for Interim Relief in the Eleventh Circuit requesting a stay of all proceedings before Judge Burke.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    4

DOCUMENT 2

## IV. RELEVANCE TO THIS COURT: VIOLATIONS OF THE ALABAMA UNIFORM TRUST CODE

The Trust brings these developments to this Court's attention because the Emergency Supplemental Notice filed in the Eleventh Circuit (Exhibit A) identifies eight violations of the Alabama Uniform Trust Code committed by Judge Burke's contempt order against the Trust Beneficiary. These violations are summarized below and set forth in full in Exhibit A:

| Alabama Code Section | Provision | Nature of Violation |
|---|---|---|
| 19-3B-105(b)(2)-(3) | Mandatory rules that cannot be overridden | Contempt order overrides mandatory trust protections |
| 19-3B-201(a) | Court role limited to invoked jurisdiction | Beneficiary did not invoke Burke's jurisdiction |
| 19-3B-202 | Trustee submits to jurisdiction, not beneficiary | Burke asserted jurisdiction over non-submitting beneficiary |
| 19-3B-303(4) | Trustee represents and binds beneficiaries | Burke bypassed Trustee and targeted Beneficiary directly |
| 19-3B-501 | Beneficiary creditor protections | Contempt order reaches beneficiary's person without authority |

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

| 19-3B-502 | Spendthrift provision protections | Involuntary seizure of beneficiary's liberty interest |
| --- | --- | --- |
| 19-3B-802(a) | Duty of loyalty to beneficiaries | Contempt order interferes with fiduciary relationship |
| 19-3B-809 | Trustee duty to protect trust property | Contempt order threatens integrity of trust estate |
| 19-3B-816(a)(24) | Trustee's exclusive litigation power | Burke conscripted non-party beneficiary into |

This Court is the final arbiter of the meaning and application of the Alabama Uniform Trust Code. The Alabama Legislature enacted the Trust Code to establish a comprehensive framework for the creation, administration, and protection of trusts in this State. The Trust Code reflects a deliberate legislative policy to protect trust beneficiaries from external interference with the trust structure, to vest litigation authority exclusively in the trustee, and to limit the role of courts to matters in which jurisdiction has been properly invoked.

Judge Burke's contempt order against the Trust Beneficiary represents a direct challenge to these legislative policies. A federal judicial officer has issued an order that, if given effect, would collapse the distinction between trustee and beneficiary, override the trustee's

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

6

exclusive litigation authority, and subject a trust beneficiary to personal judicial coercion in a proceeding in which the beneficiary is not a party. These are questions of Alabama trust law over which this Court holds supreme authority.

## V. THE PATTERN OF CONDUCT

This Court should also be aware of the broader pattern of conduct that the Trust has documented across multiple forums:

Judge Burke disbarred the Trust's Trustee and Attorney of Record, Kimberly Adina Ford, Esq., from practice before the Northern District of Alabama without providing notice or a hearing as required by due process. Judge Burke caused the arrest of Attorney Ford for filing a mandamus petition with the Eleventh Circuit, an exercise of the constitutionally protected right to petition for redress of grievances. Judge Burke locked Attorney Ford out of the CM/ECF electronic filing system, preventing the Trust from accessing the federal court docket. And now Judge Burke has issued contempt orders against the Trust Beneficiary personally, attempting to force a non-party into his courtroom through the coercive power of contempt.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

This pattern reveals a sequential targeting strategy: first, the Trust's legal representative was neutralized through disbarment, arrest, and system lockout; then, with the representative removed, the Beneficiary was targeted directly. The Alabama State Bar's disciplinary actions against Attorney Ford, initiated through Justin Jones, are part of this same pattern -- a coordinated effort to strip the Trust of its legal representation, so that the Beneficiary would be left without the protection the Trust structure provides.

The Trust has documented this pattern through unrebutted affidavits recorded as public instruments in Lawrence County, Alabama (Instrument Nos. 6002733 and 6003105) and Morgan County, Alabama (MISC Book 2022). No party has rebutted any affidavit. No party has challenged the Trust's standing. No party has responded to the Trust's filings in any forum.

## VI. BIVENS CLAIM: PERSONAL LIABILITY OF THE FEDERAL JUDICIAL OFFICER UNDER FEDERAL CONSTITUTIONAL TORT LAW

The Trust brings to this Court's attention an additional dimension of the federal proceedings that underscores the gravity of the Alabama Uniform Trust Code violations described above.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the United States Supreme Court recognized an implied cause of action for damages against federal officials who violate constitutional rights while acting under color of federal authority. In <u>Davis v. Passman</u>, 442 U.S. 228 (1979), the Supreme Court extended the <u>Bivens</u> framework to Fifth Amendment due process violations by federal officials. These decisions establish that a federal official who deprives a person of constitutional rights, including the right to due process before being subjected to the coercive power of contempt, is personally liable for compensatory and punitive damages.

The Trust has placed the Eleventh Circuit on formal notice, through the Emergency Supplemental Notice attached hereto as Exhibit A, that the Trust reserves and preserves all <u>Bivens</u> claims against Judge Burke in his individual capacity. The Trust intends to file a <u>Bivens</u> action seeking compensatory damages for the deprivation of the Trust Beneficiary's Fifth Amendment right to due process, compensatory damages for the violation of the Trust Beneficiary's First

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

9

Amendment right to petition, and punitive damages for the willful, malicious, and retaliatory nature of Judge Burke's conduct.

This Court should be aware of the <u>Bivens</u> dimension for two reasons that are directly relevant to this Court's authority over Alabama trust law.

First, the <u>Bivens</u> claim reinforces the significance of the Alabama Uniform Trust Code violations. The Trust Code establishes the legal separation between trustee and beneficiary. The Trust Code vests litigation authority exclusively in the trustee. The Trust Code protects beneficiaries from external interference with the trust structure. Judge Burke's contempt order against the Trust Beneficiary violated these provisions. That violation is not merely a procedural error, it is the factual predicate for a constitutional tort claim under <u>Bivens</u>. The Alabama Uniform Trust Code violations identified in Exhibit A are the very acts that give rise to the <u>Bivens</u> liability. This Court's interpretation of the Trust Code therefore has direct bearing on the viability and scope of the <u>Bivens</u> claim in federal court.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    10

Second, the <u>Bivens</u> claim demonstrates that Judge Burke's violations of the Alabama Uniform Trust Code carry consequences beyond the institutional remedies available through mandamus, judicial discipline, or appellate correction. Judge Burke faces personal financial liability, compensatory and punitive damages payable from his personal assets, for his decision to disregard the trust structure that the Alabama Legislature codified in the Trust Code. This personal liability exposure underscores the seriousness of the Trust Code violations and the importance of this Court's role in defining the protections that the Trust Code affords to trust beneficiaries in Alabama.

The Trust respectfully submits that this Court's authoritative interpretation of the Alabama Uniform Trust Code, particularly the provisions establishing the trustee's exclusive litigation authority under § 19-3B-816(a)(24), the trustee's representational role under § 19-3B-303(4), and the mandatory protections of § 19-3B-105(b), would provide essential guidance to the federal courts in evaluating both the mandamus petition and the <u>Bivens</u> claim. A ruling from this Court confirming that the Alabama Uniform Trust Code prohibits a court from

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

11

bypassing the trustee and subjecting a trust beneficiary to contempt as a non-party would establish the state law foundation upon which the federal constitutional claims rest.

Judicial immunity does not shield Judge Burke from the Bivens claim. Under Stump v. Sparkman, 435 U.S. 349 (1978), judicial immunity is overcome when a judge acts "in the clear absence of all jurisdiction." Judge Burke had no jurisdiction over the Trust Beneficiary. The Beneficiary is not a party. No joinder was ordered. No process was served. The contempt order was issued in the complete absence of all jurisdiction over the person it targeted. The Department of Justice's Westfall Act certification under 28 U.S.C. § 2679 provides no shield because the Westfall Act does not apply to constitutional tort claims under Bivens. Judge Burke stands personally exposed.

## VII. CONSTRUCTIVE NOTICE

The Trust has provided constructive notice to all parties through recorded instruments filed in the public records of Lawrence County and Morgan County, Alabama. These instruments establish the Trust's structure, the Trustee's authority, the Beneficiary's non-party status, and the challenge to Judge Burke's oath, bond, and delegation of

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

12

authority. Under Alabama law, recorded instruments provide constructive notice to all persons. These instruments remain unrebutted and stand as established facts on the record.

## VIII. DEMAND FOR DECLARATORY RELIEF

The Trust respectfully requests that this Honorable Court:

1. **Accept this Supplemental Notice** and the attached Exhibit A for filing in the record of this proceeding.

2. **Take judicial notice** of the material developments described herein, including the Eleventh Circuit filing in Case No. 26-10250, the Madison County § 1983 filing in Case No. 47-CV-2026-900424.00, and the service of contempt orders upon the Trust Beneficiary on March 5, 2026.

3. **Consider the Alabama Uniform Trust Code violations** identified in Exhibit A in connection with any matters pending before this Court involving the Trust, its Trustee, or its Beneficiary, and exercise this Court's authority as the final arbiter of Alabama trust law to address the federal judicial officer's disregard of the Trust Code.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    13

4. **Consider the <u>Bivens</u> implications** of the Trust Code violations, and provide authoritative interpretation of the Alabama Uniform Trust Code provisions at issue, particularly §s 19-3B-105(b), 19-3B-303(4), and 19-3B-816(a)(24), to guide the federal courts in evaluating the constitutional tort claims arising from Judge Burke's disregard of the trust structure.

5. **Grant such other and further relief** as this Court deems just and proper in the interests of justice and the protection of the trust structure established under Alabama law.

## IX. CONCLUSION

The Alabama Uniform Trust Code is an act of the Alabama Legislature. It reflects the considered judgment of the people of Alabama, through their elected representatives, regarding the creation, administration, and protection of trusts in this State. The Trust Code vests litigation authority in the trustee, protects beneficiaries from external interference, and limits the role of courts to matters in which jurisdiction has been properly invoked. These are not suggestions. They are mandatory provisions of Alabama law that no court, state or federal, may disregard.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                                                14

A federal judicial officer has disregarded them. Judge Burke has issued a contempt order against a trust beneficiary who is not a party to any proceeding before him, bypassing the trustee, ignoring the trust structure, and using the coercive power of contempt to accomplish what the Alabama Uniform Trust Code forbids. Those violations now form the factual predicate for a Bivens constitutional tort claim against Judge Burke in his individual capacity, a claim for compensatory and punitive damages that judicial immunity does not shield because the acts were taken in the clear absence of all jurisdiction over the Trust Beneficiary. This Court's interpretation of the Alabama Uniform Trust Code will directly inform the federal courts' evaluation of that claim. This Court has the authority and the duty to address this violation of Alabama law.

The Trust respectfully urges this Court to act.

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U.S. citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    15

operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC §1-308, all rights and remedies are expressly reserved without prejudice. No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Respectfully submitted this 6th day of March, 2026. I declare under penalty of perjury that the foregoing is true and correct. Executed on March, 6 2026 at Huntsville, AL.

