FILED

2026 Mar 18 AM 09:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

U.S. DISTRICT COURT
N.D. OF ALABAMA

Recording requested by,                    ]

And when recorded return to:               ]

                                           ]

Name **Randy Brackins**                    ]

Street/Box **P.O. Box ~~2177~~ 2171**

City **DECATUR ~~AL~~**                     ]
State **Alabama 35602**    (Space above this line for recorder's
                            use only.)

Common Law Copyright by Sovereign Services

# AFFIDAVIT OF TRUTH

Be it known to all courts, governments, and other parties, that I, **Randy Dwayne:Brackins**, am a natural, freeborn Sovereign, without subjects. I am neither subject to any entity anywhere, nor is any entity subject to me. I neither dominate anyone, nor am I dominated.

My authority for this statement is the same as it is for all free Sovereigns everywhere: the age-old, timeless, and universal respect for the intrinsic rights, property, freedoms, and responsibilities of the Sovereign Individual.

I am not a "person" when such term is defined in statutes of the United States or statutes of the several states when such definition includes artificial entities. I refuse to be treated as a federally or state created entity which is only capable of exercising certain rights, privileges, or immunities as specifically granted by federal or state governments.

I voluntarily choose to comply with the man-made laws which serve to bring harmony to society, but no such laws, nor their enforcers, have any authority over me. I am not in any jurisdiction, for I am not of subject status.

Consistent with the eternal tradition of natural common law, unless I have harmed or violated someone or their property, I have committed no crime; and am therefore not subject to any penalty.

I act in accordance with the following U.S. Supreme Court case:

"The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no such duty [to submit his books and papers for an examination] to the State, since he receives nothing therefrom, beyond the protection of his life and property. His rights are such as existed by the law of the land [Common Law] long antecedent to the organization of the State, and can only be taken from him by due process of law, and in accordance with the Constitution. Among his rights are a refusal to incriminate himself, and the immunity of himself and his property from arrest or seizure except under a warrant of the law. He owes nothing to the public so long as he does not trespass upon their rights." **Hale v. Henkel**, 201 U.S. 43 at 47 (1905).

Thus, be it known to all, that I reserve my natural common law right not to be compelled to perform under any contract that I did not enter into knowingly, voluntarily, and intentionally. And furthermore, I do not accept the liability associated with the compelled and pretended "benefit" of any hidden or unrevealed contract or commercial agreement.

As such, the hidden or unrevealed contracts that supposedly create obligations to perform, for persons of subject status, are inapplicable to me, and are null and void. If I have participated in any of the supposed "benefits" associated with these hidden contracts, I have done so under duress, for lack of any other practical alternative. I may have received such "benefits" but I have not accepted them in a manner that binds me to anything.

Any such participation does not constitute "acceptance" in contract law, because of the absence of full disclosure of any valid "offer," and voluntary consent without misrepresentation or coercion, under contract law. Without a valid voluntary offer and acceptance, knowingly entered into by both parties, there is no "meeting of the minds," and therefore no valid contract. Any supposed "contract" is therefore void, ab initio.

From my age of consent to the date affixed below I have never signed a contract knowingly, willingly, intelligently, and voluntarily whereby I have waived any of my natural common law rights, and, as such, **Take Notice** that I revoke, cancel, and make void ab initio my signature on any and all contracts, agreements, forms, or any instrument which may be construed in any way to give any agency or department of any federal or state government authority, venue, or jurisdiction over me.

This position is in accordance with the U.S. Supreme Court decision of **Brady v. U.S.**, 379 U.S. 742 at 748 (1970):

Case 5:26-cv-00457-ECM-KFP    Document 1-3    Filed 03/18/26    Page 3 of 114
Case 5:25-cv-00581-LCB    Document 30-2    Filed 07/31/25    Page 3 of 14
USCA11 Case: 26-10250    Document: 9    Date Filed: 03/06/2026    Page: 145 of 159

"Waivers of Constitutional Rights not only must be voluntary, they must be knowingly intelligent acts, done with sufficient awareness of the relevant circumstances and consequences."

Typical examples of such compelled and pretended "benefits" are:

1. **The use of Federal Reserve Notes to discharge my debts.** I have used these only because in America, there is no other widely recognized currency.
2. **The use of a bank account, with my signature on the bank signature card.** If there is any hidden contract behind the bank signature card, my signature thereon gives no validity to it. The signature is only for verification of identity. I can be obligated to fulfill no hidden or unrevealed contract whatsoever, due to the absence of full disclosure and voluntary consent.

   Likewise, my use of the bank account thereof is due to the absence of a bank not associated with the Federal Reserve system. In general, people have been prevented from issuing their own currencies, and such prevention is in violation of the United States Constitution. Were there an alternative, I would be happy to use it. To not use any bank at all is impossible or very difficult, as everyone knows, in today's marketplace.

3. **The use of a Social Security number.** The number normally assigned to persons of subject status, I use exceptionally, under duress, only because of the extreme inconvenience of operating without one in today's marketplace, where it is requested by banks, employers, lenders, and many other government agencies and businesses. My reason for using it is *not* because I wish to participate in the Social Security system, as I don't wish to participate. Let it be known that I use the Social Security number assigned to me *for information only.*
4. **The use of a driver's license.** As a free Sovereign, there is no legal requirement for me to have such a license for travelling in my car. Technically, the unrevealed legal purpose of driver's licenses is commercial in nature. Since I don't carry passengers for hire, there is no law requiring me to have a license to travel for my own pleasure and that of my family and friends. However, because of the lack of education of police officers on this matter, should I be stopped for any reason and found to be without a license, it is likely I would be ticketed and fined or obligated to appear in court. Therefore, under duress, I carry a license to avoid extreme inconvenience.
5. **State plates on my car.** Similarly, even though technically, my car does not fit the legal definition of a "motor vehicle," which is used for commercial purposes, nevertheless, I have registered it with the state and carry the state

Case 5:26-cv-00457-ECM-KFP    Document 1-3    Filed 03/18/26    Page 4 of 114
Case 5:25-cv-00581-LCB    Document 30-2    Filed 07/31/25    Page 4 of 14
USCA11 Case: 26-10250    Document: 9    Date Filed: 03/06/2026    Page: 146 of 159

plates on it, because to have any other plates or no plates at all, causes me to run the risk of police officer harassment and extreme inconvenience.

6. **Past tax returns filed.** Any tax returns I may have filed in the past, were filed due to the dishonest atmosphere of fear and intimidation created by the Internal Revenue Service (IRS) and the local assessors' offices; not because there is any law requiring me to do so. Once I discovered that the IRS and other tax agencies have been misinforming the public, I have felt it is my responsible duty to society to terminate my voluntary participation. Because such returns were filed under Threat, Duress, and Coercion (TDC), and no two-way contract was ever signed with full disclosure, there is nothing in any past filing of returns or payments that created any valid contract. Therefore, no legal obligation on my part was ever created.

7. **Birth Certificate.** The fact that a birth certificate was granted to me by a local hospital or government agency when I entered this world, is irrelevant to my Sovereignty. No status, high or low, can be assigned to another person through a piece of paper, without the recipient's full knowledge and consent. Therefore, such a piece of paper provides date and place information only. It indicates nothing about jurisdiction, nothing about property ownership, nothing about rights, and nothing about subject status. The only documents that can have any legal meaning, as it concerns my status in society, are those which I have signed as an adult, with full knowledge and consent, free from misrepresentation or coercion of any kind.

8. **Marriage license.** The acquisition of a marriage license is now being revealed as being necessary only for slaves. The act of a Sovereign such as myself obtaining such a license, through social custom and ignorance of law, has no legal effect in changing my status. This is because any such change in status, if any may be supposed to occur, could happen only through a hidden and unrevealed contract or statute. Since no hidden, unrevealed, and undisclosed information, if it exists, can be lawfully held to be binding, it is null and void.

9. **Children in public school.** The attendance of my children in government-supported "public" schools or government-controlled "private" schools does not create any legal tax obligation for me, nor any other legal obligation, because I never signed a contract agreeing to such obligation for the supposed "privilege" of public school attendance.

If any of my children have attended government supported "public" or controlled "private" schools, such was done under duress and not out of free will. Be it known that I regard "compulsory state education" as a violation of the Thirteenth Amendment to the U.S. Constitution, which states in relevant part:

"Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

10. **Declaration of Citizenship.** Any document I may have ever signed, in which I answered "yes" to the question, "Are you a U.S. citizen?" - cannot be used to compromise my status as a Sovereign, nor obligate me to perform in any manner. This is because without full written disclosure of the definition and consequences of such supposed "citizenship," provided in a document bearing my signature given freely without misrepresentation or coercion, there can be no legally binding contract.

I am not a "United States" citizen subject to its jurisdiction. The United States is an entity created by the U.S. Constitution with jurisdiction as described on the following pages of this Affidavit. I am not a "resident of," an "inhabitant of," a "franchise of," a "subject of," a "ward of," the "property of," the "chattel of," or "subject to the jurisdiction of" any corporate federal government, corporate state government, corporate county government, corporate city government, or corporate municipal body politic created under the authority of the U.S. Constitution. I am not subject to any legislation, department, or agency created by such authorities, nor to the jurisdiction of any employees, officers, or agents deriving their authority therefrom. Further, I am not a subject of the Administrative and Legislative Article IV Courts of the several states, or Article I Courts of the United States, or bound by precedents of such courts, deriving their jurisdiction from said authorities. **Take Notice** that I hereby revoke, cancel, and make void <u>ab initio</u> any such instrument or any presumed election made by any of the several states or the United States government or any agency or department thereof, that I am or ever have voluntary elected to be treated as a United States citizen subject to its jurisdiction or a resident of any territory, possession, instrumentality or enclave under the sovereignty or exclusive jurisdiction of any of the several states or of the United States as defined in the U.S. Constitution in Article I, Section 8, Clause 17 and Article IV, Section 3, Clause 2.

11. **Past voter registration.** Similarly, since no obligation to perform in any manner was ever revealed in print, as part of the requirements for the supposed "privilege" to vote for government officials, any such registration on my part cannot be legal evidence of any obligation to perform. Likewise, I have granted NO jurisdiction over me, to any political office. It is my inherent right to vote on elections or issues that I feel affect all of society; NOT because I need anyone to rule over me. On the contrary - I have used the voting process only to instruct *my public servants* what a Citizen and Sovereign would like done.

Case 5:26-cv-00457-ECM-KFP    Document 13-3    Filed 03/18/26    Page 6 of 114
Case 5:25-cv-00581-LCB    Document 30-2    Filed 07/31/25    Page 6 of 14
USCA11 Case: 26-10250    Document: 9    Date Filed: 03/06/2026    Page: 148 of 159

12. **Use of the 2-letter state code and zip code.** My use of the 2-letter state code and zip code in my "address," which is secretly codified to indicate United States "federal zone" jurisdiction, has no effect whatsoever on my Sovereign status. Simply by receiving or sending "mail" through a quasi-federal messenger service, the postal service, at a location indicated with a 2-letter state code and zip code, cannot place me under federal jurisdiction or obligation. Such a presumption would be ludicrous.

I use these codes only for the purposes of information and making it more efficacious for the U.S. Postal Service to deliver my mail.

13. **Use of semantics.** There are some immature people with mental imbalances, such as the craving to dominate other people, who masquerade as "government." Just because they alter definitions of words in the law books to their supposed advantage, doesn't mean I accept those definitions. The fact that they define the words "person," "address," "mail," "resident," "motor vehicle," "driving," "passenger," "employee," "income," and many others, in ways different from the common usage, so as to be associated with a subject or slave status, means nothing in real life.

Because the courts have become entangled in the game of semantics, be it known to all courts and all parties, that if I have ever signed any document or spoken any words on record, using words defined by twists in the law books different from the common usage, there can be no effect whatsoever on my Sovereign status in society thereby, nor can there be created any obligation to perform in any manner, by the mere use of such words. Where the meaning in the common dictionary differs from the meaning in the law dictionary, it is the meaning in common dictionary that prevails, because it is more trustworthy.

Such compelled and supposed "benefits" include, but are not limited to, the aforementioned typical examples. My use of such alleged "benefits" is under duress only, and is with full reservation of all my common law rights. I have waived none of my intrinsic rights and freedoms by my use thereof. Furthermore, my use of such compelled "benefits" may be temporary, until better alternatives become available, practical, and widely recognized.

## FEDERAL JURISDICTION

Case 5:26-cv-00457-ECM-KFP    Document 1-3    Filed 03/18/26    Page 7 of 114
DOCUMENT 3
Case 5:25-cv-00581-LCB    Document 30-2    Filed 07/31/25    Page 7 of 14
USCA11 Case: 26-10250    Document: 9    Date Filed: 03/06/2026    Page: 149 of 159

It is further relevant to this Affidavit that any violation of my Rights, Freedom, or Property by the U.S. federal government, or any agent thereof, would be an illegal and unlawful excess, clearly outside the limited boundaries of federal jurisdiction. My understanding is that the jurisdiction of the U.S. federal government is defined by Article I, Section 8, Clause 17 of the U.S. Constitution, quoted as follows:

"The Congress shall have the power . . . To exercise exclusive legislation in all cases whatsoever, over such district (NOT EXCEEDING TEN MILES SQUARE) as may, by cession of particular states and the acceptance of Congress, become the seat of the Government of the United States, [District of Columbia] and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the Erection of Forts, Magazines, Arsenals, dock yards and other needful Buildings; And - To make all laws which shall be necessary and proper for carrying into Execution the foregoing Powers..." [emphasis added]

*and* Article IV, Section 3, Clause 2:

"The Congress shall have the Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State."

The definition of the "United States" being used here, then, is limited to its **territories**:

1) The District of Columbia
2) Commonwealth of Puerto Rico
3) U.S. Virgin Islands
4) Guam
5) American Samoa
6) Northern Mariana Islands
7) Trust Territory of the Pacific Islands
8) Military bases within the several states
9) Federal agencies within the several states

It does **not** include the several states **themselves**, as is confirmed by the following cites:

"We have in our political system a Government of the United States and a government of each of the several States. Each one of these governments is distinct from the others, and each has citizens of its own who owe it allegiance, and whose rights, within its jurisdiction, it must protect. The same person may be at the same time a citizen of the United States and a Citizen of a State, but his rights of citizenship under one of these governments will be different from those he has under the other." Slaughter House Cases **United States vs. Cruikshank**, 92 U.S. 542 (1875).

Case 5:26-cv-00457-ECM-KFP    Document 1-3    Filed 03/18/26    Page 8 of 114
Case 5:25-cv-00581-LCB    Document 30-2    Filed 07/31/25    Page 8 of 14
USCA11 Case: 26-10250    Document: 9    Date Filed: 03/06/2026    Page: 150 of 159

"THE UNITED STATES GOVERNMENT IS A FOREIGN CORPORATION WITH RESPECT TO A STATE." [emphasis added] **Volume 20: Corpus Juris Sec**. §1785: NY re: Merriam 36 N.E. 505 1441 S.Ct.1973, 41 L.Ed.287.

This is further confirmed by the following quote from the Internal Revenue Service:

Federal jurisdiction "includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa." - Internal Revenue Code Section 312(e).

In **legal** terminology, the word **"includes"** means **"is limited to."**

When referring to this "District" United States, the Internal Revenue Code uses the term **"WITHIN"** the United States. When referring to the several States, the Internal Revenue Code uses the term **"WITHOUT"** the United States.

Dozens, perhaps hundreds, of court cases prove that federal jurisdiction is limited to the few federal territory areas above indicated. For example, in two Supreme Court cases, it was decided:

"The laws of Congress in respect to those matters do not extend into the territorial limits of the states, but have force only in the District of Columbia, and other places that are within the exclusive jurisdiction of the national government," **Caha v. United States**, 152 U.S., at 215.

"We think a proper examination of this subject will show that the United States never held any municipal sovereignty, jurisdiction, or right of soil in and to the territory, of which Alabama or any of the new States were formed..."

"[B]ecause, the United States have no constitutional capacity to exercise municipal jurisdiction, sovereignty, or eminent domain, within the limits of a State or elsewhere, except in the cases in which it is expressly granted..."

"Alabama is therefore entitled to the sovereignty and jurisdiction over all the territory within her limits, subject to the common law," **Pollard v. Hagan**, 44 U.S. 221, 223, 228, 229.

Likewise, Title 18 of the United States Code at §7 specifies that the "territorial jurisdiction" of the United States extends only **outside** the boundaries of lands belonging to any of the several States.

Case 5:26-cv-00457-ECM-KFP    Document 1-3    Filed 03/18/26    Page 9 of 114

Case 5:25-cv-00581-LCB    Document 30-2    Filed 07/31/25    Page 9 of 14
USCA11 Case: 26-10250    Document: 9    Date Filed: 03/06/2026    Page: 151 of 159

**Therefore**, in addition to the fact that no unrevealed federal contract can obligate me to perform in any manner without my fully informed and uncoerced consent, likewise, no federal statutes or regulations apply to me or have any jurisdiction over me. I hereby affirm that I do not reside or work in any federal territory of the "District" United States, and that therefore no U.S. federal government statutes or regulations have any authority over me.