*/s/Kimberly A. Ford*
Kimberly A. Ford
Fiduciary Counsel and TTEE for Brackins El Private Estate Trust
FORDUMAS LLC
*Law, Consulting and Mediation Firm*
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1-800-408-1501
kimberly@fordumas.com

## CERTIFICATE OF COMPLIANCE
I certify that this brief complies with the word limitation set forth in Ala.R.App.P. 28(j)(1). According to the word count function of Apple Pages, this notice contains 3159 words from the first paragraph

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

under the initial header through the conclusion. I further certify that this notice complies with the font requirement set forth in Ala. R.App. P. 32(a)(7). The notice was prepared in the Century Schoolbook front using 14-point type. See Ala. R. App.P. 32(d).

## CERTIFICATE OF SERVICE

I do hereby certify that on March 6, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will send notification of such filing to all counsel of record. In the event CM/ECF access is unavailable, service shall be completed by first-class mail, postage prepaid, to all parties at their addresses of record, pursuant to FRAP 25(d).

Attn: Pamela Bondi, U.S.Attorney General
950 Pennsylvania Ave., NW
Washington, D.C. 20530-0001

United States Department of Justice
United States Attorney[s Office, Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203

United States Office of Special Counsel
Attn: Paul Ingrassia, Special Counsel
1730 M Street NW, Suite 218
Washington, DC 20036-4505

United States Marshals Service, Northern District of Alabama
Hugo L. Black United States Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Greer M. Lynch, Clerk of Court
U.S. District Court, Northern District of Alabama

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

1729 5th Avenue North
Birmingham, AL 35203

Internal Revenue Service (IRS)
Attn: Scott Bessent, Acting Commissioner
1111 Constitution Avenue, NW
Washington, DC. 20224

United States Department of the Treasury
Attn: Office of the General Counsel
1500 Pennsylvania Avenue, NW
Washington, DC 20220

National Aeronautical and Space Administration (NASA)
Attn: Office of the General Counsel
300 E Street SW, Suite 0V30
Washington, DC 20546

NASA Marshall Space Flight Center (MSFC)
Attn: Rae Meyer, Center Director and the Office of the General
Counsel
Mail Code LS0l
Huntsville, AL 35812

John K. White
3700 GovernorsDrive NW, Unit 213
Huntsville, AL 35805-3561

Paula DeCaesaris
2890 High Mountain Road, NE
Huntsville, AL 35811

Larry Mack
143 Fernbridge Blvd.
Madison, AL 35758-7556

Pamela Bourque

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                                    18

155 Intercostal Dr.
Madison, AL 35758-9425

Phillip Jeff Morton
1260 Balch Road, Apt. 3202
Madison, AL 35757-6396

Paul R. Sullivan
2211 Cedar Cove Ct.
Reston, VA 20191-4108

Wendell Scott Stewart
244 Rosecliff Drive
Harvest, AL 35749

Stanley Rhodes
133 Vaughnwood Trace
Huntsville, AL 35806-4085

Sherry Huddleston
136 Jay Crawford Rd.
Baileyton, AL 35019

Dwight Mosby
26 Wax Lane SW
Huntsville, AL 35824

Kristin Pollard Kiel
19 America Way SW
Huntsville, AL 35824

Lisa Bates
101 Woodley Road
Madison, AL 35758

Hon. Ruth Ann Hall
100 Northside Square

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

Huntsville, Al 35801

Hon. Liles C. Burke
660 Gallatin Street
Huntsville, AL 35801

Hon. R. David Proctor
1729 5th Avenue North
Birmingham, AL 35203

Merit Systems Protection Board, Headquarters
1615 M Street, NW
Washington, D.C. 20419

Hon. Joel T. Alexander
Atlanta Regional Office
401 W. Peachtree St., NW, 10th Floor
Atlanta, GA 30308-3519

Hon. Christopher G. Sprague.
Atlanta Regional Office
401 W. Peachtree St., NW, 10th Floor
Atlanta, GA 30308-3519

Ann Allen
NASA Headquarters
Office of Equal Opportunity
300 E Street, SW
Washington, DC 20546

Joseph John Pelfrey
104 Brac Circle SW
Huntsville AL 35824

*/s/Kimberly A. Ford*

## EXHIBIT INDEX

Exhibit 2                                   Complaint of Misconduct

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

i

DOCUMENT 2

| Exhibit | Description |
|---------|-------------|
| Exhibit 1 | Emergency Supplemental Notice of Material Developments and Memorandum of Law Regarding Respondent's Unlawful Attempt to Force Enjoinment of a Non-Party Trust Beneficiary Through 11th Circuit Court of Appeals filing in Case No. 26-10250 |

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

DOCUMENT 1

# EXHIBIT A

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT
## Case No. 26-10250

**BRACKINS EL PRIVATE ESTATE TRUST,**

**EIN: 41-65XXXXX,**

**By and Through Its Trustee,**

**KIMBERLY A. FORD, Esq., TTEE,**

**Fiduciary Agent/Trustee in Equity,**

**Plaintiff,**

**v.**

**LILES C. BURKE, United States District Judge;**

    **Respondent.**

## EMERGENCY SUPPLEMENTAL NOTICE OF MATERIAL DEVELOPMENTS AND MEMORANDUM OF LAW REGARDING RESPONDENT'S UNLAWFUL ATTEMPT TO FORCE ENJOINMENT OF A NON-PARTY TRUST BENEFICIARY THROUGH CONTEMPT POWER
Nos: 5:25-cv-01568; 5:25-cv-01600; 5:25-cv-01607 and 5:25-cv-01685 (consolidated cases);

Kimberly A Ford, Esq. (FOR063)
Attorney for Brackins El Private Estate Trust
Fordumas LLC
*Law, Consulting and Mediation Firm*
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1.800.408.1501
kimberly@fordumas.com

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication. Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and its parties remain private, non-public, and are not submitted for adjudication or administrative review. All rights reserved, none waived. Recording of this document does not constitute a waiver of privacy, ownership, or trusteediscretion, and does not confer jurisdiction or authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

This document is protected under the principles of private contract, Article I §10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority."Equity regards the

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

i

**beneficiary as the true owner."**

- "Equity imputes intention to fulfill obligation."
- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

## NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private

equity record and must be docketed pursuant to Alabama Rule of Civil Procedure 5.

The Court and its clerks act ministerially under notice of trust possession. Any

further statutory interpretation or adversarial designation is hereby rebutted by trust

record.

*/s/ Beneficiary*

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## Notice and Command to Clerk of Court

Let this Notice be entered as formal and final command to the Clerk of Court to seal the Equity Docket pertaining to the Brackins El Private Estate Trust.

All filings have been duly and lawfully entered under private trust jurisdiction. The forum has been noticed, fiduciary breaches declared, dishonors recorded, and equity affirmed. The Office of the Beneficiary now issues this lawful demand for ministerial compliance by the Clerk:

• To seal the record,

• To protect the corpus, and

• To conclude the matter in accordance with law, duty, and equity.

Authority and Legal Foundation
• Ministerial Duty Under ARCP 5, the Clerk may not refuse filings for form alone and must execute nondiscretionary ministerial duties. Failure to comply constitutes breach and administrative dishonor, enforceable by surcharge and nunc pro tunc correction.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

iii

• Administrative Doctrine Pursuant to IRS Manual §21.7.13.3.2.1, only the

Beneficiary lawfully appointed possesses final ledger and accounting authority.

Further, IRS Manual §4.25.6.1 mandates full accounting upon fiduciary failure.

Equity Jurisprudence

• Pomeroy §§395, 818 affirms closure of equity record in favor of the trust

upon fiduciary failure.

• Blackstone, Book III, Ch. 23 establishes private rights restored upon

judicial default.

• Lewin §935 confirms fiduciary silence or neglect closes the record to equity in

favor of the trust.

Maxims of Equity

• Equity delights in the end of litigation.

• Where the duty is ministerial, the act is mandatory.

• The record speaks for itself and binds the conscience of the court.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

Final Admonition

- The Clerk is hereby warned: Any refusal to seal constitutes ministerial breach and unauthorized tampering with a private trust corpus. Such refusal will trigger notice of ministerial default and liability by surcharge.
- "For by thy words thou shalt be justified, and by thy words thou shalt be condemned." Matthew 12:37

Issued under Seal and Authority of the Beneficiary, Brackins El Private Estate Trust

"Pursuant to IRS Manual §21.7.13.3.2.1, IRS protocol requires recognition of the duly appointed Beneficiary as the party authorized to file and account on behalf of the estate. Likewise, IRS Manual §4.25.6.1 instructs examiners to demand full accounting where fiduciary failure occurs. These administrative protocols parallel and reinforce equity's own requirement that fiduciaries be held to full accounting."

Dated: March 5, 2026

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)
## 11th Cir. R. 26.1-1

Alabama State Bar

Alexander, Joel T., Chief Administrative Judge

Allen, Ann

Bates, Lisa

Bondi, Pamela Bondi, U.S.Attorney General

Bourque, Pamela

Brackins El Private Estate Trust

Burke, Hon. Liles C.

DeCaesaris, Paula

El, Randy Brackins

Ford, Esq. Kimberly A. Ford

Fordumas LLC

Hall, Hon. Ruth Ann

Huddleston, Sherry

Internal Revenue Service

Jones, Justin - Alabama State Bar

CIP 1 of 3

Judicial Inquiry Commission

Kiel, Esq., Kristin Pollard

Mack, Larry

Merit Systems Protection Board, Atlanta Regional Office

Moore, Rep. Barry

Morton, Phillip Jeff

Mosby, Dwight

National Aeronautical and Space Administration (NASA)
Attn: Office of the General Counsel

NASA Marshall Space Flight Center (MSFC)
Attn: Rae Meyer Center Director and the Office of the General

Pelfry, Joseph John

Proctor, Hon. R. David

Rhodes, Stanley

 Sprague, Christopher G., Administrative Judge

State of Alabama

Stewart, Wendell Scott

United States Department of Justice

United States Department of the Treasury

United States Marshall Services, Northern District of Alabama

CIP 2 of 3

United States Office of Special Counsel

Waldrep, Hon. Callie C., Lawrence County, Alabama Circuit Court Judge

White, Craig

White, Esq., John K.

    No publicly traded company or corporation has an interest in the outcome of this case.

    Respectfully submitted on this the 6th day of March, 2026,

*/s/ Kimberly A. Ford*
Kimberly A Ford, Esq. (FOR063)
Counsel for Randy Brackins El
Fordumas LLC
Law, Consulting and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1.800.408.1501
kimberly@fordumas.com

## I. INTRODUCTION AND PURPOSE OF THIS NOTICE

The Brackins El Private Estate Trust (hereinafter "the Trust"), EIN 41-65XXXXX, through its duly appointed Trustee and Attorney of Record, Kimberly Adina Ford, Esq., respectfully files this Emergency Supplemental Notice to inform this Honorable Court of material developments that occurred on March 5, 2026, the same date the Trust filed its Emergency Motion for Interim Relief (Doc. 8) in this proceeding.