## POWERS AND CONTRACTUAL OBLIGATIONS OF UNITED STATES AND STATE GOVERNMENT OFFICIALS

All United States and State government officials are hereby put on notice that I expect them to have recorded valid Oaths of Office in accordance with the U.S. Constitution, Article VI:

"The Senators and Representatives before mentioned, and the members of the several State Legislatures, and all executive and judicial officers, both of the United States and of the several States, shall be bound by oath or affirmation to support this Constitution..."

I understand that by their Oaths of Office all U.S. and State government officials are contractually bound by the U.S. Constitution as formulated by its framers, and not as "interpreted," subverted, or corrupted by the U.S. Supreme Court or other courts.

According to the Ninth Amendment to the U.S. Constitution:

"The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people."

and the Tenth Amendment to the U.S. Constitution:
"The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

Thus, my understanding from these Amendments is that the powers of all U.S. and State government officials are limited to those specifically granted by the U.S. Constitution.

I further understand that any laws, statutes, ordinances, regulations, rules, and procedures contrary to the U.S. Constitution, as written by its framers, are null and void, as expressed in the Sixteenth American Jurisprudence Second Edition, Section 177:

Case 5:26-cv-00457-ECM-KFP    Document 13    Filed 03/18/26    Page 10 of 114
Case 5:25-cv-00581-LCB    Document 30-2    Filed 07/31/25    Page 10 of 14
USCA11 Case: 26-10250    Document: 9    Date Filed: 03/06/2026    Page: 152 of 159

"The general misconception is that any statute passed by legislators bearing the appearance of law constitutes the law of the land. The U.S. Constitution is the supreme law of the land, and any statute, to be valid, must be in agreement. It is impossible for both the Constitution and a law violating it to be valid; one must prevail. This is succinctly stated as follows:
"The general rule is that an unconstitutional statute, though having the form and name of law, is in reality no law, but is wholly void, and ineffective for any purpose; since unconstitutionality dates from the time of its enactment, and not merely from the date of the decision so branding it. An unconstitutional law, in legal contemplation, is as inoperative as if it had never been passed. Such a statute leaves the question that it purports to settle just as it would be had the statute not been enacted."

"Since an unconstitutional law is void, the general principles follow that it imposes no duties, confers no right, creates no office, bestows no power or authority on anyone, affords no protection, and justifies no acts performed under it..."

"A void act cannot be legally consistent with a valid one. An unconstitutional law cannot operate to supersede any existing valid law. Indeed, insofar as a statute runs counter to the fundamental law of the land, it is superseded thereby."

"No one is bound to obey an unconstitutional law and no courts are bound to enforce it."" [emphasis added]

and as expressed once again in the U.S. Constitution, Article VI:

"This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every State shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding."

All U.S. and State government officials are therefore hereby put on notice that any violations of their contractual obligations to act in accordance with their U.S. Constitution, may result in prosecution to the full extent of the law, as well as the application of all available legal remedies to recover damages suffered by any parties damaged by any actions of U.S. and State government officials in violation of the U.S. Constitution.

## REVOCATION OF POWER OF ATTORNEY

Furthermore, I hereby revoke, rescind, and make void ab initio, all powers of attorney, in fact or otherwise, implied in law or otherwise, signed either by me or anyone else, as it pertains to the Social Security number assigned to me, **Randy Dwayne:Brackins** as it pertains to my birth certificate, marriage or business license, or any other licenses or certificates issued by any and all government or quasi-governmental entities, due to the use of various elements of fraud by said agencies to attempt to deprive me of my Sovereignty and/or property.

I hereby waive, cancel, repudiate, and refuse to knowingly accept any alleged "benefit" or gratuity associated with any of the aforementioned licenses, numbers, or certificates. I do hereby revoke and rescind all powers of attorney, in fact or otherwise, signed by me or otherwise, implied in law or otherwise, with or without my consent or knowledge, as it pertains to any and all property, real or personal, corporeal or incorporeal, obtained in the past, present, or future. I am the sole and absolute legal owner and possess allodial title to any and all such property.

**Take Notice** that I also revoke, cancel, and make void ab initio all powers of attorney, in fact, in presumption, or otherwise, signed either by me or anyone else, claiming to act on my behalf, with or without my consent, as such power of attorney pertains to me or any property owned by me, by, but not limited to, any and all quasi/colorable, public, governmental entities or corporations on the grounds of constructive fraud, concealment, and nondisclosure of pertinent facts.

---

I affirm that all of the foregoing is true and correct. I affirm that I am of lawful age and am competent to make this Affidavit. I hereby affix my own signature to all of the affirmations in this entire document with explicit reservation of all my unalienable rights and my specific common law right not to be bound by any contract or obligation which I have not entered into knowingly, willingly, voluntarily, and without misrepresentation, duress, or coercion.

The use of notary below is for identification only, and such use does NOT grant any jurisdiction to anyone.

**FURTHER AFFIANT SAITH NOT.**

Subscribed and sworn, without prejudice, and with all rights reserved,

Randy Dwayne:Brackins

All Rights Reserved
Without Prejudice
UCC 1-308

Case 5:26-cv-00457-ECM-KFP    Document 1-3    Filed 03/18/26    Page 12 of 114
Case 5:25-cv-00581-LCB    Document 30-2    Filed 07/31/25    Page 12 of 14
USCA11 Case: 26-10250    Document: 9    Date Filed: 03/06/2026    Page: 154 of 159

Principal, by Special Appearance, in Propria Persona, proceeding Sui Juris.

My Hand and Mark as Subscriber                    (Sign Name Below)

Date: 03/09/2022 Common Law Seal:

All Rights Reserved
Without Prejudice

On this __9__ day of __March__, 20_22_, before **UCC** the undersigned, a Notary Public in and for __Alabama__ (state), personally appeared the above-signed, known to me to be the one whose name is signed on this instrument, and has acknowledged to me that s/he has executed the same.

Signed: _Lorri M Nutt_

Printed Name: _Lorri M Nutt_

Date: _3/9/22_

My Commission Expires: _My Commission Expires 01/26/2025_

LORRI McNUTT
NOTARY PUBLIC
ALABAMA STATE AT LARGE

Term/Cashier: PR6-19-02-CREA / crea
Tran: 22164/89131.440669
SPF Special Fee (Act 95-424)        5.00
FIL Filing Fee                      1.00
REC Recording Fee                   36.00
Total Fees:  $ 42.00

State of Alabama, Morgan County
I certify this instrument was filed on
03-09-2022 03:35:36 PM
and recorded in MISC Book
2022 at pages 2612 - 2623
Greg Cain - Probate Judge

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Randy Dwayne Brackins, Entitlement Holder/Registered Owner

**B. E-MAIL CONTACT AT FILER (optional)**
randybrackins@gmail.com

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

C/O The Office of Secretary of Commerce
Attn: Legal Department/Office of General Counsel
1401 Constitution Avenue, NW
Washington, District of Columbia 20230
Notice of Claim: Trust/Securities Entitlement (UCC RA8)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. **DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of Item 1 blank, check here ☐ and provide the Individual Debtor Information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Alabama State Registrar | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| in care of 13299 Alabama Highway 157 | Moulton | AL | 35650 | USA |

2. **DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor Information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| Brackins [Registered Owner] | Randy | Dwayne | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| C/o 412 Briarwood Dr. SW | Decatur | AL | 35601 | usa |

4. **COLLATERAL:** This financing statement covers the following collateral:
1) CERTIFICATED SECURITY & TITLE (in registered, book-entry, or bearer form) Registered Security# 22016930-1 & Registered Security#101-71-007434 [Note] Date Valid Trust Instrument created, Funded, & recorded upon in Land of Alabama: February 26, 1971- Active Trust

[WITH TRUST] Grantor(s) hereby conveyed and deed to Registered Owner all rights and title to property, held in trust by Trustees, Securities Intermediary(s), or Registrar, as evidenced of ownership by the above mentioned security instrument. (a) REGISTERED OWNER: Has Established a perfected claim and continuing priority rights, beneficial interest in, and equitable lien on collateral (whether now owned or hereafter acquired) to include but not limited to all accounts, security entitlements, financial assets, chattel paper, securities, real & personal property derived therefrom and all interest therein. (b) REGISTERED OWNER: Is not subject to any adverse claims protected under applicable Law & UCC Article 8. (c) This [Act] takes effect 02/26/1971- hereinafter Nunc Pro Tune [NO TRUST-PASS, AND IT IS SO ORDERED] See attached: Form UCC1 Ad & Affidavit of Ownership

[Entitlement Holder/ Registered Owner]

5. Check only if applicable and check only one box. Collateral is ☑ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☑ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☑ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

Case 5:26-cv-00457-ECM-KFP    Document 1-3    Filed 03/18/26    Page 14 of 114
Case 5:25-cv-00581-LCB    Document 30-2    Filed 07/31/25    Page 14 of 14
USCA11 Case: 26-10250    Document: 9    Date Filed: 03/06/2026    Page: 156 of 159

# UCC FINANCING STATEMENT ADDENDUM    UCC-1Ad

FOLLOW INSTRUCTIONS

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

| 9a. ORGANIZATION'S NAME |
| Alabama State Registrar |

OR

| 9b. INDIVIDUAL'S SURNAME |
| |
| FIRST PERSONAL NAME |
| |
| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**10. DEBTOR'S NAME:** Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| 10a. ORGANIZATION'S NAME |
| |

OR

| 10b. INDIVIDUAL'S SURNAME |
| |
| INDIVIDUAL'S FIRST PERSONAL NAME |
| |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

**11.** ☒ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

| 11a. ORGANIZATION'S NAME |
| Randy Dwayne Brackins TRUST/ESTATE [Active Trust] |

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| REGISTERED NO: 22016930-1 REGISTERED NO: 101-71 | Alabama Secretary of State | AL | [123] | USA |

**12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):**

WITH TRUST] All collateral listed is the property of Entitlement Holder/ Registered Owner and all derivatives therefrom. Any person (s) gaining said property without consent or valuable consideration given in return is subject to penalties in Sum Amount $10,000,000.00USD

[Registered Owner of Record]    [AND IT IS SO ORDERD!]

| **13.** ☒ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable) | **14. This FINANCING STATEMENT:** ☐ covers timber to be cut ☐ covers as-extracted collateral ☒ is filed as a fixture filing |
| **15.** Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest): [With Trust] this real estate is the private property of: Randy Dwayne Brackins Entitlement Holder/Registered Owner C/o 412 Briarwood Dr. SW Decatur, Alabama [35601]    [Recording as Deed of Trust] | **16.** Description of real estate: [REAL PROPERTY] All real property or parcel of land As original native american man together with all hands,feet and head, lying or being within North America in the land of the United States and/or at Sea. consisting of the whole of Child Birth/ Plat No:22016930-1 and Plat No:101-71-007434 as the same appears by reference to the Official Certificate of Live Birth, the same recorded & filed as a Deed Of Trust dated FEB. 26. 1971 in office of the Clerk. County of Lawrence Land of Alabama. Said real estate is further described as the same property conveyed unto Registered owner as set forth in above-mentioned title. |

**17. MISCELLANEOUS:**
Trustee acting with respect to property held in Trust

SOUTH  CAROLINA SECRETARY OF STATE'S OFFICE, 1205 Pendleton Street Suite 525 Columbia, SC 29201    (Rev. 07/01/13)

FILED

2025 Jul-31 AM 09:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

Recorded in the above
MISC Book & Page
08-23-2022 11:03:12 PM
Gres Cain - Probate Judge
State of Alabama, Morgan County

North America          }

                       }  SS

Land of Alabama        }

## AFFIDAVIT OF OWNERSHIP OF
## CERTIFICATE OF TITLE & REGISTERED SECURITIES
## REGISTERED NO: 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
## REGISTERED NO: 417238396
### (Statement of Beneficial Ownership)

*"Equality is Paramount and Mandatory by Law"*

**Randy-Dwayne: Brackins**, hereinafter the Affiant, whose domicile is **412 Briarwood Dr SW Decatur, Alabama [35601]**, being duly sworn, states that I am familiar with the facts recited:

1. Whereas the affiant obtained the age of majority on **February 26, 1989**;

2. Affiant is owner of the legal and equitable estate, which includes the herein described land(s) situated in **Moulton, Alabama**, evidenced by the Statement(s), and **Certificate of Live Birth** records attached to this claim as **Exhibit A**, including but not limited to:
   (1) The affiant's principle, original issue, and reversionary interest in financial instruments, and transactions secured by or loaned from the Estate.
   (2) The human body of clay and earth, (*LANDS*) including the mineral rights, silicates, sodium, potassium, magnesium, calcium, iron, phosphorus, sulfur, chlorine, iodine, oxygen, carbon, hydrogen, and nitrogen, all leaseholds, and royalties regarding the land, including the infant, child, and adult of the Estate.
   (3) The entitlement to the labor, leased, sold, taken, or otherwise used to secure capital, arising out of the Estate at any time for every undertaking or agreement by which the estate became a party.

3. Whereas the Affiants title to the encumbrances, liens, and interest noted by the memorial underwritten or endorsed hereon; and subject to the rights or encumbrances subsisting, as provided in Laws of the United States of America and the Treaties.

4. Whereas this is an affidavit of an affiant who states that he **Randy-Dwayne: Brackins** is familiar with the facts recited, the party named in said birth certificate is the same party as one of the owners named in said certificate of title; and that thereafter the Registrar of Titles shall treat said registered owner as having attained the age of the majority at a date 18 years after the date of birth shown by said certificate

5. Affiant also deposes that he is the Registered Owner of record and Holder of the Certified Securities and/or Bond's No: 101-71-007434 and 22016930-1 whose name also appears on the face of the instrument as *Randy Dwayne Brackins (Trust/Estate)* by reference of the

This instrument prepared by:
*Brackins- Trust*

Case 5:26-cv-00457-ECM-KFP    Document 1-3    Filed 03/18/26    Page 16 of 114
Case 5:25-cv-00581-LCB    Document 30-3    Filed 07/31/25    Page 2 of 3
USCA11 Case: 26-10250    Document: 9    Date Filed: 03/06/2026    Page: 158 of 159

Official Certificate of Live Birth (Title), Recorded and filed March 2, 1971, in the Office Of the Clerk, County of Lawrence, Land of Alabama, as the same appears to be held for safe keeping by State Registrar of Titles. Said Certificate is a Valid Trust Instrument and further describes the same property that is an active Trust/Estate conveyed unto Affiant(Registered Owner) as set forth in the above-mentioned Certificate of Title and all financial assets, accounts registered securities, entitlements, real, intellectual and other personal property associated with said Trust/Estate (whether now owned or hereafter acquired) further attached described in the attached Form UCC-1 and Addendum under Notice of Claim. Affiant (Registered Owner) is the one legally entitled and duly authorized to act, appoint, assign, conveyed, and/or execute said Trust/Estate no other parties are allow allowed without consent from Entitlement Holder/Registered Owner.          [AND IT IS SO ORDERED!]