On the evening of March 5, 2026, United States Marshals personally served contempt orders issued by Respondent Judge Liles C. Burke upon Randy Brackins El, the Trust Beneficiary, commanding his personal appearance at a contempt hearing scheduled for March 31, 2026. This service occurred mere hours after the Trust filed its Emergency Motion requesting this Court to stay all proceedings before Judge Burke pending resolution of the mandamus petition and Rule Nisi (Doc. 4).

This development is of the utmost urgency because it demonstrates, in real time, the very conduct the Emergency Motion seeks to restrain. Judge Burke is attempting to force the enjoinment of a non-party Trust beneficiary through the exercise of contempt power, a course of action that violates the Alabama Uniform Trust Code, the Federal Rules of Civil Procedure, the United States Constitution, and the fundamental principles of equity upon which the Trust operates. The Trust

respectfully requests that this Court take judicial notice of these developments, consider them in connection with the pending Emergency Motion and Rule Nisi, and act before March 31, 2026, to prevent the irreparable harm that will result if Judge Burke is permitted to proceed with the contempt hearing against a non-party.

## II. STATEMENT OF MATERIAL FACTS

On March 5, 2026, the following events occurred in rapid succession, the timing of which is material to this Court's consideration:

First, the Trust, through its Trustee and Attorney of Record, filed the Emergency Motion for Interim Relief (Doc. 8) in this proceeding, requesting that this Court stay all proceedings before Judge Burke in the Northern District of Alabama, including the contempt and sanctions hearings scheduled for March 30-31, 2026.

Second, the Trust, through its Trustee, filed an Ex Parte Complaint for Declaratory and Injunctive Relief under 42 U.S.C. Section 1983 in the Circuit Court of Madison County, Alabama, Case No. 47-CV-2026-900424.00, against Justin Jones and the Alabama State Bar, with an Application for Temporary Restraining Order, alleging a coordinated pattern of interference with the Trust's legal representation.

Third, on the evening of the same day, United States Marshals appeared at the residence of Randy Brackins El, the Trust Beneficiary, and personally served

contempt orders issued by Judge Burke commanding the Beneficiary's personal appearance at a contempt hearing on March 31, 2026. The contempt orders purport to compel the Beneficiary, who is not a party to the underlying proceedings, to appear before Judge Burke's court and submit to the court's contempt jurisdiction.

The Trust Beneficiary, Randy Brackins El, is not now, and has never been, a party to the proceedings before Judge Burke in his individual or personal capacity. The Trust is the party. The Trustee, Kimberly Adina Ford, Esq., is the authorized representative of the Trust in all judicial proceedings. The Beneficiary's sole relationship to the litigation is as the protected person for whose benefit the Trust exists and operates.

Judge Burke's contempt order against the Beneficiary constitutes an unlawful attempt to force enjoinment, to compel a non-party into the jurisdiction of his court through the coercive power of contempt, bypassing every procedural safeguard that the Federal Rules of Civil Procedure, the Alabama Uniform Trust Code, and the United States Constitution require before a person may be made subject to a court's authority.

## III. THE TRUST STRUCTURE AND THE LEGAL SEPARATION OF BENEFICIARY FROM PARTY

The Brackins El Private Estate Trust was established on January 2, 2022, as an irrevocable express trust under the laws of the State of Alabama. The Trust is

governed by the Alabama Uniform Trust Code, Alabama Code Title 19, Chapter 3B (hereinafter "the Trust Code"). The Trust holds IRS-assigned Employer Identification Number 41-6591705, confirmed by IRS Notice CP 575 D. The Trust files annual federal fiduciary income tax returns on IRS Form 1041 and has designated its Trustee on IRS Form 56-F and IRS Form 2848.

The Trust's organizational structure establishes a clear legal separation between the Trust entity, the Trustee, and the Beneficiary:

The Trust is the legal entity that holds the Trust Estate, including all claims, causes of action, and legal interests transferred to it by the Grantor. The Trust is the party to all judicial proceedings initiated on its behalf.

The Trustee, Kimberly Adina Ford, Esq., is the fiduciary who administers the Trust, manages the Trust Estate, and represents the Trust in all judicial proceedings. The Trustee holds three distinct designations: TTEE (IRS Form 1041), Fiduciary Agent and Trustee in Equity (IRS Form 56-F), and Attorney of Record and Fiduciary Counsel.

The Beneficiary, Randy Brackins El, is the person for whose benefit the Trust exists. The Beneficiary is not the Trust. The Beneficiary is not the Trustee. The Beneficiary is the protected person whose interests the Trust and Trustee are duty-bound to advance and protect.

This tripartite structure is not a legal fiction. It is the fundamental architecture of trust law as codified in the Alabama Uniform Trust Code and recognized by every jurisdiction in the United States. Judge Burke's contempt order against the Beneficiary personally collapses this structure by treating the Beneficiary as if he were the party, a legal error that violates every provision of trust law discussed below.

## IV. VIOLATIONS OF THE ALABAMA UNIFORM TRUST CODE

Judge Burke's contempt order against the Trust Beneficiary violates multiple provisions of the Alabama Uniform Trust Code, Title 19, Chapter 3B, Alabama Code 1975, as follows:

### A. Violation of Section 19-3B-303(4): Representation by Fiduciaries

Alabama Code Section 19-3B-303(4) provides:

> "To the extent there is no conflict of interest between the representative and the person represented . . . a trustee may represent and bind the beneficiaries of the trust."

This provision establishes that the Trustee, not the Beneficiary, is the authorized representative of the Trust and its beneficiaries in all matters, including judicial proceedings. The Trustee represents and binds the Beneficiary. The Beneficiary does not appear independently; the Beneficiary is represented through the Trustee.

Judge Burke's contempt order bypasses the Trustee entirely and commands the Beneficiary to appear personally. This is a direct violation of Section 19-3B-303(4). If Judge Burke has any grievance with the Trust's conduct in litigation, his remedy is to address the Trustee, the authorized representative, not to reach past the Trustee and seize the Beneficiary through contempt power.

## B. Violation of Section 19-3B-816(a)(24): Trustee's Exclusive Litigation Power

Alabama Code Section 19-3B-816(a)(24) grants the Trustee the power to:

> "prosecute or defend an action, claim, or judicial proceeding in any
> jurisdiction to protect trust property and the trustee in the performance
> of the trustee's duties and to employ counsel, expert witnesses, or
> other agents."

This provision vests the power to litigate exclusively in the Trustee. The Beneficiary has no independent litigation role under the Trust Code. Judge Burke's contempt order against the Beneficiary effectively conscripts a non-party into litigation, overriding the statutory allocation of litigation authority that the Alabama Legislature codified in Section 19-3B-816(a)(24).

## C. Violation of Section 19-3B-802: Duty of Loyalty

Alabama Code Section 19-3B-802(a) provides that "[a] trustee shall administer the trust solely in the interests of the beneficiaries." The Trustee owes an absolute duty of loyalty to the Beneficiary. Judge Burke's contempt order directly interferes with this fiduciary relationship by subjecting the Beneficiary to

judicial coercion that the Trust structure was designed to prevent. By targeting the Beneficiary personally, Judge Burke is undermining the Trustee's ability to fulfill her statutory duty to protect the Beneficiary's interests.

**D. Violation of Section 19-3B-809: Control and Protection of Trust Property**

Alabama Code Section 19-3B-809 provides that "[a] trustee shall take reasonable steps to take control of and protect the trust property." The Trust Estate includes the legal claims and causes of action that are the subject of the underlying litigation. Judge Burke's contempt order threatens the integrity of the Trust Estate by subjecting the Beneficiary, the person whose injuries give rise to the Trust's claims, to coercive judicial process that could compromise the Trust's legal positions.

**E. Violation of Section 19-3B-105(b): Mandatory Rules**

Alabama Code Section 19-3B-105(b) enumerates thirteen mandatory rules that cannot be overridden by any provision, including the terms of the trust itself. Section 19-3B-105(b)(2) mandates "the duty of a trustee to act in good faith and in accordance with the terms and purposes of the trust and the interest of the beneficiaries." Section 19-3B-105(b)(3) mandates "the requirement that a trust and its terms be for the benefit of its beneficiaries, and that the trust have a purpose that is lawful, not contrary to public policy, and possible to achieve." Judge Burke's

contempt order renders the Trust's protective purpose impossible to achieve by subjecting the Beneficiary to the very judicial coercion the Trust was established to manage through its Trustee. If the terms of the Trust itself cannot override these mandatory rules, then a fortiori, a contempt order issued by a court that has no jurisdiction over the Beneficiary as a party cannot override them.

**F. Violation of Section 19-3B-501 and Section 19-3B-502: Beneficiary Protections**

Alabama Code Section 19-3B-501 limits the rights of a beneficiary's creditors and assignees to reach the beneficiary's interest in a trust. Section 19-3B-502 provides that a valid spendthrift provision restrains both voluntary and involuntary transfer of a beneficiary's interest. While these provisions are most commonly applied in the creditor context, they reflect a broader legislative policy: the Alabama Legislature has determined that trust beneficiaries are to be protected from external claims against their trust interests. Judge Burke's contempt order is, in substance, an attempt to reach the Beneficiary's person, a far more invasive act than reaching the Beneficiary's property interest. If the Trust Code protects the Beneficiary's property interest from involuntary seizure, it necessarily protects the Beneficiary's person from involuntary conscription into litigation in which the Beneficiary is not a party.

## G. Violation of Section 19-3B-201 and Section 19-3B-202: Jurisdictional Limits

Alabama Code Section 19-3B-201(a) provides that "[t]he court may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law." Judge Burke's jurisdiction has not been invoked by the Beneficiary. The Beneficiary has not filed any pleading, entered any appearance, or submitted to the jurisdiction of Judge Burke's court in his personal capacity.

Alabama Code Section 19-3B-202 provides that "a trustee submits personally to the jurisdiction of the courts of this state regarding any matter involving a trust." This provision establishes that it is the Trustee who submits to jurisdiction, not the Beneficiary. The Trust Code distinguishes between the Trustee's jurisdictional submission and the Beneficiary's protected status. Judge Burke's contempt order conflates the two, treating the Beneficiary as if he had submitted to the court's jurisdiction when the Trust Code provides that only the Trustee has done so.

## V. VIOLATIONS OF THE FEDERAL RULES OF CIVIL PROCEDURE

## A. Violation of Rule 65(d)(2): Persons Bound by an Injunction or Restraining Order

Federal Rule of Civil Procedure 65(d)(2) provides that an injunction or restraining order binds only:

> "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."
>
> The Trust Beneficiary is not a party to the proceedings before Judge Burke.

The Trust Beneficiary is not an officer, agent, servant, employee, or attorney of the Trust. The Trust Beneficiary is the protected person for whose benefit the Trust exists. A trust beneficiary is, by definition, the person who receives the benefit of the trust, not a person who acts on behalf of the trust. The Beneficiary is not "in active concert or participation" with the Trust in the sense contemplated by Rule 65(d)(2)(C); the Beneficiary is the person the Trust serves.