**WITNESSETH:** By virtue of the power vested in me, through this deed, I transfer and assign all right, title, and interests to the lands, tenements, and hereditaments in **Lawrence County** or whatsoever and wheresoever situated to vest in **Randy-Dwayne: Brackins, Trustee Under Brackins** Declaration of Trust Dated: _January 2, ,2022_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this ___17th__ day of ___June___ 2022

By: **Randy-Dwayne:Brackins**
*Beneficiary/Registered Owner/Entitlement Holder*

We the undersigned Witnesses hereby stand and attest that the fore-signed, signed this document on the date listed supra, of their own free will, as witnessed by our signatures below:

_____
Witness

_____
Witness

State of _Alabama_

County of _Morgan_

SUBSCRIBED AND AFFIRMED, before me on this __17__ day of _June_ ___by

_____
Notary Public          **My Commission Expires 11/05/2023** Seal

My Commission expires: _____

2

# ALABAMA
**Center for Health Statistics**

THE FRONT OF THIS DOCUMENT IS PINK - THE BACK OF THIS DOCUMENT IS BLUE AND HAS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

Term/Cashier: PRB-19-02-CREA / CRea
Tran: 22446.496132.648850
AFF Special Fee (Act 95-424)          5.00
FIL Filing Fee                        1.00
REC Recording Fee                     9.00
Total Fees:  $ 15.00

State of Alabama, Morgan County
I certify this instrument was filed on
04-23-2022 11:03:12 AM
and recorded in MISC Book
2022 at pages 6926 - 6928
Greg Cain - Probate Judge

**THIS IS A LEGAL RECORD AND MUST BE FILED WITH LOCAL REGISTRAR WITHIN FIVE (5) DAYS AFTER BIRTH.**

**SEE OTHER SIDE.**

**FILL IN WITH A TYPE-WRITER OR WRITE PLAINLY WITH DARK INK. DO NOT USE GREEN NOR RED INK.**

**ATTENDANT MUST SIGN PERSONALLY.**

**ALL ITEMS MUST BE COMPLETE AND ACCURATE.**

ANY ALTERATIONS VOID THIS DOCUMENT

**CERTIFICATE OF LIVE BIRTH**
**STATE OF ALABAMA**

71- 007434
BIRTH NO. 101-

1. PLACE OF BIRTH
a. County Lawrence County   b. Beat No. 7   40 036

2. USUAL RESIDENCE OF MOTHER (Where does mother live?)
a. State Alabama   b. County Lawrence   40XX8

c. City (If outside city or town limits, write RURAL) Or Town Moulton, Alabama

c. City (If outside city or town limits, write RURAL) Or Town Danville, Alabama   d. Beat No.

d. Full Name of (If NOT in hospital or institution, give street address or location) Hospital Or Institution Lawrence County Hospital

e. Street Address Route 2   (If rural, give location)

3. CHILD'S NAME (Type or print)
a. (First) Randy   b. (Middle) Dwayne   c. (Last) Brackins

4. Sex Male

5a. This Birth Single [X] Twin [ ] Triplet [ ]

5b. If Twin Or Triplet (This child born) 1st [ ] 2nd [ ] 3rd [ ]

6. Date Of Birth (Month) 2- (Day) 26 (Year) 71

**FATHER OF CHILD**

7. Full Name
a. (First) Kenneth   b. (Middle) Wayne   c. (Last) Brackins

8. Color Or Race Negro

9. Age (At time of this birth) 23 Years

10. Birthplace (State or foreign country) Alabama

11a. Usual Occupation Laborer

11b. Kind of Business or Industry

**MOTHER OF CHILD**

12. FULL MAIDEN NAME a. (First) Patricia   b. (Middle) Ann   c. (Last) Griffin

13. Color Or Race Negro

14. Age (At time of this birth) 20 Years

15. Birthplace (State or foreign country) Alabama

16. Children Previously Born To This Mother (Do NOT include this child)
a. How many OTHER children now living? 0
b. How many OTHER children were born alive but are now dead? 0
c. How many children were stillborn/born dead after 20 weeks pregnancy? 0

17. INFORMANT (Signature or Name) Mrs. Patricia Ann Brackins

I hereby certify this child was born alive on the date stated above.

18a. Signature of Attendant

18b. Attendant at Birth M.D. [X] Midwife [ ]

18c. Date Signed

18d. Address Moulton, Alabama

19. Date Rec'd by Local Reg. 3-3-71

20. Registrar's Signature Vivian Moler

This is an official certified copy of the original record filed in the Center of Health Statistics, Alabama Department of Public Health, Montgomery, Alabama.   2022-186-289-8

March 14, 2022

Nicole H. Rushing
Nicole Henderson Rushing
State Registrar of Vital Statistics

# EXHIBIT B

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT
### Case No. 26-10250

**BRACKINS EL PRIVATE ESTATE TRUST,**

**EIN: 41-65XXXXX,**

**By and Through Its Trustee,**

**KIMBERLY A. FORD, Esq., TTEE,**

**Fiduciary Agent/Trustee in Equity,**

**Complainant,**

**v.**

**LILES C. BURKE, United States District Judge;**

## JUDICIAL COUNCIL FOR THE 11TH CIRCUIT: COMPLAINT OF JUDICIAL MISCONDUCT

Nos:  5:25-cv-01568; 5:25-cv-01600; 5:25-cv-01607 and  5:25-cv-01685 (consolidated cases);

Kimberly A Ford, Esq. (ASB-4139-R80F)
Fiduciary Counsel for Brackins El Private Estate Trust
Fordumas LLC
*Law, Consulting and Mediation Firm*
470 Providence Main, Suite 302C  Huntsville, AL 35806
Ofc:  256.886.6240
Facsimile:  1.800.408.1501
kimberly@fordumas.com

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## Brief Statement of Judicial Misconduct
## By Hon. Liles C. Burke

This complaint concerns conduct by Judge Burke that exceeds the lawful authority of the court and violates constitutional due process protections and the Code of Conduct for United States Judges. In the underlying proceeding, the court issued orders and contempt threats directed toward a non-party beneficiary of a private trust even though that individual had not been joined as a party, had not entered an appearance, and had not otherwise submitted to the jurisdiction of the court. Federal Rule of Civil Procedure 17 provides that a trustee of an express trust is the real party in interest authorized to prosecute or defend litigation without joining beneficiaries. Fed. R. Civ. P. 17(a)(1)(E); Navarro Savings Assn. v. Lee, 446 U.S. 458, 464–66 (1980). Despite this settled rule, the court treated the beneficiary as if he were a litigant and attempted to impose coercive authority over him.

The court's actions also conflict with the limits placed on judicial orders under Federal Rule of Civil Procedure 65(d). Injunctions bind only parties, their agents, and persons acting in active concert or participation with them. Fed. R. Civ. P. 65(d)(2). Courts have long recognized that non-parties cannot be bound merely because they are associated with a litigant; rather, there must be proof that the individual aided or participated in violating a specific order. Regal Knitwear Co. v. NLRB, 324 U.S. 9, 13–14 (1945); Alemite Mfg. Corp. v. Staff, 42 F.2d 832, 832–33 (2d Cir. 1930). No such finding was made here. By directing contempt authority toward a non-party without establishing jurisdiction or participation, the court acted outside the procedural limits governing federal injunctions.

These actions raise serious due process concerns under the Fifth Amendment. Fundamental principles of jurisdiction require that an individual be subjected to the authority of a court only after proper joinder, notice, and an opportunity to be heard. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The attempt to extend coercive judicial authority to a non-party beneficiary without establishing jurisdiction undermines those protections.

The conduct also implicates several provisions of the Code of Conduct for United States Judges. Canon 1 requires judges to uphold the integrity and independence of the judiciary, and Canon 2 requires judges to avoid conduct that creates an appearance of impropriety. Canon 3 further requires a judge to perform the duties of the office fairly, impartially, and in accordance with the law.

DOCUMENT 3

By exercising authority beyond the procedural limits imposed by the Federal Rules of Civil Procedure and constitutional due process, the actions described above raise substantial questions regarding compliance with these ethical obligations.

## NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication. Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and its parties remain private, non-public, and are not submitted for adjudication or administrative review. All rights reserved, none waived. Recording of this document does not constitute a waiver of privacy, ownership, or trustee discretion, and does not confer jurisdiction or authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

This document is protected under the principles of private contract, Article I §10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority. "Equity regards the

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

**beneficiary as the true owner."**

- "Equity imputes intention to fulfill obligation."
- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

## NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private equity record and must be docketed pursuant to Alabama Rule of Civil Procedure 5. The Court and its clerks act ministerially under notice of trust possession. Any further statutory interpretation or adversarial designation is hereby rebutted by trust record.

*/s/ Beneficiary*

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## Notice and Command to Clerk of Court

Let this Notice be entered as formal and final command to the Clerk of Court to seal the Equity Docket pertaining to the Brackins El Private Estate Trust.

All filings have been duly and lawfully entered under private trust jurisdiction. The forum has been noticed, fiduciary breaches declared, dishonors recorded, and equity affirmed. The Office of the Beneficiary now issues this lawful demand for ministerial compliance by the Clerk:

• To seal the record,

• To protect the corpus, and

• To conclude the matter in accordance with law, duty, and equity.

Authority and Legal Foundation
• Ministerial Duty Under ARCP 5, the Clerk may not refuse filings for form alone and must execute nondiscretionary ministerial duties. Failure to comply constitutes breach and administrative dishonor, enforceable by surcharge and nunc pro tunc correction.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

- Administrative Doctrine Pursuant to IRS Manual §21.7.13.3.2.1, only the Beneficiary lawfully appointed possesses final ledger and accounting authority. Further, IRS Manual §4.25.6.1 mandates full accounting upon fiduciary failure.

Equity Jurisprudence

- Pomeroy §§395, 818 affirms closure of equity record in favor of the trust upon fiduciary failure.

- Blackstone, Book III, Ch. 23 establishes private rights restored upon judicial default.

- Lewin §935 confirms fiduciary silence or neglect closes the record to equity in favor of the trust.

Maxims of Equity

- Equity delights in the end of litigation.

- Where the duty is ministerial, the act is mandatory.

- The record speaks for itself and binds the conscience of the court.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

E-Filed
March 06, 2026 8:27 AM
Honorable Megan B. Rhodebeck
Clerk of the Court

Final Admonition

- The Clerk is hereby warned: Any refusal to seal constitutes ministerial breach and unauthorized tampering with a private trust corpus. Such refusal will trigger notice of ministerial default and liability by surcharge.

- "For by thy words thou shalt be justified, and by thy words thou shalt be condemned." Matthew 12:37

Issued under Seal and Authority of the Beneficiary, Brackins El Private Estate Trust

"Pursuant to IRS Manual §21.7.13.3.2.1, IRS protocol requires recognition of the duly appointed Beneficiary as the party authorized to file and account on behalf of the estate. Likewise, IRS Manual §4.25.6.1 instructs examiners to demand full accounting where fiduciary failure occurs. These administrative protocols parallel and reinforce equity's own requirement that fiduciaries be held to full accounting."

Dated: March 6, 2026

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP) 11th Cir. R. 26.1-1

Alabama State Bar

Alexander, Joel T., Chief Administrative Judge Allen,

Allen, Ann

Bates, Lisa

Beneficiary, Brackins El Private Estate Trust

Bondi, Pamela Bondi, U.S. Attorney General

Bourque, Pamela

Brackins El Private Estate Trust

Burke, Hon. Liles C.

DeCaesaris, Paula

Ford, Esq. Kimberly A. Ford

Fordumas LLC

Hall, Hon. Ruth Ann

Huddleston, Sherry

Internal Revenue Service

Jones, Justin - Alabama State Bar

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

CIP 1 of 3

Judicial Inquiry Commission

Kiel, Esq., Kristin Pollard

Mack, Larry

Merit Systems Protection Board, Atlanta Regional Office

Moore, Rep. Barry

Morton, Phillip Jeff

Mosby, Dwight

National Aeronautical and Space Administration (NASA)
Attn: Office of the General Counsel

NASA Marshall Space Flight Center (MSFC)
Attn: Rae Meyer Center Director and the Office of the General

Pelfry, Joseph John

Proctor, Hon. R. David

Rhodes, Stanley

Sprague, Christopher G., Administrative Judge

State of Alabama

Stewart, Wendell Scott

United States Department of Justice

United States Department of the Treasury

United States Marshall Services, Northern District of Alabama

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                CIP 2 of 3

United States Office of Special Counsel

Waldrep, Hon. Callie C., Lawrence County, Alabama Circuit Court Judge

White, Craig

White, Esq., John K.


      No publicly traded company or corporation has an interest in the outcome of this case.


      Respectfully submitted on this the 6th day of March, 2026,


*/s/ Kimberly A. Ford*
Kimberly A Ford, Esq. (FOR063)
Fiduciary Counsel for Brackins El Private Estate Trust
Fordumas LLC
Law, Consulting and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1.800.408.1501
kimberly@fordumas.com

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

# COMPLAINT OF JUDICIAL MISCONDUCT

## 1. COMPLAINANT INFORMATION

**Name of Complainant:**  Kimberly Adina Ford, Esq. (ASB-4139-R80F)

TTEE / Fiduciary Agent / Trustee in Equity

Attorney of Record and Fiduciary Counsel

Brackins El Private Estate Trust

EIN 41-65XXXXX

**Contact Address:**

470 Providence Main, Suite 302C

Huntsville, AL 35806

**Daytime Telephone:**

256.886.6240

## 2. SUBJECT JUDGE

**Name of Judge:** Honorable Liles C. Burke

**Court:** United States District Court for the Northern District of Alabama, Northeast Division

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    1

## 3. RELATED LAWSUIT INFORMATION

This complaint concerns the behavior of Judge Burke in the following lawsuits and proceedings:

| Court | Case Number | Appeal Docket | Circuit |
|---|---|---|---|
| U.S. District Court, N.D. Alabama | [Underlying case number] | 26-10250 | Eleventh |
| U.S. Court of Appeals, 11th Circuit | 26-10250 | -- | Eleventh |
| U.S. Court of Appeals, 11th Circuit | 26-10607 | -- | Eleventh |
| U.S. Court of Appeals, 11th Circuit | 26-10607-B | -- | Eleventh |

**Are (were) you a party or lawyer in the lawsuit?**

The Complainant is the Trustee and Attorney of Record for the Brackins El Private Estate Trust, which is the Petitioner in Case No. 26-10250 and related proceedings. The Complainant files this complaint in her capacity as Trustee of the Trust and as Attorney of Record, on behalf of the Trust and its Beneficiary.

---

## 4. BRIEF STATEMENT OF FACTS

COMPLAINT OF JUDICIAL MISCONDUCT AGAINST THE HONORABLE LILES C. BURKE, UNITED STATES DISTRICT JUDGE, NORTHERN DISTRICT OF ALABAMA

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

2

Filed Pursuant to 28 U.S.C. Sections 351-364 and the Rules for Judicial-Conduct and Judicial-Disability Proceedings  The Brackins El Private Estate Trust (hereinafter "the Trust"), EIN 41-65XXXXX, through its Trustee and Attorney of Record, Kimberly Adina Ford, Esq. (ASB-4139-R80F), files this Complaint of Judicial Misconduct against the Honorable Liles C. Burke, United States District Judge for the Northern District of Alabama, pursuant to the Judicial Conduct and Disability Act of 1980, 28 U.S.C. Sections 351-364. The Trust declares under penalty of perjury that the following facts are true and correct to the best of the Complainant's knowledge.

## I. SUMMARY OF MISCONDUCT

Judge Liles C. Burke has engaged in a pattern of judicial misconduct that includes the following acts, each of which independently constitutes conduct prejudicial to the effective and expeditious administration of the business of the courts within the meaning of 28 U.S.C. §351(a):

(1) Disbarment of the Trust's Attorney of Record without notice or hearing;

(2) Causing the arrest of the Trust's Attorney of Record for filing a mandamus petition with the Eleventh Circuit;

(3) Locking the Trust's Attorney of Record out of the CM/ECF electronic filing system;

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.            3

(4) Issuing contempt orders against the Trust Beneficiary, a non-party, and dispatching United States Marshals to serve those orders;

(5) Attempting to force the enjoinment of a non-party Trust beneficiary through contempt power in violation of the Alabama Uniform Trust Code and the Federal Rules of Civil Procedure;

(6) Defaulting in two companion cases before the Eleventh Circuit (Case Nos. 26-10607 and 26-10607-B) while simultaneously escalating enforcement actions in his own courtroom; and

(7) Retaliating against the Trust and its representatives for exercising the constitutionally protected right to petition the Eleventh Circuit for mandamus relief.

## II. SPECIFIC FACTS

**Disbarment Without Due Process.** Judge Burke disbarred Kimberly Adina Ford, Esq., the Trust's Trustee and Attorney of Record, from practice before the Northern District of Alabama. This disbarment was carried out without providing Attorney Ford with notice of the grounds for disbarment, without affording Attorney Ford an opportunity to be heard, and without issuing a written order containing findings of fact and conclusions of law. Attorney discipline in federal court requires due process, including notice and a hearing. Judge Burke provided neither. The disbarment effectively stripped the Trust of its legal representation and its Trustee's

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                4

ability to fulfill her fiduciary duties under the Alabama Uniform Trust Code, § 19-3B-816(a)(24), which grants the Trustee the exclusive power to prosecute or defend actions on behalf of the Trust.

**Arrest for Filing a Mandamus Petition.** After the Trust filed a mandamus petition with the United States Court of Appeals for the Eleventh Circuit seeking relief from Judge Burke's conduct, Judge Burke caused the arrest of Attorney Ford. Filing a mandamus petition with an appellate court is an exercise of the First Amendment right to petition the government for redress of grievances. It is also a recognized procedural remedy under 28 U.S.C. § 1651. Judge Burke's response to the filing of a mandamus petition was to arrest the attorney who filed it. This is retaliatory conduct that strikes at the foundation of the appellate process. If a district judge can arrest an attorney for seeking appellate review of the judge's conduct, the appellate process ceases to function.

**CM/ECF Lockout.** Judge Burke locked Attorney Ford out of the CM/ECF electronic filing system, preventing the Trust from accessing the court docket, filing pleadings, or monitoring the proceedings. This lockout was carried out without notice, without a hearing, and without a written order. The effect was to deny the Trust access to the court entirely-not merely to restrict the Trust's filings, but to render the Trust invisible to the court's electronic system.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

**Contempt Orders Against a Non-Party Trust Beneficiary.** On March 5, 2026, United States Marshals personally served contempt orders issued by Judge Burke upon the Trust Beneficiary, at his residence. The contempt orders command the Beneficiary's personal appearance at a contempt hearing scheduled for March 31, 2026. The Trust Beneficiary is not a party to any proceeding before Judge Burke. The Trust is the party. The Trustee is the authorized representative. The Beneficiary is the protected person for whose benefit the Trust exists. Judge Burke's contempt order against the Beneficiary constitutes an attempt to force the enjoinment of a non-party through contempt power, bypassing Federal Rule of Civil Procedure 19 (required joinder), Federal Rule of Civil Procedure 65(d)(2) (persons bound by injunction), and the Alabama Uniform Trust Code, which vests litigation authority exclusively in the Trustee (§19-3B-816(a)(24)) and provides that the Trustee represents and binds the beneficiaries (§19-3B-303(4)).