The Supreme Court has long held that Rule 65(d) does not permit courts to impose obligations on non-parties merely because they have some relationship to a litigant. Regal Knitwear Co. v. NLRB, 324 U.S. 9, 13-14 (1945). Instead, liability for contempt requires proof that the non-party aided or abetted the violation of a specific court order. Id. Federal courts have repeatedly emphasized that injunctions cannot bind persons who are strangers to the litigation unless they actively participate in violating the court's order. Alemite Mfg. Corp. v. Staff, 42 F.2d 832, 832-33 (2d Cir. 1930). The mere status of being a beneficiary of a trust does not establish such participation. Absent evidence that the beneficiary directed,

controlled, or assisted the alleged violation of the court's order, Rule 65 does not permit contempt jurisdiction over that individual.

Judge Burke's contempt order against the Beneficiary exceeds the scope of persons who may be bound by a court's orders under Rule 65(d)(2). The order is therefore void as applied to the Beneficiary.

## B. Violation of Rule 19: Required Joinder of Parties

Federal Rule of Civil Procedure 19 governs the joinder of persons who are required for just adjudication. Under Rule 19(a), a person must be joined as a party if:

> "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

If Judge Burke believed that the Beneficiary was a necessary party, the proper procedure was to order joinder under Rule 19, which requires a motion, briefing, and a judicial determination that the absent person is necessary. Judge Burke did not follow this procedure. He did not order joinder. He did not conduct a Rule 19 analysis. He did not determine whether the Beneficiary was a necessary party. Instead, he issued a contempt order directly against the Beneficiary, bypassing the procedural requirements of Rule 19 entirely.

This is forced enjoinment. It is the use of contempt power to accomplish what Rule 19 requires be accomplished through proper procedural channels. It is a violation of the Federal Rules of Civil Procedure and a denial of the Beneficiary's right to the procedural protections that Rule 19 affords.

## C. Violation of Rule 17: Real Party in Interest

Federal Rule of Civil Procedure 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." Rule 17(a)(1) further provides that "[a] trustee of an express trust" may sue in the trustee's own name without joining the person for whose benefit the action is brought.

This provision explicitly authorizes the Trustee to prosecute the Trust's claims without joining the Beneficiary. The Federal Rules contemplate that the Trustee is the real party in interest, and the Beneficiary need not be a party. Judge Burke's contempt order against the Beneficiary contradicts Rule 17(a)(1) by compelling the appearance of a person whom the Federal Rules expressly provide need not be joined. See 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Section 1560 (3d ed. 2010). A court that compels a beneficiary to appear despite the trustee's presence as a party disregards this foundational rule and improperly expands its jurisdiction over persons not before the court.

## VI. CONSTITUTIONAL VIOLATIONS

### A. Violation of the Fifth Amendment: Due Process

The Fifth Amendment to the United States Constitution provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. A contempt order carries the potential for incarceration, a deprivation of liberty. Before a person may be subjected to the coercive power of contempt, that person must be afforded due process, which includes, at minimum, notice and an opportunity to be heard.

The Beneficiary has not been afforded due process. The Beneficiary was never made a party to the proceedings. The Beneficiary was never served with a complaint or summons. The Beneficiary was never given notice that he was subject to the court's jurisdiction. The Beneficiary was never given an opportunity to be heard on the question of whether the court has authority over him. The first notice the Beneficiary received was the contempt order itself, served by United States Marshals at his residence.

Contempt sanctions imposed upon a non-party who has not been joined, served, or otherwise subjected to the court's jurisdiction raise fundamental due process concerns. Courts must ensure that individuals are not bound by judicial orders without first establishing jurisdiction and notice consistent with constitutional requirements. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316

(1945). Where a beneficiary has not appeared as a litigant and has not been shown to have acted in concert with a party to violate an order, extending contempt jurisdiction to that beneficiary exceeds the limits recognized by Rule 65 and longstanding principles of due process.

A contempt order served upon a non-party who has never been joined, never been served, never appeared, and never been given an opportunity to contest the court's jurisdiction is a violation of the Fifth Amendment's guarantee of due process. The contempt order is void.

## B. Violation of the First Amendment: Right to Petition

The First Amendment to the United States Constitution protects the right of the people "to petition the Government for a redress of grievances." U.S. Const. amend. I. The Trust's mandamus petition before this Court, the Emergency Motion, and the Rule Nisi are all exercises of the right to petition. The Trust Beneficiary is the person whose grievances the Trust seeks to redress.

Judge Burke's contempt order was served on the same day the Trust filed its Emergency Motion in this Court. The timing suggests that the contempt order is retaliatory, a response to the Trust's exercise of its First Amendment right to petition the Eleventh Circuit for relief from Judge Burke's conduct. Retaliatory use of contempt power to punish or deter the exercise of the right to petition is a violation of the First Amendment.

## C. Violation of Article III: Jurisdiction

Article III of the United States Constitution limits the judicial power of the United States to "Cases" and "Controversies." U.S. Const. art. III, Section 2. A court's jurisdiction extends only to the parties before it. The Beneficiary is not a party before Judge Burke's court. Judge Burke has no Article III jurisdiction over the Beneficiary in his personal capacity. The contempt order, insofar as it purports to exercise judicial power over a non-party, exceeds the constitutional limits of Article III jurisdiction.

## VII. VIOLATIONS OF ADDITIONAL FEDERAL STATUTES

### A. 18 U.S.C. Section 401: Contempt Power Limited

Title 18, United States Code, Section 401 provides that a court "shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other." The phrase "and none other" is a statutory limitation on contempt power. A court may punish contempt of its authority, but it has no authority over a non-party who has not been joined, has not appeared, and has not been subjected to any order of the court. Judge Burke's contempt order against the Beneficiary exceeds the statutory authority conferred by 18 U.S.C. Section 401 because the Beneficiary has never been subject to the court's authority.

### B. 28 U.S.C. Section 453: Oath of Office

Title 28, United States Code, Section 453 requires that each justice or judge of the United States "shall take the following oath or affirmation before performing the duties of his office." The oath is a prerequisite to the lawful exercise of judicial authority. The Trust has challenged Judge Burke's compliance with the oath requirement through unrebutted affidavits recorded as public instruments in Lawrence County, Alabama (Instrument Nos. 6002733 and 6003105) and Morgan County, Alabama (MISC Book 2022). These affidavits, which remain unrebutted, challenge Judge Burke's oath, bond, and delegation of authority. Judge Burke's compliance with 28 U.S.C. Section 453 is an unresolved question that this Court should consider in evaluating whether Judge Burke had lawful authority to issue the contempt order.

## C. 42 U.S.C. Section 1983: Deprivation of Rights Under Color of Law

Judge Burke's contempt order against the Beneficiary constitutes a deprivation of rights under color of law in violation of 42 U.S.C. Section 1983. The Beneficiary's rights to due process (Fifth Amendment), to petition (First Amendment), and to be free from the exercise of judicial power absent jurisdiction (Article III) are being violated by a person acting under color of federal judicial authority. The Trust has filed a separate Section 1983 action in the Circuit Court of Madison County, Alabama, Case No. 47-CV-2026-900424.00, addressing the

broader pattern of civil rights violations. The contempt order served on March 5, 2026, constitutes additional evidence of the pattern alleged in that complaint.

### D. 42 U.S.C. Section 1985: Conspiracy to Interfere with Civil Rights

The timing and pattern of events suggest a coordinated effort to deprive the Trust and its Beneficiary of their civil rights. Judge Burke disbarred the Trust's attorney without notice or hearing. The Alabama State Bar, through Justin Jones, initiated disciplinary proceedings against the same attorney. Judge Burke then issued contempt orders against the Beneficiary personally, targeting the protected person after neutralizing the protector. This sequential targeting of the attorney and then the beneficiary is consistent with a conspiracy to interfere with civil rights as described in 42 U.S.C. Section 1985(2) and (3).

## VIII. BIVENS CLAIM: PERSONAL LIABILITY OF RESPONDENT FOR CONSTITUTIONAL VIOLATIONS

### A. The Bivens Framework and Its Application

In <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized an implied cause of action for damages against federal officials who violate constitutional rights while acting under color of federal authority. Unlike 42 U.S.C. Section 1983, which reaches state actors, Bivens provides the constitutional remedy against federal actors who

deprive persons of their rights. Judge Burke is a federal judicial officer. The United States Marshals who served the contempt orders are federal law enforcement officers. Section 1983 does not reach them. Bivens does.

The Trust hereby places this Court and all parties on notice that the Trust reserves and preserves all Bivens claims against Judge Burke in his individual capacity, and against any federal officer who participated in the enforcement of the unlawful contempt order against the non-party Trust Beneficiary.

## B. Fifth Amendment Due Process: A Recognized Bivens Context

The Supreme Court in Davis v. Passman, 442 U.S. 228 (1979), recognized a Bivens cause of action for Fifth Amendment violations by federal officials. The Trust Beneficiary's claim falls squarely within this recognized context. Judge Burke deprived the Trust Beneficiary of liberty, through contempt orders carrying the threat of incarceration, without due process of law. The Beneficiary was never made a party. The Beneficiary was never served with process. The Beneficiary was never given notice or an opportunity to be heard. The first process the Beneficiary received was the contempt order itself, delivered by United States Marshals at his residence.

This is not a request to extend Bivens into a new context. This is the application of Bivens in the exact context the Supreme Court recognized in Davis

v. Passman: a Fifth Amendment due process violation by a federal official acting under color of federal authority.

## C. First Amendment Retaliation: Bivens Liability for Retaliatory Contempt

Judge Burke's contempt order was served on the same day the Trust filed its Emergency Motion in this Court. The Trust's mandamus petition, Emergency Motion, and Rule Nisi are all exercises of the First Amendment right to petition the government for redress of grievances. Judge Burke's response to the Trust's exercise of that right was to dispatch United States Marshals to serve contempt orders on the Trust Beneficiary. The timing of the contempt service, on the same day as the Emergency Motion filing, constitutes evidence of retaliatory intent sufficient to support a Bivens claim for First Amendment retaliation.

## D. Judicial Immunity Does Not Bar These Claims

Judge Burke will assert judicial immunity. Under Stump v. Sparkman, 435 U.S. 349 (1978), judicial immunity is overcome when the judge acted "in the clear absence of all jurisdiction." Under Mireles v. Waco, 502 U.S. 9 (1991), judicial immunity is also overcome when the judge's actions were not taken in a judicial capacity.

Judge Burke's contempt order against the Trust Beneficiary satisfies both exceptions. The Beneficiary is not a party. No joinder motion was filed. No Rule

19 analysis was conducted. No process was served making the Beneficiary a party. Judge Burke had no jurisdiction, not diminished jurisdiction, not disputed jurisdiction, but no jurisdiction whatsoever, over the Trust Beneficiary as an individual. The contempt order was issued in the complete absence of all jurisdiction over the person it targeted. Judicial immunity does not attach to acts taken in the clear absence of all jurisdiction.

Further, under Pulliam v. Allen, 466 U.S. 522 (1984), judicial immunity does not bar prospective injunctive relief against a judicial officer. While the Federal Courts Improvement Act of 1996 modified Pulliam to require that declaratory relief be unavailable or inadequate before injunctive relief may issue, the Act did not modify the Stump exception for acts taken in the clear absence of jurisdiction. The Bivens claim for damages and the request for injunctive relief operate on parallel tracks, and judicial immunity bars neither.