**Default in Companion Cases.** In Case No. 26-10607, the Eleventh Circuit ordered responses from Judge Burke and other respondents. No response was filed. The case was closed after default. In Case No. 26-10607-B, the Eleventh Circuit again ordered responses. No response was filed. The case was again closed after default. Judge Burke refuses to answer to the Eleventh Circuit while simultaneously escalating enforcement actions in his own courtroom. This pattern, silence before

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

the appellate court, aggression before his own court, demonstrates that Judge Burke is not administering justice but exercising personal authority unchecked by appellate oversight.

**Timing of Contempt Service.** The contempt orders were served on the Trust Beneficiary on March 5, 2026, the same day the Trust filed an Emergency Motion for Interim Relief in the Eleventh Circuit (Case No. 26-10250, Doc. 8) requesting a stay of all proceedings before Judge Burke, including the March 30-31, 2026 hearings. The same day, the Trust also filed an Ex Parte Complaint under 42 U.S.C. §1983 in the Circuit Court of Madison County, Alabama (Case No. 47-CV-2026-900424.00) against Justin Jones and the Alabama State Bar, alleging a coordinated pattern of interference with the Trust's legal representation. The timing of the Marshal service, on the same day as these filings, suggests retaliatory intent.

## III. PATTERN OF CONDUCT

The acts described above are not isolated incidents. They constitute a deliberate, escalating pattern of conduct designed to neutralize the Trust's legal representation and then target the Trust Beneficiary directly once the representative was removed. The sequence is as follows: (1) disbar the attorney; (2) arrest the attorney; (3) lock the attorney out of the filing system; (4) issue contempt orders against the beneficiary personally. Each step builds on the last. Each step removes another layer of protection between the court and the individual. The final step, contempt

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

orders against a non-party beneficiary, is the culmination of a campaign to circumvent the trust structure and reach the natural person that the Trust was established to protect.

This pattern is prejudicial to the effective and expeditious administration of the business of the courts because it transforms the judicial process from a forum for the resolution of disputes into a weapon for the persecution of a litigant. It undermines public confidence in the judiciary. It deters other litigants from exercising their right to seek appellate review. And it violates the fundamental principle that a judge must be impartial and must not use the powers of the office for personal purposes.

## IV. UNREBUTTED CHALLENGES TO AUTHORITY

The Trust has filed unrebutted affidavits as recorded instruments in Lawrence County, Alabama (Instrument Nos. 6002733 and 6003105) and Morgan County, Alabama (MISC Book 2022) challenging Judge Burke's oath, bond, and delegation of authority. No party has rebutted these affidavits. Under the legal principle that an unrebutted affidavit stands as truth in law, Judge Burke's compliance with the prerequisites of judicial authority remains an unresolved question. The Judicial Council is respectfully requested to investigate whether Judge Burke has a valid oath of office on file as required by 28 U.S.C. §453.

## V. RELATED PROCEEDINGS

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

8

The following proceedings are currently pending and relate to the conduct described in this complaint:

| Forum | Case Number | Nature of Proceeding | Status |
|---|---|---|---|
| U.S. Court of Appeals, 11th Circuit | 26-10250 | Mandamus, Rule Nisi, Emergency Motion | Pending |
| U.S. Court of Appeals, 11th Circuit | 26-10607 | Companion case | Closed (default) |
| U.S. Court of Appeals, 11th Circuit | 26-10607-B | Companion case | Closed (default) |
| Circuit Court, Madison County, AL | 47-CV-2026-900424.00 | §1983 against Jones/Bar | Pending |
| Alabama Supreme Court | SC-2025-0903 | Trust filings accepted; binders requested | Pending |
| MSPB | Docket # AT-1221-26-0143-W-1 | Petition for Review | Pending |

## VI. DEMAND FOR DECLARATORY RELIEF

The Trust respectfully requests that the Judicial Council:

(1) Investigate the conduct of Judge Liles C. Burke as described in this complaint;

(2) Determine whether Judge Burke's conduct constitutes misconduct prejudicial to the effective and expeditious administration of the business of the courts under 28 U.S.C. §351(a);

(3) Take appropriate corrective action, which may include but is not limited to: private or public reprimand, censure, request for voluntary retirement, temporary

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

DOCUMENT 3

or permanent reassignment of cases, or certification to the Judicial Conference of the United States for consideration of impeachment under 28 U.S.C. §354(b)(2) (A);

(4) Investigate whether Judge Burke has a valid oath of office on file as required by 28 U.S.C. §453; and

(5) Take such other and further action as the Judicial Council deems appropriate to protect the integrity of the judicial process and the rights of the Trust and its Beneficiary.

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U.S. citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC §1-308, all rights and remedies are expressly reserved without prejudice. No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

## 5. DECLARATION AND SIGNATURE

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

**Signature:** /s/ *Kimberly A. Ford*

**Printed Name:** Kimberly Adina Ford, Esq.
Fiduciary Counsel for Brackins El Private Estate Trust
EIN 41-65XXXXX
Fordumas LLC
*Law, Consulting and Mediation Firm*
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1.800.408.1501
kimberly@fordumas.com

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    11

# EXHIBITS TO BE ATTACHED

# Exhibit                                  Description

Exhibit A                    Emergency Supplemental Notice of Material Developments
and Memorandum of Law filed in Case No. 26-10250
(documenting contempt order violations of Alabama Trust
Code and federal law**(A true and correct copy of the
docketed filing in Case No. 10250)**
Exhibit B                    Contempt orders served by U.S. Marshals on the Trust
Beneficiary on March 5, 2026

Exhibit C                    Recorded instruments, Unrebutted affidavits filed in Lawrence
County (Instrument Nos. 6002733 and 6003105) and Morgan
County (MISC Book 2022)

Exhibit D                    IRS Notice CP 575 D confirming Trust EIN 41- 65XXXXX

Exhibit E                    Supplemental Deed of Trust establishing Trust structure,
Trustee authority, and Beneficiary status

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    12

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT
## Case No. 26-10250

**BRACKINS EL PRIVATE ESTATE TRUST,**

**EIN: 41-65XXXXX,**

**By and Through Its Trustee,**

**KIMBERLY A. FORD, Esq., TTEE,**

**Fiduciary Agent/Trustee in Equity,**

**Plaintiff,**

**v.**

**LILES C. BURKE, United States District Judge;**

   **Respondent.**

## EMERGENCY SUPPLEMENTAL NOTICE OF MATERIAL DEVELOPMENTS AND MEMORANDUM OF LAW REGARDING RESPONDENT'S UNLAWFUL ATTEMPT TO FORCE ENJOINMENT OF A NON-PARTY TRUST BENEFICIARY THROUGH CONTEMPT POWER
Nos:  5:25-cv-01568; 5:25-cv-01600; 5:25-cv-01607 and
5:25-cv-01685 (consolidated cases);

Kimberly A Ford, Esq. (ASB-4139-R80F)
Fiduciary Counsel for Brackins El Private Estate Trust
Fordumas LLC
*Law, Consulting and Mediation Firm*
470 Providence Main, Suite 302C  Huntsville, AL 35806
Ofc:  256.886.6240
Facsimile:  1.800.408.1501
kimberly@fordumas.com

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.


**EXHIBIT A**

## NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication. Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and its parties remain private, non-public, and are not submitted for adjudication or administrative review. All rights reserved, none waived. Recording of this document does not constitute a waiver of privacy, ownership, or trustee discretion, and does not confer jurisdiction or authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

This document is protected under the principles of private contract, Article I §10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority. "Equity regards the

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

i

**beneficiary as the true owner."**

- "Equity imputes intention to fulfill obligation."
- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

## NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private equity record and must be docketed pursuant to Alabama Rule of Civil Procedure 5. The Court and its clerks act ministerially under notice of trust possession. Any further statutory interpretation or adversarial designation is hereby rebutted by trust record.

*/s/ Beneficiary*

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## Notice and Command to Clerk of Court

Let this Notice be entered as formal and final command to the Clerk of Court to seal the Equity Docket pertaining to the Brackins El Private Estate Trust.

All filings have been duly and lawfully entered under private trust jurisdiction. The forum has been noticed, fiduciary breaches declared, dishonors recorded, and equity affirmed. The Office of the Beneficiary now issues this lawful demand for ministerial compliance by the Clerk:

• To seal the record,

• To protect the corpus, and

• To conclude the matter in accordance with law, duty, and equity.

Authority and Legal Foundation
• Ministerial Duty Under ARCP 5, the Clerk may not refuse filings for form alone and must execute nondiscretionary ministerial duties. Failure to comply constitutes breach and administrative dishonor, enforceable by surcharge and nunc pro tunc correction.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

- Administrative Doctrine Pursuant to IRS Manual §21.7.13.3.2.1, only the Beneficiary lawfully appointed possesses final ledger and accounting authority. Further, IRS Manual §4.25.6.1 mandates full accounting upon fiduciary failure.

Equity Jurisprudence

- Pomeroy §§395, 818 affirms closure of equity record in favor of the trust upon fiduciary failure.

- Blackstone, Book III, Ch. 23 establishes private rights restored upon judicial default.

- Lewin §935 confirms fiduciary silence or neglect closes the record to equity in favor of the trust.

Maxims of Equity

- Equity delights in the end of litigation.

- Where the duty is ministerial, the act is mandatory.

- The record speaks for itself and binds the conscience of the court.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

Final Admonition

- The Clerk is hereby warned: Any refusal to seal constitutes ministerial breach and unauthorized tampering with a private trust corpus. Such refusal will trigger notice of ministerial default and liability by surcharge.

- "For by thy words thou shalt be justified, and by thy words thou shalt be condemned." Matthew 12:37


Issued under Seal and Authority of the Beneficiary, Brackins El Private Estate Trust


"Pursuant to IRS Manual §21.7.13.3.2.1, IRS protocol requires recognition of the duly appointed Beneficiary as the party authorized to file and account on behalf of the estate. Likewise, IRS Manual §4.25.6.1 instructs examiners to demand full accounting where fiduciary failure occurs. These administrative protocols parallel and reinforce equity's own requirement that fiduciaries be held to full accounting."

Dated:  March 5, 2026

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

v

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT (CIP)
## 11th Cir. R. 26.1-1

Alabama State Bar

Alexander, Joel T., Chief Administrative Judge

Allen, Ann

Bates, Lisa

Bondi, Pamela Bondi, U.S.Attorney General

Bourque, Pamela

Brackins El Private Estate Trust

Burke, Hon. Liles C.

DeCaesaris, Paula

El, Randy Brackins

Ford, Esq. Kimberly A. Ford

Fordumas LLC

Hall, Hon. Ruth Ann

Huddleston, Sherry

Internal Revenue Service

Jones, Justin - Alabama State Bar

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

CIP 1 of 3

Judicial Inquiry Commission

Kiel, Esq., Kristin Pollard

Mack, Larry

Merit Systems Protection Board, Atlanta Regional Office

Moore, Rep. Barry

Morton, Phillip Jeff

Mosby, Dwight

National Aeronautical and Space Administration (NASA)
Attn: Office of the General Counsel

NASA Marshall Space Flight Center (MSFC)
Attn: Rae Meyer Center Director and the Office of the General

Pelfry, Joseph John

Proctor, Hon. R. David

Rhodes, Stanley

Sprague, Christopher G., Administrative Judge

State of Alabama

Stewart, Wendell Scott

United States Department of Justice

United States Department of the Treasury

United States Marshall Services, Northern District of Alabama

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

CIP 2 of 3

United States Office of Special Counsel

Waldrep, Hon. Callie C., Lawrence County, Alabama Circuit Court Judge

White, Craig

White, Esq., John K.


No publicly traded company or corporation has an interest in the outcome of this case.


Respectfully submitted on this the 6th day of March, 2026,


*/s/ Kimberly A. Ford*
Kimberly A Ford, Esq. (FOR063)
Fiduciary Counsel for Brackins El Private Estate Trust
Fordumas LLC
Law, Consulting and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1.800.408.1501
kimberly@fordumas.com

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes
continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## I. INTRODUCTION AND PURPOSE OF THIS NOTICE

The Brackins El Private Estate Trust (hereinafter "the Trust"), EIN 41-65XXXXX, through its duly appointed Trustee and Attorney of Record, Kimberly Adina Ford, Esq., respectfully files this Emergency Supplemental Notice to inform this Honorable Court of material developments that occurred on March 5, 2026, the same date the Trust filed its Emergency Motion for Interim Relief (Doc. 8) in this proceeding.

On the evening of March 5, 2026, United States Marshals personally served contempt orders issued by Respondent Judge Liles C. Burke upon Randy Brackins El, the Trust Beneficiary, commanding his personal appearance at a contempt hearing scheduled for March 31, 2026. This service occurred mere hours after the Trust filed its Emergency Motion requesting this Court to stay all proceedings before Judge Burke pending resolution of the mandamus petition and Rule Nisi (Doc. 4).

This development is of the utmost urgency because it demonstrates, in real time, the very conduct the Emergency Motion seeks to restrain. Judge Burke is attempting to force the enjoinment of a non-party Trust beneficiary through the exercise of contempt power, a course of action that violates the Alabama Uniform Trust Code, the Federal Rules of Civil Procedure, the United States Constitution, and the fundamental principles of equity upon which the Trust operates. The Trust

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

respectfully requests that this Court take judicial notice of these developments, consider them in connection with the pending Emergency Motion and Rule Nisi, and act before March 31, 2026, to prevent the irreparable harm that will result if Judge Burke is permitted to proceed with the contempt hearing against a non-party.

## II. STATEMENT OF MATERIAL FACTS

On March 5, 2026, the following events occurred in rapid succession, the timing of which is material to this Court's consideration:

First, the Trust, through its Trustee and Attorney of Record, filed the Emergency Motion for Interim Relief (Doc. 8) in this proceeding, requesting that this Court stay all proceedings before Judge Burke in the Northern District of Alabama, including the contempt and sanctions hearings scheduled for March 30-31, 2026.

Second, the Trust, through its Trustee, filed an Ex Parte Complaint for Declaratory and Injunctive Relief under 42 U.S.C. Section 1983 in the Circuit Court of Madison County, Alabama, Case No. 47-CV-2026-900424.00, against Justin Jones and the Alabama State Bar, with an Application for Temporary Restraining Order, alleging a coordinated pattern of interference with the Trust's legal representation.

Third, on the evening of the same day, United States Marshals appeared at the residence of Randy Brackins El, the Trust Beneficiary, and personally served

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

2

contempt orders issued by Judge Burke commanding the Beneficiary's personal appearance at a contempt hearing on March 31, 2026. The contempt orders purport to compel the Beneficiary, who is not a party to the underlying proceedings, to appear before Judge Burke's court and submit to the court's contempt jurisdiction.

The Trust Beneficiary, Randy Brackins El, is not now, and has never been, a party to the proceedings before Judge Burke in his individual or personal capacity. The Trust is the party. The Trustee, Kimberly Adina Ford, Esq., is the authorized representative of the Trust in all judicial proceedings. The Beneficiary's sole relationship to the litigation is as the protected person for whose benefit the Trust exists and operates.

Judge Burke's contempt order against the Beneficiary constitutes an unlawful attempt to force enjoinment, to compel a non-party into the jurisdiction of his court through the coercive power of contempt, bypassing every procedural safeguard that the Federal Rules of Civil Procedure, the Alabama Uniform Trust Code, and the United States Constitution require before a person may be made subject to a court's authority.

## III. THE TRUST STRUCTURE AND THE LEGAL SEPARATION OF BENEFICIARY FROM PARTY

The Brackins El Private Estate Trust was established on January 2, 2022, as an irrevocable express trust under the laws of the State of Alabama. The Trust is

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

3

governed by the Alabama Uniform Trust Code, Alabama Code Title 19, Chapter 3B (hereinafter "the Trust Code"). The Trust holds IRS-assigned Employer Identification Number 41-65XXXXX, confirmed by IRS Notice CP 575 D. The Trust files annual federal fiduciary income tax returns on IRS Form 1041 and has designated its Trustee on IRS Form 56-F and IRS Form 2848.

The Trust's organizational structure establishes a clear legal separation between the Trust entity, the Trustee, and the Beneficiary:

The Trust is the legal entity that holds the Trust Estate, including all claims, causes of action, and legal interests transferred to it by the Grantor. The Trust is the party to all judicial proceedings initiated on its behalf.

The Trustee, Kimberly Adina Ford, Esq., is the fiduciary who administers the Trust, manages the Trust Estate, and represents the Trust in all judicial proceedings. The Trustee holds three distinct designations: TTEE (IRS Form 1041), Fiduciary Agent and Trustee in Equity (IRS Form 56-F), and Attorney of Record and Fiduciary Counsel.