E. The Westfall Act Does Not Shield Bivens Claims

The Department of Justice has certified Judge Burke's conduct under the Westfall Act, 28 U.S.C. Section 2679, substituting the United States as the defendant for common law tort claims. However, the Westfall Act applies only to common law tort claims against federal employees acting within the scope of their employment. The Westfall Act does not apply to constitutional tort claims under Bivens. The Supreme Court has never held that the Westfall Act bars Bivens

actions. The DOJ's Westfall certification therefore provides no shield against the Trust's Bivens claim. Judge Burke stands personally exposed.

**F. The Ziglar v. Abbasi Analysis Does Not Bar This Claim**

In Ziglar v. Abbasi, 582 U.S. 120 (2017), the Supreme Court held that courts must exercise caution before extending Bivens to new contexts and must consider whether "special factors" counsel hesitation. The Trust's Bivens claim does not require extension to a new context. The Fifth Amendment due process claim falls within the recognized Bivens context of Davis v. Passman. Moreover, even under the Abbasi framework, no special factors counsel hesitation here. There is no alternative remedial structure that provides the Trust Beneficiary with a damages remedy for the constitutional violations inflicted by Judge Burke. The mandamus proceeding before this Court provides injunctive relief but not damages. The Judicial Council complaint provides institutional discipline but not compensation. The Section 1983 action in Madison County reaches state actors but not federal actors. Bivens is the only vehicle that provides the Trust Beneficiary with a damages remedy against the federal official who violated his constitutional rights.

**G. Notice of Intent to File Bivens Action**

The Trust hereby provides formal notice to this Court, to Judge Burke, and to all parties that the Trust intends to file a Bivens action against Judge Liles C.

Burke in his individual capacity in an appropriate federal district court. The Bivens action will seek compensatory damages for the deprivation of the Trust Beneficiary's Fifth Amendment right to due process, compensatory damages for the violation of the Trust Beneficiary's First Amendment right to petition, and punitive damages for the willful, malicious, and retaliatory nature of Judge Burke's conduct.

This notice is provided in this filing so that the record before this Court is complete and so that this Court may consider the full scope of the Trust's legal position, including the personal liability exposure of the Respondent, in evaluating the pending Emergency Motion, Rule Nisi, and mandamus petition.

## IX. THE PATTERN OF NON-ENGAGEMENT AND ITS SIGNIFICANCE

This Court should consider Judge Burke's contempt order in the context of the broader pattern of non-engagement by all respondents in this and related proceedings.

In Case No. 26-10607, this Court ordered responses from the respondents, including Judge Burke, NASA, and the Department of Justice. No respondent filed a response. The case was closed after the respondents' default.

In Case No. 26-10607-B, this Court again ordered responses. No respondent filed a response. The case was closed after the respondents' default.

The Trust has filed multiple unrebutted affidavits as recorded instruments in Lawrence County (Instrument Nos. 6002733 and 6003105) and Morgan County (MISC Book 2022). No party has rebutted any affidavit.

The Alabama Supreme Court, in Case No. SC-2025-0903, requested binders from the Trust and accepted filings in Trust posture. No opposing party has challenged the Trust's standing before the Alabama Supreme Court.

Against this backdrop of universal silence, Judge Burke's contempt order stands in stark contrast. Judge Burke refuses to respond to this Court's orders in companion cases, refuses to rebut the Trust's affidavits, and refuses to engage with the Trust's legal arguments, yet he issues contempt orders against a non-party Beneficiary and dispatches United States Marshals to serve them. This is not the conduct of a judicial officer administering justice. This is the conduct of a judicial officer using the coercive machinery of the state to punish and intimidate a person who has petitioned a higher court for relief from that officer's misconduct.

The maxim of equity applies: he who seeks equity must come with clean hands. Judge Burke cannot seek the aid of his own contempt power while refusing to answer to this Court's authority.

## X. CONSTRUCTIVE NOTICE AND RECORDED INSTRUMENTS

The Trust has provided constructive notice to all parties, including Judge Burke, through recorded instruments filed in the public records of Lawrence

County, Alabama, and Morgan County, Alabama. These recorded instruments include affidavits challenging Judge Burke's oath, bond, and delegation of authority, as well as affidavits establishing the Trust's structure, the Trustee's authority, and the Beneficiary's non-party status.

Under Alabama law, a recorded instrument provides constructive notice to all persons. Ala. Code Section 35-4-90. The legal maxim "notice to agent is notice to principal" applies: service of these recorded instruments upon any agent of the government constitutes notice to the government itself.

Judge Burke was on constructive notice that the Beneficiary is not a party to the Trust's litigation. Judge Burke was on constructive notice that the Trustee is the authorized representative of the Trust and its Beneficiary. Despite this constructive notice, Judge Burke issued a contempt order against the Beneficiary. This is not error. This is willful disregard of the Trust's established legal structure.

## XI. DEMAND FOR RELIEF

In light of the foregoing, the Trust respectfully requests that this Court:

1. Take judicial notice of the contempt order served upon the Trust Beneficiary on March 5, 2026, and consider it as a material development in connection with the pending Emergency Motion for Interim Relief (Doc. 8) and the Rule Nisi (Doc. 4).

2. Issue the Rule Nisi (Doc. 4), commanding Judge Burke to show cause why he should not be directed to vacate the contempt order against the non-party Beneficiary, cease all proceedings against the Trust and its representatives, and recuse himself from all matters involving the Trust.

3. Grant the Emergency Motion for Interim Relief (Doc. 8) and stay all proceedings before Judge Burke, including the March 31, 2026 contempt hearing, pending resolution of the mandamus petition.

4. Order Judge Burke to respond to this Supplemental Notice and explain the legal basis for issuing a contempt order against a non-party Trust beneficiary who has never been joined as a party, never been served with process, and never appeared before his court.

5. Refer this matter to the Judicial Council of the Eleventh Circuit under 28 U.S.C. Sections 351-364 for investigation of Judge Burke's pattern of conduct, including the disbarment of the Trust's attorney without notice or hearing, the arrest of the Trust's attorney for filing a mandamus petition, the lockout of the Trust's attorney from CM/ECF, and the issuance of contempt orders against a non-party Trust beneficiary.

6. Take judicial notice of the Trust's notice of intent to file a Bivens action against Judge Burke in his individual capacity for compensatory and punitive damages arising from the constitutional violations described herein, and consider

the Respondent's personal liability exposure in evaluating the urgency of the pending Emergency Motion and Rule Nisi.

7. Grant such other and further relief as this Court deems just and proper.

## XII. CONCLUSION

Judge Burke's contempt order against the Trust Beneficiary is not a lawful exercise of judicial authority. It is an unlawful attempt to force the enjoinment of a non-party through the coercive power of contempt, in violation of the Alabama Uniform Trust Code (Sections 19-3B-105, 19-3B-201, 19-3B-202, 19-3B-303, 19-3B-501, 19-3B-502, 19-3B-802, 19-3B-809, and 19-3B-816), the Federal Rules of Civil Procedure (Rules 17, 19, and 65), the United States Constitution (U.S. Const. amends. I, V; U.S. Const. art. III), federal statutes (18 U.S.C. Section 401, 28 U.S.C. Section 453, 42 U.S.C. Sections 1983 and 1985), and the constitutional tort framework established by Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and Davis v. Passman, 442 U.S. 228 (1979). Judge Burke's personal liability exposure under Bivens is not a threat; it is a legal consequence of his decision to exercise contempt power over a non-party in the clear absence of all jurisdiction, while retaliating against the Trust for exercising its First Amendment right to petition this Court for relief.

The Beneficiary is not a party. The Trust is the party. The Trustee is the representative. This is not a novel legal theory; it is the fundamental structure of

trust law as codified by the Alabama Legislature and recognized by every court in the United States. Judge Burke's refusal to honor this structure, while simultaneously refusing to respond to this Court's orders in companion cases and refusing to rebut the Trust's recorded affidavits, demonstrates a pattern of conduct that this Court has both the authority and the duty to correct.

The Trust respectfully urges this Court to act before March 31, 2026.

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U.S. citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC Section 1-308, all rights and remedies are expressly reserved without prejudice. No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Respectfully submitted this 5th day of March, 2026. I declare under penalty of

perjury that the foregoing is true and correct. Executed on March 5, 2026 at

Huntsville, AL.


/s/ Kimberly A. Ford
Kimberly A. Ford
Attorney for Petitioner
FORDUMAS LLC
Law, Consulting and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1-800-408-1501
kimberly@fordumas.com

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 21(d)(1). This filing contains approximately 6,069 words, excluding the parts of the filing exempted by Federal Rule of Appellate Procedure 32(f). This notice has been prepared using a proportionally spaced typeface using Times New Roman 14-point font.

# EXHIBITS

**From:** cmecf_ALND@alnd.uscourts.gov
**Subject:** Activity in Case 5:25-cv-00581-LCB El v. Stewart et al Order
**Date:** August 5, 2025 at 4:44 PM
**To:** ecfAdmin@alnd.uscourts.gov



**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Northern District of Alabama

## Notice of Electronic Filing

The following transaction was entered on 8/5/2025 at 4:42 PM CDT and filed on 8/5/2025

**Case Name:**     El v. Stewart et al
**Case Number:**     5:25-cv-00581-LCB
**Filer:**
**Document Number:** 31

**Docket Text:**
**ORDER: The Court has found that the motion to dismiss was due to be granted for lack of subject matter jurisdiction, this case is DISMISSED WITHOUT PREJUDICE, and the Clerk is ORDERED to close the case. Signed by Judge Liles C Burke on 8/5/2025. (AHI)**

**5:25-cv-00581-LCB Notice has been electronically mailed to:**

Darren Walker , Jr    darren.walker@usdoj.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-00581-LCB Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=8/5/2025] [FileNumber=6216847-0] [2d6990b353afda0894e6ae414de050b9f7ba0e2ec210a29a0f20ce714e13ea7fe6e0 65fd8f4754f9f7ea56ad01e22ac790b9fd56ae34386dfa56a614b61cec96]]

Exhibit A

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Appearance of Counsel Form

**Attorneys who wish to participate in an appeal must be properly admitted either to the bar of this court or for the particular proceeding pursuant to 11th Cir. R. 46-1, et seq.** An attorney not yet properly admitted must file an appropriate application. In addition, all attorneys (except court-appointed counsel) who wish to participate in an appeal must file an appearance form within fourteen (14) days after notice is mailed by the clerk, or upon filing a motion or brief, whichever occurs first. Application forms and appearance forms are available at www.ca11.uscourts.gov.

### Please Type or Print

Court of Appeals No. 26-10250-G

In re Brackins El Private Estate Trust          vs.    Liles C. Burke

The Clerk will enter my appearance for these named parties or amici curiae (you must list all parties or amici; use extra pages if necessary):

Kimberly A. Ford, fiduciary counsel and TTEE for the Brackins El Private Estate Trust

These individuals/entities are:

☐ appellant(s)          ☑ petitioner(s)        ☐ intervenor(s)

☐ appellee(s)           ☐ respondent(s)        ☐ amicus curiae

☑ The following related or similar cases are pending in this court:

26-10607-B; 5:25-cv-01568 (and consolidated cases); 5;26-cv-00167; 5:26-cv-00205; 5:26-cv

☑ Check here if you are lead counsel.