The Beneficiary, Randy Brackins El, is the person for whose benefit the Trust exists. The Beneficiary is not the Trust. The Beneficiary is not the Trustee. The Beneficiary is the protected person whose interests the Trust and Trustee are duty-bound to advance and protect.

This tripartite structure is not a legal fiction. It is the fundamental architecture of trust law as codified in the Alabama Uniform Trust Code and recognized by every jurisdiction in the United States. Judge Burke's contempt order against the Beneficiary personally collapses this structure by treating the Beneficiary as if he were the party, a legal error that violates every provision of trust law discussed below.

## IV. VIOLATIONS OF THE ALABAMA UNIFORM TRUST CODE

Judge Burke's contempt order against the Trust Beneficiary violates multiple provisions of the Alabama Uniform Trust Code, Title 19, Chapter 3B, Alabama Code 1975, as follows:

## A. Violation of Section 19-3B-303(4): Representation by Fiduciaries

Alabama Code Section 19-3B-303(4) provides:

> "To the extent there is no conflict of interest between the representative and the person represented . . . a trustee may represent and bind the beneficiaries of the trust."

This provision establishes that the Trustee, not the Beneficiary, is the authorized representative of the Trust and its beneficiaries in all matters, including judicial proceedings. The Trustee represents and binds the Beneficiary. The Beneficiary does not appear independently; the Beneficiary is represented through the Trustee.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    5

Judge Burke's contempt order bypasses the Trustee entirely and commands the Beneficiary to appear personally. This is a direct violation of Section 19-3B-303(4). If Judge Burke has any grievance with the Trust's conduct in litigation, his remedy is to address the Trustee, the authorized representative, not to reach past the Trustee and seize the Beneficiary through contempt power.

**B. Violation of Section 19-3B-816(a)(24): Trustee's Exclusive Litigation Power**

Alabama Code Section 19-3B-816(a)(24) grants the Trustee the power to:

> "prosecute or defend an action, claim, or judicial proceeding in any jurisdiction to protect trust property and the trustee in the performance of the trustee's duties and to employ counsel, expert witnesses, or other agents."

This provision vests the power to litigate exclusively in the Trustee. The Beneficiary has no independent litigation role under the Trust Code. Judge Burke's contempt order against the Beneficiary effectively conscripts a non-party into litigation, overriding the statutory allocation of litigation authority that the Alabama Legislature codified in Section 19-3B-816(a)(24).

**C. Violation of Section 19-3B-802: Duty of Loyalty**

Alabama Code Section 19-3B-802(a) provides that "[a] trustee shall administer the trust solely in the interests of the beneficiaries." The Trustee owes an absolute duty of loyalty to the Beneficiary. Judge Burke's contempt order directly interferes with this fiduciary relationship by subjecting the Beneficiary to

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

judicial coercion that the Trust structure was designed to prevent. By targeting the Beneficiary personally, Judge Burke is undermining the Trustee's ability to fulfill her statutory duty to protect the Beneficiary's interests.

## D. Violation of Section 19-3B-809: Control and Protection of Trust Property

Alabama Code Section 19-3B-809 provides that "[a] trustee shall take reasonable steps to take control of and protect the trust property." The Trust Estate includes the legal claims and causes of action that are the subject of the underlying litigation. Judge Burke's contempt order threatens the integrity of the Trust Estate by subjecting the Beneficiary, the person whose injuries give rise to the Trust's claims, to coercive judicial process that could compromise the Trust's legal positions.

## E. Violation of Section 19-3B-105(b): Mandatory Rules

Alabama Code Section 19-3B-105(b) enumerates thirteen mandatory rules that cannot be overridden by any provision, including the terms of the trust itself. Section 19-3B-105(b)(2) mandates "the duty of a trustee to act in good faith and in accordance with the terms and purposes of the trust and the interest of the beneficiaries." Section 19-3B-105(b)(3) mandates "the requirement that a trust and its terms be for the benefit of its beneficiaries, and that the trust have a purpose that is lawful, not contrary to public policy, and possible to achieve." Judge Burke's

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                                                        7

contempt order renders the Trust's protective purpose impossible to achieve by subjecting the Beneficiary to the very judicial coercion the Trust was established to manage through its Trustee. If the terms of the Trust itself cannot override these mandatory rules, then a fortiori, a contempt order issued by a court that has no jurisdiction over the Beneficiary as a party cannot override them.

## F. Violation of Section 19-3B-501 and Section 19-3B-502: Beneficiary Protections

Alabama Code Section 19-3B-501 limits the rights of a beneficiary's creditors and assignees to reach the beneficiary's interest in a trust. Section 19-3B-502 provides that a valid spendthrift provision restrains both voluntary and involuntary transfer of a beneficiary's interest. While these provisions are most commonly applied in the creditor context, they reflect a broader legislative policy: the Alabama Legislature has determined that trust beneficiaries are to be protected from external claims against their trust interests. Judge Burke's contempt order is, in substance, an attempt to reach the Beneficiary's person, a far more invasive act than reaching the Beneficiary's property interest. If the Trust Code protects the Beneficiary's property interest from involuntary seizure, it necessarily protects the Beneficiary's person from involuntary conscription into litigation in which the Beneficiary is not a party.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

8

## G. Violation of Section 19-3B-201 and Section 19-3B-202: Jurisdictional Limits

Alabama Code Section 19-3B-201(a) provides that "[t]he court may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law." Judge Burke's jurisdiction has not been invoked by the Beneficiary. The Beneficiary has not filed any pleading, entered any appearance, or submitted to the jurisdiction of Judge Burke's court in his personal capacity.

Alabama Code Section 19-3B-202 provides that "a trustee submits personally to the jurisdiction of the courts of this state regarding any matter involving a trust." This provision establishes that it is the Trustee who submits to jurisdiction, not the Beneficiary. The Trust Code distinguishes between the Trustee's jurisdictional submission and the Beneficiary's protected status. Judge Burke's contempt order conflates the two, treating the Beneficiary as if he had submitted to the court's jurisdiction when the Trust Code provides that only the Trustee has done so.

## V. VIOLATIONS OF THE FEDERAL RULES OF CIVIL PROCEDURE

## A. Violation of Rule 65(d)(2): Persons Bound by an Injunction or Restraining Order

Federal Rule of Civil Procedure 65(d)(2) provides that an injunction or restraining order binds only:

> "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."

The Trust Beneficiary is not a party to the proceedings before Judge Burke. The Trust Beneficiary is not an officer, agent, servant, employee, or attorney of the Trust. The Trust Beneficiary is the protected person for whose benefit the Trust exists. A trust beneficiary is, by definition, the person who receives the benefit of the trust, not a person who acts on behalf of the trust. The Beneficiary is not "in active concert or participation" with the Trust in the sense contemplated by Rule 65(d)(2)(C); the Beneficiary is the person the Trust serves.

The Supreme Court has long held that Rule 65(d) does not permit courts to impose obligations on non-parties merely because they have some relationship to a litigant. Regal Knitwear Co. v. NLRB, 324 U.S. 9, 13-14 (1945). Instead, liability for contempt requires proof that the non-party aided or abetted the violation of a specific court order. Id. Federal courts have repeatedly emphasized that injunctions cannot bind persons who are strangers to the litigation unless they actively participate in violating the court's order. Alemite Mfg. Corp. v. Staff, 42 F.2d 832, 832-33 (2d Cir. 1930). The mere status of being a beneficiary of a trust does not establish such participation. Absent evidence that the beneficiary directed,

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                                        10

controlled, or assisted the alleged violation of the court's order, Rule 65 does not permit contempt jurisdiction over that individual.

Judge Burke's contempt order against the Beneficiary exceeds the scope of persons who may be bound by a court's orders under Rule 65(d)(2). The order is therefore void as applied to the Beneficiary.

## B. Violation of Rule 19: Required Joinder of Parties

Federal Rule of Civil Procedure 19 governs the joinder of persons who are required for just adjudication. Under Rule 19(a), a person must be joined as a party if:

> "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

If Judge Burke believed that the Beneficiary was a necessary party, the proper procedure was to order joinder under Rule 19, which requires a motion, briefing, and a judicial determination that the absent person is necessary. Judge Burke did not follow this procedure. He did not order joinder. He did not conduct a Rule 19 analysis. He did not determine whether the Beneficiary was a necessary party. Instead, he issued a contempt order directly against the Beneficiary, bypassing the procedural requirements of Rule 19 entirely.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.    11

This is forced enjoinment. It is the use of contempt power to accomplish what Rule 19 requires be accomplished through proper procedural channels. It is a violation of the Federal Rules of Civil Procedure and a denial of the Beneficiary's right to the procedural protections that Rule 19 affords.

## C. Violation of Rule 17: Real Party in Interest

Federal Rule of Civil Procedure 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." Rule 17(a)(1) further provides that "[a] trustee of an express trust" may sue in the trustee's own name without joining the person for whose benefit the action is brought.

This provision explicitly authorizes the Trustee to prosecute the Trust's claims without joining the Beneficiary. The Federal Rules contemplate that the Trustee is the real party in interest, and the Beneficiary need not be a party. Judge Burke's contempt order against the Beneficiary contradicts Rule 17(a)(1) by compelling the appearance of a person whom the Federal Rules expressly provide need not be joined. See 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Section 1560 (3d ed. 2010). A court that compels a beneficiary to appear despite the trustee's presence as a party disregards this foundational rule and improperly expands its jurisdiction over persons not before the court.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

12

## VI. CONSTITUTIONAL VIOLATIONS

### A. Violation of the Fifth Amendment: Due Process

The Fifth Amendment to the United States Constitution provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. A contempt order carries the potential for incarceration, a deprivation of liberty. Before a person may be subjected to the coercive power of contempt, that person must be afforded due process, which includes, at minimum, notice and an opportunity to be heard.

The Beneficiary has not been afforded due process. The Beneficiary was never made a party to the proceedings. The Beneficiary was never served with a complaint or summons. The Beneficiary was never given notice that he was subject to the court's jurisdiction. The Beneficiary was never given an opportunity to be heard on the question of whether the court has authority over him. The first notice the Beneficiary received was the contempt order itself, served by United States Marshals at his residence.

Contempt sanctions imposed upon a non-party who has not been joined, served, or otherwise subjected to the court's jurisdiction raise fundamental due process concerns. Courts must ensure that individuals are not bound by judicial orders without first establishing jurisdiction and notice consistent with constitutional requirements. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

13

(1945). Where a beneficiary has not appeared as a litigant and has not been shown to have acted in concert with a party to violate an order, extending contempt jurisdiction to that beneficiary exceeds the limits recognized by Rule 65 and longstanding principles of due process.

A contempt order served upon a non-party who has never been joined, never been served, never appeared, and never been given an opportunity to contest the court's jurisdiction is a violation of the Fifth Amendment's guarantee of due process. The contempt order is void.

## B. Violation of the First Amendment: Right to Petition

The First Amendment to the United States Constitution protects the right of the people "to petition the Government for a redress of grievances." U.S. Const. amend. I. The Trust's mandamus petition before this Court, the Emergency Motion, and the Rule Nisi are all exercises of the right to petition. The Trust Beneficiary is the person whose grievances the Trust seeks to redress.

Judge Burke's contempt order was served on the same day the Trust filed its Emergency Motion in this Court. The timing suggests that the contempt order is retaliatory, a response to the Trust's exercise of its First Amendment right to petition the Eleventh Circuit for relief from Judge Burke's conduct. Retaliatory use of contempt power to punish or deter the exercise of the right to petition is a violation of the First Amendment.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                                    14

## C. Violation of Article III: Jurisdiction

Article III of the United States Constitution limits the judicial power of the United States to "Cases" and "Controversies." U.S. Const. art. III, Section 2. A court's jurisdiction extends only to the parties before it. The Beneficiary is not a party before Judge Burke's court. Judge Burke has no Article III jurisdiction over the Beneficiary in his personal capacity. The contempt order, insofar as it purports to exercise judicial power over a non-party, exceeds the constitutional limits of Article III jurisdiction.

## VII. VIOLATIONS OF ADDITIONAL FEDERAL STATUTES

### A. 18 U.S.C. Section 401: Contempt Power Limited

Title 18, United States Code, Section 401 provides that a court "shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other." The phrase "and none other" is a statutory limitation on contempt power. A court may punish contempt of its authority, but it has no authority over a non-party who has not been joined, has not appeared, and has not been subjected to any order of the court. Judge Burke's contempt order against the Beneficiary exceeds the statutory authority conferred by 18 U.S.C. Section 401 because the Beneficiary has never been subject to the court's authority.

### B. 28 U.S.C. Section 453: Oath of Office

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

Title 28, United States Code, Section 453 requires that each justice or judge of the United States "shall take the following oath or affirmation before performing the duties of his office." The oath is a prerequisite to the lawful exercise of judicial authority. The Trust has challenged Judge Burke's compliance with the oath requirement through unrebutted affidavits recorded as public instruments in Lawrence County, Alabama (Instrument Nos. 6002733 and 6003105) and Morgan County, Alabama (MISC Book 2022). These affidavits, which remain unrebutted, challenge Judge Burke's oath, bond, and delegation of authority. Judge Burke's compliance with 28 U.S.C. Section 453 is an unresolved question that this Court should consider in evaluating whether Judge Burke had lawful authority to issue the contempt order.

## C. 42 U.S.C. Section 1983: Deprivation of Rights Under Color of Law

Judge Burke's contempt order against the Beneficiary constitutes a deprivation of rights under color of law in violation of 42 U.S.C. Section 1983. The Beneficiary's rights to due process (Fifth Amendment), to petition (First Amendment), and to be free from the exercise of judicial power absent jurisdiction (Article III) are being violated by a person acting under color of federal judicial authority. The Trust has filed a separate Section 1983 action in the Circuit Court of Madison County, Alabama, Case No. 47-CV-2026-900424.00, addressing the

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

16

broader pattern of civil rights violations. The contempt order served on March 5, 2026, constitutes additional evidence of the pattern alleged in that complaint.

## D. 42 U.S.C. Section 1985: Conspiracy to Interfere with Civil Rights

The timing and pattern of events suggest a coordinated effort to deprive the Trust and its Beneficiary of their civil rights. Judge Burke disbarred the Trust's attorney without notice or hearing. The Alabama State Bar, through Justin Jones, initiated disciplinary proceedings against the same attorney. Judge Burke then issued contempt orders against the Beneficiary personally, targeting the protected person after neutralizing the protector. This sequential targeting of the attorney and then the beneficiary is consistent with a conspiracy to interfere with civil rights as described in 42 U.S.C. Section 1985(2) and (3).

## VIII. BIVENS CLAIM: PERSONAL LIABILITY OF RESPONDENT FOR CONSTITUTIONAL VIOLATIONS

### A. The Bivens Framework and Its Application

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized an implied cause of action for damages against federal officials who violate constitutional rights while acting under color of federal authority. Unlike 42 U.S.C. Section 1983, which reaches state actors, Bivens provides the constitutional remedy against federal actors who

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

deprive persons of their rights. Judge Burke is a federal judicial officer. The United States Marshals who served the contempt orders are federal law enforcement officers. Section 1983 does not reach them. Bivens does.

The Trust hereby places this Court and all parties on notice that the Trust reserves and preserves all Bivens claims against Judge Burke in his individual capacity, and against any federal officer who participated in the enforcement of the unlawful contempt order against the non-party Trust Beneficiary.

## B. Fifth Amendment Due Process: A Recognized Bivens Context

The Supreme Court in Davis v. Passman, 442 U.S. 228 (1979), recognized a Bivens cause of action for Fifth Amendment violations by federal officials. The Trust Beneficiary's claim falls squarely within this recognized context. Judge Burke deprived the Trust Beneficiary of liberty, through contempt orders carrying the threat of incarceration, without due process of law. The Beneficiary was never made a party. The Beneficiary was never served with process. The Beneficiary was never given notice or an opportunity to be heard. The first process the Beneficiary received was the contempt order itself, delivered by United States Marshals at his residence.

This is not a request to extend Bivens into a new context. This is the application of Bivens in the exact context the Supreme Court recognized in Davis

v. Passman: a Fifth Amendment due process violation by a federal official acting under color of federal authority.

## C. First Amendment Retaliation: Bivens Liability for Retaliatory Contempt

Judge Burke's contempt order was served on the same day the Trust filed its Emergency Motion in this Court. The Trust's mandamus petition, Emergency Motion, and Rule Nisi are all exercises of the First Amendment right to petition the government for redress of grievances. Judge Burke's response to the Trust's exercise of that right was to dispatch United States Marshals to serve contempt orders on the Trust Beneficiary. The timing of the contempt service, on the same day as the Emergency Motion filing, constitutes evidence of retaliatory intent sufficient to support a Bivens claim for First Amendment retaliation.