I hereby certify that I am an active member in good standing of the state bar or the bar of the highest court of the state (including the District of Columbia) named below, and that my license to practice law in the named state is not currently lapsed for any reason, including but not limited to retirement, placement in inactive status, failure to pay bar membership fees or failure to complete continuing education requirements. I understand that I am required to notify the Clerk of this court within 14 days of any changes in the status of my state bar memberships. *See* 11th Cir. R. 46-7.

State Bar: ASB-4139-R80F          State Bar No.: _____

Signature: *Kimberly A. Ford*

Name (type or print): Kimberly A. Ford          Phone: _____

Firm/Govt. Office: _____          E-mail: _____

Street Address: 470 Providence Main, Suite 302C          Fax: 1-800-408-1501

City: Huntsville          State: AL          Zip: 35806

Revised 12/21

USCA11 Case: 26-0125050     Document: 7     Date Filed: 03/06/2026     Page: 42 of 149     X

**IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
PHILADELPHIA PA    19255-0023

Date of this notice:  11-12-2025

Employer Identification Number:
█████705

001912.718255.101178.31973 1 MB 0.672 532

Form:  SS-4

Number of this notice:  CP 575 D

BRACKINS EL PRIVATE ESTATE TRUST- R
ESTORATION ESCROW ACCOUNT
KIMBERLY A FORD TTEE
6675 COUNTY ROAD 203
DANVILLE  AL    35619

For assistance you may call us at
1-800-829-4933

001912

IF YOU WRITE, ATTACH THE
STUB OF THIS NOTICE.

## WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN).  We assigned you
EIN █████705.  This EIN will identify your estate or trust.  If you are not the
applicant, please contact the individual who is handling the estate or trust for you.
Please keep this notice in your permanent records.

Taxpayers request an EIN for their business.  Some taxpayers receive CP575 notices
when another person has stolen their identity and are opening a business using their
information.  If you did not apply for this EIN, please visit, www.irs.gov/
einnotrequested.

When filing tax documents, making payments, or replying to any related correspondence,
it is very important that you use your EIN and complete name and address exactly as
shown above.  Any variation may cause a delay in processing, result in incorrect
information in your account, or even cause you to be assigned more than one EIN.  If
the information is not correct as shown above, please make the correction using the
attached tear-off stub and return it to us.

Based on the information received from you or your representative, you must file the
following forms by the dates shown.

                    Form 1041                          11/06/2025

If you have questions about the forms or the due dates shown, you can call us at the
phone number or write to us at the address shown at the top of this notice.  If you
need help in determining your annual accounting period (tax year), see Publication
538, Accounting Periods and Methods.

We assigned you a tax classification (corporation, partnership, estate, trust, EPMF,
etc.) based on information obtained from you or your representative.  It is not a
legal determination of your tax classification, and is not binding on the IRS.  If you
want a legal determination of your tax classification, you may request a private
letter ruling from the IRS under the guidelines in Revenue Procedure 2020-1, 2020-1
I.R.B. 1 (or superseding Revenue Procedure for the year at issue).  Note: Certain tax
classification elections can be requested by filing Form 8832, Entity Classification
Election.  See Form 8832 and its instructions for additional information.

(IRS USE ONLY)     575D                         11-12-2025   BRAC   B   0509907037   55-4

IMPORTANT REMINDERS:

* Keep a copy of this notice in your permanent records.  This notice is issued
  only one time and IRS will not be able to generate a duplicate copy for you.
  You may give a copy of this document to anyone asking for proof of your EIN.

* Use this EIN and your name exactly as they appear at the top of this notice
  on all your federal tax forms.

* Refer to this EIN on your tax-related correspondence and documents.

* Provide future officers of your organization with a copy of this notice.

Your name control associated with this EIN is BRAC.  You will need to provide this
information, along with your EIN, if you file your returns electronically.

Safeguard your EIN by referring to Publication 4557, Safeguarding Taxpayer Data:
A Guide for Your Business.

You can get any of the forms or publications mentioned in this letter by visiting our
website at www.irs.gov/forms-pubs or by calling 800-TAX-FORM (800-829-3676).

If you have questions about your EIN, you can contact us at the phone number or
address listed at the top of this notice.  If you write, please tear off the stub at
the bottom of this notice and include it with your letter.  If you do not need to
write us, do not complete, and return this stub.

Thank you for your cooperation.

(IRS USE ONLY)    575D        11-12-2025  BRAC   B  0509907037  SS-4



001912

Keep this part for your records.        CP 575 D (Rev. 1-2022)

------------------------------------------------------------------------

Return this part with any correspondence                    CP 575 D
so we may identify your account.  Please
correct any errors in your name or address.                 0509907037


Your Telephone Number  Best Time to Call   DATE OF THIS NOTICE:  11-12-2025
(    )        -                            EMPLOYER IDENTIFICATION NUMBER:  705
                                           FORM:  SS-4                NOBOD


                                           BRACKINS EL PRIVATE ESTATE TRUST-
                                             ESTORATION ESCROW ACCOUNT
                                           KIMBERLY A FORD TTEE
                                           6675 COUNTY ROAD 203
INTERNAL REVENUE SERVICE                   DANVILLE  AL   35619
PHILADELPHIA  PA   19255-0023

FILED
2026 Feb-26  PM 04:5
U.S. DISTRICT COUR'
N.D. OF ALABAM,

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| BRACKINS EL PRIVATE ESTATE,<br><br>Plaintiff,<br><br>v.<br><br>CRAIG WHITE, *et al.*,<br><br>Defendants. | Case No.: 5:25-cv-1568-LCB |
| BRACKINS EL PRIVATE ESTATE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>PAMELA BONDI, *et al.*,<br><br>Defendants. | Case No.: 5:25-cv-1600-LCB |
| BRACKINS EL PRIVATE ESTATE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LARRY K. MACK, *et al.*,<br><br>Defendants. | Case No.: 5:25-cv-1607-LCB |
| BRACKINS EL PRIVATE ESTATE, TRUST<br><br>Plaintiff,<br><br>v.<br><br>ALEX MCKENZIE LAGANKE,<br><br>Defendant. | Case No.: 5:25-cv-1685-LCB |

## ORDER

In January of 2026, the Court disbarred attorney Kimberly Ford from practice in the Northern District of Alabama and ordered her to certify within ten days that she had provided a copy of the disbarment order to her clients, opposing counsel, and the judge presiding over the matter in every pending state or federal case in which she was counsel of record. She did not. She was therefore held in contempt of court and remanded to the custody of the U.S. Marshals until she purged herself of that contempt.

Then in early February, Ford, despite her disbarment, filed new pleadings on behalf of a client in the Northern District of Alabama. The Court struck her pleadings and expressly ordered her to stop filing any more papers on behalf of others in the District. But here we go again: in direct contradiction of that order, Ford has filed new pleadings, new motions, and other papers as attorney of record for two clients in the Northern District.

The Court therefore **ORDERS** Kimberly Ford to show cause why she should not be held in criminal contempt for violating a lawful court order; requests that her contempt be prosecuted by the U.S. Attorney for the Northern District of Alabama; and sets this matter for trial.

## I.    BACKGROUND

On January 23, 2026, the Court disbarred attorney Kimberly Ford from practice in the U.S. District Court for the Northern District of Alabama, finding that her "thoroughgoing contempt and entrenched pattern of misconduct" had amply "demonstrate[d] her unfitness to practice in this district." (Doc. 37 at 54). Specifically, Ford was publicly reprimanded and disbarred for her intentional, bad-faith threats and harassment toward opposing counsel, her knowing equivocations with the Court, her abuses of the judicial process and frivolous advocacy, and her willful violations of Court orders. *Id.* at 2

Notwithstanding this disbarment, Ford filed a new complaint in the District nine days later on behalf of Randy Brackins El. *Brackins El v. Bates*, 5:26-cv-167-LCB (N.D. Ala. Feb. 1, 2026), ECF No. 1. The Court struck the complaint and dismissed the case without prejudice, because a person not barred in the Northern District may only represent themself if they are not otherwise represented by an attorney. *Bates*, 5:26-167-LCB, ECF No. 2 at 1–2 (quoting N.D. ALA. L.R. 83.1(d), (j)).

But the day after the complaint was stricken and the case dismissed, Ford filed an "Emergency Motion to Vacate Void Dismissal and Restore Original Action" on behalf of Brackins El. *Bates*, 5:26-cv-167-LCB, ECF No. 3. The Court struck this filing too, explaining once again that "Ford is prohibited from filing anything in this

court . . . on anyone's behalf but her own[,] because last month she was disbarred from practice in the Northern District of Alabama." *Bates*, 5:26-cv-167-LCB, ECF No. 4. at 1.

Then on February 9, Ford filed a new case on Brackins El's behalf with the same recently stricken complaint along with four additional papers: a motion for the Court's disqualification and recusal, two filings in support of that motion, and a motion for judgment as a matter of law. *Brackins El v. Bates, et al.*, 5:26-cv-205-LCB (N.D. Ala. Feb. 9, 2026), ECF Nos. 1, 2, 3, 4 & 5. The Court struck each one of these for the same reason it had stricken the complaint the week before: Ford was "prohibited from practicing law in the district." *Bates*, 5:26-cv-205-LCB, ECF No. 6 at 2. In striking the complaint this time, however, the Court rebuked Ford for continuing to practice law, and, to make sure that she fully "grasp[ed] the meaning of disbarment," it ordered her to "cease filing anything on behalf of others in the Northern District of Alabama." *Id.* The order carried a warning that if she filed "anything further in this district on anyone's behalf but her own," she could be held in contempt of court. *Id.*

Notwithstanding this warning, Ford has since filed two new cases on behalf of others in the Northern District of Alabama. The first reintroduces the twice-stricken complaint on behalf of Randy Brackins El, *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), while the second petitions the Court for habeas

Case 5:25-cv-01568-LCB    Document 45    Filed 02/26/26    Page 5 of 10

relief under 28 U.S.C. § 2254 on behalf of Timothy Van Anderson, *Van Anderson v. Sanders*, 3:26-cv-258-LCB-NAD (N.D. Ala. Feb. 16, 2026).

In the third iteration of the *Bates* case, Ford has also filed the following pleadings, motions, and other papers: a supplemental motion for judicial disqualification and recusal; a consolidated motion to compel agency action under 5 U.S.C. § 706(1) and notice of MSPB delay; a motion for judgment as a matter of law; a first amended complaint; a supplemental notice of re-filed exhibits and incorporation into amended complaint; a supplemental ex-parte notice of trust interference; a supplemental notice of newly filed state supreme court records in support of pending motion for judgment as a matter of law; Plaintiff's corrected and strengthened supplemental notice of authorities and newly filed state supreme court records in further support of pending motion for judgment as a matter of law; Plaintiff's corrected supplemental notice of filing, motion to enforce federal EEOC settlement agreement, motion for summary judgment on statutory timing violation, Loudermill due process violation, and whistleblower retaliation prima facie case, and motion for recusal pursuant to 28 U.S.C. § 455(a); and motion under Federal Rule of Civil Procedure 60(b) to Vacate order of dismissal. *Bates*, 5:26-cv-256-LCB, ECF Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 & 14.