## D. Judicial Immunity Does Not Bar These Claims

Judge Burke will assert judicial immunity. Under Stump v. Sparkman, 435 U.S. 349 (1978), judicial immunity is overcome when the judge acted "in the clear absence of all jurisdiction." Under Mireles v. Waco, 502 U.S. 9 (1991), judicial immunity is also overcome when the judge's actions were not taken in a judicial capacity.

Judge Burke's contempt order against the Trust Beneficiary satisfies both exceptions. The Beneficiary is not a party. No joinder motion was filed. No Rule

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                                                    19

19 analysis was conducted. No process was served making the Beneficiary a party. Judge Burke had no jurisdiction, not diminished jurisdiction, not disputed jurisdiction, but no jurisdiction whatsoever, over the Trust Beneficiary as an individual. The contempt order was issued in the complete absence of all jurisdiction over the person it targeted. Judicial immunity does not attach to acts taken in the clear absence of all jurisdiction.

Further, under Pulliam v. Allen, 466 U.S. 522 (1984), judicial immunity does not bar prospective injunctive relief against a judicial officer. While the Federal Courts Improvement Act of 1996 modified Pulliam to require that declaratory relief be unavailable or inadequate before injunctive relief may issue, the Act did not modify the Stump exception for acts taken in the clear absence of jurisdiction. The Bivens claim for damages and the request for injunctive relief operate on parallel tracks, and judicial immunity bars neither.

## E. The Westfall Act Does Not Shield Bivens Claims

The Department of Justice has certified Judge Burke's conduct under the Westfall Act, 28 U.S.C. Section 2679, substituting the United States as the defendant for common law tort claims. However, the Westfall Act applies only to common law tort claims against federal employees acting within the scope of their employment. The Westfall Act does not apply to constitutional tort claims under Bivens. The Supreme Court has never held that the Westfall Act bars Bivens

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    20

actions. The DOJ's Westfall certification therefore provides no shield against the Trust's Bivens claim. Judge Burke stands personally exposed.

## F. The Ziglar v. Abbasi Analysis Does Not Bar This Claim

In Ziglar v. Abbasi, 582 U.S. 120 (2017), the Supreme Court held that courts must exercise caution before extending Bivens to new contexts and must consider whether "special factors" counsel hesitation. The Trust's Bivens claim does not require extension to a new context. The Fifth Amendment due process claim falls within the recognized Bivens context of Davis v. Passman. Moreover, even under the Abbasi framework, no special factors counsel hesitation here. There is no alternative remedial structure that provides the Trust Beneficiary with a damages remedy for the constitutional violations inflicted by Judge Burke. The mandamus proceeding before this Court provides injunctive relief but not damages. The Judicial Council complaint provides institutional discipline but not compensation. The Section 1983 action in Madison County reaches state actors but not federal actors. Bivens is the only vehicle that provides the Trust Beneficiary with a damages remedy against the federal official who violated his constitutional rights.

## G. Notice of Intent to File Bivens Action

The Trust hereby provides formal notice to this Court, to Judge Burke, and to all parties that the Trust intends to file a Bivens action against Judge Liles C.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    21

Burke in his individual capacity in an appropriate federal district court. The Bivens action will seek compensatory damages for the deprivation of the Trust Beneficiary's Fifth Amendment right to due process, compensatory damages for the violation of the Trust Beneficiary's First Amendment right to petition, and punitive damages for the willful, malicious, and retaliatory nature of Judge Burke's conduct.

This notice is provided in this filing so that the record before this Court is complete and so that this Court may consider the full scope of the Trust's legal position, including the personal liability exposure of the Respondent, in evaluating the pending Emergency Motion, Rule Nisi, and mandamus petition.

## IX. THE PATTERN OF NON-ENGAGEMENT AND ITS SIGNIFICANCE

This Court should consider Judge Burke's contempt order in the context of the broader pattern of non-engagement by all respondents in this and related proceedings.

In Case No. 26-10607, this Court ordered responses from the respondents, including Judge Burke, NASA, and the Department of Justice. No respondent filed a response. The case was closed after the respondents' default.

In Case No. 26-10607-B, this Court again ordered responses. No respondent filed a response. The case was closed after the respondents' default.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    22

The Trust has filed multiple unrebutted affidavits as recorded instruments in Lawrence County (Instrument Nos. 6002733 and 6003105) and Morgan County (MISC Book 2022). No party has rebutted any affidavit.

The Alabama Supreme Court, in Case No. SC-2025-0903, requested binders from the Trust and accepted filings in Trust posture. No opposing party has challenged the Trust's standing before the Alabama Supreme Court.

Against this backdrop of universal silence, Judge Burke's contempt order stands in stark contrast. Judge Burke refuses to respond to this Court's orders in companion cases, refuses to rebut the Trust's affidavits, and refuses to engage with the Trust's legal arguments, yet he issues contempt orders against a non-party Beneficiary and dispatches United States Marshals to serve them. This is not the conduct of a judicial officer administering justice. This is the conduct of a judicial officer using the coercive machinery of the state to punish and intimidate a person who has petitioned a higher court for relief from that officer's misconduct.

The maxim of equity applies: he who seeks equity must come with clean hands. Judge Burke cannot seek the aid of his own contempt power while refusing to answer to this Court's authority.

## X. CONSTRUCTIVE NOTICE AND RECORDED INSTRUMENTS

The Trust has provided constructive notice to all parties, including Judge Burke, through recorded instruments filed in the public records of Lawrence

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    23

County, Alabama, and Morgan County, Alabama. These recorded instruments include affidavits challenging Judge Burke's oath, bond, and delegation of authority, as well as affidavits establishing the Trust's structure, the Trustee's authority, and the Beneficiary's non-party status.

Under Alabama law, a recorded instrument provides constructive notice to all persons. Ala. Code Section 35-4-90. The legal maxim "notice to agent is notice to principal" applies: service of these recorded instruments upon any agent of the government constitutes notice to the government itself.

Judge Burke was on constructive notice that the Beneficiary is not a party to the Trust's litigation. Judge Burke was on constructive notice that the Trustee is the authorized representative of the Trust and its Beneficiary. Despite this constructive notice, Judge Burke issued a contempt order against the Beneficiary. This is not error. This is willful disregard of the Trust's established legal structure.

## XI. DEMAND FOR RELIEF

In light of the foregoing, the Trust respectfully requests that this Court:

1. Take judicial notice of the contempt order served upon the Trust Beneficiary on March 5, 2026, and consider it as a material development in connection with the pending Emergency Motion for Interim Relief (Doc. 8) and the Rule Nisi (Doc. 4).

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    24

2. Issue the Rule Nisi (Doc. 4), commanding Judge Burke to show cause why he should not be directed to vacate the contempt order against the non-party Beneficiary, cease all proceedings against the Trust and its representatives, and recuse himself from all matters involving the Trust.

3. Grant the Emergency Motion for Interim Relief (Doc. 8) and stay all proceedings before Judge Burke, including the March 31, 2026 contempt hearing, pending resolution of the mandamus petition.

4. Order Judge Burke to respond to this Supplemental Notice and explain the legal basis for issuing a contempt order against a non-party Trust beneficiary who has never been joined as a party, never been served with process, and never appeared before his court.

5. Refer this matter to the Judicial Council of the Eleventh Circuit under 28 U.S.C. Sections 351-364 for investigation of Judge Burke's pattern of conduct, including the disbarment of the Trust's attorney without notice or hearing, the arrest of the Trust's attorney for filing a mandamus petition, the lockout of the Trust's attorney from CM/ECF, and the issuance of contempt orders against a non-party Trust beneficiary.

6. Take judicial notice of the Trust's notice of intent to file a Bivens action against Judge Burke in his individual capacity for compensatory and punitive damages arising from the constitutional violations described herein, and consider

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                                                                 25

the Respondent's personal liability exposure in evaluating the urgency of the pending Emergency Motion and Rule Nisi.

7. Grant such other and further relief as this Court deems just and proper.

## XII. CONCLUSION

Judge Burke's contempt order against the Trust Beneficiary is not a lawful exercise of judicial authority. It is an unlawful attempt to force the enjoinment of a non-party through the coercive power of contempt, in violation of the Alabama Uniform Trust Code (Sections 19-3B-105, 19-3B-201, 19-3B-202, 19-3B-303, 19-3B-501, 19-3B-502, 19-3B-802, 19-3B-809, and 19-3B-816), the Federal Rules of Civil Procedure (Rules 17, 19, and 65), the United States Constitution (U.S. Const. amends. I, V; U.S. Const. art. III), federal statutes (18 U.S.C. Section 401, 28 U.S.C. Section 453, 42 U.S.C. Sections 1983 and 1985), and the constitutional tort framework established by <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and <u>Davis v. Passman</u>, 442 U.S. 228 (1979). Judge Burke's personal liability exposure under Bivens is not a threat; it is a legal consequence of his decision to exercise contempt power over a non-party in the clear absence of all jurisdiction, while retaliating against the Trust for exercising its First Amendment right to petition this Court for relief.

The Beneficiary is not a party. The Trust is the party. The Trustee is the representative. This is not a novel legal theory; it is the fundamental structure of

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                26

trust law as codified by the Alabama Legislature and recognized by every court in the United States. Judge Burke's refusal to honor this structure, while simultaneously refusing to respond to this Court's orders in companion cases and refusing to rebut the Trust's recorded affidavits, demonstrates a pattern of conduct that this Court has both the authority and the duty to correct.

The Trust respectfully urges this Court to act before March 31, 2026.

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U.S. citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC Section 1-308, all rights and remedies are expressly reserved without prejudice. No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                                27

Respectfully submitted this 5th day of March, 2026. I declare under penalty of

perjury that the foregoing is true and correct. Executed on March 6, 2026 at

Huntsville, AL.


/s/ Kimberly A. Ford
Kimberly A. Ford
Fiduciary Counsel for Brackins El Private Estate Trust
FORDUMAS LLC
Law, Consulting and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1-800-408-1501
kimberly@fordumas.com

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

28

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 21(d)(1). This filing contains approximately 6,069 words, excluding the parts of the filing exempted by Federal Rule of Appellate Procedure 32(f). This notice has been prepared using a proportionally spaced typeface using Times New Roman 14-point font.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    29

## CERTIFICATE OF SERVICE

I do hereby certify that on March 5, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will send notification of such filing to all counsel of record. In the event CM/ECF access is unavailable, service shall be completed by first-class mail, postage prepaid, to all parties at their addresses of record, pursuant to FRAP 25(d).

Attn: Pamela Bondi, U.S.Attorney General
950 Pennsylvania Ave., NW
Washington, D.C. 20530-0001

United States Department of Justice
United States Attorney[s Office, Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203

United States Office of Special Counsel
Attn: Paul Ingrassia, Special Counsel
1730 M Street NW, Suite 218
Washington, DC 20036-4505

United States Marshals Service, Northern District of Alabama
Hugo L. Black United States Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Greer M. Lynch, Clerk of Court
U.S. District Court, Northern District of Alabama

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach: Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

1729 5th Avenue North
Birmingham, AL 35203


Internal Revenue Service (IRS)
Attn: Scott Bessent, Acting Commissioner
1111 Constitution Avenue, NW
Washington, DC. 20224


United States Department of the Treasury
Attn: Office of the General Counsel
1500 Pennsylvania Avenue, NW
Washington, DC 20220


National Aeronautical and Space Administration (NASA)
Attn: Office of the General Counsel
300 E Street SW, Suite 0V30
Washington, DC 20546


NASA Marshall Space Flight Center (MSFC)
Attn: Rae Meyer, Center Director and the Office of the General
Counsel
Mail Code LS0l
Huntsville, AL 35812


John K. White
3700 GovernorsDrive NW, Unit 213
Huntsville, AL 35805-3561


Paula DeCaesaris
2890 High Mountain Road, NE
Huntsville, AL 35811


Larry Mack
143 Fernbridge Blvd.
Madison, AL 35758-7556


Pamela Bourque

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                31

155 Intercostal Dr.
Madison, AL 35758-9425

Phillip Jeff Morton
1260 Balch Road, Apt. 3202
Madison, AL 35757-6396

Paul R. Sullivan
2211 Cedar Cove Ct.
Reston, VA 20191-4108

Wendell Scott Stewart
244 Rosecliff Drive
Harvest, AL 35749

Stanley Rhodes
133 Vaughnwood Trace
Huntsville, AL 35806-4085

Sherry Huddleston
136 Jay Crawford Rd.
Baileyton, AL 35019

Dwight Mosby
26 Wax Lane SW
Huntsville, AL 35824

Kristin Pollard Kiel
19 America Way SW
Huntsville, AL 35824

Lisa Bates
101 Woodley Road
Madison, AL 35758

Hon. Ruth Ann Hall
100 Northside Square

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

32

Huntsville, Al 35801

Hon. Liles C. Burke
660 Gallatin Street
Huntsville, AL 35801

Hon. R. David Proctor
1729 5th Avenue North
Birmingham, AL 35203

Merit Systems Protection Board, Headquarters
1615 M Street, NW
Washington, D.C. 20419

Hon. Joel T. Alexander
Atlanta Regional Office
401 W. Peachtree St., NW, 10th Floor
Atlanta, GA 30308-3519

Hon. Christopher G. Sprague.
Atlanta Regional Office
401 W. Peachtree St., NW, 10th Floor
Atlanta, GA 30308-3519

Ann Allen
NASA Headquarters
Office of Equal Opportunity
300 E Street, SW
Washington, DC 20546

Joseph John Pelfrey
104 Brac Circle SW
Huntsville AL 35824

/s/Kimberly A. Ford

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

32

# EXHIBITS



**From:** cmecf_ALND@alnd.uscourts.gov
**Subject:** Activity in Case 5:25-cv-00581-LCB El v. Stewart et al Order
**Date:** August 5, 2025 at 4:44 PM
**To:** ecfAdmin@alnd.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Northern District of Alabama

## Notice of Electronic Filing

The following transaction was entered on 8/5/2025 at 4:42 PM CDT and filed on 8/5/2025

**Case Name:**          El v. Stewart et al
**Case Number:**      5:25-cv-00581-LCB
**Filer:**
**Document Number:** 31

Docket Text:
**ORDER: The Court has found that the motion to dismiss was due to be granted for lack of subject matter jurisdiction, this case is DISMISSED WITHOUT PREJUDICE, and the Clerk is ORDERED to close the case. Signed by Judge Liles C Burke on 8/5/2025. (AHI)**

**5:25-cv-00581-LCB Notice has been electronically mailed to:**

Darren Walker , Jr    darren.walker@usdoj.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-00581-LCB Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=8/5/2025] [FileNumber=6216847-0]
[2d6990b353afda0894e6ae414de050b9f7ba0e2ec210a29a0f20ce714e13ea7fe6e0
65fd8f4754f9f7ea56ad01e22ac790b9fd56ae34386dfa56a614b61cec96]]

<span style="color:red">Exhibit A</span>

USCA11 Case: 26-10250    Document: 7    Date Filed: 02/07/2026    Page: 45 of 107

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Appearance of Counsel Form

**Attorneys who wish to participate in an appeal must be properly admitted either to the bar of this court or for the particular proceeding pursuant to 11th Cir. R. 46-1, et seq.** An attorney not yet properly admitted must file an appropriate application. In addition, all attorneys (except court-appointed counsel) who wish to participate in an appeal must file an appearance form within fourteen (14) days after notice is mailed by the clerk, or upon filing a motion or brief, whichever occurs first. Application forms and appearance forms are available at www.ca11.uscourts.gov.

**Please Type or Print**

Court of Appeals No. 26-10250-G

In re Brackins El Private Estate Trust        vs.        Liles C. Burke

The Clerk will enter my appearance for these named parties or amici curiae (you must list all parties or amici; use extra pages if necessary):

Kimberly A. Ford, fiduciary counsel and TTEE for the Brackins El Private Estate Trust

These individuals/entities are:

☐ appellant(s)        ☑ petitioner(s)        ☐ intervenor(s)
☐ appellee(s)         ☐ respondent(s)       ☐ amicus curiae

☑ The following related or similar cases are pending in this court:

26-10607-B; 5:25-cv-01568 (and consolidated cases); 5;26-cv-00167; 5:26-cv-00205; 5:26-cv

☑ Check here if you are lead counsel.

I hereby certify that I am an active member in good standing of the state bar or the bar of the highest court of the state (including the District of Columbia) named below, and that my license to practice law in the named state is not currently lapsed for any reason, including but not limited to retirement, placement in inactive status, failure to pay bar membership fees or failure to complete continuing education requirements. I understand that I am required to notify the Clerk of this court within 14 days of any changes in the status of my state bar memberships. *See* 11th Cir. R. 46-7.