In the habeas case, Ford has also filed a motion under Federal Rule of Civil Procedure 60(b) to vacate order of dismissal. *Van Anderson*, 3:26-cv-258-LCB-NAD, ECF No. 3.

## II.  LEGAL STANDARDS

Title 18 U.S.C § 401 empowers a federal district court to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Where the nature of such contempt is criminal, the court may punish "any person . . . for that contempt after prosecution on notice." FED. R. CRIM. P. 42(a).

Notice to a person threatened with criminal contempt "must (A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) state the essential facts constituting the charged criminal contempt and describe it as such." *Id.* at (a)(1). In such cases, the court must also "request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt." *Id.* at (a)(2).

Criminal contempt is neither a felony nor a misdemeanor but a *sui generis* offense. *United States v. Cohn*, 586 F.3d 844, 848-49 (11th Cir. 2009). If the

maximum sentence is limited to six months imprisonment or a fine of $5,000, the matter may be prosecuted as a petty offense and tried without a jury. *See Taylor v. Hayes*, 418 U.S. 488, 495 (1974) (holding that contempt may be charged as a petty offense and tried without a jury); 18 U.S.C. § 19 (defining petty offenses); and 18 U.S.C. § 3571(b)(6) (limiting fines for petty offenses to $5,000).

## III.  DISCUSSION

The Court could not have put the matter more plainly: Ford may not practice law in the Northern District of Alabama. When Ford tried to do so anyway, the Court was patient; it struck her unlawful filings and gently reminded her that disbarment means—well, disbarment. But Ford kept filing things anyway and was then expressly ordered to cease filing anything on behalf of others in this District.

Following that express order, Ford then filed a total of fifteen documents on behalf of others in this District, and because she has continued to file documents on behalf of others in the Northern District of Alabama, the Court finds probable cause to believe she has willfully violated a lawful order of the Court. *Bates*, 5:26-cv-205-LCB, ECF No. 6. Ford has been warned many times of the consequences of filing without legal authority, and this Court therefore initiates these criminal contempt proceedings against her.

## IV. CONCLUSION

In accordance with Rule 42 of the Federal Rules of Criminal Procedure, the Court therefore **ORDERS** as follows:

1. Because she has filed the following documents, the Court finds probable cause to believe that Ford has violated a lawful court order that she cease filing documents on behalf of others in the Northern District of Alabama, *Bates*, 5:26-cv-205-LCB, ECF No. 6:

- *Van Anderson v. Sanders*, 3:26-cv-258-LCB-NAD (N.D. Ala. Feb. 13, 2026), ECF No. 1;

- *Van Anderson v. Sanders*, 3:26-cv-258-LCB-NAD (N.D. Ala. Feb. 13, 2026), ECF No. 3

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 1;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 2;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 3;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 4;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 5;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 6;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 7;

8

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 8;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 9;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 10;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 11;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 12; and

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 14.

2. The Court **SETS** this matter for a bench trial on **March 30, 2026, at 9:00 a.m.** in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Ford must show cause why she should not be held in criminal contempt under 18 U.S.C § 401 for disobedience of a lawful court order.

3. The Court requests that the United States prosecute this matter as a petty offense. If Ford is held in criminal contempt, she may thus face up to six months imprisonment, a fine of up to $5,000.00, or both for each willful violation of the Court's order. During the prosecution of this matter, Ford is entitled to the protections normally afforded a criminal defendant charged with a petty offense, including the right to representation of counsel, the

presumption of innocence, the privilege against self-incrimination, the opportunity to testify on her behalf, the right to cross-examine and call witnesses, and the right to proof beyond a reasonable doubt. *See Hicks v. Feiock*, 485 U.S. 624, 631-32 (1988) (criminal penalties for contempt may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings).

4.      The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States.

5.      The Clerk of Court is **DIRECTED** to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama.

6.      The United States Marshals Service is directed to serve a copy of this order on Ford.

**DONE** and **ORDERED** this February 26, 2026.

LILES C. BURKE
UNITED STATES DISTRICT JUDGE

10

Case 5:26-cv-00457-ECM-KFP    Document 1-1    Filed 03/18/26    Page 135 of 148
DOCUMENT 2
Case 5:25-cv-01568-LCB    Document 46    Filed 02/27/26    Page 1 of 7
USCA11 Case: 26-10250    Document: 9    Date Filed: 03/06/2026    Page: 55 of 159

FILED
2026 Feb-27 PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **BRACKINS EL PRIVATE ESTATE,**<br><br>Plaintiff,<br><br>v.<br><br>**CRAIG WHITE,** *et al.,*<br><br>Defendants. | **Case No.: 5:25-cv-1568-LCB** |
| **BRACKINS EL PRIVATE ESTATE TRUST,**<br><br>Plaintiff,<br><br>v.<br><br>**PAMELA BONDI,** *et al.,*<br><br>Defendants. | **Case No.: 5:25-cv-1600-LCB** |
| **BRACKINS EL PRIVATE ESTATE TRUST,**<br><br>Plaintiff,<br><br>v.<br><br>**LARRY K. MACK,** *et al.,*<br><br>Defendants. | **Case No.: 5:25-cv-1607-LCB** |
| **BRACKINS EL PRIVATE ESTATE, TRUST**<br><br>Plaintiff,<br><br>v.<br><br>**ALEX MCKENZIE LAGANKE,**<br><br>Defendant. | **Case No.: 5:25-cv-1685-LCB** |

Case 5:26-cv-00457-ECM-KFP   Document 1-2   Filed 03/18/26   Page 136 of 148
Case 5:25-cv-01568-LCB   Document 46   Filed 02/27/26   Page 2 of 7
USCA11 Case: 26-10250   Document: 9   Date Filed: 03/06/2026   Page: 56 of 159

## ORDER

In February of 2026, the Court permanently enjoined Randy Brackins El—as well as trusts in his name, and all variations thereof—from commencing new lawsuits in any federal court against any person or entity without first obtaining that court's leave or hiring an attorney to represent him who is licensed to practice in the jurisdiction. (Doc. 44). Following this injunction, Brackins El filed a new case in the U.S. District Court for the Northern District of Alabama without first obtaining the Court's leave or hiring an attorney licensed to practice in the District. *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. February 13, 2026). The Court therefore **ORDERS** Randy Brackins El to show-cause why he should not be held in criminal contempt for violating a lawful court order; requests that his contempt be prosecuted by the U.S. Attorney for the Northern District of Alabama; and sets this matter for trial.

## I.   BACKGROUND

Over the past 18 months, Randy Brackins El has filed eight lawsuits, either in his own name or as the beneficiary of a putative trust, arising from an employment dispute with the National Aeronautics and Space Administration's George C. Marshall Space Flight Center. *Brackins El v. Nelson*, 5:24-cv-1244-LCB (N.D. Ala. Sept. 11, 2024); *Brackins El v. Stewart*, 5:25-cv-581-LCB (N.D. Apr. 17, 2025); *Brackins El Private Estate v. White*, 5:25-cv-1568-LCB (N.D. Ala. Sept. 12, 2025);

2

Case 5:26-cv-00457-ECM-KFP   Document 1-1   Filed 03/18/26   Page 137 of 148
Case 5:25-cv-01568-LCB   Document 46   Filed 02/27/26   Page 3 of 7
USCA11 Case: 26-10250   Document: 9   Date Filed: 03/06/2026   Page: 57 of 159

*Brackins El Private Estate Trust v. Bondi*, 5:25-cv-1600-LCB (N.D. Ala. Sept. 18, 2025); *Brackins El Private Estate Trust v. Mack*, 5:25-cv-1607-LCB (N.D. Ala. Sept. 19, 2025); *Brackins El v. Bates*, 5:26-cv-167-LCB (N.D. Ala. Feb. 1, 2026); *Brackins El v. Bates*, 5:26-cv-205-LCB (N.D. Ala. Feb. 9, 2026); *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Fed. 13, 2026). All have been stricken has frivolous.

On February 11, 2026, the Court declared Mr. Brackins El a vexatious litigant under 28 U.S.C. § 1651(a) and permanently enjoined him from filing new lawsuits in various federal and state fora without that forum's pre-filing approval. (Doc. 44). As part of that injunction, the Court ordered the following:

> Brackins El—as well as all trusts in his name, and all other variations thereof—is permanently enjoined from commencing new lawsuits in any federal court, agency, tribunal, committee, or other forum against any person or entity, or from serving any person or entity with any paper purporting to initiate any lawsuit, action, proceeding, or matter, without first obtaining leave of that court, agency, tribunal, committee, or other forum.
>
> Brackins El, or any person or entity acting for him or at his behest, must attach a copy of this order in every case in which he seeks leave to initiate a new lawsuit in any federal court, agency, tribunal, committee, or other forum.

*Id.* at 4–5.

Two days later, Brackins El filed his eighth lawsuit, *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13 2026). Brackins El did not obtain the Court's

Case 5:26-cv-00457-ECM-KFP   Document 1-1   Filed 03/18/26   Page 138 of 148
Case 5:25-cv-01568-LCB   Document 46   Filed 02/27/26   Page 4 of 7
USCA11 Case: 26-10250   Document: 9   Date Filed: 03/06/2026   Page: 58 of 159

leave before initiating this lawsuit or hire an attorney to represent him who is licensed to practice in the District.

## II.   LEGAL STANDARDS

Title 18 U.S.C § 401 empowers a federal district court to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Where the nature of such contempt is criminal, the court may punish "any person . . . for that contempt after prosecution on notice." FED. R. CRIM. P. 42(a).

Notice to a person threatened with criminal contempt "must (A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) state the essential facts constituting the charged criminal contempt and describe it as such." *Id.* at (a)(1). In such cases, the court must also "request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt." *Id.* at (a)(2).

Criminal contempt is neither a felony nor a misdemeanor but a *sui generis* offense. *United States v. Cohn*, 586 F.3d 844, 848-49 (11th Cir. 2009). If the maximum sentence is limited to six months imprisonment or a fine of $5,000, the

Case 5:26-cv-00457-ECM-KFP   Document 1-1   Filed 03/18/26   Page 139 of 148
DOCUMENT 2
Case 5:25-cv-01568-LCB   Document 46   Filed 02/27/26   Page 5 of 7
USCA11 Case: 26-10250   Document: 9   Date Filed: 03/06/2026   Page: 59 of 159

matter may be prosecuted as a petty offense and tried without a jury. *See Taylor v. Hayes*, 418 U.S. 488, 495 (1974) (holding that contempt may be charged as a petty offense and tried without a jury); 18 U.S.C. § 19 (defining petty offenses); and 18 U.S.C. § 3571(b)(6) (limiting fines for petty offenses to $5,000).