State Bar: ASB-4139-R80F        State Bar No.: _____

Signature: *Kimberly A. Ford*

Name (type or print): Kimberly A. Ford        Phone: _____

Firm/Govt. Office: _____        E-mail: _____

Street Address: 470 Providence Main, Suite 302C        Fax: 1-800-408-1501

City: Huntsville        State: AL        Zip: 35806

Revised 12/21



**IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
PHILADELPHIA  PA    19255-0023

001912.718255.101178.31973 1 MB 0.672 532

BRACKINS EL PRIVATE ESTATE TRUST- R
 ESTORATION ESCROW ACCOUNT
KIMBERLY A FORD TTEE
6675 COUNTY ROAD 203
DANVILLE  AL    35619

001912

Date of this notice:  11-12-2025

Employer Identification Number:
▆▆▆▆705

Form:  SS-4

Number of this notice:  CP 575 D

For assistance you may call us at
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB OF THIS NOTICE.

WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN).  We assigned you
EIN ▆▆▆▆705.  This EIN will identify your estate or trust.  If you are not the
applicant, please contact the individual who is handling the estate or trust for you.
Please keep this notice in your permanent records.

Taxpayers request an EIN for their business.  Some taxpayers receive CP575 notices
when another person has stolen their identity and are opening a business using their
information.  If you did not apply for this EIN, please visit, www.irs.gov/
einnotrequested.

When filing tax documents, making payments, or replying to any related correspondence,
it is very important that you use your EIN and complete name and address exactly as
shown above.  Any variation may cause a delay in processing, result in incorrect
information in your account, or even cause you to be assigned more than one EIN.  If
the information is not correct as shown above, please make the correction using the
attached tear-off stub and return it to us.

Based on the information received from you or your representative, you must file the
following forms by the dates shown.

                     Form 1041                        11/06/2025

If you have questions about the forms or the due dates shown, you can call us at the
phone number or write to us at the address shown at the top of this notice.  If you
need help in determining your annual accounting period (tax year), see Publication
538, Accounting Periods and Methods.

We assigned you a tax classification (corporation, partnership, estate, trust, EPMF,
etc.) based on information obtained from you or your representative.  It is not a
legal determination of your tax classification and is not binding on the IRS.  If you
want a legal determination of your tax classification, you may request a private
letter ruling from the IRS under the guidelines in Revenue Procedure 2020-1, 2020-1
I.R.B. 1 (or superseding Revenue Procedure for the year at issue).  Note: Certain tax
classification elections can be requested by filing Form 8832, Entity Classification
Election.  See Form 8832 and its instructions for additional information.

USCA11 Case: 26-20050   Document: 07   Date Filed: 02/07/2026   Page: 43 of 407

(IRS USE ONLY)    575D                    11-12-2025  BRAC  B  0509907037  SS-4

IMPORTANT REMINDERS:

* Keep a copy of this notice in your permanent records. This notice is issued
  only one time and IRS will not be able to generate a duplicate copy for you.
  You may give a copy of this document to anyone asking for proof of your EIN.

* Use this EIN and your name exactly as they appear at the top of this notice
  on all your federal tax forms.

* Refer to this EIN on your tax-related correspondence and documents.

* Provide future officers of your organization with a copy of this notice.

Your name control associated with this EIN is BRAC. You will need to provide this
information, along with your EIN, if you file your returns electronically.

Safeguard your EIN by referring to Publication 4557, Safeguarding Taxpayer Data:
A Guide for Your Business.

You can get any of the forms or publications mentioned in this letter by visiting our
website at www.irs.gov/forms-pubs or by calling 800-TAX-FORM (800-829-3676).

If you have questions about your EIN, you can contact us at the phone number or
address listed at the top of this notice. If you write, please tear off the stub at
the bottom of this notice and include it with your letter. If you do not need to
write us, do not complete, and return this stub.

Thank you for your cooperation.

(IRS USE ONLY)    575D    DOCUMENT 3    11-12-2025    BRAC    B    0509907037    SS-4



001912

Keep this part for your records.    CP 575 D (Rev. 1-2022:

Return this part with any correspondence
so we may identify your account.  Please
correct any errors in your name or address.

CP 575 D

0509907037

Your Telephone Number   Best Time to Call    DATE OF THIS NOTICE:  11-12-2025
(    )    -                                   EMPLOYER IDENTIFICATION NUMBER: 705
                                             FORM:  SS-4              NOBOD

                                             BRACKINS EL PRIVATE ESTATE TRUST- I
                                              ESTORATION ESCROW ACCOUNT
                                             KIMBERLY A FORD TTEE
                                             6675 COUNTY ROAD 203
INTERNAL REVENUE SERVICE                     DANVILLE  AL    35619
PHILADELPHIA  PA    19255-0023

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| BRACKINS EL PRIVATE ESTATE, <br><br>     Plaintiff, <br><br> v. <br><br> CRAIG WHITE, *et al.*, <br><br>     Defendants. | Case No.: 5:25-cv-1568-LCB |
| BRACKINS EL PRIVATE ESTATE TRUST, <br><br>     Plaintiff, <br><br> v. <br><br> PAMELA BONDI, *et al.*, <br><br>     Defendants. | Case No.: 5:25-cv-1600-LCB |
| BRACKINS EL PRIVATE ESTATE TRUST, <br><br>     Plaintiff, <br><br> v. <br><br> LARRY K. MACK, *et al.*, <br><br>     Defendants. | Case No.: 5:25-cv-1607-LCB |
| BRACKINS EL PRIVATE ESTATE, TRUST <br><br>     Plaintiff, <br><br> v. <br><br> ALEX MCKENZIE LAGANKE, <br><br>     Defendant. | Case No.: 5:25-cv-1685-LCB |

**EXHIBIT B**

## ORDER

In January of 2026, the Court disbarred attorney Kimberly Ford from practice in the Northern District of Alabama and ordered her to certify within ten days that she had provided a copy of the disbarment order to her clients, opposing counsel, and the judge presiding over the matter in every pending state or federal case in which she was counsel of record. She did not. She was therefore held in contempt of court and remanded to the custody of the U.S. Marshals until she purged herself of that contempt.

Then in early February, Ford, despite her disbarment, filed new pleadings on behalf of a client in the Northern District of Alabama. The Court struck her pleadings and expressly ordered her to stop filing any more papers on behalf of others in the District. But here we go again: in direct contradiction of that order, Ford has filed new pleadings, new motions, and other papers as attorney of record for two clients in the Northern District.

The Court therefore **ORDERS** Kimberly Ford to show cause why she should not be held in criminal contempt for violating a lawful court order; requests that her contempt be prosecuted by the U.S. Attorney for the Northern District of Alabama; and sets this matter for trial.

2

## I.   BACKGROUND

On January 23, 2026, the Court disbarred attorney Kimberly Ford from practice in the U.S. District Court for the Northern District of Alabama, finding that her "thoroughgoing contempt and entrenched pattern of misconduct" had amply "demonstrate[d] her unfitness to practice in this district." (Doc. 37 at 54). Specifically, Ford was publicly reprimanded and disbarred for her intentional, bad-faith threats and harassment toward opposing counsel, her knowing equivocations with the Court, her abuses of the judicial process and frivolous advocacy, and her willful violations of Court orders. *Id.* at 2

Notwithstanding this disbarment, Ford filed a new complaint in the District nine days later on behalf of Randy Brackins El. *Brackins El v. Bates*, 5:26-cv-167-LCB (N.D. Ala. Feb. 1, 2026), ECF No. 1. The Court struck the complaint and dismissed the case without prejudice, because a person not barred in the Northern District may only represent themself if they are not otherwise represented by an attorney. *Bates*, 5:26-167-LCB, ECF No. 2 at 1–2 (quoting N.D. ALA. L.R. 83.1(d), (j)).

But the day after the complaint was stricken and the case dismissed, Ford filed an "Emergency Motion to Vacate Void Dismissal and Restore Original Action" on behalf of Brackins El. *Bates*, 5:26-cv-167-LCB, ECF No. 3. The Court struck this filing too, explaining once again that "Ford is prohibited from filing anything in this

court . . . on anyone's behalf but her own[,] because last month she was disbarred from practice in the Northern District of Alabama." *Bates*, 5:26-cv-167-LCB, ECF No. 4. at 1.

Then on February 9, Ford filed a new case on Brackins El's behalf with the same recently stricken complaint along with four additional papers: a motion for the Court's disqualification and recusal, two filings in support of that motion, and a motion for judgment as a matter of law. *Brackins El v. Bates, et al.*, 5:26-cv-205-LCB (N.D. Ala. Feb. 9, 2026), ECF Nos. 1, 2, 3, 4 & 5. The Court struck each one of these for the same reason it had stricken the complaint the week before: Ford was "prohibited from practicing law in the district." *Bates*, 5:26-cv-205-LCB, ECF No. 6 at 2. In striking the complaint this time, however, the Court rebuked Ford for continuing to practice law, and, to make sure that she fully "grasp[ed] the meaning of disbarment," it ordered her to "cease filing anything on behalf of others in the Northern District of Alabama." *Id.* The order carried a warning that if she filed "anything further in this district on anyone's behalf but her own," she could be held in contempt of court. *Id.*

Notwithstanding this warning, Ford has since filed two new cases on behalf of others in the Northern District of Alabama. The first reintroduces the twice-stricken complaint on behalf of Randy Brackins El, *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), while the second petitions the Court for habeas

relief under 28 U.S.C. § 2254 on behalf of Timothy Van Anderson, *Van Anderson v. Sanders*, 3:26-cv-258-LCB-NAD (N.D. Ala. Feb. 16, 2026).

In the third iteration of the *Bates* case, Ford has also filed the following pleadings, motions, and other papers: a supplemental motion for judicial disqualification and recusal; a consolidated motion to compel agency action under 5 U.S.C. § 706(1) and notice of MSPB delay; a motion for judgment as a matter of law; a first amended complaint; a supplemental notice of re-filed exhibits and incorporation into amended complaint; a supplemental ex-parte notice of trust interference; a supplemental notice of newly filed state supreme court records in support of pending motion for judgment as a matter of law; Plaintiff's corrected and strengthened supplemental notice of authorities and newly filed state supreme court records in further support of pending motion for judgment as a matter of law; Plaintiff's corrected supplemental notice of filing, motion to enforce federal EEOC settlement agreement, motion for summary judgment on statutory timing violation, Loudermill due process violation, and whistleblower retaliation prima facie case, and motion for recusal pursuant to 28 U.S.C. § 455(a); and motion under Federal Rule of Civil Procedure 60(b) to Vacate order of dismissal. *Bates*, 5:26-cv-256-LCB, ECF Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 & 14.

In the habeas case, Ford has also filed a motion under Federal Rule of Civil Procedure 60(b) to vacate order of dismissal. *Van Anderson*, 3:26-cv-258-LCB-NAD, ECF No. 3.

## II.    LEGAL STANDARDS

Title 18 U.S.C § 401 empowers a federal district court to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Where the nature of such contempt is criminal, the court may punish "any person . . . for that contempt after prosecution on notice." FED. R. CRIM. P. 42(a).

Notice to a person threatened with criminal contempt "must (A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) state the essential facts constituting the charged criminal contempt and describe it as such." *Id.* at (a)(1). In such cases, the court must also "request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt." *Id.* at (a)(2).

Criminal contempt is neither a felony nor a misdemeanor but a *sui generis* offense. *United States v. Cohn*, 586 F.3d 844, 848-49 (11th Cir. 2009). If the

maximum sentence is limited to six months imprisonment or a fine of $5,000, the

matter may be prosecuted as a petty offense and tried without a jury. *See Taylor v.*

*Hayes*, 418 U.S. 488, 495 (1974) (holding that contempt may be charged as a petty

offense and tried without a jury); 18 U.S.C. § 19 (defining petty offenses); and 18

U.S.C. § 3571(b)(6) (limiting fines for petty offenses to $5,000).

## III.  DISCUSSION

The Court could not have put the matter more plainly: Ford may not practice

law in the Northern District of Alabama. When Ford tried to do so anyway, the Court

was patient; it struck her unlawful filings and gently reminded her that disbarment

means—well, disbarment. But Ford kept filing things anyway and was then

expressly ordered to cease filing anything on behalf of others in this District.

Following that express order, Ford then filed a total of fifteen documents on

behalf of others in this District, and because she has continued to file documents on

behalf of others in the Northern District of Alabama, the Court finds probable cause

to believe she has willfully violated a lawful order of the Court. *Bates*, 5:26-cv-205-

LCB, ECF No. 6. Ford has been warned many times of the consequences of filing

without legal authority, and this Court therefore initiates these criminal contempt

proceedings against her.

## IV.  CONCLUSION

In accordance with Rule 42 of the Federal Rules of Criminal Procedure, the Court therefore **ORDERS** as follows:

1.      Because she has filed the following documents, the Court finds probable cause to believe that Ford has violated a lawful court order that she cease filing documents on behalf of others in the Northern District of Alabama, *Bates*, 5:26-cv-205-LCB, ECF No. 6:

- *Van Anderson v. Sanders*, 3:26-cv-258-LCB-NAD (N.D. Ala. Feb. 13, 2026), ECF No. 1;

- *Van Anderson v. Sanders*, 3:26-cv-258-LCB-NAD (N.D. Ala. Feb. 13, 2026), ECF No. 3

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 1;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 2;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 3;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 4;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 5;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 6;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 7;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 8;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 9;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 10;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 11;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 12; and

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 14.

2.     The Court **SETS** this matter for a bench trial on **March 30, 2026, at 9:00 a.m.** in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Ford must show cause why she should not be held in criminal contempt under 18 U.S.C § 401 for disobedience of a lawful court order.

3.     The Court requests that the United States prosecute this matter as a petty offense. If Ford is held in criminal contempt, she may thus face up to six months imprisonment, a fine of up to $5,000.00, or both for each willful violation of the Court's order. During the prosecution of this matter, Ford is entitled to the protections normally afforded a criminal defendant charged with a petty offense, including the right to representation of counsel, the

9

presumption of innocence, the privilege against self-incrimination, the opportunity to testify on her behalf, the right to cross-examine and call witnesses, and the right to proof beyond a reasonable doubt. *See Hicks v. Feiock*, 485 U.S. 624, 631-32 (1988) (criminal penalties for contempt may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings).

4.      The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States.

5.      The Clerk of Court is **DIRECTED** to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama.

6.      The United States Marshals Service is directed to serve a copy of this order on Ford.

**DONE** and **ORDERED** this February 26, 2026.

LILES C. BURKE
UNITED STATES DISTRICT JUDGE

Case 5:26-cv-00457-ECM-KFP   Document 3   Filed 03/18/26   Page 100 of 114
Case 5:25-cv-01568-LCB   Document 46   Filed 02/27/26   Page 1 of 7
USCA11 Case: 26-10250   Document: 10   Date Filed: 03/06/2026   Page: 59 of 107

FILED
2026 Feb-27 PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **BRACKINS EL PRIVATE ESTATE,**<br><br>Plaintiff,<br><br>v.<br><br>**CRAIG WHITE,** *et al.*,<br><br>Defendants. | **Case No.: 5:25-cv-1568-LCB** |
| **BRACKINS EL PRIVATE ESTATE TRUST,**<br><br>Plaintiff,<br><br>v.<br><br>**PAMELA BONDI,** *et al.*,<br><br>Defendants. | **Case No.: 5:25-cv-1600-LCB** |
| **BRACKINS EL PRIVATE ESTATE TRUST,**<br><br>Plaintiff,<br><br>v.<br><br>**LARRY K. MACK,** *et al.*,<br><br>Defendants. | **Case No.: 5:25-cv-1607-LCB** |
| **BRACKINS EL PRIVATE ESTATE, TRUST**<br><br>Plaintiff,<br><br>v.<br><br>**ALEX MCKENZIE LAGANKE,**<br><br>Defendant. | **Case No.: 5:25-cv-1685-LCB** |

Case 5:26-cv-00457-ECM-KFP    Document 1-3    Filed 03/18/26    Page 101 of 114
Case 5:25-cv-01568-LCB    Document 46    Filed 02/27/26    Page 2 of 7
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 60 of 107

## ORDER

In February of 2026, the Court permanently enjoined Randy Brackins El—as well as trusts in his name, and all variations thereof—from commencing new lawsuits in any federal court against any person or entity without first obtaining that court's leave or hiring an attorney to represent him who is licensed to practice in the jurisdiction. (Doc. 44). Following this injunction, Brackins El filed a new case in the U.S. District Court for the Northern District of Alabama without first obtaining the Court's leave or hiring an attorney licensed to practice in the District. *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. February 13, 2026). The Court therefore **ORDERS** Randy Brackins El to show-cause why he should not be held in criminal contempt for violating a lawful court order; requests that his contempt be prosecuted by the U.S. Attorney for the Northern District of Alabama; and sets this matter for trial.