## III. DISCUSSION

Brackins El was expressly prohibited from filing new lawsuits in federal court unless he either (1) sought and secured the court's pre-filing approval, or (2) hired an attorney to represent him who is licensed to practice in the court. (Doc. 44). Here, he did neither; and, in direct contravention of that order, Brackins El has filed a new lawsuit in the United States District Court for the Northern District of Alabama through an attorney who is barred from practicing in the District. *See Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026). Bec ause Brackins El filed a new lawsuit following the Court's anti-filing injunction without pre-filing approval or a licensed attorney, the Court finds probable cause to believe that he has willfully violated a lawful order of the Court, (doc. 44). The Court therefore initiates these criminal contempt proceedings against him.

## IV. CONCLUSION

In accordance with Rule 42 of the Federal Rules of Criminal Procedure, the Court therefore **ORDERS** as follows:

Case 5:26-cv-00457-ECM-KFP   Document 1-1   Filed 03/18/26   Page 140 of 148
Case 5:25-cv-01568-LCB   Document 46   Filed 02/27/26   Page 6 of 7
USCA11 Case: 26-10250   Document: 9   Date Filed: 03/06/2026   Page: 60 of 159

1.   By filing the following document, Ford has violated a lawful court order that he seek the Court's pre-filing approval or hire an attorney licensed to practice in the District before filing a new matter in the United States District Court for the Northern District of Alabama, (doc. 44):

- *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13 2026).

2.   The Court **SETS** this matter for a bench trial on **March 31, 2026 at 9:00 a.m.** in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Brackins El must show cause why he should not be held in criminal contempt under 18 U.S.C § 401 for disobedience of a lawful court order.

3.   The Court requests that the United States prosecute this matter as a petty offense. If he is held in criminal contempt, Brackins El may thus face up to six months imprisonment, a fine of up to $5,000.00, or both for each willful violation of the Court's order. During the prosecution of this matter, Brackins El is entitled to the protections normally accorded a criminal defendant charged with a petty offense, including the right to representation of counsel, the presumption of innocence, the privilege against self-incrimination, the opportunity to testify on his behalf, the right to cross-examine and call witnesses, and the right to proof beyond a reasonable doubt. *See Hicks v. Feiock*, 485 U.S. 624, 631–32 (1988) (criminal penalties for contempt may

6

Case 5:26-cv-00457-ECM-KFP    Document 1-1    Filed 03/18/26    Page 141 of 148
DOCUMENT 2
Case 5:25-cv-01568-LCB    Document 46    Filed 02/27/26    Page 7 of 7
USCA11 Case: 26-10250    Document: 9    Date Filed: 03/06/2026    Page: 61 of 159

not be imposed on someone who has not been accorded the protections that the Constitution requires of such criminal proceedings).

4.      The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States.

5.      The Clerk of Court is **DIRECTED** to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama.

6.      The United States Marshals Service is **DIRECTED** to serve a copy of this order on Randy Brackins El.

**DONE** and **ORDERED** this February 27, 2026.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

FILED

2026 Mar-02  AM 10:1
U.S. DISTRICT COUR
N.D. OF ALABAM,

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **BRACKINS EL PRIVATE ESTATE,**<br><br>Plaintiff,<br><br>v.<br><br>**CRAIG WHITE,** *et al.,*<br><br>Defendants. | Case No.: 5:25-cv-1568-LCB |
| **BRACKINS EL PRIVATE ESTATE TRUST,**<br><br>Plaintiff,<br><br>v.<br><br>**PAMELA BONDI,** *et al.,*<br><br>Defendants. | Case No.: 5:25-cv-1600-LCB |
| **BRACKINS EL PRIVATE ESTATE TRUST,**<br><br>Plaintiff,<br><br>v.<br><br>**LARRY K. MACK,** *et al.,*<br><br>Defendants. | Case No.: 5:25-cv-1607-LCB |
| **BRACKINS EL PRIVATE ESTATE, TRUST**<br><br>Plaintiff,<br><br>v.<br><br>**ALEX MCKENZIE LAGANKE,**<br><br>Defendant. | Case No.: 5:25-cv-1685-LCB |

## AMENDED ORDER

In February of 2026, the Court permanently enjoined Randy Brackins El—as well as all trusts in his name, and all variations thereof—from commencing new lawsuits in any federal court against any person or entity without first obtaining that court's leave or hiring an attorney to represent him who is licensed to practice in the jurisdiction. (Doc. 44). Following this injunction, Brackins El filed a new case in the U.S. District Court for the Northern District of Alabama without first obtaining the Court's leave or hiring an attorney licensed to practice in the District. *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. February 13, 2026). The Court therefore **ORDERS** Randy Brackins El to show-cause why he should not be held in criminal contempt for violating a lawful court order; requests that his contempt be prosecuted by the U.S. Attorney for the Northern District of Alabama; and sets this matter for trial.

## I.   BACKGROUND

Over the past 18 months, Randy Brackins El has filed eight lawsuits, either in his own name or as the beneficiary of a putative trust, arising from an employment dispute with the National Aeronautics and Space Administration's George C. Marshall Space Flight Center. *Brackins El v. Nelson*, 5:24-cv-1244-LCB (N.D. Ala. Sept. 11, 2024); *Brackins El v. Stewart*, 5:25-cv-581-LCB (N.D. Apr. 17, 2025); *Brackins El Private Estate v. White*, 5:25-cv-1568-LCB (N.D. Ala. Sept. 12, 2025);

2

DOCUMENT 2

*Brackins El Private Estate Trust v. Bondi*, 5:25-cv-1600-LCB (N.D. Ala. Sept. 18, 2025); *Brackins El Private Estate Trust v. Mack*, 5:25-cv-1607-LCB (N.D. Ala. Sept. 19, 2025); *Brackins El v. Bates*, 5:26-cv-167-LCB (N.D. Ala. Feb. 1, 2026); *Brackins El v. Bates*, 5:26-cv-205-LCB (N.D. Ala. Feb. 9, 2026); *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Fed. 13, 2026). All have been stricken has frivolous.

On February 11, 2026, the Court declared Mr. Brackins El a vexatious litigant under 28 U.S.C. § 1651(a) and permanently enjoined him from filing new lawsuits in various federal and state fora without that forum's pre-filing approval or hiring an attorney licensed to practice in the forum to represent him. (Doc. 44). As part of that injunction, the Court ordered the following:

> 2. Brackins El—as well as all trusts in his name, and all other variations thereof—is permanently enjoined from commencing new lawsuits in any federal court, agency, tribunal, committee, or other forum against any person or entity, or from serving any person or entity with any paper purporting to initiate any lawsuit, action, proceeding, or matter, without first obtaining leave of that court, agency, tribunal, committee, or other forum.
>
> 3. Brackins El, or any person or entity acting for him or at his behest, must attach a copy of this order in every case in which he seeks leave to initiate a new lawsuit in any federal court, agency, tribunal, committee, or other forum.
>
> . . .
>
> 9. Nothing in this order shall be construed to prohibit Brackins El or anyone acting on his behalf from retaining

3

DOCUMENT 2

> a licensed attorney to represent him in any cause of action in any legal forum. The terms of this injunction do not apply to any attorney that Brackins El should retain to represent him in any forum in which the attorney is a member in good standing and eligible to practice law.

*Id.* at 4–7.

Two days later, Brackins El filed his eighth lawsuit, *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026). Brackins El did not obtain the Court's leave before initiating this lawsuit or hire an attorney to represent him who is licensed to practice in the District.

## II.   LEGAL STANDARDS

Title 18 U.S.C § 401 empowers a federal district court to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Where the nature of such contempt is criminal, the court may punish "any person . . . for that contempt after prosecution on notice." FED. R. CRIM. P. 42(a).

Notice to a person threatened with criminal contempt "must (A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) state the essential facts constituting the charged criminal contempt and describe it as such." *Id.* at (a)(1). In such cases, the court must also "request that the contempt be prosecuted by an attorney for the government, unless the interest of

4

DOCUMENT 2

justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt." *Id.* at (a)(2).

Criminal contempt is neither a felony nor a misdemeanor but a *sui generis* offense. *United States v. Cohn*, 586 F.3d 844, 848–49 (11th Cir. 2009). If the maximum sentence is limited to six months imprisonment or a fine of $5,000, the matter may be prosecuted as a petty offense and tried without a jury. *See Taylor v. Hayes*, 418 U.S. 488, 495 (1974) (holding that contempt may be charged as a petty offense and tried without a jury); 18 U.S.C. § 19 (defining petty offenses); and 18 U.S.C. § 3571(b)(6) (limiting fines for petty offenses to $5,000).

## III.    DISCUSSION

Brackins El was expressly prohibited from filing new lawsuits in federal court unless he either (1) sought and secured the court's pre-filing approval, or (2) hired an attorney to represent him who is licensed to practice in the court. (Doc. 44). Here, he did neither; and, in direct contravention of that order, Brackins El has filed a new lawsuit in the United States District Court for the Northern District of Alabama through an attorney who is barred from practicing in the District. *See Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026). Because Brackins El filed a new lawsuit following the Court's anti-filing injunction without pre-filing approval or a licensed attorney, the Court finds probable cause to believe that he has willfully

DOCUMENT 2

violated a lawful order of the Court, (doc. 44). The Court therefore initiates these criminal contempt proceedings against him.

## IV.  CONCLUSION

In accordance with Rule 42 of the Federal Rules of Criminal Procedure, the Court therefore **ORDERS** as follows:

1.     By filing the following document, Brackins El has violated a lawful court order that he seek the Court's pre-filing approval or hire an attorney licensed to practice in the District before filing a new matter in the United States District Court for the Northern District of Alabama, (doc. 44):

- *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026).

2.     The Court **SETS** this matter for a bench trial on **March 31, 2026, at 9:00 a.m.** in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Brackins El must show cause why he should not be held in criminal contempt under 18 U.S.C § 401 for disobedience of a lawful court order.

3.     The Court requests that the United States prosecute this matter as a petty offense. If he is held in criminal contempt, Brackins El may thus face up to six months imprisonment, a fine of up to $5,000.00, or both for each willful violation of the Court's order. During the prosecution of this matter, Brackins El is entitled to the protections normally accorded a criminal defendant

6

USCA11 Case: 26-10250     Document: 9     Date Filed: 03/06/2026     Page: 67 of 159

charged with a petty offense, including the right to representation of counsel, the presumption of innocence, the privilege against self-incrimination, the opportunity to testify on his behalf, the right to cross-examine and call witnesses, and the right to proof beyond a reasonable doubt. *See Hicks v. Feiock*, 485 U.S. 624, 631–32 (1988) (criminal penalties for contempt may not be imposed on someone who has not been accorded the protections that the Constitution requires of such criminal proceedings).

4.    The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States.

5.    The Clerk of Court is **DIRECTED** to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama.

6.    The United States Marshals Service is **DIRECTED** to serve a copy of this order on Randy Brackins El.

7.    This amended order **SUPERSEDES** the orders entered February 27, 2026 (docs. 46 & 47), which contained a scrivener's error.

**DONE** and **ORDERED** this March 2, 2026.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

7