## I.    BACKGROUND

Over the past 18 months, Randy Brackins El has filed eight lawsuits, either in his own name or as the beneficiary of a putative trust, arising from an employment dispute with the National Aeronautics and Space Administration's George C. Marshall Space Flight Center. *Brackins El v. Nelson*, 5:24-cv-1244-LCB (N.D. Ala. Sept. 11, 2024); *Brackins El v. Stewart*, 5:25-cv-581-LCB (N.D. Apr. 17, 2025); *Brackins El Private Estate v. White*, 5:25-cv-1568-LCB (N.D. Ala. Sept. 12, 2025);

Case 5:26-cv-00457-ECM-KFP    Document 1-3    Filed 03/18/26    Page 102 of 114
Case 5:25-cv-01568-LCB    Document 46    Filed 02/27/26    Page 3 of 7
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 61 of 107

*Brackins El Private Estate Trust v. Bondi*, 5:25-cv-1600-LCB (N.D. Ala. Sept. 18, 2025); *Brackins El Private Estate Trust v. Mack*, 5:25-cv-1607-LCB (N.D. Ala. Sept. 19, 2025); *Brackins El v. Bates*, 5:26-cv-167-LCB (N.D. Ala. Feb. 1, 2026); *Brackins El v. Bates*, 5:26-cv-205-LCB (N.D. Ala. Feb. 9, 2026); *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Fed. 13, 2026). All have been stricken has frivolous.

On February 11, 2026, the Court declared Mr. Brackins El a vexatious litigant under 28 U.S.C. § 1651(a) and permanently enjoined him from filing new lawsuits in various federal and state fora without that forum's pre-filing approval. (Doc. 44). As part of that injunction, the Court ordered the following:

> Brackins El—as well as all trusts in his name, and all other variations thereof—is permanently enjoined from commencing new lawsuits in any federal court, agency, tribunal, committee, or other forum against any person or entity, or from serving any person or entity with any paper purporting to initiate any lawsuit, action, proceeding, or matter, without first obtaining leave of that court, agency, tribunal, committee, or other forum.
>
> Brackins El, or any person or entity acting for him or at his behest, must attach a copy of this order in every case in which he seeks leave to initiate a new lawsuit in any federal court, agency, tribunal, committee, or other forum.

*Id.* at 4–5.

Two days later, Brackins El filed his eighth lawsuit, *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13 2026). Brackins El did not obtain the Court's

3

Case 5:26-cv-00457-ECM-KFP    Document 1-3    Filed 03/18/26    Page 103 of 114
Case 5:25-cv-01568-LCB    Document 46    Filed 02/27/26    Page 4 of 7
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 62 of 107

leave before initiating this lawsuit or hire an attorney to represent him who is licensed to practice in the District.

## II.    LEGAL STANDARDS

Title 18 U.S.C § 401 empowers a federal district court to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Where the nature of such contempt is criminal, the court may punish "any person . . . for that contempt after prosecution on notice." FED. R. CRIM. P. 42(a).

Notice to a person threatened with criminal contempt "must (A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) state the essential facts constituting the charged criminal contempt and describe it as such." *Id.* at (a)(1). In such cases, the court must also "request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt." *Id.* at (a)(2).

Criminal contempt is neither a felony nor a misdemeanor but a *sui generis* offense. *United States v. Cohn*, 586 F.3d 844, 848-49 (11th Cir. 2009). If the maximum sentence is limited to six months imprisonment or a fine of $5,000, the

4

Case 5:26-cv-00457-ECM-KFP    Document 1-3    Filed 03/18/26    Page 104 of 114
Case 5:25-cv-01568-LCB    Document 46    Filed 02/27/26    Page 5 of 7
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 63 of 107

matter may be prosecuted as a petty offense and tried without a jury. *See Taylor v. Hayes*, 418 U.S. 488, 495 (1974) (holding that contempt may be charged as a petty offense and tried without a jury); 18 U.S.C. § 19 (defining petty offenses); and 18 U.S.C. § 3571(b)(6) (limiting fines for petty offenses to $5,000).

## III.  DISCUSSION

Brackins El was expressly prohibited from filing new lawsuits in federal court unless he either (1) sought and secured the court's pre-filing approval, or (2) hired an attorney to represent him who is licensed to practice in the court. (Doc. 44). Here, he did neither; and, in direct contravention of that order, Brackins El has filed a new lawsuit in the United States District Court for the Northern District of Alabama through an attorney who is barred from practicing in the District. *See Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026). Bec ause Brackins El filed a new lawsuit following the Court's anti-filing injunction without pre-filing approval or a licensed attorney, the Court finds probable cause to believe that he has willfully violated a lawful order of the Court, (doc. 44). The Court therefore initiates these criminal contempt proceedings against him.

## IV.  CONCLUSION

In accordance with Rule 42 of the Federal Rules of Criminal Procedure, the Court therefore **ORDERS** as follows:

Case 5:26-cv-00457-ECM-KFP    Document 1-3    Filed 03/18/26    Page 105 of 114
Case 5:25-cv-01568-LCB    Document 46    Filed 02/27/26    Page 6 of 7
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 64 of 107

1.    By filing the following document, Ford has violated a lawful court order that he seek the Court's pre-filing approval or hire an attorney licensed to practice in the District before filing a new matter in the United States District Court for the Northern District of Alabama, (doc. 44):

- *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13 2026).

2.    The Court **SETS** this matter for a bench trial on **March 31, 2026 at 9:00 a.m.** in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Brackins El must show cause why he should not be held in criminal contempt under 18 U.S.C § 401 for disobedience of a lawful court order.

3.    The Court requests that the United States prosecute this matter as a petty offense. If he is held in criminal contempt, Brackins El may thus face up to six months imprisonment, a fine of up to $5,000.00, or both for each willful violation of the Court's order. During the prosecution of this matter, Brackins El is entitled to the protections normally accorded a criminal defendant charged with a petty offense, including the right to representation of counsel, the presumption of innocence, the privilege against self-incrimination, the opportunity to testify on his behalf, the right to cross-examine and call witnesses, and the right to proof beyond a reasonable doubt. *See Hicks v. Feiock*, 485 U.S. 624, 631–32 (1988) (criminal penalties for contempt may

6

Case 5:26-cv-00457-ECM-KFP    Document 1-3    Filed 03/18/26    Page 106 of 114
Case 5:25-cv-01568-LCB    Document 46    Filed 02/27/26    Page 7 of 7
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 65 of 107

not be imposed on someone who has not been accorded the protections that the Constitution requires of such criminal proceedings).

4.    The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States.

5.    The Clerk of Court is **DIRECTED** to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama.

6.    The United States Marshals Service is **DIRECTED** to serve a copy of this order on Randy Brackins El.

**DONE** and **ORDERED** this February 27, 2026.

LILES C. BURKE
UNITED STATES DISTRICT JUDGE

FILED
2026 Mar-02  AM 10:1
U.S. DISTRICT COUR'
N.D. OF ALABAM

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| BRACKINS EL PRIVATE ESTATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:25-cv-1568-LCB |
| | ) |
| CRAIG WHITE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| BRACKINS EL PRIVATE ESTATE TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:25-cv-1600-LCB |
| | ) |
| PAMELA BONDI, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| BRACKINS EL PRIVATE ESTATE TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:25-cv-1607-LCB |
| | ) |
| LARRY K. MACK, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| BRACKINS EL PRIVATE ESTATE, TRUST | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:25-cv-1685-LCB |
| | ) |
| ALEX MCKENZIE LAGANKE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 66 of 107

DOCUMENT 3

## AMENDED ORDER

In February of 2026, the Court permanently enjoined Randy Brackins El—as well as all trusts in his name, and all variations thereof—from commencing new lawsuits in any federal court against any person or entity without first obtaining that court's leave or hiring an attorney to represent him who is licensed to practice in the jurisdiction. (Doc. 44). Following this injunction, Brackins El filed a new case in the U.S. District Court for the Northern District of Alabama without first obtaining the Court's leave or hiring an attorney licensed to practice in the District. *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. February 13, 2026). The Court therefore **ORDERS** Randy Brackins El to show-cause why he should not be held in criminal contempt for violating a lawful court order; requests that his contempt be prosecuted by the U.S. Attorney for the Northern District of Alabama; and sets this matter for trial.

### I.    BACKGROUND

Over the past 18 months, Randy Brackins El has filed eight lawsuits, either in his own name or as the beneficiary of a putative trust, arising from an employment dispute with the National Aeronautics and Space Administration's George C. Marshall Space Flight Center. *Brackins El v. Nelson*, 5:24-cv-1244-LCB (N.D. Ala. Sept. 11, 2024); *Brackins El v. Stewart*, 5:25-cv-581-LCB (N.D. Apr. 17, 2025); *Brackins El Private Estate v. White*, 5:25-cv-1568-LCB (N.D. Ala. Sept. 12, 2025);

2

DOCUMENT 3

*Brackins El Private Estate Trust v. Bondi*, 5:25-cv-1600-LCB (N.D. Ala. Sept. 18, 2025); *Brackins El Private Estate Trust v. Mack*, 5:25-cv-1607-LCB (N.D. Ala. Sept. 19, 2025); *Brackins El v. Bates*, 5:26-cv-167-LCB (N.D. Ala. Feb. 1, 2026); *Brackins El v. Bates*, 5:26-cv-205-LCB (N.D. Ala. Feb. 9, 2026); *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Fed. 13, 2026). All have been stricken has frivolous.

On February 11, 2026, the Court declared Mr. Brackins El a vexatious litigant under 28 U.S.C. § 1651(a) and permanently enjoined him from filing new lawsuits in various federal and state fora without that forum's pre-filing approval or hiring an attorney licensed to practice in the forum to represent him. (Doc. 44). As part of that injunction, the Court ordered the following:

> 2. Brackins El—as well as all trusts in his name, and all other variations thereof—is permanently enjoined from commencing new lawsuits in any federal court, agency, tribunal, committee, or other forum against any person or entity, or from serving any person or entity with any paper purporting to initiate any lawsuit, action, proceeding, or matter, without first obtaining leave of that court, agency, tribunal, committee, or other forum.
>
> 3. Brackins El, or any person or entity acting for him or at his behest, must attach a copy of this order in every case in which he seeks leave to initiate a new lawsuit in any federal court, agency, tribunal, committee, or other forum.
>
> . . .
>
> 9. Nothing in this order shall be construed to prohibit Brackins El or anyone acting on his behalf from retaining

3

USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 68 of 107

DOCUMENT 3

> a licensed attorney to represent him in any cause of action in any legal forum. The terms of this injunction do not apply to any attorney that Brackins El should retain to represent him in any forum in which the attorney is a member in good standing and eligible to practice law.

*Id.* at 4–7.

Two days later, Brackins El filed his eighth lawsuit, *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026). Brackins El did not obtain the Court's leave before initiating this lawsuit or hire an attorney to represent him who is licensed to practice in the District.

## II.   LEGAL STANDARDS

Title 18 U.S.C § 401 empowers a federal district court to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Where the nature of such contempt is criminal, the court may punish "any person . . . for that contempt after prosecution on notice." FED. R. CRIM. P. 42(a).

Notice to a person threatened with criminal contempt "must (A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) state the essential facts constituting the charged criminal contempt and describe it as such." *Id.* at (a)(1). In such cases, the court must also "request that the contempt be prosecuted by an attorney for the government, unless the interest of

4

justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt." *Id.* at (a)(2).

Criminal contempt is neither a felony nor a misdemeanor but a *sui generis* offense. *United States v. Cohn*, 586 F.3d 844, 848–49 (11th Cir. 2009). If the maximum sentence is limited to six months imprisonment or a fine of $5,000, the matter may be prosecuted as a petty offense and tried without a jury. *See Taylor v. Hayes*, 418 U.S. 488, 495 (1974) (holding that contempt may be charged as a petty offense and tried without a jury); 18 U.S.C. § 19 (defining petty offenses); and 18 U.S.C. § 3571(b)(6) (limiting fines for petty offenses to $5,000).

## III.  DISCUSSION

Brackins El was expressly prohibited from filing new lawsuits in federal court unless he either (1) sought and secured the court's pre-filing approval, or (2) hired an attorney to represent him who is licensed to practice in the court. (Doc. 44). Here, he did neither; and, in direct contravention of that order, Brackins El has filed a new lawsuit in the United States District Court for the Northern District of Alabama through an attorney who is barred from practicing in the District. *See Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026). Because Brackins El filed a new lawsuit following the Court's anti-filing injunction without pre-filing approval or a licensed attorney, the Court finds probable cause to believe that he has willfully

USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 70 of 107

DOCUMENT 3

violated a lawful order of the Court, (doc. 44). The Court therefore initiates these criminal contempt proceedings against him.

## IV.  CONCLUSION

In accordance with Rule 42 of the Federal Rules of Criminal Procedure, the Court therefore **ORDERS** as follows:

1.    By filing the following document, Brackins El has violated a lawful court order that he seek the Court's pre-filing approval or hire an attorney licensed to practice in the District before filing a new matter in the United States District Court for the Northern District of Alabama, (doc. 44):

- *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026).

2.    The Court **SETS** this matter for a bench trial on **March 31, 2026, at 9:00 a.m.** in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Brackins El must show cause why he should not be held in criminal contempt under 18 U.S.C § 401 for disobedience of a lawful court order.

3.    The Court requests that the United States prosecute this matter as a petty offense. If he is held in criminal contempt, Brackins El may thus face up to six months imprisonment, a fine of up to $5,000.00, or both for each willful violation of the Court's order. During the prosecution of this matter, Brackins El is entitled to the protections normally accorded a criminal defendant

6

DOCUMENT 3

charged with a petty offense, including the right to representation of counsel, the presumption of innocence, the privilege against self-incrimination, the opportunity to testify on his behalf, the right to cross-examine and call witnesses, and the right to proof beyond a reasonable doubt. *See Hicks v. Feiock*, 485 U.S. 624, 631–32 (1988) (criminal penalties for contempt may not be imposed on someone who has not been accorded the protections that the Constitution requires of such criminal proceedings).

4.      The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States.

5.      The Clerk of Court is **DIRECTED** to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama.

6.      The United States Marshals Service is **DIRECTED** to serve a copy of this order on Randy Brackins El.

7.      This amended order **SUPERSEDES** the orders entered February 27, 2026 (docs. 46 & 47), which contained a scrivener's error.

**DONE** and **ORDERED** this March 2, 2026.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

7

DOCUMENT 3

USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 73 of 107

ELECTRONICALLY FILED
3/7/2026 6:50 PM
47-CV-2026-900466.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| Form **2848** | **Power of Attorney** | |
|---|---|---|
| (Rev. January 2021) | **and Declaration of Representative** | |
| Department of the Treasury Internal Revenue Service | ▶ Go to *www.irs.gov/Form2848* for instructions and the latest information. | |

| | |
|---|---|
| Name | |
| Telephone | |
| Function | |
| Date | / / |

**Part I    Power of Attorney**

Caution: A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

**1    Taxpayer information. Taxpayer must sign and date this form on page 2, line 7.**

| Taxpayer name and address | Taxpayer identification number(s) |
|---|---|
| Brackins El Private Estate Trust, Restoration Escrow Account 6675 Co. Road 203, Danville, AL 35619 | ▓▓▓▓▓▓ 705 |
| | Daytime telephone number (256) 886-6240 |
| | Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2    Representative(s) must sign and date this form on page 2, Part II.**

| Name and address | |
|---|---|
| Kimberly A. Ford, Esq. Fordumas LLC 470 Providence Main, Ste. 302C Huntsville, AL 35806 | CAF No. _____ |
| | PTIN _____ |
| | Telephone No. (256) 886-6240 |
| | Fax No. 1-800-408-1501 |
| Check if to be sent copies of notices and communications ☑ | Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |

| Name and address | |
|---|---|
| | CAF No. _____ |
| | PTIN _____ |
| | Telephone No. _____ |
| | Fax No. _____ |
| Check if to be sent copies of notices and communications ☐ | Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |

| Name and address | |
|---|---|
| | CAF No. _____ |
| | PTIN _____ |
| | Telephone No. _____ |
| | Fax No. _____ |
| (Note: IRS sends notices and communications to only two representatives.) | Check if now: Address ☐  Telephone No. ☐  Fax No. ☐ |

| Name and address | |
|---|---|
| | CAF No. _____ |
| | PTIN _____ |
| | Telephone No. _____ |
| | Fax No. _____ |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3    Acts authorized (you are required to complete line 3).** Except for the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return). W9 updates

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions) |
|---|---|---|
| Information Returns and Payer File updates | 1099 Series | 12-31-23, 12-31-24, 12-31-25, 12-31-26 |
| EIN Assignment and Account Records | SS-4, CP-575, CP-148A | 2024, 2025 |
| Civil Penalties related to Information Returns | Civil Penalty | 12-31-23, 12-31-24, 12-31-25, 12-31-26 |

**4    Specific use not recorded on the Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See *Line 4. Specific Use Not Recorded on CAF* in the instructions . . . . . . . . . . . . . . . . ▶ ☐

**5a    Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information): ☑ Access my IRS records via an Intermediate Service Provider; ☑ Authorize disclosure to third parties; ☑ Substitute or add representative(s); ☐ Sign a return; _____
NASA HR, NSSC, OCFO

☐ Other acts authorized: Request and Receive EIN letters CP-575 and CP-148A, correct payer master files and B-Notice issues, obtain and submit W-9 updates, request reissue of forms 1099 to EIN 41-6941705, receive transcripts and account Records.

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.          Cat. No. 11980J          Form **2848** (Rev. 1-2021)