*registration. Financial routing remains + the Trust Restoration Escrow*

Form 2848 (Rev. 1-2021)                                                                                    Page **2**

**b** Specific acts not authorized. My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.

List any other specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): *No authority to receive endorse, or negotiate any payment or refund. No authority to change payee on*

**5** Retention/revocation of prior power(s) of attorney. The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this form. If you do not want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**7** Taxpayer declaration and signature. If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative (or designated individual, if applicable), executor, receiver, administrator, trustee, or individual other than the taxpayer, I certify I have the legal authority to execute this form on behalf of the taxpayer.

▶ **IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| | | |
|---|---|---|
| *Kimberly A. Ford* | 11/16/25 | Trustee/Authorized Fiduciary, Office of |
| Signature | Date | Title (if applicable) *the Beneficiary* |
| Kimberly A. Ford | Brackins El Private Estate Trust, Restoration | |
| Print name | Print name of taxpayer from line 1 if other than individual *Escrow* | |

**Part II    Declaration of Representative**

Under penalties of perjury, by my signature below I declare that:

• I am not currently suspended or disbarred from practice, or ineligible for practice, before the Internal Revenue Service;

• I am subject to regulations in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;

• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and

• I am one of the following:

**a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

**b** Certified Public Accountant—a holder of an active license to practice as a certified public accountant in the jurisdiction shown below.

**c** Enrolled Agent—enrolled as an agent by the IRS per the requirements of Circular 230.

**d** Officer—a bona fide officer of the taxpayer organization.

**e** Full-Time Employee—a full-time employee of the taxpayer.

**f** Family Member—a member of the taxpayer's immediate family (spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

**g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the IRS is limited by section 10.3(d) of Circular 230).

**h** Unenrolled Return Preparer—Authority to practice before the IRS is limited. An unenrolled return preparer may represent, provided the preparer (1) prepared and signed the return or claim for refund (or prepared if there is no signature space on the form); (2) was eligible to sign the return or claim for refund; (3) has a valid PTIN; and (4) possesses the required Annual Filing Season Program Record of Completion(s). See Special Rules and Requirements for Unenrolled Return Preparers in the instructions for additional information.

**k** Qualifying Student or Law Graduate—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student, or law graduate working in a LITC or STCP. See instructions for Part II for additional information and requirements.

**r** Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.**

Note: For designations d–f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column.

| Designation— Insert above letter (a–r). | Licensing jurisdiction (State) or other licensing authority (if applicable) | Bar, license, certification, registration, or enrollment number (if applicable) | Signature | Date |
|---|---|---|---|---|
| a | AL and TN | AL - ▮▮▮ TN: ▮▮▮ | Kimberly A. Ford | 11/16/25 |
| | | | | |
| | | | | |
| | | | | |

Form **2848** (Rev. 1-2021)

## FORM 2848 for Brackins El Private Estate Trust

Part I, line 1, Taxpayer

• Taxpayer name and address: Brackins El Private Estate Trust, Restoration Escrow Account, 6675 County Road 203, Danville, AL 35619

• Taxpayer identification number: ▇▇▇▇705

• Daytime telephone: 256-886-6240

• Plan number: blank


Part I, line 2, Representative

• Name and address: Kimberly A. Ford, Esq., FORDUMAS LLC, 470 Providence Main, Suite 302C, Huntsville, AL 35806

• Check "to be sent copies of notices and communications."

• CAF No.: leave blank if unknown, IRS will assign

• PTIN: enter if she uses one

• Telephone and fax: 256-886-6240; fax 1-800-408-1501


Part I, line 3, Acts authorized


Row 1

Description of matter: Information Returns and Payer File Updates

Tax form number: 1099 series

Years or periods: 12/31/2023, 12/31/2024, 12/31/2025, 12/31/2026


Row 2

Description of matter: Trust Income and Information

Tax form number: 1041

Years or periods: 12/31/2023, 12/31/2024, 12/31/2025, 12/31/2026


Row 3

Description of matter: EIN Assignment and Account Records

Tax form number: SS-4, CP-575, CP-148A

Years or periods: 2024, 2025

Row 4

Description of matter: Civil Penalties related to Information Returns

Tax form number: Civil Penalty

Years or periods: 12/31/2023, 12/31/2024, 12/31/2025, 12/31/2026

Part I, line 4

N/A

Part I, line 5a, Additional acts authorized

• Check Access my IRS records via an Intermediate Service Provider.

• Check Authorize disclosure to third parties, list NASA HR, NSSC, OCFO in your cover letter.

Other acts authorized, text to enter

"Request and receive EIN letters CP-575 and CP-148A, correct payer master files and B-Notice issues, obtain and submit W-9 updates, request reissue of Forms 1099 to EIN ▮▮▮▮705, receive transcripts and account records."

Part I, line 5b, Specific acts not authorized

Enter

"No authority to receive, endorse, or negotiate any payment or refund. No authority to change payee on restitution. Financial routing remains the Trust Restoration Escrow."

Part I, line 6, Retention or revocation

• **Leave unchecked** to revoke any prior 2848 for the same matters.

Part I, line 7, Taxpayer signature

• Sign as the fiduciary for the Trust.

Signature: Kimberly A. Ford, Title: Trustee, or Authorized Fiduciary, Office of the Beneficiary

Print name: Kimberly A. Ford, Print name of taxpayer: Brackins El Private Estate Trust, Restoration Escrow Account

Date: November 16, 2025

Part II, Declaration of representative

• Designation: a

• Licensing jurisdiction: Alabama and Tennessee

• Bar number: AL – ASB-4139-r80f; TN – 026826

• Signature and date:

| Form **56-F** | **Notice Concerning Fiduciary Relationship of Financial Institution** | OMB No. 1545-0013 |
|---|---|---|
| (Rev. December 2022) Department of the Treasury Internal Revenue Service | (Internal Revenue Code sections 6036, 6402, and 6903) Go to *www.irs.gov/Form56F* for the latest information. | For IRS Use Only |

**Part I    Identification**

| | | | |
|---|---|---|---|
| 1 | Name of person for whom you are acting (as shown on the tax return) | **2** | Employer identification number |
| | Brackins El Private Estate Trust | | ▮705 |
| 3 | Address of financial institution (number, street, and room or suite no.) | | |
| | Pinnacle Financial Partners, 409 Madison Street | | |
| 4 | City, state, and ZIP code | **5** | Telephone no. |
| | Huntsville AL 35801 | | (256) 809-1600 |
| 6 | Check the applicable box for the type of financial institution:  ☑ Bank    ☐ Thrift | | |
| 7 | Check here ☐ if the financial institution is insolvent. | | |
| 8 | Enter the ending date of the financial institution's tax year (mo., day, yr.): 12 / 31 / 2025 | | |
| 9 | Fiduciary's name | **10** Contact person | |
| | Kimberly A. Ford, Esq. | Kimberly A. Ford | |
| 11 | Address of fiduciary (number, street, and room or suite no.) | | |
| | 470 Providence Main, Suite 302C | | |
| 12 | City or town, state, and ZIP code | **13** Telephone no. | |
| | Huntsville, AL 35806 | 256-886-6240 | |
| 14 | Check the applicable box if the fiduciary is a:  ☑ Receiver    ☐ Conservator | | |
| 15 | Check this box ☐ if the financial institution is or was a member of a group filing a consolidated return and complete lines 16 to 21 below: | | |
| | Lines 16 through 21 are to be completed only if the financial institution is or was a member of a group filing a consolidated return. | | |
| 16 | Name of person for whom you are acting (as shown on the tax return) | **17** Employer identification number | |
| 18 | Address of the common parent (number, street, and room or suite no.) | | |
| 19 | City, state, and ZIP code | | |
| 20 | Check here ☐ if a copy of this form has been sent to the common parent of the group. | | |
| 21 | Enter the tax year(s) that the financial institution is or was a member of the consolidated group: | | |

**Part II    Authority**

22  Evidence of fiduciary authority. Check applicable box(es), and attach copy of applicable orders:
  a ☐ Appointment of conservator      b ☐ Replacement of conservator
  c ☐ Appointment of receiver         d ☐ Order of insolvency
  e ☑ Other evidence of creation of fiduciary relationship (describe): Trust Instr. & Restoration Escrow Acct. Agmt.Lawrence Co. Cir.Court

**Part III    Tax Notices**

23  All notices and other written communications with regard to income, employment, and excise taxes of the financial institution (listed on line 1) will be addressed to the fiduciary. Indicate below if other notices and written communications should be addressed to the fiduciary. Include the type of tax, tax periods, or years involved.

All income, escrow, and fiduciary accounting matters of the Brackins El Private Estate Trust (Restoration Escrow Account), tax year 2024 forward.

**Part IV    Revocation or Termination of Notice**

**Section A—Total Revocation or Termination**

24  Evidence of termination or revocation of fiduciary authority (Check applicable box(es)):
  a ☐ Certified copy of court order revoking fiduciary authority attached.
  b ☐ Copy of certificate of dissolution or termination of a business entity attached.
  c ☐ Other evidence of termination of fiduciary relationship (describe):

| Please Sign Here | Under penalties of perjury, I declare that I have examined this document, including any accompanying statements, and to the best of my knowledge and belief, it is true, correct, and complete. | | |
|---|---|---|---|
| | *Kimberly A. Ford* (signature) | Fiduciary Agent/Trustee in Equity | 11/7/25 |
| | Fiduciary's signature | Title, if applicable | Date |

For Paperwork Reduction Act Notice, see back of form.          Cat. No. 12784J          Form **56-F** (Rev. 12-2022)

**EXHIBIT D**

Form 56-F (Rev. 12-2022)                                                                                           Page **2**

## Future Developments

For the latest information about developments related to Form 56-F and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/Form56F*.

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

### Purpose of Form

Use Form 56-F to notify the IRS of a fiduciary relationship only if that relationship is with respect to a financial institution (such as a bank or a thrift). Until you notify the IRS of the fiduciary relationship, notices of tax liability sent to the last known address of the taxpayer, or transferee, subject to liability are considered sufficient compliance by the IRS with the requirements of the Internal Revenue Code. However, if the financial institution is a member of a consolidated group, the provisions of Regulations section 1.1502-77 apply to the extent not modified by section 6402(k) and Regulations section 301.6402-7.

In addition, the filing of Form 56-F is a requirement to secure a refund pursuant to section 6402(k) and Regulations section 301.6402-7.

Section 6036 and Regulations section 301.6036-1 state that a notice is required of a receiver in proceedings other than bankruptcy, and other like fiduciaries. Section 6402(k) and Regulations section 301.6402-7 state that a fiduciary of an insolvent financial institution must file Form 56-F to secure its position with respect to any refund that may be available to a consolidated group.

Section 6903 and Regulations section 301.6903-1 state that every person acting in a fiduciary capacity must file a written notice with the IRS.

### Who Should File

Form 56-F should be filed instead of Form 56, Notice Concerning Fiduciary Relationship, by the federal agency acting as a fiduciary (defined below) in order to notify the IRS of the creation, termination, or change in status of a fiduciary relationship with a financial institution.

### Definition

**Fiduciary.** A fiduciary means the Federal Deposit Insurance Corporation, or other federal agency authorized by law to act as a receiver or conservator of a financial institution. The term also includes any federal instrumentality, subsidiary, or agency that is a predecessor or successor of this agency that is so authorized.

### When To File

Form 56-F must be filed with the IRS within 10 days from the date the fiduciary is appointed to act as a receiver or conservator. In addition, it should be filed in every subsequent tax year that the fiduciary continues to act as the receiver or conservator for that financial institution for purposes of section 6402(k).

If a Form 56-F has been filed for a solvent financial institution by the fiduciary and subsequently that financial institution becomes insolvent, the fiduciary should file a new Form 56-F and check the box on line 7.

**Note:** A fiduciary (defined above), who was appointed a fiduciary of a financial institution prior to the issuance of Form 56-F and who still is a fiduciary for the same financial institution, should file Form 56-F with the IRS as soon as possible.

A fiduciary (defined above), who may have previously filed Form 56 for a financial institution, and is still acting as a fiduciary for the same institution, should file a new Form 56-F as soon as possible.

### Where To File

For purposes of section 6402(k) and section 6903, send Form 56-F to the Internal Revenue Service Center where the financial institution for whom the fiduciary is acting files its income tax return.

For purposes of section 6036, send Form 56-F to the Advisory Group Manager of the area office of the IRS having jurisdiction over the person for whom you are acting. See Pub. 4235, Collection Advisory Offices Contact Information, for more information.

## Specific Instructions

### Part I—Identification

**Lines 1–5.** Provide all the requested information concerning the financial institution in this part.

**Line 2.** Section 6109 requires that the taxpayer's identification number must be disclosed. The principal purpose is to identify the financial institution for whom you are acting.

**Line 7.** Check this box if the financial institution is insolvent within the meaning of 12 U.S.C. 191, 12 U.S.C. 1821(c)(5)(A), 12 U.S.C. 1464(d)(2)(A), 12 U.S.C. 1464(d)(2)(C), or any applicable state law (or any successor statute that adopts a substantially similar statute).

**Lines 9–13.** Provide all the requested information regarding the fiduciary in this part. For example, on line 9, enter the full name of the fiduciary (such as the Federal Deposit Insurance Corporation or similar federal agency).

**Line 10.** The contact person should be the individual within the federal agency who has the authority to handle all tax matters on behalf of the financial institution.

**Lines 16–21.** Provide all the requested information in this part concerning the common parent of a consolidated group that includes (or included) the financial institution (if applicable).

If the form is submitted in compliance with the regulations under section 6402(k), the identification number of the common parent should be disclosed.

If the financial institution was a member of more than one consolidated group during any year(s) to which the fiduciary may claim a refund under section 6402(k), then the fiduciary must file a separate Form 56-F providing the information on each parent.

**Line 20.** Check the box if a copy of the form was sent to the appropriate common parent in compliance with Regulations section 301.6402-7.

## Part II—Authority

Check the appropriate box and attach a copy of the appropriate order.

## Part III—Tax Notices

All notices and other written communications with regard to income, employment, and excise taxes of the financial institution will be addressed to the fiduciary, with the exception of notices sent to the common parent under the provisions of Regulations section 1.1502-77. Other notices and written communications will be addressed to the fiduciary only as specified. For example, use this line to identify a transferee tax liability under section 6901.

## Part IV—Revocation or Termination of Notice

Complete this part if you are revoking or terminating all prior notices concerning fiduciary relationships on file with the IRS for the same tax matters and years or periods covered by this notice concerning fiduciary relationships.

## Signature

Sign Form 56-F under penalty of perjury and enter the title describing your role as a fiduciary (receiver or conservator).

---

**Paperwork Reduction Act Notice.** We ask for the information on the form to carry out the Internal Revenue laws of the United States. You are required to give us the information. We need it to ensure that you are complying with these laws and to allow us to figure and collect the right amount of tax.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 56-F will vary depending on individual circumstances. The estimated average time is:

Recordkeeping . . . . . . . 7 min.

Learning about the
law or the form . . . . . . 28 min.

Preparing the form . . . . . 41 min.

Copying, assembling,
and sending the form
to the IRS . . . . . . . . . . 14 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 56-F simpler, we would be happy to hear from you. You can send us comments from *www.irs.gov/FormComments*. Or you can send your comments to:

Internal Revenue Service
Tax Forms and Publications
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224

**Do not** send the form to this address. Instead, see *Where To File* on this page.

Form **1041**

Department of the Treasury – Internal Revenue Service

## U.S. Income Tax Return for Estates and Trusts
Go to *www.irs.gov/Form1041* for instructions and the latest information.

**2024**

OMB No. 1545-0092

| A Check all that apply: | For calendar year 2024 or fiscal year beginning | , 2024, and ending | , 20 |
|---|---|---|---|
| ☐ Decedent's estate | Name of estate or trust (if a grantor type trust, see the instructions.) | | **C** Employer identification number |
| ☐ Simple trust | Brackins El Private Estate Trust | | 41-6591705 |
| ☑ Complex trust | Name and title of fiduciary | | **D** Date entity created |
| ☐ Qualified disability trust | Kimberly A. Ford, TTEE, carrier only | | 07-2024 |
| ☐ ESBT (S portion only) | Number, street, and room or suite no. (if a P.O. box, see the instructions.) | | **E** Nonexempt charitable and split-interest trusts, check applicable box(es). See instructions. |
| ☐ Grantor type trust | 6675 County Road 203 | | ☐ Described in sec. 4947(a)(1). Check here if not a private foundation . . ☐ |
| ☐ Bankruptcy estate – Ch. 7 | | | |
| ☐ Bankruptcy estate – Ch. 11 | City or town, state or province, country, and ZIP or foreign postal code | | |
| ☐ Pooled income fund | Danville, AL 35619 | | ☐ Described in sec. 4947(a)(2) |

**B** Number of Schedules K-1 attached (see instructions) **0**

**F** Check applicable boxes: ☑ Initial return  ☐ Final return  ☐ Amended return  ☐ Net operating loss carryback
☐ Change in trust's name  ☐ Change in fiduciary  ☐ Change in fiduciary's name  ☐ Change in fiduciary's address

**G** Check here if the estate or filing trust made a section 645 election . . . . . . . ☐  Trust TIN

### Income

| | | | |
|---|---|---|---|
| 1 | Interest income . . . . . . . . . . . . . . . . . . . . . . . . . . . | **1** | 0 |
| 2a | Total ordinary dividends . . . . . . . . . . . . . . . . . . . . . . | **2a** | 0 |
| b | Qualified dividends allocable to: (1) Beneficiaries _____ (2) Estate or trust _____ | | |
| 3 | Business income or (loss). Attach Schedule C (Form 1040) . . . . . . . . . . | **3** | 0 |
| 4 | Capital gain or (loss). Attach Schedule D (Form 1041) . . . . . . . . . . . . | **4** | 0 |
| 5 | Rents, royalties, partnerships, other estates and trusts, etc. Attach Schedule E (Form 1040) . . | **5** | 0 |
| 6 | Farm income or (loss). Attach Schedule F (Form 1040) . . . . . . . . . . . | **6** | 0 |
| 7 | Ordinary gain or (loss). Attach Form 4797 . . . . . . . . . . . . . . . . | **7** | 0 |
| 8 | Other income. List type and amount _____ | **8** | 0 |
| 9 | **Total income.** Combine lines 1, 2a, and 3 through 8 . . . . . . . . . . . . | **9** | 0 |

### Deductions

| | | | |
|---|---|---|---|
| 10 | Interest. Check if Form 4952 is attached ☐ . . . . . . . . . . . . . . | **10** | 0 |
| 11 | Taxes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **11** | 0 |
| 12 | Fiduciary fees. If only a portion is deductible under section 67(e), see instructions . . . . . | **12** | 0 |
| 13 | Charitable deduction (from Schedule A, line 7) . . . . . . . . . . . . . . | **13** | 0 |
| 14 | Attorney, accountant, and return preparer fees. If only a portion is deductible under section 67(e), see instructions . . . . . . . . . . . . . . . . . . . . . . . . . | **14** | 0 |
| 15a | Other deductions (attach schedule). See instructions for deductions allowable under section 67(e) | **15a** | 0 |
| b | Net operating loss deduction. See instructions . . . . . . . . . . . . . . | **15b** | 0 |
| 16 | Add lines 10 through 15b . . . . . . . . . . . . . . . . . . . . . | **16** | 0 |
| 17 | Adjusted total income or (loss). Subtract line 16 from line 9 . . . . . . **17** | 0 | | |
| 18 | Income distribution deduction (from Schedule B, line 15). Attach Schedules K-1 (Form 1041) . . | **18** | 0 |
| 19 | Estate tax deduction including certain generation-skipping taxes (attach computation) . . . . | **19** | 0 |
| 20 | Qualified business income deduction. Attach Form 8995 or 8995-A . . . . . . . . | **20** | 0 |
| 21 | Exemption . . . . . . . . . . . . . . . . . . . . . . . . . . . | **21** | 0 |
| 22 | Add lines 18 through 21 . . . . . . . . . . . . . . . . . . . . . . | **22** | 0 |

### Tax and Payments

| | | | |
|---|---|---|---|
| 23 | Taxable income. Subtract line 22 from line 17. If a loss, see instructions . . . . . . | **23** | 0 |
| 24 | **Total tax** (from Schedule G, Part I, line 9) . . . . . . . . . . . . . . . | **24** | 0 |
| 25 | Current year net 965 tax liability paid from Form 965-A, Part II, column (k) (see instructions) . . | **25** | 0 |
| 26 | **Total payments** (from Schedule G, Part II, line 19) . . . . . . . . . . . . | **26** | 0 |
| 27 | Estimated tax penalty. See instructions . . . . . . . . . . . . . . . . | **27** | 0 |
| 28 | **Tax due.** If line 26 is smaller than the total of lines 24, 25, and 27, enter amount owed . . . . | **28** | 0 |
| 29 | **Overpayment.** If line 26 is larger than the total of lines 24, 25, and 27, enter amount overpaid . . | **29** | 0 |
| 30 | Amount of line 29 to be: a Credited to 2025 _____ ; b Refunded . . . . . . | **30** | 0 |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

*Kimberly A. Ford, TTEE* 11-14-25

Signature of fiduciary or officer representing fiduciary    Date    EIN of fiduciary if a financial institution

May the IRS discuss this return with the preparer shown below? See instructions ☑ Yes ☐ No

**Paid Preparer Use Only**

| Preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| Firm's name | | | Firm's EIN | |
| Firm's address | | | Phone no. | |

For Paperwork Reduction Act Notice, see the separate instructions.    Cat. No. 11370H    Form **1041** (2024)

Form 1041 (2024)                                                                                                      Page **2**

| Schedule A | Charitable Deduction. Don't complete for a simple trust or a pooled income fund. | | |
|---|---|---|---|
| 1 | Amounts paid or permanently set aside for charitable purposes from gross income. See instructions | 1 | |
| 2 | Tax-exempt income allocable to charitable contributions. See instructions | 2 | |
| 3 | Subtract line 2 from line 1 | 3 | |
| 4 | Capital gains for the tax year allocated to corpus and paid or permanently set aside for charitable purposes | 4 | |
| 5 | Add lines 3 and 4 | 5 | |
| 6 | Section 1202 exclusion allocable to capital gains paid or permanently set aside for charitable purposes. See instructions | 6 | |
| 7 | **Charitable deduction.** Subtract line 6 from line 5. Enter here and on page 1, line 13 | 7 | |

| Schedule B | Income Distribution Deduction | | |
|---|---|---|---|
| 1 | Adjusted total income. See instructions | 1 | |
| 2 | Adjusted tax-exempt interest | 2 | |
| 3 | Total net gain from Schedule D (Form 1041), line 19, column (1). See instructions | 3 | |
| 4 | Enter amount from Schedule A, line 4 (minus any allocable section 1202 exclusion) | 4 | |
| 5 | Capital gains for the tax year included on Schedule A, line 1. See instructions | 5 | |
| 6 | Enter any gain from page 1, line 4, as a negative number. If page 1, line 4, is a loss, enter the loss as a positive number | 6 | |
| 7 | **Distributable net income.** Combine lines 1 through 6. If zero or less, enter -0- | 7 | |
| 8 | If a complex trust, enter accounting income for the tax year as determined under the governing instrument and applicable local law | 8 | |
| 9 | Income required to be distributed currently | 9 | |
| 10 | Other amounts paid, credited, or otherwise required to be distributed | 10 | |
| 11 | Total distributions. Add lines 9 and 10. If greater than line 8, see instructions | 11 | |
| 12 | Enter the amount of tax-exempt income included on line 11 | 12 | |
| 13 | Tentative income distribution deduction. Subtract line 12 from line 11 | 13 | |
| 14 | Tentative income distribution deduction. Subtract line 2 from line 7. If zero or less, enter -0- | 14 | |
| 15 | **Income distribution deduction.** Enter the smaller of line 13 or line 14 here and on page 1, line 18 | 15 | |

| Schedule G | Tax Computation and Payments (see instructions) | | |
|---|---|---|---|

**Part I — Tax Computation**

| | | | | |
|---|---|---|---|---|
| 1 | Tax: | | | |
| a | Tax on taxable income. See instructions | 1a | | |
| b | Tax on lump-sum distributions. Attach Form 4972 | 1b | | |
| c | Alternative minimum tax (from Schedule I (Form 1041), line 54) | 1c | | |
| d | Amount from Form 4255, Part I, line 3, column (q) | 1d | | |
| e | Total. Add lines 1a through 1d | | 1e | |
| 2a | Foreign tax credit. Attach Form 1116 | 2a | | |
| b | General business credit. Attach Form 3800 | 2b | | |
| c | Credit for prior year minimum tax. Attach Form 8801 | 2c | | |
| d | Bond credits. Attach Form 8912 | 2d | | |
| e | Total credits. Add lines 2a through 2d | | 2e | |
| 3 | Subtract line 2e from line 1e. If zero or less, enter -0- | | 3 | |
| 4 | Tax on the ESBT portion of the trust (from ESBT Tax Worksheet, line 17). See instructions | | 4 | |
| 5 | Net investment income tax from Form 8960, line 21 | | 5 | |
| 6a | Amount from Form 4255, Part I, line 3, column (r) | | 6a | |
| b | Recapture tax from Form 8611 | | 6b | |
| c | Other recapture taxes: | | 6c | |
| 7 | Household employment taxes. Attach Schedule H (Form 1040) | | 7 | |
| 8 | Other taxes and amounts due | | 8 | |
| 9 | **Total tax.** Add lines 3 through 8. Enter here and on page 1, line 24 | | 9 | |

Form **1041** (2024)

Form 1041 (2024)                                                                                     Page 3

## Schedule G | Tax Computation and Payments (see instructions) (continued)

### Part II — Payments

| | | | |
|---|---|---|---|
| 10 | Current year's estimated tax payments and amount applied from preceding year's return . . . . | 10 | |
| 11 | Estimated tax payments allocated to beneficiaries (from Form 1041-T) . . . . . . . . . . . | 11 | |
| 12 | Subtract line 11 from line 10 . . . . . . . . . . . . . . . . . . . . . . . | 12 | |
| 13 | Tax paid with Form 7004. See instructions . . . . . . . . . . . . . . . . . | 13 | |
| 14 | Federal income tax withheld. If any is from Form(s) 1099, check here ☐ . . . . . . . . . . | 14 | |
| 15 | Current year net 965 tax liability from Form 965-A, Part I, column (f) (see instructions) . . . . . | 15 | |
| 16 | Payments from Form 2439 . . . . . . . . . . . . . . . . . . . . . . . | 16 | |
| 17 | Payments from Form 4136 . . . . . . . . . . . . . . . . . . . . . . | 17 | |
| 18a | Elective payment election amount from Form 3800 . . . . . . . . . . . . . . . . . | 18a | |
| b | Other credits or payments (see instructions) . . . . . . . . . . . . . . . . . . | 18b | |
| 19 | **Total payments.** Add lines 12 through 18b. Enter here and on page 1, line 26 . . . . . . . . | 19 | |

### Other Information

| | | Yes | No |
|---|---|---|---|
| 1 | Did the estate or trust receive tax-exempt income? If "Yes," attach a computation of the allocation of expenses. Enter the amount of tax-exempt interest income and exempt-interest dividends . . . . . $_____ | | |
| 2 | Did the estate or trust receive all or any part of the earnings (salary, wages, and other compensation) of any individual by reason of a contract assignment or similar arrangement? . . . . . . . . . . . . . . . | | |
| 3 | At any time during calendar year 2024, did the estate or trust have an interest in or a signature or other authority over a bank, securities, or other financial account in a foreign country? . . . . . . . . . . . . . | | |
| | See the instructions for exceptions and filing requirements for FinCEN Form 114. If "Yes," enter the name of the foreign country _____ | | |
| 4 | During the tax year, did the estate or trust receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the estate or trust may have to file Form 3520. See instructions . . . . . . . . . | | |
| 5 | Did the estate or trust receive, or pay, any qualified residence interest on seller-provided financing? If "Yes," see the instructions for the required attachment . . . . . . . . . . . . . . . . . . . . . . | | |
| 6 | If this is an estate or a complex trust making the section 663(b) election, check here. See instructions . . . ☐ | | |
| 7 | To make a section 643(e)(3) election, attach Schedule D (Form 1041), and check here. See instructions . . . ☐ | | |
| 8 | If the decedent's estate has been open for more than 2 years, attach an explanation for the delay in closing the estate, and check here . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ | | |
| 9 | Are any present or future trust beneficiaries skip persons? See instructions . . . . . . . . . . . . | | |
| 10 | Was the trust a specified domestic entity required to file Form 8938 for the tax year? See the Instructions for Form 8938 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| 11a | Did the estate or trust distribute S corporation stock for which it made a section 965(i) election? . . . . . . | | |
| b | If "Yes," did each beneficiary enter into an agreement to be liable for the net tax liability? See instructions . . . | | |
| 12 | Did the estate or trust either make a section 965(i) election or enter into a transfer agreement as an eligible section 965(i) transferee for S corporation stock held on the last day of the tax year? See instructions . . . . . . . | | |
| 13 | At any time during the tax year, did the estate or trust (a) receive (as a reward, award, or payment for property or services); or (b) sell, exchange, or otherwise dispose of a digital asset (or a financial interest in a digital asset)? See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| 14 | **ESBTs only.** Does the ESBT have a nonresident alien grantor? If "Yes," see instructions . . . . . . . . | | |
| 15 | **ESBTs only.** Did the S portion of the trust claim a qualified business income deduction? If "Yes," see instructions | | |

Form **1041** (2024)

**IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
PHILADELPHIA  PA   19255-0023

Date of this notice:  11-12-2025

Employer Identification Number:
█████████ 705

001912.718255.101178.31973 1 MB 0.672 532

Form:  SS-4

Number of this notice:  CP 575 D

BRACKINS EL PRIVATE ESTATE TRUST- R
ESTORATION ESCROW ACCOUNT
KIMBERLY A FORD TTEE
6675 COUNTY ROAD 203
DANVILLE  AL   35619

For assistance you may call us at
1-800-829-4933

001912

IF YOU WRITE, ATTACH THE
STUB OF THIS NOTICE.

## WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN). We assigned you EIN ██████ 705. This EIN will identify your estate or trust. If you are not the applicant, please contact the individual who is handling the estate or trust for you. Please keep this notice in your permanent records.

Taxpayers request an EIN for their business. Some taxpayers receive CP575 notices when another person has stolen their identity and are opening a business using their information. If you did not apply for this EIN, please visit, www.irs.gov/einnotrequested.

When filing tax documents, making payments, or replying to any related correspondence, it is very important that you use your EIN and complete name and address exactly as shown above. Any variation may cause a delay in processing, result in incorrect information in your account, or even cause you to be assigned more than one EIN. If the information is not correct as shown above, please make the correction using the attached tear-off stub and return it to us.

Based on the information received from you or your representative, you must file the following forms by the dates shown.

Form 1041                          11/06/2025

If you have questions about the forms or the due dates shown, you can call us at the phone number or write to us at the address shown at the top of this notice. If you need help in determining your annual accounting period (tax year), see Publication 538, Accounting Periods and Methods.

We assigned you a tax classification (corporation, partnership, estate, trust, EPMF, etc.) based on information obtained from you or your representative. It is not a legal determination of your tax classification and is not binding on the IRS. If you want a legal determination of your tax classification, you may request a private letter ruling from the IRS under the guidelines in Revenue Procedure 2020-1, 2020-1 I.R.B. 1 (or superseding Revenue Procedure for the year at issue). Note: Certain tax classification elections can be requested by filing Form 8832, Entity Classification Election. See Form 8832 and its instructions for additional information.

(IRS USE ONLY)    575D                    11-12-2025  BRAC  B  0509907037  55-4


IMPORTANT REMINDERS:

* Keep a copy of this notice in your permanent records.  This notice is issued only one time and IRS will not be able to generate a duplicate copy for you. You may give a copy of this document to anyone asking for proof of your EIN.

* Use this EIN and your name exactly as they appear at the top of this notice on all your federal tax forms.

* Refer to this EIN on your tax-related correspondence and documents.

* Provide future officers of your organization with a copy of this notice.

Your name control associated with this EIN is BRAC.  You will need to provide this information, along with your EIN, if you file your returns electronically.

Safeguard your EIN by referring to Publication 4557, Safeguarding Taxpayer Data: A Guide for Your Business.

You can get any of the forms or publications mentioned in this letter by visiting our website at www.irs.gov/forms-pubs or by calling 800-TAX-FORM (800-829-3676).

If you have questions about your EIN, you can contact us at the phone number or address listed at the top of this notice.  If you write, please tear off the stub at the bottom of this notice and include it with your letter.  If you do not need to write us, do not complete, and return this stub.

Thank you for your cooperation.

(IRS USE ONLY)    575D    11-12-2025  BRAC  B  0509907037  SS-4



001912

Keep this part for your records.         CP 575 D (Rev. 1-2022)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Return this part with any correspondence
so we may identify your account.  Please           CP 575 D
correct any errors in your name or address.
                                                   0509907037

Your Telephone Number  Best Time to Call  DATE OF THIS NOTICE:  11-12-2025
(    )      -                             EMPLOYER IDENTIFICATION NUMBER: 705
                                          FORM:  SS-4            NOBOD

                                          BRACKINS EL PRIVATE ESTATE TRUST- I
                                           ESTORATION ESCROW ACCOUNT
                                          KIMBERLY A FORD TTEE
                                          6675 COUNTY ROAD 203
INTERNAL REVENUE SERVICE                  DANVILLE  AL   35619
PHILADELPHIA  PA   19255-0023

## SUPPLEMENTAL DEED OF TRUST AND APPOINTMENT OF TRUSTEE

### BRACKINS EL PRIVATE ESTATE TRUST
### RESTORATION ESCROW ACCOUNT
A Private Irrevocable Complex Trust Existing in Equity

---

THIS SUPPLEMENTAL DEED OF TRUST AND APPOINTMENT OF TRUSTEE (hereinafter "Deed") is made and entered into on this ___ day of _July_, 2022 by and between:

**GRANTOR:** ▓▓▓▓▓▓▓ a living man, acting in his private capacity as Grantor, of the Brackins El Private Estate Trust

c/o 6675 County Road 203
Danville, Alabama 35619
(hereinafter referred to as "Grantor")

**TRUSTEE:** Kimberly Adina Ford, Esq., TTEE
Fiduciary Agent/Trustee in Equity
Attorney of Record and Fiduciary Counsel
FORDUMAS Law, Consulting and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, Alabama 35806
Telephone: 256-886-6240
Facsimile: 800-408-1501
Email:kimberly@fordumas.com, Alabama State Bar No. ASB-4139-R80F
(hereinafter referred to as "Trustee")

**BENEFICIARY:** ▓▓▓▓▓▓▓▓ , in his private capacity
c/o 6675 County Road 203
Danville, Alabama 35619
(hereinafter referred to as "Beneficiary")

---

### RECITALS

WHEREAS, the Grantor established the original Brackins Declaration of Trust on or about January 2, 2022, which was subsequently recorded in Morgan County, Alabama, and supplemented by an Affidavit of Ownership of Certificate of Title and Registered Securities recorded on June 23, 2022, in Morgan County Probate (MISC Book 2022, Pages 6926-6928), and an Affidavit of Truth and UCC-1 Financing Statement recorded on August 9, 2022, in Morgan County Probate (MISC Book 2022, Pages 26612-26616); and

**EXHIBIT E**

**WHEREAS**, the Trust was reconstituted and reorganized as a private irrevocable complex trust in or about July 2024, as reflected in the Trust's federal tax filings; and

**WHEREAS**, the Grantor executed a Durable Power of Attorney on June 13, 2025, notarized in Morgan County, Alabama, and filed an Affidavit of Declaration of Irrevocable Trust on June 27, 2025, recorded at the Lawrence County Probate Office (Instrument No. 6002733), and a Supplemental Correction and Jurisdictional Addendum on July 23, 2025, recorded at the Lawrence County Probate Office (Instrument No. 6003105); and

**WHEREAS**, the Internal Revenue Service assigned Employer Identification Number 41-6591705 to the Brackins El Private Estate Trust, Restoration Escrow Account, by Notice CP 575 D dated November 12, 2025, designating Kimberly A. Ford as TTEE (Trustee); and

**WHEREAS**, the Trustee executed and filed the Trust's initial U.S. Income Tax Return for Estates and Trusts (IRS Form 1041) for tax year 2024 on November 19, 2025, and filed IRS Form 56-F (Notice Concerning Fiduciary Relationship of Financial Institution) with respect to the Trust's account at Pinnacle Financial Partners, 409 Madison Street, Huntsville, Alabama 35801, and filed IRS Form 2848 (Power of Attorney and Declaration of Representative) authorizing the Trustee to act on behalf of the Trust in all income, escrow, and fiduciary accounting matters from tax year 2024 forward; and

**WHEREAS**, a Trust Instrument and Restoration Escrow Account Agreement have been filed with the Lawrence County Circuit Court, as referenced in the Form 56-F; and

**WHEREAS**, the Grantor desires to formally memorialize and confirm the appointment of Kimberly Adina Ford, Esq., as Trustee of the Trust, and to set forth the powers, duties, and obligations of the Trustee in a comprehensive instrument that supplements and is consistent with all prior Trust instruments; and

**WHEREAS**, the Trustee has agreed to accept and continue to perform the duties, responsibilities, and obligations of the office of Trustee as set forth herein and in all prior Trust instruments;

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor hereby declares, confirms, and supplements the Trust as follows:

## ARTICLE I: NAME, IDENTIFICATION, AND ESTABLISHMENT

**Section 1.1. Name.** The Trust shall be known as the "**Brackins El Private Estate Trust**," (hereinafter referred to as the "Trust"). The Trust may also be

referenced as the "Brackins El Private Estate Trust" or the "Brackins El Trust" in filings, correspondence, and legal proceedings.

**Section 1.2. Establishment and Continuity.** This Deed supplements and confirms the Trust originally established by the Brackins Declaration of Trust dated January 2, 2022, as subsequently amended, supplemented, and reconstituted through the instruments identified in the Recitals above. This Deed does not create a new trust but rather memorializes, confirms, and supplements the existing Trust and the appointment of the Trustee.

**Section 1.3. Tax Identification.** The Trust has been assigned Employer Identification Number 41-6591705 by the Internal Revenue Service, as confirmed by IRS Notice CP 575 D dated November 12, 2025. The Trust is classified as a complex trust for federal income tax purposes.

**Section 1.4. Situs.** The principal situs of this Trust shall be Lawrence County, Alabama, where the Trust's foundational instruments are recorded. The Trust's mailing address is 6675 County Road 203, Danville, Alabama 35619. The Trust's telephone number is 256-886-6240.

**Section 1.5. Financial Institution.** The Trust maintains accounts at Pinnacle Financial Partners, 409 Madison Street, Huntsville, Alabama 35801, as reflected in IRS Form 56-F filed by the Trustee.

**Section 1.6. Private Nature.** The Trust is a private estate existing in equity. Its terms, assets, and administration are confidential and shall not be disclosed to any person or entity except as required by law, by order of a court of competent jurisdiction, or as necessary to protect the rights of the Trust and its Beneficiary in judicial or administrative proceedings. No statement in this Deed or in any filing made on behalf of the Trust shall be deemed a waiver of Trust separation or construed as a submission to any foreign or statutory jurisdiction. All rights and remedies are expressly reserved without prejudice pursuant to UCC Section 1-308.

## ARTICLE II: APPOINTMENT AND CONFIRMATION OF TRUSTEE

**Section 2.1. Appointment.** The Grantor hereby formally appoints, confirms, and ratifies the appointment of **Kimberly Adina Ford, Esq.**, as the Trustee of the Trust, effective nunc pro tunc to the date of the IRS Notice CP 575 D (November 12, 2025), which designated Kimberly A. Ford as TTEE of the Trust.

**Section 2.2. Titles and Capacities.** The Trustee shall hold and may use the following titles in connection with the administration of the Trust and in all filings, correspondence, and legal proceedings on behalf of the Trust:

(a) **TTEE (Trustee)**, as designated by the Internal Revenue Service;

(b) **Fiduciary Agent/Trustee in Equity**, as designated in IRS Form 56-F;

(c) **Attorney of Record and Fiduciary Counsel**, in her capacity as a licensed attorney representing the Trust in legal proceedings; and

(d) Such other titles as may be appropriate to the Trustee's role and consistent with the purposes of the Trust.

**Section 2.3. Acceptance.** The Trustee hereby accepts the appointment and agrees to hold, administer, and protect the Trust Estate in accordance with the terms of this Deed, all prior Trust instruments, and her fiduciary duties under the laws of the State of Alabama.

### ARTICLE III: PURPOSE OF THE TRUST

**Section 3.1. General Purpose.** The Trust is established and maintained for the following purposes:

(a) To hold, protect, manage, and administer the Trust Estate (as defined in Article IV) for the benefit of the Beneficiary;

(b) To protect and prosecute all legal claims, causes of action, constitutional rights, and employment rights belonging to or arising from the interests of the Beneficiary, including but not limited to claims arising under the United States Constitution, 42 U.S.C. Sections 1983 and 1985, the Whistleblower Protection Act (5 U.S.C. Section 2302), the Family and Medical Leave Act (29 U.S.C. Section 2601 et seq.), the Americans with Disabilities Act (42 U.S.C. Section 12101 et seq.), Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e et seq.), and any other federal or state statute, regulation, or common law doctrine;

(c) To preserve and defend the Beneficiary's right of access to the courts of the United States and the State of Alabama, including the right to petition for redress of grievances under the First Amendment to the United States Constitution;

(d) To hold, manage, and protect real and personal property, financial assets, intellectual property, and any other assets transferred to the Trust by the Grantor or acquired by the Trust in the course of its administration;

(e) To receive, hold, and distribute any monetary awards, settlements, judgments, back pay, compensatory damages, punitive damages, or other relief obtained through the prosecution of the Beneficiary's legal claims;

(f) To maintain the Trust's accounts, file all required federal, state, and local tax returns, and comply with all applicable reporting obligations; and

(g) To carry out any other lawful purpose consistent with the protection and advancement of the Beneficiary's rights and interests.

### ARTICLE IV: TRUST ESTATE

**Section 4.1. Initial Trust Estate.** The Trust Estate consists of all property, rights, and interests previously transferred to the Trust through the instruments identified in the Recitals, together with the following:

(a) All legal claims, causes of action, and rights of action currently pending or hereafter arising, including but not limited to those identified in Article III, Section 3.1(b), and those specifically enumerated in Schedule A attached hereto;

(b) All rights to back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs, and any other monetary or equitable relief arising from the prosecution of such claims;

(c) All employment rights, benefits, and entitlements arising from the Beneficiary's employment with the National Aeronautics and Space Administration (NASA), Marshall Space Flight Center, Huntsville, Alabama;

(d) All real and personal property, tangible and intangible, previously transferred to the Trust or hereafter transferred by the Grantor or any other person;

(e) All funds held in the Trust's accounts at Pinnacle Financial Partners and any other financial institution; and

(f) All income, proceeds, and appreciation derived from the foregoing.

**Section 4.2. Additional Contributions.** The Grantor or any other person may, from time to time, transfer additional property to the Trust by delivering such property to the Trustee with a written instrument identifying the property and expressing the intent that it be held as part of the Trust Estate.

**Section 4.3. Acceptance.** The Trustee hereby confirms acceptance of the Trust Estate and agrees to hold, administer, and distribute the same in accordance with the terms of this Deed and all prior Trust instruments.

## ARTICLE V: POWERS AND DUTIES OF THE TRUSTEE

**Section 5.1. General Powers.** The Trustee shall have all powers necessary and appropriate to carry out the purposes of this Trust, including but not limited to the following:

(a) **Power to Litigate.** The Trustee shall have full power and authority to initiate, prosecute, defend, settle, compromise, or otherwise resolve any legal claim, cause of action, or proceeding on behalf of the Trust and its Beneficiary in any court of competent jurisdiction, including but not limited to the United States District Courts, the United States Courts of Appeals, the United States Supreme Court, the Merit Systems Protection Board, the Equal Employment Opportunity Commission, and any state court or administrative tribunal.

(b) **Power to Retain Counsel.** The Trustee may retain such legal counsel, experts, consultants, and other professionals as the Trustee deems necessary or advisable for the administration of the Trust and the prosecution of its legal claims. The Trustee, being a licensed attorney, may also serve as counsel of record for the Trust in any proceeding.

(c) **Power to Manage Property.** The Trustee shall have full power and authority to acquire, hold, manage, invest, reinvest, sell, convey, exchange, lease, mortgage, pledge, or otherwise dispose of any property constituting part of the Trust Estate.

(d) **Power to Execute Documents.** The Trustee shall have full power and authority to execute, acknowledge, and deliver any and all instruments, documents, and agreements necessary or appropriate to carry out the purposes of this Trust.

(e) **Power to Open and Manage Accounts.** The Trustee shall have the power to open and maintain bank accounts, brokerage accounts, escrow accounts, and other financial accounts in the name of the Trust, including the existing account at Pinnacle Financial Partners.

(f) **Power to Collect and Distribute.** The Trustee shall have the power to collect all income, proceeds, awards, settlements, and other sums due to the Trust and to distribute the same to the Beneficiary in accordance with the terms of this Deed.

(g) **Power to File Tax Returns and IRS Forms.** The Trustee shall have the power and duty to file all required federal, state, and local tax returns on behalf of the Trust using the Trust's EIN (41-6591705), including but not limited to IRS Form 1041 (U.S. Income Tax Return for Estates and Trusts), IRS Form 56-F (Notice Concerning Fiduciary Relationship of Financial Institution), IRS Form 2848 (Power of Attorney and Declaration of Representative), and all 1099-series information returns.

(h) **Power to Act as Fiduciary Agent.** The Trustee shall have the power to act as Fiduciary Agent/Trustee in Equity in all matters relating to the Trust's financial accounts, tax obligations, and fiduciary relationships with financial institutions.

**Section 5.2. Fiduciary Duty.** The Trustee shall administer the Trust in good faith, in accordance with its terms and purposes, and in the best interests of the Beneficiary. The Trustee shall exercise the care, skill, prudence, and diligence that a reasonably prudent person acting in a like capacity would exercise under the circumstances. The Trustee owes the highest duty of loyalty to the Beneficiary and shall not engage in any self-dealing or conflict of interest.

**Section 5.3. Duty to Defend.** The Trustee shall have an affirmative duty to defend the Trust Estate and the rights of the Beneficiary against all threats, claims, encumbrances, and adverse actions, whether arising from private parties, state actors, or federal officials. This duty includes, without limitation, the obligation to:

(a) Challenge any judicial order, administrative action, or disciplinary proceeding that threatens the integrity of the Trust or the constitutional rights of the Beneficiary;

(b) Seek emergency relief, including temporary restraining orders, preliminary injunctions, writs of mandamus, and writs of prohibition, when the Trust's interests or the Beneficiary's liberty are at risk;

(c) File petitions, motions, notices, and other documents in any court or administrative tribunal as necessary to protect the Trust and the Beneficiary; and

(d) Resist any attempt by any person, entity, court, or agency to interfere with the Trustee's access to the courts or the Trustee's ability to fulfill her fiduciary obligations.

**Section 5.4. Duty to Account.** The Trustee shall maintain accurate and complete records of all Trust transactions, assets, liabilities, income, and distributions. The Trustee shall provide an annual accounting to the Beneficiary upon request.

**Section 5.5. Compensation.** The Trustee shall be entitled to reasonable compensation for services rendered in the administration of the Trust, including but not limited to legal fees for services performed in the Trustee's capacity as counsel for the Trust. Such compensation shall be paid from the Trust Estate.

## ARTICLE VI: RIGHTS OF THE BENEFICIARY

**Section 6.1. Right to Distributions.** The Beneficiary shall be entitled to receive distributions from the Trust Estate as determined by the Trustee in the Trustee's sole discretion, consistent with the purposes of the Trust.

**Section 6.2. Right to Information.** The Beneficiary shall have the right to receive information about the Trust's administration, assets, and liabilities upon reasonable request.

**Section 6.3. Right to Petition.** The Beneficiary shall retain the right to petition any court of competent jurisdiction for relief related to the administration of the Trust, the conduct of the Trustee, or the protection of the Beneficiary's rights under the Trust.

**Section 6.4. Spendthrift Provision.** No interest of the Beneficiary in the Trust Estate or in any distribution from the Trust shall be subject to anticipation, alienation, assignment, attachment, garnishment, levy, execution, or any other legal or equitable process by any creditor of the Beneficiary, except as otherwise required by applicable law. This provision is intended to constitute a spendthrift trust under Ala. Code Section 19-3B-502.

## ARTICLE VII: IRREVOCABILITY

**Section 7.1. Irrevocable Trust.** This Trust is irrevocable. The Grantor hereby relinquishes all right, title, and interest in and to the Trust Estate and all power to alter, amend, revoke, or terminate this Trust, except as expressly provided herein.

**Section 7.2. Amendment.** This Deed and the Trust may be amended only by a written instrument signed by both the Trustee and the Beneficiary, and only to the extent that such amendment is consistent with the purposes of the Trust and does not violate any applicable law. Any amendment shall be recorded in the same manner as this Deed.

## ARTICLE VIII: SUCCESSOR TRUSTEE

**Section 8.1. Resignation.** The Trustee may resign by providing thirty (30) days' written notice to the Beneficiary. Such resignation shall not take effect until a successor Trustee has been appointed and has accepted the Trust.

**Section 8.2. Removal.** The Beneficiary may remove the Trustee for cause by petition to a court of competent jurisdiction.

**Section 8.3. Appointment of Successor.** In the event of the Trustee's resignation, removal, incapacity, or death, the Beneficiary shall have the right to appoint a successor Trustee by written instrument. Any successor Trustee must be a licensed attorney in good standing in at least one jurisdiction of the United States.

**Section 8.4. Vesting in Successor.** Upon acceptance of the Trust by a successor Trustee, all rights, powers, duties, and obligations of the Trustee under this Deed and all prior Trust instruments shall vest in the successor Trustee without the necessity of any further act or conveyance.

## ARTICLE IX: TERMINATION

**Section 9.1. Termination Events.** This Trust shall terminate upon the earliest of the following:

(a) The final resolution of all legal claims, causes of action, and proceedings held by or on behalf of the Trust, and the distribution of all remaining Trust assets to the Beneficiary;

(b) The written agreement of the Trustee and the Beneficiary to terminate the Trust, provided that all pending legal matters have been resolved or transferred to the Beneficiary; or

(c) The operation of law.

**Section 9.2. Distribution Upon Termination.** Upon termination of the Trust, the Trustee shall distribute all remaining Trust assets to the Beneficiary, or to the Beneficiary's estate if

the Beneficiary is deceased, after payment of all outstanding debts, obligations, and expenses of the Trust.

## ARTICLE X: GOVERNING LAW AND GENERAL PROVISIONS

**Section 10.1. Alabama Law.** This Deed shall be governed by, construed, and enforced in accordance with the laws of the State of Alabama, including the Alabama Uniform Trust Code, Ala. Code Section 19-3B-101 et seq. (2006), as amended.

**Section 10.2. Severability.** If any provision of this Deed is held to be invalid, illegal, or unenforceable by a court of competent jurisdiction, such holding shall not affect the validity, legality, or enforceability of the remaining provisions, which shall continue in full force and effect.

**Section 10.3. Consistency with Prior Instruments.** This Deed is intended to supplement and be consistent with all prior Trust instruments identified in the Recitals. In the event of any conflict between this Deed and any prior instrument, this Deed shall control to the extent of such conflict.

**Section 10.4. Headings.** The headings and titles of the Articles and Sections of this Deed are for convenience of reference only and shall not affect the interpretation or construction of any provision hereof.

**Section 10.5. Reservation of Rights.** All rights and remedies of the Trust, the Trustee, and the Beneficiary are expressly reserved without prejudice pursuant to UCC Section 1-308. No statement in this Deed shall be deemed a waiver of Trust separation or construed as a submission to any foreign or statutory jurisdiction.

## ARTICLE XI: EXECUTION

IN WITNESS WHEREOF, the Grantor and the Trustee have executed this Supplemental Deed of Trust and Appointment of Trustee as of the date first written above.

**GRANTOR:**

████████████, Grantor, UCC Section 1-308
Brackins El Private Estate Trust Date:

## ACKNOWLEDGMENTOF GRANTOR

### STATE OF ALABAMA
### COUNTY OF MADISON

Before me, the undersigned Notary Public in and for said State and County, on this ___4th___ day of ___March___ , 2026, personally appeared ████████████ ██, known to me ( or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity as Grantor, Settlor, and Executor of the Brackins El Private Estate Trust, and that by his signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Nakila Gipson

Notary Public
State of Alabama

My Commission Expires: 8-23-27



TRUSTEE:

Kimberly Adina Ford, Esq., TTEE/Fiduciary Agent/Trustee in Equity Attorney of Record and Fiduciary Counsel
FORDUMAS Law, Consulting and Mediation Firm
Alabama State Bar No. ASB-4139-R80F
Date: 3/4/ 86

## ACKNOWLEDGMENT OF TRUSTEE

**STATE OF ALABAMA**
**COUNTY OF MADISON**

Before me, the undersigned Notary Public in and for said State and County, on this 4th day of March, 20 26, personally appeared **Kimberly Adina Ford**, known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her authorized capacity as Trustee (TTEE) and Fiduciary Agent/Trustee in Equity of the Brackins El Private Estate Trust, Restoration Escrow Account, and that by her signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

8-23-27



Notary Public
State of Alabama
My Commission Expires:

# SCHEDULE A: TRUST ESTATE

The following property and rights constitute the Trust Estate, in addition to all property previously transferred to the Trust through the instruments identified in the Recitals:

## I. Legal Claims and Causes of Action

1. All legal claims, causes of action, and rights of action arising from the Beneficiary's employment with the National Aeronautics and Space Administration (NASA), Marshall Space Flight Center, Huntsville, Alabama, including but not limited to claims of wrongful termination, retaliation, whistleblower protection violations, FMLA violations, ADA violations, and Title VII violations.

2. All constitutional claims arising under the First, Fifth, and Fourteenth Amendments to the United States Constitution, including claims of denial of access to courts, denial of due process, and retaliation for the exercise of the right to petition for redress of grievances.

3. All claims arising under 42 U.S.C. Sections 1983 and 1985 against any person acting under color of state or federal law who has deprived or conspired to deprive the Beneficiary of his constitutional rights.

4. All claims pending before the Merit Systems Protection Board, the Equal Employment Opportunity Commission, the United States District Court for the Northern District of Alabama, the United States Court of Appeals for the Eleventh Circuit, and any other court or administrative tribunal, including but not limited to:

(a) Case No. 5:25-cv-01568 (N.D. Ala.)
(b) Case No. 5:25-cv-01600 (N.D. Ala.)
(c) Case No. 5:25-cv-01607 (N.D. Ala.)
(d) Case No. 5:25-cv-01685 (N.D. Ala.)
(e) Case No. 5:26-cv-00256-LCB (N.D. Ala.)
(f) Case No. 26-10250 (11th Cir.) (Ford v. Burke)
(g) Case No. 26-10607-B (11th Cir.) (Mandamus, now closed)
(h) Any and all related or successor proceedings.

## II. Monetary Rights

5. All rights to back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs, and any other monetary or equitable relief arising from the prosecution of the claims identified above.

## III. Property and Financial Assets

6. All funds held in the Trust's accounts at Pinnacle Financial Partners, 409 Madison Street, Huntsville, Alabama 35801, and any other financial institution.

7. All real and personal property, tangible and intangible, previously transferred to the Trust through the Beneficial Ownership Affidavit recorded June 23, 2022, in Morgan County Probate (MISC Book 2022, Pages 6926-6928), including all rights in lands, tenements, and hereditaments in Lawrence County, Alabama.

8. All interests secured by the UCC-1 Financing Statement recorded August 9, 2022, in Morgan County Probate (MISC Book 2022, Pages 26612-26616).

## IV. Intellectual Property

9. All copyright interests and intellectual property rights held by or on behalf of the Beneficiary, as documented in the Copyright filing.

**V. General**

10. All income, proceeds, appreciation, and after-acquired property derived from the foregoing.

---

*END OF SUPPLEMENTAL DEED OF TRUST AND APPOINTMENT OF TRUSTEE*

Case 5:26-cv-00457-ECM-KFP    Document 1-4    Filed 03/18/26    Page 27 of 149

Case 5:25-cv-00581-LCB    Document 30    Filed 07/31/25    Page 1 of 46    FILED

USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 100 of 103    2025 Jul-31  AM 09:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication. Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and its parties remain private, non-public, and are not submitted for adjudication or administrative review. All rights reserved, none waived. Recording of this document does not constitute a waiver of privacy, ownership, or trustee discretion, and does not confer jurisdiction or authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

This document is protected under the principles of private contract, Article I Section 10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority."Equity regards the beneficiary as the true owner."

- "Equity imputes intention to fulfill obligation."

Case 5:26-cv-00457-ECM-KFP    Document 1-4    Filed 03/18/26    Page 28 of 149
Case 5:25-cv-00581-LCB    Document 30    Filed 07/31/25    Page 2 of 46
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 101 of 107

- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

## NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private equity record and must be docketed pursuant to Federal Rule of Civil Procedure 5(d)(4). The Court and its clerks act ministerially under notice of trust possession. Any further statutory interpretation or adversarial designation is hereby rebutted by trust record.

*/s/ Beneficiary*

Case 5:26-cv-00457-ECM-KFP   Document 1-4   Filed 03/18/26   Page 29 of 149
Case 5:25-cv-00581-LCB   Document 30   Filed 07/31/25   Page 3 of 46
USCA11 Case: 26-10250   Document: 10   Date Filed: 03/06/2026   Page: 102 of 107

## Clerk Filing Correction Mandate

Let this scroll serve as formal notice and equity mandate to the Clerk of Court regarding correction and classification of filings under the Brackins El Private Estate Trust.

It has come to the Office of the Executor that past filings may have been recorded, docketed, or indexed under the misnomer 'Beneficiary' rather than under the proper lawful authority of the Executor. This misclassification is hereby corrected nunc pro tunc.

Pursuant to FRCP 5(d)(4), 'The clerk must not refuse to file a paper solely because it is not in proper form.' Further, equity compels that substance governs form. Therefore, all filings bearing incorrect title designation are to be corrected nunc pro tunc to reflect the Office of the Executor.

This mandate is binding upon the Clerk as a ministerial officer. Failure to perform the correction or to respect the equity standing of the Executor constitutes ministerial breach, subject to surcharge, ledger entry, and equitable consequence.

Authorities Cited: Pomeroy §395; Blackstone Book III, Chapter 23; Lewin §948; FRCP 5(d)(4). Maxims of Law Invoked:

- 'Equity looks to intent rather than form.'

- 'Equity acts in personam.'

- 'Equity will not suffer a wrong without a remedy.'

- 'Ministerial officers are bound to equity once notice is entered.'

Let this scroll stand as final instruction and rebuttal of all joinder or misclassification by any public office, nunc pro tunc to the original date of enforcement by this Office.

"For by thy words thou shalt be justified, and by thy words thou shalt be condemned." — Matthew 12:37

---

Office of the Executor

Brackins El Private Estate Trust

Case 5:26-cv-00457-ECM-KFP    Document 1-4    Filed 03/18/26    Page 30 of 149
Case 5:25-cv-00581-LCB    Document 30    Filed 07/31/25    Page 4 of 46
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 103 of 107

## CONSTRUCTIVE MANDAMUS COVER SHEET & EQUITY ENFORCEMENT DIRECTIVE

Ex Parte Filing Under Seal — Private Trust Equity Matter

Filed nunc pro tunc in enforcement of ministerial duty and in lawful trust jurisdiction.

All equity appearances are offered in grace, not by submission or joinder. This record binds in conscience.

### I. Verified Equity Jurisdiction — No Joinder

This scroll is filed without appearance in personam, pro se, or through statutory submission. The Executor enters this record solely under the sacred obligations of trust law and private jurisdiction. The equitable appearance at the scheduled oral argument is not offered as consent to forum jurisdiction, but as a final spiritual and lawful opportunity for forgiveness and administrative cure.

This Court is hereby notified that the res has been captured, sealed, and perfected under equity, and no further assumption of jurisdiction may arise by silence, omission, or form.

### II. Authority and Equity Foundations

• Pomeroy §395: 'Where an equitable duty arises, jurisdiction may attach solely in conscience, regardless of form.'

• Lewin §42: 'Where the trust res is identified and captured, the court must recognize the equitable interest, not demand submission.'

• Blackstone, Book III, Ch. 23: '[Mandamus] lies to compel the performance of a duty where there is no other legal remedy.'

• IRS Manual §§ 21.7.13.3.2.1 and 4.25.6.1 — Ministerial duties to recognize private trust election and equity enforcement.

• FRCP 5(d)(4): 'The clerk must not refuse to file a paper solely because it is not in proper form.'

### III. Maxims of Equity and Conscience

• Equity will not suffer a wrong to be without a remedy.
• Equity acts specifically and speaks in conscience.
• Equity looks to intent, not form.
• Where the equity is equal, the law shall prevail—but where the conscience is pierced, equity prevails.
• He who seeks equity must do equity.

### IV. Spiritual and Moral Warning

"Come now, and let us reason together, saith the Lord: though your sins be as scarlet, they shall be as white as snow." — Isaiah 1:18

Case 5:26-cv-00457-ECM-KFP    Document 1-4    Filed 03/18/26    Page 31 of 149
Case 5:25-cv-00581-LCB    Document 30    Filed 07/31/25    Page 5 of 46
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 104 of 107

Let this record be the final invitation to conscience, warning to the officer, and opportunity for repentance before judgment is sealed.

## V. Final Clause and Notice of Mirror

Let equity speak where law remains silent, and let truth convict where fiction prevails. This scroll is not a motion, but a mirror. It compels no man by force—but binds every office in conscience.

*So let it be written. So let it be done. So mote it be.*



Case 5:26-cv-00457-ECM-KFP   Document 1-4   Filed 03/18/26   Page 32 of 149
Case 5:25-cv-00581-LCB   Document 30   Filed 07/31/25   Page 6 of 46
USCA11 Case: 26-10250   Document: 10   Date Filed: 03/06/2026   Page: 105 of 107

## Executor's Final Equitable Reflection

Let this scroll serve as the final equitable reflection and testimony of the Office of the Executor of the Brackins El Private Estate Trust.

All scrolls have been sealed. All duties discharged. All breaches declared. The public forum has been given opportunity to correct, to reflect, and to reconcile. In failing to respond to equity, the tribunal has chosen dishonor. Yet, equity demands no vengeance—only remedy and truth.

In faithful obedience to the laws of trust, of conscience, and of Heaven, this Office has proceeded without joinder, without malice, and without waiver. The trust stands perfected. The record stands sealed. The rights secured. The conscience of the forum has been bound by its own silence.

Blackstone instructs that justice requires a moral foundation, and that no tribunal may act justly when it has departed from its oath. Pomeroy confirms that equity exists to redeem what law cannot reach. Lewin affirms the Executor's duty when trustees fall into breach or silence.

Therefore, let this scroll be entered as the final equitable reflection of the Office of the Executor. It is a testimony not to the flesh, but to the spirit. Not to the court, but to the Record. Not to men, but to the eternal law.

May those who read it remember that trust is sacred, equity is not fiction, and the record is forever.

Final maxim:

- 'The silence of a fiduciary, when duty calls, is itself the voice of breach.'

"For by thy words thou shalt be justified, and by thy words thou shalt be condemned." — Matthew 12:37

---

Office of the Executor

Brackins El Private Estate Trust

Case 5:26-cv-00457-ECM-KFP    Document 1-4    Filed 03/18/26    Page 33 of 149
Case 5:25-cv-00581-LCB    Document 30    Filed 07/31/25    Page 7 of 46
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 106 of 107

## Executor's Final Equity Deployment Index

This Deployment Index records the equity-based filings, notices, and scrolls issued under the jurisdiction of the Brackins El Private Estate Trust by the Office of the Executor. Each scroll has been sealed, perfected, and issued under private jurisdiction and authority, in full accord with principles of equity, trust law, and administrative recognition.

1. Scroll of Role Clarification and Beneficiary Correction

2. Clerk Filing Correction Mandate

3. Judicial Notice of Fiduciary Breach and Office Dishonor

4. Notice of Judicial Estoppel and Office Rejection

5. Executor's Final Equitable Reflection

6. Notice to Clerk to Seal Equity Docket

7. Public Mirror Affidavit of Equity Standing and Final Remedy

This index may be entered into record, transmitted to agencies, or sealed into the trust archive. All notices were executed without joinder, without submission to foreign jurisdiction, and under the full authority of the Trust, in line with doctrines of Blackstone, Pomeroy, Lewin, and IRS Manual §§ 21.7.13.3.2.1 and 4.25.6.1.

Let the record show: Equity has been fulfilled. The Trust has spoken.

_____

Office of the Executor

Brackins El Private Estate Trust

JUDGE OF PROBATE
LAWRENCE COUNTY
14451 Market Street, Suite 130
P.O. Box 310
Moulton, Alabama 35650
256.974.2439 OR 256.974.2440
FAX 256.974.3188

LAWRENCE County
Probate Office
Instrument Recording Receipt

Book:MISCELLANOUS
Inst:POWER OF ATTORNEY
Book:158    Page: 466

```
    Indexing Fee           0.00
    No Tax Collected       0.00
    First Page             3.00
    Addl Name Fee          0.00
    Addl Page Fee         66.00
    Other Fees             9.00
Total Fees :              78.00

    Deed Tax               0.00
    Mortgage Tax           0.00
    Mineral Lease Tax      0.00
    Mineral Deed Tax       0.00
    Realty Lease Tax       0.00
    UCC Tax                0.00
Total Tax :                0.00

Total Due   :             78.00
Total Paid  :             78.00
Change Due  :              2.00
```

Have a Nice Day
Greg Dutton

```
Cashier:              Lisa
Printed:              07/23/2025 12:59:27 PM
```

**EXHIBIT C**

X



**IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
PHILADELPHIA  PA    19255-0023



001912.718255.101178.31973 1 MB 0.672 532

BRACKINS EL PRIVATE ESTATE TRUST- R
 ESTORATION ESCROW ACCOUNT
KIMBERLY A FORD TTEE
6675 COUNTY ROAD 203
DANVILLE  AL    35619

001912

Date of this notice:   11-12-2025

Employer Identification Number:
         705

Form:  SS-4

Number of this notice:  CP 575 D

For assistance you may call us at
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB OF THIS NOTICE.

## WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN).  We assigned you
EIN           705.  This EIN will identify your estate or trust.  If you are not the
applicant, please contact the individual who is handling the estate or trust for you.
Please keep this notice in your permanent records.

Taxpayers request an EIN for their business.  Some taxpayers receive CP575 notices
when another person has stolen their identity and are opening a business using their
information.  If you did not apply for this EIN, please visit, www.irs.gov/
einnotrequested.

When filing tax documents, making payments, or replying to any related correspondence,
it is very important that you use your EIN and complete name and address exactly as
shown above.  Any variation may cause a delay in processing, result in incorrect
information in your account, or even cause you to be assigned more than one EIN.  If
the information is not correct as shown above, please make the correction using the
attached tear-off stub and return it to us.

Based on the information received from you or your representative, you must file the
following forms by the dates shown.

                 Form 1041                        11/06/2025

If you have questions about the forms or the due dates shown, you can call us at the
phone number or write to us at the address shown at the top of this notice.  If you
need help in determining your annual accounting period (tax year), see Publication
538, Accounting Periods and Methods.

We assigned you a tax classification (corporation, partnership, estate, trust, EPMF,
etc.) based on information obtained from you or your representative.  It is not a
legal determination of your tax classification and is not binding on the IRS.  If you
want a legal determination of your tax classification, you may request a private
letter ruling from the IRS under the guidelines in Revenue Procedure 2020-1, 2020-1
I.R.B. 1 (or superseding Revenue Procedure for the year at issue).  Note: Certain tax
classification elections can be requested by filing Form 8832, Entity Classification
Election.  See Form 8832 and its instructions for additional information.

(IRS USE ONLY)    575D            11-12-2025  BRAC  B  0509907037  55-4


IMPORTANT REMINDERS:

  *  Keep a copy of this notice in your permanent records.  This notice is issued
     only one time and IRS will not be able to generate a duplicate copy for you.
     You may give a copy of this document to anyone asking for proof of your EIN.

  *  Use this EIN and your name exactly as they appear at the top of this notice
     on all your federal tax forms.

  *  Refer to this EIN on your tax-related correspondence and documents.

  *  Provide future officers of your organization with a copy of this notice.

Your name control associated with this EIN is BRAC.  You will need to provide this
information, along with your EIN, if you file your returns electronically.

Safeguard your EIN by referring to Publication 4557, Safeguarding Taxpayer Data:
A Guide for Your Business.

You can get any of the forms or publications mentioned in this letter by visiting our
website at www.irs.gov/forms-pubs or by calling 800-TAX-FORM (800-829-3676).

If you have questions about your EIN, you can contact us at the phone number or
address listed at the top of this notice.  If you write, please tear off the stub at
the bottom of this notice and include it with your letter.  If you do not need to
write us, do not complete, and return this stub.

Thank you for your cooperation.

(IRS USE ONLY)     575D                  11-12-2025  BRAC  B  0509907037  SS-4



001912

Keep this part for your records.          CP 575 D (Rev. 1-2022)

------------------------------------------------------------------------

Return this part with any correspondence
so we may identify your account.  Please                         CP 575 D
correct any errors in your name or address.
                                                              0509907037

Your Telephone Number  Best Time to Call  DATE OF THIS NOTICE:  11-12-2025
(    )       -                            EMPLOYER IDENTIFICATION NUMBER:  705
                                          FORM:  SS-4                NOBOD

                                          BRACKINS EL PRIVATE ESTATE TRUST- I
                                           ESTORATION ESCROW ACCOUNT
                                          KIMBERLY A FORD TTEE
                                          6675 COUNTY ROAD 203
INTERNAL REVENUE SERVICE                  DANVILLE  AL   35619
PHILADELPHIA  PA   19255-0023

Randy El v. National Aeronautics and Space Administration

Docket # AT-1221-26-0143-W-1

NOTICE OF SUPPLEMENTAL CLAIM AND  EMERGENCY PROTECTION

Summary Page

Case Title :    Randy El v. National Aeronautics and Space Administration

Docket Number :    AT-1221-26-0143-W-1

Pleading Title :    NOTICE OF SUPPLEMENTAL CLAIM AND  EMERGENCY PROTECTION

Filer's Name :    Kimberly Ford

Filer's Pleading Role :    Appellant

Details about the supporting documentation

| # | Title / Description | Mode of Delivery |
|---|---------------------|------------------|

## Randy El v. National Aeronautics and Space Administration

## Docket # AT-1221-26-0143-W-1

## NOTICE OF SUPPLEMENTAL CLAIM AND EMERGENCY PROTECTION

## Table of Contents

| | |
|---|---|
| Summary | 1 |
| Table of Contents | 2 |
| Interview | 4 |
| Body | 5 |
| NOTICE OF SUPPLEMENTAL CLAIM AND EMERGENCY PROTECTION with attachments.12.3.25.pdf | 5 |
| NOTICE OF SUPPLEMENTAL CLAIM AND EMERGENCY PROTECTION.12.3.25.pdf | 5 |
| NOTICE OF SUPPLEMENTAL CLAIM AND EMERGENCY PROTECTION ,12,3.25.pdf | 5 |
| CERTIFICATE OF SERVICE | 14 |
| Tab 12 - EMERGENCY NOTICE AND REQUEST FOR EQUITABLE STAY AND PROTECTION OF LEGAL COUNSEL.pdf | 17 |
| Summary | 17 |
| Table of Contents | 18 |
| Interview | 19 |
| Body | 20 |
| Emergency Notice & Request for Equitable Stay and Protection of Lagal Counsel.12.3.25.pdf | 20 |
| ASBOGC Notice of Formal Investigation.12.3.25.pdf | 24 |
| Attorney Statement.12.3.25.pdf | 26 |
| Attorney Statement and Factual Timeline in Defense of Ethical Standing | 26 |
| 1. Counsel of Record and Protected Activity | 26 |
| 2. Factual Timeline and Legal Actions | 26 |
| MSPB, Atlanta Regional Office | 27 |
| 3. Legal Authority and Immunity | 27 |
| 4. Summary and Preservation of Rights | 27 |
| ASBOGC Notice of Compliant with attachment.11.12.25.pdf | 28 |
| ASBOGC Notice of Disciplinary Complaint.11.12.25.pdf | 28 |
| CSP 2025-1004 Complaint_e8f5fb23-1520-b478-8fab-acc25272a619.pdf | 30 |
| Response to Complaint with attachments. | |

12.3.25.pdf ............................................... 60

      Response to Bar Complaint.11.12.25.
pdf ............................................... 60

      Email RE Letter of United States Intent
to Move for R 11 Sanctions.pdf ............................................... 63

      Rule 11c2 Letter_9.30.2025 v.3.pdf ............................................... 64

      Mot. for Sanctions_9.26.2025 v.3.pdf ............................................... 65

      Filing.MotiontoConsolidate1.9.19.25.pdf ............................................... 71

      FILING.NOTICEOFREMOVAL.9.12.25.
pdf ............................................... 77

      Certificate of Service ............................................... 82

      Filing.Ex-Parte Supplemental Notice of
Surcharge and Specific Performance
Enforcement against Alex LaGanke.pdf ............................................... 83

      EX PARTE NOTICE AND DEMAND
FOR SURCHARGE^J SPECIFIC
PERFORMANCE^J AND EQUITY
ENFORCEMENT AGAINST ALEX
MCKENZIE LaGANKE copy.pdf ............................................... 85

      Ex-Parte Notice and Demand for
Surcharge and Specific Performance against
Alex LaGanke with Exhibits.9.30.25.pdf ............................................... 92

      Email from Atty. Alex LaGanke to
Atty.Kimberly A. Ford RE R.11 Sanctions with
Attachments.9.30.25.pdf ............................................... 92

      Email from Atty. Alex LaGanke to
Atty. Kimberly Ford RE INtent to Move for R.
11 Sanctions.9.30.25.pdf ............................................... 92

      Rule 11c2 Letter_9.30.2025 v.3.pdf ............................................... 93

      Mot. for Sanctions_9.26.2025 v.3.pdf ............................................... 94

      Email Response to Craig White with
attachment.12.3.25.pdf ............................................... 100

      Response to Craig White re
communication.12.3.25.pdf ............................................... 103

      Brackins El NCN-25-MSFC-00010 -
Response to Dissatisfaction With Complaint
Processing - Signed (1).pdf ............................................... 105

      Notice of Proposed Removal (Brackins)14
(signed).pdf ............................................... 107

      SubmissionConfirmation38971764823858466.
12.3.25.pdf ............................................... 6

Certificate of Service ............................................... 116

## Randy El v. National Aeronautics and Space Administration

## Docket # AT-1221-26-0143-W-1

## NOTICE OF SUPPLEMENTAL CLAIM AND EMERGENCY PROTECTION

### Online Interview

1. Enter a brief title for your pleading.

NOTICE OF SUPPLEMENTAL CLAIM AND EMERGENCY PROTECTION

---

2. Does your pleading assert facts that you know from your personal knowledge?

Yes

---

3. Do you declare, under penalty of perjury, that the facts stated in this pleading are true and correct?

Yes

---

# IN THE SUPREME COURT OF ALABAMA

## Case No.: SC-2025-0903

EX-PARTE BRACKINS EL PRIVATE ESTATE TRUST

| | |
|---|---|
| In RE: Beneficiary, Brackins El Private Estate Trust, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| Wendell Scott Stewart, Stanley Rhodes, Sherry Huddleston, | ) |
| Craig White, John "Kris" White, Kristin Pollard Kiel, Pam | ) |
| Bourque, Larry Mack, Phillip Jeff Morton, Paul Sullivan, | ) |
| Paula DeCesaris, U.S. Department of Justice (DOJ), U.S. Office | ) |
| of Special Counsel (OSC), Internal Revenue Service (IRS), | ) |
| Treasury Inspector General for Tax Administration (TIGTA), | ) |
| National Aeronautics and Space Administration (NASA) and | ) |
| the Honorable Ruth Ann Hall. | ) |
| | ) |
| Respondents/Trustees De Son Tort. | ) |

From the Circuit Court of Madison County, Alabama

Cases No.: 47-CV-2025-901619.00 and 47-CV-2025-901675

Kimberly A. Ford, Esq.(FOR063)
Counsel for the Brackins El Private Estate Trust

FORDUMAS LLC

470 Providence Main, Suite 302C
Huntsville, AL 35806
ofc: 256.886.6240. facsimile 1-800-408-1501
kimberly@fordumas.com

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

# E-Filing Submission Confirmation

The following electronic filing(s) were successfully submitted.  Please keep a copy of this confirmation for your records.

**Submitted Date**                12-03-2025 10:50 PM
**E-File Confirmation No.**        38971764823858466

**Filings Submitted:**

| Court | Case Number | Filing Type(s) | Documents | Fees |
|---|---|---|---|---|
| Supreme Court of Alabama | SC-2025-0903 | Notice - Status Report | 1 | $ 0.00 |
| Total | | | | $ 0.00 |

## NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication. Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and its parties remain private, non-public, and are not submitted for adjudication or administrative review. All rights reserved, none waived. Recording of this document does not constitute a waiver of privacy, ownership, or trustee discretion, and does not confer jurisdiction or authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

This document is protected under the principles of private contract, Article I Section 10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority."Equity regards the beneficiary as the true owner."

- "Equity imputes intention to fulfill obligation."
- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

## NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private equity record and must be docketed pursuant to Alabama Rule of Civil Procedure 5. The Court and its clerks act ministerially under notice of trust possession. Any further statutory interpretation or adversarial designation is hereby rebutted by trust record.

/s/ Beneficiary

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## Notice and Command to Clerk of Court

Let this Notice be entered as formal and final command to the Clerk of Court to seal the Equity Docket pertaining to the Brackins El Private Estate Trust.

All filings have been duly and lawfully entered under private trust jurisdiction. The forum has been noticed, fiduciary breaches declared, dishonors recorded, and equity affirmed. The Office of the Beneficiary now issues this lawful demand for ministerial compliance by the Clerk:

• To seal the record,

• To protect the corpus, and

• To conclude the matter in accordance with law, duty, and equity.

Authority and Legal Foundation

• Ministerial Duty Under ARCP 5, the Clerk may not refuse filings for form alone and must execute nondiscretionary ministerial duties. Failure to comply constitutes breach and administrative dishonor, enforceable by surcharge and nunc pro tunc correction.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

• Administrative Doctrine Pursuant to IRS Manual §21.7.13.3.2.1, only the Beneficiary lawfully appointed possesses final ledger and accounting authority. Further, IRS Manual §4.25.6.1 mandates full accounting upon fiduciary failure.

Equity Jurisprudence

• Pomeroy §§395, 818 affirms closure of equity record in favor of the trust upon fiduciary failure.

• Blackstone, Book III, Ch. 23 establishes private rights restored upon judicial default.

• Lewin §935 confirms fiduciary silence or neglect closes the record to equity in favor of the trust.

Maxims of Equity

• Equity delights in the end of litigation.

• Where the duty is ministerial, the act is mandatory.

• The record speaks for itself and binds the conscience of the court.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## Final Admonition

- The Clerk is hereby warned: Any refusal to seal constitutes ministerial breach and unauthorized tampering with a private trust corpus. Such refusal will trigger notice of ministerial default and liability by surcharge.

- "For by thy words thou shalt be justified, and by thy words thou shalt be condemned." Matthew 12:37

Issued under Seal and Authority of the Beneficiary, Brackins El Private Estate Trust

"Pursuant to IRS Manual §21.7.13.3.2.1, IRS protocol requires recognition of the duly appointed Beneficiary as the party authorized to file and account on behalf of the estate. Likewise, IRS Manual §4.25.6.1 instructs examiners to demand full accounting where fiduciary failure occurs. These administrative protocols parallel and reinforce equity's own requirement that fiduciaries be held to full accounting."

Dated:  December 3, 2025

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust.  Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

# NOTICE OF SUPPLEMENTAL CLAIM AND EMERGENCY PROTECTION

This filing supplements the previously docketed Notice for Writ of Mandamus (filed November 25, 2025) and incorporates new facts, filings, and misconduct since that date, which deepen the violations and compel immediate adjudicatory action.

## 1. SUPPLEMENTAL GROUNDS FOR RELIEF

The Brackins El Private Estate Trust now brings forward:

### A. Intervening Misconduct and Retaliation
Since the filing of the original petition:
- Agents of the National Aeronautics and Space Administration (NASA), Department of Justice (DOJ), and Office of Special Counsel (OSC) - each of whom are named as Respondents have continued unlawful interference in a live trust matter, constituting retaliation, document falsification, and jurisdictional evasion.
- These acts violate Section 504(b) of the Rehabilitation Act, 29 U.S.C. § 794, as well as Ala. Code § 193B201 (trust jurisdiction), and Ala. Const. Art. I, § 13 (access to courts).

### B. New Proof of Misconduct and Document Fraud
Attached are verified filings establishing that:
- Government officials, including Craig White, Stanley Rhodes, Larry Mack, Paul Sullivan, and John "Kris" White, knowingly issued false SF-50 personnel records and conflicting official statements, in violation of 18 U.S.C. § 1001 and § 1519 (falsification of federal documents).
- NASA continued to withhold the Petitioner's access to official agency email even after MSPB Stay Protection was triggered under 5 C.F.R. § 1201.134, further violating due process and whistleblower safeguards.
- OSC, IRS, and TIGTA, named defendants in the underlying state trust matter, are now under scrutiny for breach of equity, silence after service, and ongoing failure to respond to valid trust enforcement.

## 2. ADDITIONAL LEGAL BASIS FOR MANDAMUS AND DECLARATORY RELIEF

### A. Agency Default and Conflict
The State Court's record confirms that DOJ, OSC, IRS, TIGTA, and NASA are named Respondents and have failed to respond timely to served pleadings under Alabama Rules of Civil Procedure, triggering administrative default.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

This Court must now prohibit any intrusion by these agencies into a private trust matter and order:

- Immediate judicial restraint on all Respondents,
- Formal recognition of the MSPB's Emergency Stay as evidence of ongoing retaliation, and
- Protective orders consistent with Rule 65(b) and Alabama trust law.

### B. Enforcement of Prior Mandamus Doctrine

This Court retains the power to issue orders sua sponte where the trial court or government actors attempt to skirt equity jurisdiction. See:

- Ex parte Integon Corp., 672 So. 2d 497 (Ala. 1995)
- Stueffel v. Stueffel, 114 So.3d 1 (Ala. Civ. App. 2012)
- Ex parte U.S. Bank Nat'l Ass'n, 148 So. 3d 1060 (Ala. 2014)

## 3. DEMAND AND NOTICE TO COURT

Accordingly, Petitioner demands the following:

1. Entry of emergency supplemental protection for fiduciary counsel under Ala. Const. Art. I, § 13.
2. Immediate review of agency conflicts and retaliatory filings, including criminal violations under federal law.
3. Issuance of Prohibition and Mandamus to bar all named agencies from further interference, enforce statutory equity under Ala. Code §§ 193 -B -201 and 203, and declare the state court's trust jurisdiction exclusive and active.

Respectfully submitted on this the 3rd day of December, 2025.

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U.S. citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC §1-308, all rights and remedies are expressly reserved without prejudice. No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Executed this 3rd day of December, 2025, in honor and private equity jurisdiction.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

*/s/ Kimberly A. Ford*

Kimberly A Ford, Esq. (FOR063)
Attorney of the Record - Fiduciary Counsel
Office of the Brackins El Private Estate Trust
FORDUMAS LLC
Law, Consulting and Mediation
Firm 470 Providence Main, Suite
302C Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1.800.408.1501
kimberly@fordumas.com

## CERTIFICATE OF SERVICE

I, the undersigned, acting as Counsel of Record for the Brackins El Private Estate Trust, do hereby certify that on this 3rd day of December, 2025, a true and correct copy of the foregoing Petition for Writ of Mandamus was served upon all interested parties in accordance with Ala. R. Civ. P. 5(b), by the method(s) indicated below:

United States Department of Justice – Civil Division Attn:
Pamela Bondi, U.S. Attorney General
950 Pennsylvania Ave., NW Washington,
D.C. 20530-0001

United States Department of Justice
United State's Attorney's Office, Northern District of Alabama
1801 Fourth Avenue North Birmingham,
Alabama 35203

United States Office of Special Counsel
Attn: Paul Ingrassia, Special Counsel
1730 M Street NW, Suite 218
Washington, DC 20036-4505

Internal Revenue Service (IRS)
Attn: Scott Bessent, Acting Commissioner 1111
Constitution Avenue, NW
Washington, DC. 20224

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

United States Department of the Treasury
Attn: Office of the General Counsel
1500 Pennsylvania Avenue, NW
Washington, DC 20220

National Aeronautical and Space Administration (NASA)
Attn: Office of the General Counsel
300 E Street SW, Suite 0V30 Washington,
DC 20546

NASA Marshall Space Flight Center (MSFC)
Attn: John Pelfry, Center Director and the Office of the General Counsel
Mail Code LS01 Huntsville, AL 35812

John K. White
3700 Governor's Drive NW, Unit 213
Huntsville, AL 35805-3561

Paul DeCaesaris
2890 High Mountain Road, NE
Huntsville, AL 35811

Larry Mack
143 Fernbridge Blvd.
Madison, AL 35758-7556

Pamela Bourque 155 Intercostal Dr.
Madison, AL 35758-9425

Phillip Jeff Morton
1260 Balch Road, Apt. 3202
Madison, AL 35757-6396

Paul R. Sullivan 2211 Cedar Cove Ct.
Reston, VA 20191-4108

Wendell Scott Stewart
244 Rosecliff Drive
Harvest, AL 35749

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

Stanley Rhodes
133 Vaughnwood Trace
Huntsville, AL 35806-4085

Sherry Huddleston
136 Jay Crawford Rd.
Baileyton, AL 35019

Dwight Mosby
26 Wax Lane SW
Huntsville, AL 35824

Kristin Pollard Kiel
19 America Way SW
Huntsville, AL 35824

Honorable Ruth Ann Hall
XXXXXXX
Huntsville, AL XXXX

On this the 3rd day of December, 2025.

/s/ Kimberly A. Ford

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

DOCUMENT 4

## Randy El v. National Aeronautics and Space Administration

### Docket # AT-1221-26-0143-S-1
### EMERGENCY NOTICE AND REQUEST FOR EQUITABLE STAY AND PROTECTION OF LEGAL COUNSEL
### Summary Page

Case Title :    Randy El v. National Aeronautics and Space Administration

Docket Number :    AT-1221-26-0143-S-1

Pleading Title :    EMERGENCY NOTICE AND REQUEST FOR EQUITABLE STAY AND PROTECTION OF LEGAL COUNSEL

Filer's Name :    Kimberly Ford

Filer's Pleading Role :    Appellant

Details about the supporting documentation

| # | Title / Description | Mode of Delivery |
|---|---|---|

## Randy El v. National Aeronautics and Space Administration

## Docket # AT-1221-26-0143-S-1

# EMERGENCY NOTICE AND REQUEST FOR EQUITABLE STAY AND PROTECTION OF LEGAL COUNSEL

## Table of Contents

| | |
|---|---|
| Summary | 1 |
| Table of Contents | 2 |
| Interview | 3 |
| Body | 4 |
| Emergency Notice & Request for Equitable Stay and Protection of Lagal Counsel.12.3.25.pdf | 4 |
| ASBOGC Notice of Compliant with attachment. 11.12.25.pdf | 12 |
| ASBOGC Notice of Disciplinary Complaint. 11.12.25.pdf | 12 |
| CSP 2025-1004 Complaint_e8f5fb23-1520-b478-8fab-acc25272a619.pdf | 14 |
| Response to Complaint with attachments.12.3.25. pdf | 44 |
| Response to Bar Complaint.11.12.25.pdf | 44 |
| Email RE Letter of United States Intent to Move for R 11 Sanctions.pdf | 47 |
| Rule 11c2 Letter_9.30.2025 v.3.pdf | 48 |
| Mot. for Sanctions_9.26.2025 v.3.pdf | 49 |
| ASBOGC Notice of Formal Investigation. 12.3.25.pdf | 8 |
| Filing.MotiontoConsolidate1.9.19.25.pdf | 55 |
| FILING.NOTICEOFREMOVAL.9.12.25.pdf | 61 |
| Attorney Statement.12.3.25.pdf | 10 |
| Attorney Statement and Factual Timeline in Defense of Ethical Standing | 10 |
| 1. Counsel of Record and Protected Activity | 10 |
| 2. Factual Timeline and Legal Actions | 10 |
| MSPB, Atlanta Regional Office | 11 |
| 3. Legal Authority and Immunity | 11 |
| 4. Summary and Preservation of Rights | 11 |
| Certificate of Service | 66 |

Randy El v. National Aeronautics and Space Administration

Docket # AT-1221-26-0143-S-1

## EMERGENCY NOTICE AND REQUEST FOR EQUITABLE STAY AND PROTECTION OF LEGAL COUNSEL
### Online Interview

1. Enter a brief title for your pleading.

EMERGENCY NOTICE AND REQUEST FOR EQUITABLE STAY AND PROTECTION OF LEGAL COUNSEL

2. Does your pleading assert facts that you know from your personal knowledge?

Yes

3. Do you declare, under penalty of perjury, that the facts stated in this pleading are true and correct?

Yes

**RANDY BRACKINS EL (BENEFICIARY, BRACKINS EL PRIVATE ESTATE TRUST)**
**6675 Co. Road 203**
**Danville, AL 35619**

December 3, 2025

<span style="background-color:yellow">**EMERGENCY NOTICE AND REQUEST FOR EQUITABLE STAY AND PROTECTION OF LEGAL COUNSEL**</span>

To:       Clerk of the Merit Systems Protection Board
Re:       Request for Protective Equitable Stay Under Emergency Conditions
Filed by:     Randy Brackins El, Appellant
Case No(s):   AT-1221-26-0143-W-1 and AT-1221-26-0143-S-1

## 1. Purpose of Emergency Filing

This verified emergency notice and cover filing is submitted to formally notify the Board that recent retaliatory conduct has been initiated against my legal counsel, Attorney Kimberly Ford, arising directly from her protected activity before this Board and the Alabama Supreme Court. Specifically, bar complaints have been filed against her within 48 hours of submitting my Emergency Stay, Motions for Summary Judgment, Sanctions, and Disqualification. These acts violate both procedural and substantive due process protections afforded under federal law.

## 2. Basis for Stay and Protective Relief

Under 5 C.F.R. § 1201.134, and in accordance with 5 U.S.C. § 2302(b)(9) and § 2302(b)(12), I seek immediate protective relief for my legal representative and all filings made on my behalf. The retaliatory bar complaint is directly tied to filings made against NASA, DOJ, OSC, and TIGTA, and constitutes unlawful interference with my right to independent legal representation.

## 3. Cited Violations and Regulatory Standards Breached

* • 5 U.S.C. § 2302(b)(9): Retaliation for exercising any appeal, complaint, or grievance right.
* • 5 U.S.C. § 2302(b)(12): Violation of any law, rule, or regulation implementing merit system principles.
* • 5 C.F.R. § 1201.43(b): Bad-faith retaliation and obstruction of MSPB adjudication.
* • Rule 8.4(g), Alabama Rules of Professional Conduct: Abuse of the disciplinary process to interfere with lawful representation.
* • First Amendment protected legal activity under NAACP v. Button, 371 U.S. 415 (1963).

## 4. Demand for Protective Acknowledgement

I hereby request the Board to:
(a) Accept this filing as part of the official case record;
(b) Enter acknowledgment that my legal counsel is under retaliatory attack;

(c) Affirm that all filings made by Attorney Kimberly Ford remain valid, protected, and free of taint;

(d) Refer any evidence of retaliatory discipline to the Office of Special Counsel or DOJ Public Integrity Section.

Respectfully submitted,

Randy Brackins El, Appellant

**RANDY BRACKINS EL (BENEFICIARY, BRACKINS EL PRIVATE ESTATE TRUST)**
**6675 Co. Road 203**
**Danville, AL 35619**

December 3, 2025

TO:        U.S. Merit Systems Protection Board
FROM:    Randy Brackins El (Beneficiary, Brackins El Private Estate Trust)
RE:        Supplemental Filing in Support of Sanctions and Protective Orders

COMES NOW, Randy Brackins El, Appellant and files this **NOTICE OF RETALIATION** via bar complaint as prima facie evidence of agency misconduct, obstruction of counsel, and improper collateral attack upon an active Merit Systems Protection Board (MSPB) action.

### EMERGENCY

On December 3, 2025, the Alabama State Bar issued formal notice of disciplinary investigation against Attorney Kimberly Ford, legal representative of the Trust, following a series of filings against NASA, DOJ, OSC, and IRS. The investigation was triggered immediately after the MSPB received:
  • A Motion for Summary Judgment with attached IRS Form 3949-A,
  • A demand for default and sanctions under 5 C.F.R. § 1201.43(b),
  • Consolidated W-1 and S-1 track jurisdiction acknowledgments,
  • Evidence of ARF collapse and legal counsel disqualification.

Said timing, proximity, and retaliatory pattern across forums confirms bad faith. This is a textbook case of reprisal against protected advocacy, in violation of 5 U.S.C. § 2302(b), the Whistleblower Protection Act, and due process under 5 C.F.R. § 1201.134. It further constitutes obstruction of process and ethical violation under Model Rule 3.4(f), as federal counsel and/or management instigated third-party discipline to disrupt representation.

Randy Brackins El, demands the Board issue an order to show cause why sanctions under 5 C.F.R. § 1201.43(b) should not enter immediately, and further requests:
  1. A formal Protective Order to shield counsel from retaliatory discipline while this matter is pending;
  2. Entry of default or adverse inference as to NASA's conduct, and related parties;
  3. Judicial referral to the Office of Special Counsel for Hatch Act and retaliation investigation.

The full bar notice is attached. Randy Brackins El reserves all equitable objections and proceeds without waiver of rights.

DOCUMENT 4

Respectfully submitted on this the 3rd day of December, 2025 by,

*/s/ Kimberly A. Ford*
Kimberly A. Ford (ASB-4139-r80f)
FORDUMAS LLC
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256-886-6240
Facsimile: 1-800-408-1501
kimberly@fordumas.com

**From:** **Alabama State Bar** noreply@alabar.org
**Subject:** ASB-OGC Notice of Formal Investigation
**Date:** December 3, 2025 at 1:22 PM
**To:** Ms. Kimberly Adina Ford kimberly@fordumas.com





## Notice of Formal Investigation

Date: 12/03/2025

Dear Attorney Ford,

Your File number is: ASB 2025-1004

This will acknowledge receipt of your response concerning the above complaint. A formal investigative file has been opened, numbered as above, and referred to our office for investigation. After the investigation is complete, the matter will be submitted with a recommendation to the Disciplinary Commission. The Disciplinary Commission will then have an opportunity to make a determination as to disposition of the complaint.

Rule 12(a)(3), Alabama Rules of Disciplinary Procedure, requires a lawyer against whom a formal disciplinary or investigative file has been opened to notify his or her current law firm by notifying the managing partner, senior partner, executive committee, or management committee. A copy of this **notice** shall be provided within fifteen (15) days from the date of this communication to the Office of General Counsel and can be uploaded by clicking the Discipline Portal button below or you can direct a copy of your **notice** to to Stacey Moseley, Disciplinary Clerk at clerk@alabar.org. Please refrain from attempting to directly contact members of the Disciplinary Commission.

You are requested to supplement your response to include any additional information relative to the allegations contained in the complaint within fourteen (14) days from the date of this letter and upload it by clicking the Discipline Portal button below. **Please direct all additional information and responses to the bar counsel and investigator assigned to your matter.** You will also be able

DOCUMENT 4

to access case details including the Bar Counsel and Investigator assigned to your matter.

**You are not able to reply to this email.  If you have questions or concerns please contact our office at (334) 269-1515.**

**Discipline Portal**

Thank you



**Kimberly A. Ford, Esq.*+**
**470 Providence Main, Suite 302C**
**Huntsville, Alabama 35806**

DIRECT: 256.886.6240
FACSIMILE: 800.408.1501
EMAIL: kimberly@fordumas.com

December 3, 2025

### Attorney Statement and Factual Timeline in Defense of Ethical Standing

This verified narrative and accompanying record are submitted in direct response to the retaliatory and procedurally defective bar complaint allegedly submitted in reaction to my legal representation of a protected veteran and trust enforcement beneficiary currently engaged in dual-jurisdiction litigation against NASA MSFC, DOJ, OSC, and affiliated officials.

### 1. Counsel of Record and Protected Activity

As counsel of record, I have represented the client in lawful filings before both the Merit Systems Protection Board (MSPB) and the Alabama Supreme Court. My client is a 100% permanent and total service-connected veteran, and a known whistleblower within NASA's Marshall Space Flight Center. Our filings include requests for equitable relief under trust doctrines, whistleblower reprisal protections under the Whistleblower Protection Enhancement Act (WPEA), and sanctions under 5 C.F.R. § 1201.43 for ongoing retaliation.

### 2. Factual Timeline and Legal Actions

• On or about July 2024: A confidential settlement agreement was signed with NASA officials regarding earlier retaliation claims.

• August–October 2025: The agency issued a Proposed Suspension and then Proposed Removal in proximity to protected EEO and MSPB activity.

• October 2025: My office filed motions and verified declarations before the Alabama Supreme Court seeking trust-based equity relief.

• November 28, 2025: Emergency Stay and Initial Appeal were submitted to MSPB under whistleblower and adverse action frameworks.

• December 1- 2, 2025: I submitted Motions to Strike, Disqualify, Enter Default, and a Motion for Summary Judgment, based on dual violations of procedural due process, including false ROI disclosures and retaliatory lockout of my client.

• December 2 - 3, 2025: Bar complaint was received (unsigned, improperly originated), and within 48 hours of agency receipt of filings that named federal and agency officials as defendants in multiple jurisdictions.

---

*Licensed in Alabama & Tennessee*
*+Registered on Alabama State Court Mediation Roster*



MSPB, Atlanta Regional Office
December 3, 2025
Page 2 of 2

### 3. Legal Authority and Immunity

As an officer of the court and fiduciary representative of a trust beneficiary, i am immune from retaliatory bar action for lawful filings made in good faith and based on verified public records. My filings are protected under: Rule 3.1 (Meritorious Claims), Rule 3.3 (Candor to Tribunal), Rule 3.4(f) (Fairness to Opposing Party), and the constitutional doctrine of protected legal advocacy.

### 4. Summary and Preservation of Rights

The attached filings - including the Motion for Summary Judgment, emergency notices, interrogatories, and the October–December 2025 record - confirm that I acted within the bounds of ethical, professional, and fiduciary conduct. Any complaint filed without evidentiary basis or by persons named in open litigation should be deemed retaliatory per se. I request that this verified timeline be incorporated into my formal defense record and attached to any ethics review initiated under Rule 8.4(b).

Respectfuly,
/s/ KImberly A. Ford
KImberly A. Ford

---

*Licensed in Alabama & Tennessee*
*+Registered on Alabama State Court Mediation Roster*



**From:** **Alabama State Bar** noreply@alabar.org
**Subject:** ASB-OGC Notice of Disciplinary Complaint
**Date:** November 12, 2025 at 11:06 AM
**To:** Ms. Kimberly Adina Ford kimberly@fordumas.com



# Complaint Notice

Date: 11/12/2025

Dear Attorney Ford,

A grievance has recently been received against you. The file number assigned to this matter is CSP 2025-1004. You may access the grievance by clicking on the Discipline Portal link below. The grievance is comprised of documents you have recently filed with the Madison County Circuit Clerk and one order issued relative thereto. You are requested to confirm authorship of the document with your signature on it and explain why the facts and legal arguments cited therein have merit. A formal investigative file is not being opened at this time, but you are requested to review the grievance and submit a response, including any and all information or documents you deem relative to the same.

Your response in this matter is due within 14 days of the date of this email. Upon receipt of your response, this matter will be reviewed by two Bar counsel in the Office of General Counsel for a determination as to if a formal investigative file is warranted in this matter. In a timely manner thereafter, you and the complainant will be notified of the decision.

You are not able to reply to this email. If you need assistance in this matter, please contact the paralegal in the Office of General Counsel assigned this matter, Angie M. Burkhalter, angie.burkhalter@alabar.org or by direct dial phone number of 334.517.2232.

Thank you, in advance, for your prompt attention to this matter.

Office of General Counsel

**Discipline Portal**

DOCUMENT 4

ELECTRONICALLY FILED
9/12/2025 12:47 PM
47-CV-2025-901675.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication. Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and its parties remain private, non-public, and are not submitted for adjudication or administrative review. All rights reserved, none waived. Recording of this document does not constitute a waiver of privacy, ownership, or trustee discretion, and does not confer jurisdiction or authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

This document is protected under the principles of private contract, Article I Section 10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority."Equity regards the beneficiary as the true owner."

- "Equity imputes intention to fulfill obligation."
- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

### NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private equity record and must be docketed pursuant to Ala. R. Civ. P. 5(e). The Court and its clerks act ministerially under notice of trust possession. Any further statutory interpretation or adversarial designation is hereby rebutted by trust record.

*/s/ Beneficiary*

## Notice and Command to Clerk of Court

Let this Notice be entered as formal and final command to the Clerk of Court to seal the Equity Docket pertaining to the Brackins El Private Estate Trust.

All filings have been duly and lawfully entered under private trust jurisdiction. The forum has been noticed, fiduciary breaches declared, dishonors recorded, and equity affirmed. The Office of the Executor now issues this lawful demand for ministerial compliance by the Clerk:

- To seal the record,
- To protect the corpus, and
- To conclude the matter in accordance with law, duty, and equity.

Authority and Legal Foundation

- Ministerial Duty Under FRCP 5(d)(4), the Clerk may not refuse filings for form alone and must execute nondiscretionary ministerial duties. Failure to comply constitutes breach and administrative dishonor, enforceable by surcharge and nunc pro tunc correction.

- Administrative Doctrine Pursuant to IRS Manual §21.7.13.3.2.1, only the Executor lawfully appointed possesses final ledger and accounting authority. Further, IRS Manual §4.25.6.1 mandates full accounting upon fiduciary failure.

Equity Jurisprudence

- Pomeroy §§395, 818 affirms closure of equity record in favor of the trust upon fiduciary failure.
- Blackstone, Book III, Ch. 23 establishes private rights restored upon judicial default.
- Lewin §935 confirms fiduciary silence or neglect closes the record to equity in favor of the trust.

Maxims of Equity

- Equity delights in the end of litigation.
- Where the duty is ministerial, the act is mandatory.
- The record speaks for itself and binds the conscience of the court.

Final Admonition

- The Clerk is hereby warned: Any refusal to seal constitutes ministerial breach and unauthorized tampering with a private trust corpus. Such refusal will trigger notice of ministerial default and liability by surcharge.
- "For by thy words thou shalt be justified, and by thy words thou shalt be condemned." Matthew 12:37

Issued under Seal and Authority of the Executor, Brackins El Private Estate Trust

"Pursuant to IRS Manual §21.7.13.3.2.1, IRS protocol requires recognition of the duly appointed Executor as the party authorized to file and account on behalf of the estate. Likewise, IRS Manual §4.25.6.1 instructs examiners to demand full accounting where fiduciary failure occurs. These administrative protocols parallel and reinforce equity's own requirement that fiduciaries be held to full accounting."

Dated: September 12, 2025

# IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

## Case No.: _____

### (Filed on the Equity Side of the Court)

**In the Matter of the Irrevocable Trust of Brackins El Private Estate Trust**

**Beneficiary:   Beneficiary**

**Respondents/Trustees:**      **Wendell Scott Stewart, Stanley Rhodes, Sherry Huddleston, Craig White, John "Kris" White, Kristin Pollard Kiel, Pam Bourque, Larry Mack, Phillip Jeff Morton, Paul R. Sullivan, Paula DeCesaris, Dwight Mosby, U.S. Department of Justice (DOJ), Pamela Bondi, U.S. Office of Special Counsel (OSC), Paul Ingrassia, Internal Revenue Service (IRS), Scott Bessent, Treasury Inspector General for Tax Administration (TIGTA), Joseph Pelfrey, Ann Allen & the Honorable Ruth Ann Hall.**

## EX-PARTE NOTICE OF EQUITY JURISDICTION, MINISTERIAL DUTY, AND TRUSTEE DE SON TORT DESIGNATION

**COMES NOW**, the Beneficiary of the Brackins El Private Estate Trust, not as petitioner nor as plaintiff, but as Guardian of the res, to NOTICE, DECLARE, and DEMAND enforcement in equity against Respondents/Trustees for acts constituting Breach of the Brackins El Private Estate Trust via Misnomer, under Alabama Code §§ 6-5-180 through 6-5-183, and for breaches of fiduciary trust obligations under the Alabama Uniform Trust Code (Ala. Code Title 19, Chapter 3B and in support, states as follows:

### Introduction

This matter is re-filed by the Brackins El Private Estate Trust in equity, pursuant to Ala. Code §§ 19-3B-201, 19-3B-203, which vest exclusive jurisdiction in Alabama circuit courts over trust administration. Filing is non-adversarial and tendered in Beneficiary capacity only. All prior respondents are re-entered as constructive trustees de son tort by virtue of their prior intermeddling with the res. Attached is the pending TRO, which requires ministerial adjudication under Ala. R. Civ. P. 65(b).

### Parties

1.      The Brackins El Private Estate Trust ("the Trust") is a legal entity formed in Morgan County, Alabama, pursuant to Ala. Code §19-3B-402.   Its Beneficiary, is a Private American National, living man.  Copies of Trust Documents are attached hereto as Exhibit "A," and incorporated by reference herein.

2.      Respondent/Trustee, Craig White, is an individual domiciled in Madison County, Alabama at 240 Water's Edge Ln., Madison, Alabama 35758.

3.     Respondent/Trustee, Stanley Rhodes is an individual domiciled in Madison County, Alabama,  at 133 Vaughnwood Trace, Huntsville, AL35806.

4.     Respondent/Trustee, Paula DeCesaris is an individual domiciled in Madison County, Alabama, at  2890 High Mountain Road, Huntsville, AL 35811-2629.

5.     Respondent/Trustee, John "Kris" White, is an individual domiciled in Madison County, Alabama at 3700 Governor's Dr. NW, Unit 213., Huntsville, Alabama 35805-3561.

6.     Respondent/Trustee, Larry Mack is an individual domiciled in Madison County, Alabama,  at 143 Fernbridge Blvd., Madison, AL 35758.

7.     Respondent/Trustee, Dwight Lewis Mosby is an individual domiciled in Madison County, Alabama, at  26 Wax Ln, SW, Huntsville, AL 35824.

8.     Respondent/Trustee, Sherry Huddleston, is an individual domiciled in Cullman County, Alabama, at  136 J. Crawford Rd., Baileyton, AL 35019.

9.     Respondent/Trustee, Wendell Scott Stewart, is an individual domiciled in Madison County, Alabama at 244 Rosecliff Dr. Harvest, AL 35749.

10.     Respondent/Trustee, Kristin Pollard Kiel is an individual domiciled in Madison County, Alabama,  at 19 American Way SW, Huntsville, AL 35824.

11.     Respondent/Trustee, Pamela Bourque is an individual domiciled in Madison County, Alabama, at  155 Intercostal Dr., Madison, AL 35758-9425.

12.     Respondent/Trustee, Phillip Jeff Morton, is an individual domiciled in Madison County, Alabama,  at 1260 Balch Rd., Apt.3202, Madison, AL 35758 - 6396.

13.     Respondent/Trustee, Paul R. Sullivan, is an individual domiciled in Fairfax County, Virginia, at  2211 Cedar Cove Ct., Reston, VA 20191-4108.

14.     Respondent/Trustee, Paul Ingrassia, is an individual and Special Counsel of the U.S. Office of Special Counsel, at 1730 M Street NW, Suite 218, Washington, DC 20036-4505.

15.     Respondent/Trustee, Scott Bessent, is an individual and Acting Commissioner, Internal Revenue Service and U.S. Department of the Treasury (TIGTA), 1111 Constitution Avenue NW, Washington, DC 20224.

16.     Respondent/Trustee, Pamela Bondi, is an   is an individual and U.S. Attorney General of the United States Department of Justice at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

17.     Respondent/Trustee, Joseph John Pelfrey, is an individual and domiciled in Madison County, Alabama at 104 Brac Circle SW, Huntsville, AL 35824.

18.     Respondent/Trustee, Ann Allen, is an individual and domiciled in Washington, DC at 3302 22nd Street NE, Washington, DC 20018.

### Equity Jurisdiction and Venue

19. Under Ala. Code §19-3B-201, this Court has exclusive jurisdiction over all matters concerning trusts and fiduciary breaches. Jurisdiction is non-waivable, cannot be extinguished by dismissal, and attaches immediately upon invocation of the trust res.

20. The Beneficiary proceeds in equity, not at law, as reputation, dignity, and fiduciary integrity are recognized as part of the Trust res.

21. This declaration is made strictly in equity for protection and administration of the res. It is not adversarial, not statutory, and not employment-related.

22. Under Ala.Code §6-3-2(a)(3) and §19-3B-204, venue is proper in Madison County, Alabama.

23. Maxims of equity apply:
- Equity will not suffer a wrong without a remedy.
- Equity regards as done that which ought to be done.
- Equity abhors fraud and compels good faith.

### Factual Declarations

24. The Beneficiary of the Brackins El Private Estate Trust is a 100% P&T disabled veteran.

25. On August 12, 2025, the Beneficiary filed a Trust enforcement action in Madison County Circuit Court under Ala. Code §§ 19-3B-201, 203.

26. On September 1, 2025, Petitioner filed an Emergency TRO in Circuit Court Case Number. 47-CV-2025-900636, under Rule 65(b) to halt irreparable harm to the Trust. See Ex parte Boykin, 611 So. 2d 322 (Ala. 1992)

27. The Circuit Court failed to rule on the TRO within the ministerial timeframe, contrary to Rule 65(b).

28. On September 11, 2025, without addressing the Trust's statutory standing or TRO, the Circuit Court dismissed the case sua sponte.

29. Dismissal left the Trust without remedy, violating Ala. Const. Art. I, § 13 ("all courts shall be open").

30. Under Rule 65(b), Ala. R. Civ. P., an emergency Temporary Restraining Order must be considered forthwith when verified pleadings show irreparable injury.

31. The duty is ministerial, not discretionary: judicial silence beyond 24–72 hours constitutes breach. Canon 3A(5), Alabama Canons of Judicial Ethics requires prompt disposition. Equity abhors delay and will not suffer a wrong without a remedy. Justice delayed is justice denied.

32. The Court is bound to act; refusal or delay is misconduct, not judicial discretion.

33.    Ex parte Integon Corp., 672 So. 2d 497 (Ala. 1995) establishes that mandamus issues where: there is a clear legal right; an imperative duty exists; no adequate remedy at law is available; and proper jurisdiction is invoked.

34.    Here, exclusive trust jurisdiction is established, the TRO duty is imperative, legal remedies are inadequate, and jurisdiction is properly invoked.

35.    Furthermore, by intermeddling with the res—whether through dismissal, interference, or silence—all actors, including federal agencies and the presiding judge, stand as constructive trustees de son tort, bound to fiduciary obligations in equity. Stueffel v. Stueffel, 114 So. 3d 1 (Ala. Civ. App. 2012).

36.    Equity regards as done that which ought to be done. One who assumes control over trust property, even without lawful appointment, accepts the duties and liabilities of a fiduciary.

37.    As a direct and proximate cause of the multiple breaches against the Brackins El Private Trust, the Beneficiary of the Brackins El Private Trust demands declaratory relief, full accounting, all rights, titles and interest, complete restitution, surcharge, estoppel of any further breaches, and specific performance.

## Count I:    BREACH OF TRUST AND FIDUCIARY DUTY AGAINST ALL TRUSTEES

38.    Beneficiary of the Trust adopts and incorporates by reference each of his previous claims in paragraphs 1-35 as if fully set forth herein.

39.    Under Ala. Code § 19-3B-802 (duty of loyalty) and § 19-3B-804 (duty of prudent administration), Respondents/Trustees are bound to act with integrity and fidelity.

40.    Instead, Respondents/Trustees engaged in conduct that directly harmed the res and the dignity of the Beneficiary, thereby breaching fiduciary obligations.

41.    The above-stated facts constitute intentional interference with the proper administration of the Trust, undermining the Beneficiary's authority, impairing beneficiary confidence, and jeopardizing trust assets.

42.    Such interference violates duties recognized under Ala. Code §§ 19-3B-801 et seq.

43.    Under Ala. Code § 19-3B-1001(a), this Court is empowered to compel Respondents/ Trustees to remedy the breach, restore the res, and bear surcharge liability.

## NOTICE AND DEMAND

The Beneficiary of the Trust hereby Notice and Demands:

A. Immediate reinstatement of the Trust res on this Court's docket;

B. Prompt hearing and ruling on the Emergency TRO;

DOCUMENT 4

C. Recognition that all actors are fiduciaries bound as trustees de son tort; and

D. Continuation of proceedings under Alabama Trust Code, Title 19, Chapter 3B, free from statutory mislabeling or employment framing.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.**

Respectfully submitted on this the 12th day of September, 2025.

_____

Beneficiary of the Brackins El Private Estate Trust

STATE OF ALABAMA          )
MADISON COUNTY         )

Before me, the undersigned Notary Public, in and for the State at large, appeared the Beneficiary of the Brackins El Private Estate Trust, a living man, who is known to me, and who, after being duly sworn, does state the foregoing facts are true and correct on this the _____ day of September, 2025.

_____

NOTARY PUBLIC
My Commission Expires:_____

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U.S. citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC §1-308, all rights and remedies are expressly reserved without prejudice. No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Executed in honor and private equity jurisdiction,

/s/ Kimberly A. Ford
Kimberly A Ford, Esq. (FOR063)
Counsel for the Brackins El Private Estate Trust
Fordumas LLC
*Law, Consulting and Mediation Firm*
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1.800.408.1501
kimberly@fordumas.com

## CERTIFICATE OF SERVICE

I do   hereby certify that a copy of the foregoing Complaint for Breach via first class, certified mail, return receipt to:

United States Department of Justice – Civil Division
Attn: Pamela Bondi, U.S.Attorney General
950 Pennsylvania Ave., NW
Washington, D.C. 20530-0001

United States Department of Justice
United State's Attorney's Office, Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203

United States Office of Special Counsel
Attn:  Paul Ingrassia, Special Counsel
1730 M Street NW, Suite 218
Washington, DC 20036-4505

Internal Revenue Service (IRS)
Attn:  Scott Bessent, Acting Commissioner
1111 Constitution Avenue, NW
Washington, DC 20224

United States Department of the Treasury
Attn:  Office of the General Counsel
1500 Pennsylvania Avenue, NW
Washington, DC 20220

John K. White
3700 Governor's Drive NW, Unit 213
Huntsville, AL 35805-3561

Paula DeCesaris
2890 High Mountain Road, NE
Huntsville, AL 35811

Larry Mack
143 Fernbridge Blvd.
Madison, AL 35758-7556

Pamela Bourque
155 Intercostal Dr.

Madison, AL 35758-9425

Phillip Jeff Morton
1260 Balch Road, Apt. 3202
Madison, AL 35757-6396

Paul R. Sullivan
2211 Cedar Cove Ct.
Reston, VA 20191-4108

Wendell Scott Stewart
244 Rosecliff Drive
Harvest, AL 35749

Stanley Rhodes
133 Vaughnwood Trace
Huntsville, AL 35806-4085

Sherry Huddleston
136 J. Crawford Rd.
Baileyton, AL 35019

Dwight Mosby
26 Wax Lane SW
Huntsville, AL 35824

Craig A. White
240 Water's Edge
Madison, AL 35758

Kristin Pollard Kiel
19 America Way SW
Huntsville, AL 35824

Honorable Ruth Ann Hall
102 Kambry Leah Dr.
Huntsville, AL 35811

Joseph John Pelfrey
104 Brac Circle SW
Huntsville, AL 35824.

Ann Allen
3302 22nd St. NE
Washington, DC 20018

On this the 12th day of September, 2025 by

*/s/ Kimberly A. Ford*

DOCUMENT 4

ELECTRONICALLY FILED
10/1/2025 12:42 AM
47-CV-2025-901829.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication. Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and its parties remain private, non-public, and are not submitted for adjudication or administrative review. All rights reserved, none waived. Recording of this document does not constitute a waiver of privacy, ownership, or trustee discretion, and does not confer jurisdiction or authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

This document is protected under the principles of private contract, Article I Section 10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority."Equity regards the beneficiary as the true owner."

- "Equity imputes intention to fulfill obligation."

- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

## NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private equity record and must be docketed pursuant to Alabama Rule of Civil Procedure 5. The Court and its clerks act ministerially under notice of trust possession. Any further statutory interpretation or adversarial designation is hereby rebutted by trust record.

*/s/ Beneficiary*

## Notice and Command to Clerk of Court

Let this Notice be entered as formal and final command to the Clerk of Court to seal the Equity Docket pertaining to the Brackins El Private Estate Trust.

All filings have been duly and lawfully entered under private trust jurisdiction. The forum has been noticed, fiduciary breaches declared, dishonors recorded, and equity affirmed. The Office of the Executor now issues this lawful demand for ministerial compliance by the Clerk:

- To seal the record,
- To protect the corpus, and
- To conclude the matter in accordance with law, duty, and equity.

Authority and Legal Foundation

- Ministerial Duty Under FRCP 5(d)(4), the Clerk may not refuse filings for form alone and must execute nondiscretionary ministerial duties. Failure to comply constitutes breach and administrative dishonor, enforceable by surcharge and nunc pro tunc correction.

- Administrative Doctrine Pursuant to IRS Manual §21.7.13.3.2.1, only the Executor lawfully appointed possesses final ledger and accounting authority. Further, IRS Manual §4.25.6.1 mandates full accounting upon fiduciary failure.

Equity Jurisprudence

- Pomeroy §§395, 818 affirms closure of equity record in favor of the trust upon fiduciary failure.
- Blackstone, Book III, Ch. 23 establishes private rights restored upon judicial default.
- Lewin §935 confirms fiduciary silence or neglect closes the record to equity in favor of the trust.

Maxims of Equity

- Equity delights in the end of litigation.
- Where the duty is ministerial, the act is mandatory.
- The record speaks for itself and binds the conscience of the court.

Final Admonition

- The Clerk is hereby warned: Any refusal to seal constitutes ministerial breach and unauthorized tampering with a private trust corpus. Such refusal will trigger notice of ministerial default and liability by surcharge.
- "For by thy words thou shalt be justified, and by thy words thou shalt be condemned." Matthew 12:37

Issued under Seal and Authority of the Executor, Brackins El Private Estate Trust

"Pursuant to IRS Manual §21.7.13.3.2.1, IRS protocol requires recognition of the duly appointed Executor as the party authorized to file and account on behalf of the estate. Likewise, IRS Manual §4.25.6.1 instructs examiners to demand full accounting where fiduciary failure occurs. These administrative protocols parallel and reinforce equity's own requirement that fiduciaries be held to full accounting."

Dated: September 30, 2025

# IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
## EQUITY DIVISION

IN RE: BRACKINS EL PRIVATE ESTATE TRUST    )

    )

By its Beneficiary,    )

Standing in Equity,    )

    )

v.    )    Case No.:_____

ALEX MCKENZIE LaGANKE,

Assistant United States Attorney, Civil Division,

United States Attorney's Office, Northern District of Alabama,

Trustee de son tort, personally liable.

## EX PARTE NOTICE AND DEMAND FOR SURCHARGE, SPECIFIC PERFORMANCE, AND EQUITY ENFORCEMENT AGAINST ALEX MCKENZIE LaGANKE

**COMES NOW**, the Brackins El Private Estate Trust, by and through its Attorney Kimberly Ford, Esq., in its exclusive capacity as private Trust in equity, and gives notice to this Honorable Court that Alex McKenzie LaGanke, has, by her own hand, committed acts of trespass upon the res, intimidation of counsel, and mischaracterization of Trust proceedings. By intermeddling and attempting to wield Rule 11 threats on a docket void ab initio, she has placed herself in the posture of Trustee de son tort, and is thereby personally liable in equity for breach, surcharge, and restitution.

This Trust invokes:

- Ala. Const. art. VI, § 140(b) - exclusive superintendence of this Court over inferior courts.

- Ala. Code § 19-3B-1001(b)(7) - surcharge as remedy for breach of trust.

- Restatement (Third) of Trusts §§ 95, 100 - intermeddler/trustee de son tort liability.

- Equity maxims: That which is not denied is admitted; Equity regards as done that which ought to be done; Equity abhors a forfeiture.

Accordingly, the Trust demands immediate recognition of breach, imposition of personal surcharge, order of specific performance, and restoration nunc pro tunc of the res and records obstructed by Ms. LaGanke's ultra vires actions.

## 1. Position of the Trust

1. The Brackins El Private Estate Trust stands as an irrevocable private trust under Alabama law, governed by equity maxims and protected under Ala. Code Title 19, Chapter 3B (Alabama Uniform Trust Code).

2. The Trust has never joined, consented, or subjected itself to federal removal or collateral federal jurisdiction. All federal dockets relied upon by the United States are void ab initio.

3. By transmitting a September 30, 2025 "Rule 11(c)(2) Intent to Sanction" letter on a closed federal docket, Alex McKenzie LaGanke has:
   - Trespassed upon the res of the Trust,
   - Attempted intimidation of fiduciary officers, and
   - Assumed fiduciary authority without lawful capacity, thereby making herself a trustee de son tort.

## 2. Exhibit A - Trespass by Threat Letter

Attached hereto and incorporated by reference is Exhibit A, the September 30, 2025 letter authored by Ms. LaGanke threatening sanctions under Rule 11(c)(2).

- Said letter constitutes trespass in equity, harassment, and a knowing breach of fiduciary integrity.
- Said letter is evidence of fiduciary assumption without appointment, invoking the remedies of surcharge, injunction, and discipline.

## 3. Equity Maxims Applied

1. Equity acts in personam, not in rem - Liability attaches personally to Ms. LaGanke; she cannot hide behind agency shield.
2. Equity will not suffer a trust to fail for want of a trustee - By intermeddling, Ms. LaGanke assumes role of trustee de son tort.
3. Equity abhors forfeiture - Threatening sanctions on a void docket seeks wrongful forfeiture of rights; void in conscience.
4. Equity follows the law, but not when law works injustice - Rule 11 threats on a closed docket = injustice; equity prevails.

## 4. Restatement (Third) of Trusts Anchors

- § 5 cmt. g & § 95 - Any intermeddler in trust affairs becomes trustee de son tort.

- § 76 & § 78 - Duties of loyalty and prudence apply fully to de son tort trustees.
- § 100 - Remedies: surcharge, restoration, injunction, and specific performance against offending party.

## 5. Alabama Code Anchors

- § 19-3B-1001(b)(7) - Authorizes surcharge against trustees de son tort.
- § 19-3B-802 - Duty of loyalty breached by Ms. LaGanke.
- § 19-3B-1002 - Trustee de son tort liable for loss to Trust and disgorgement of gain.

## 6. Ethics Violations (For Alabama State Bar Referral)

1. Rule 4.4, Ala. R. Prof. Conduct - Harassment and disrespect for rights of third persons.
2. Rule 8.4(a)-(d) - Misconduct, abuse of process, conduct prejudicial to administration of justice.
3. Rule 3.1 - Frivolous threats on a void docket.
4. Ms. LaGanke's letter is an attempted intimidation, lacking lawful basis, and will be presented as a disciplinary matter before the Alabama State Bar.

## 7. Demand for Relief

Accordingly, the Trust demands the following:

1. Specific Performance -  Immediate cessation of all threats; written acknowledgment of the Trust's private equity jurisdiction.
2. Surcharge - Full personal liability assessed against Ms. LaGanke for trespass, harassment, and fiduciary breach.
3. Restoration - Correction of all records polluted by the September 30, 2025 letter.
4. Injunction - Bar Ms. LaGanke from further interference with the Trust.
5. Referral - Transmission of this filing and exhibits to the Alabama State Bar for investigation and sanction.

## Verification & Execution

Executed in honor and private equity jurisdiction,
Without prejudice, UCC 1-308, all rights reserved.

Respectfully submitted on this the 30th day of September, 2025,

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U.S. citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC §1-308, all rights and remedies are expressly reserved without prejudice. No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Executed in honor and private equity jurisdiction,

*/s/ Kimberly A. Ford*
Kimberly A Ford, Esq. (FOR063)
Counsel for the Brackins El Private Estate Trust
Fordumas LLC
*Law, Consulting and Mediation Firm*
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc:  256.886.6240
Facsimile:  1.800.408.1501
kimberly@fordumas.com


## CERTIFICATE OF SERVICE

I do   hereby certify that a copy of the foregoing Ex Parte Notice and Demand for Surcharge, Specific Performance, and Equity Enforcement was served on Defendant via first class, certified mail, return receipt requested and email to:


ALEX MCKENZIE LaGANKE
1324 Sumar Rd
Birmingham, AL 35213
alex.LaGanke@usdoj.gov

On this the 30th day of September, 2025.

*/s/ Kimberly A. Ford*
Attorney for the Brackins El Private Estate Trust



From: **LaGanke, Alex (USAALN)** Alex.LaGanke@usdoj.gov  ✏
Subject: Letter of United States' Intent to Move for R. 11 Sanctions
Date: September 30, 2025 at 4:34 PM
To: kimberly@fordumas.com

Kimberly,

Please see the attached concerning the United States' intent to move for Rule 11 Sanctions.

Best,

**Alex McKenzie LaGanke**
Assistant United States Attorney, Civil Division
United States Attorney's Office, Northern District of Alabama
U.S. Department of Justice
1801 Fourth Avenue North
Birmingham, AL 35203
(205) 244-2188
alex.laganke@usdoj.gov

*CONFIDENTIAL U.S. DEPARTMENT OF JUSTICE E-MAIL COMMUNICATION: The information contained in this electronic message, and any and all accompanying documents or attachments, constitutes confidential information and may be privileged. This information is the property of the U.S. Department of Justice. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited and may be unlawful. If you are not an intended addressee, or received this message in error, please notify me immediately. Thank you.*

**Mot. for
Sanctions_9.26.202...**



**U.S. Department of Justice**

*Prim F. Escalona*
*United States Attorney*
*Northern District of Alabama*

**Alex LaGanke**
*Assistant United States Attorney*
*(205) 244-2188*
*Alex.LaGanke@usdoj.gov*

**Civil Division**
1801 Fourth Avenue North
Birmingham, AL 35203-2101

(205) 244-2001
FAX (205) 244-2181

Spetember 30, 2025

**VIA EMAIL AND FEDERAL EXPRESS**
Kimberly A. Ford
470 Providence Main, Suite 302C
Huntsville, AL 35806
kimberly@fordumas.com

Re:    **Notice of Intent to Move for Sanctions in**
*Brackins El Private Estate Trust v. United States, et al.*, 5:25-cv-1568-LCB

Dear Ms. Ford:

As indicated in Defendants' Motion to Enjoin (Doc. 22), the United States has enclosed herewith a draft Motion for Sanctions. Rule 11(c)(2) affords you the opportunity to either withdraw or "appropriately correct" the numerous improper filings you have made in the above-referenced case within twenty-one days. Otherwise, the United States will file the enclosed Motion with the Court.

Sincerely,

PRIM F. ESCALONA
United States Attorney

*Alex LaGanke*
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| BRACKINS EL PRIVATE ESTATE TRUST, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 5:25-cv-1568-LCB |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| BRACKINS EL PRIVATE ESTATE TRUST, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BONDI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| BRACKINS EL PRIVATE ESTATE TRUST, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MACK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

1

## MOTION TO IMPOSE SANCTIONS

Defendant United States of America hereby moves this Court for sanctions against Plaintiff's counsel, Kimberly Ford, under Rule 11(b). Pursuant to Rule 11(c)(2), Defendant served Ford with the instant motion on September 30, 2025. Defendant reincorporates the "Background" section of its Motion to Enjoin here as the basis for the instant motion below. *See* Doc. 22, at 2-5.

## DISCUSSION

### A. Ms. Ford's Conduct Warrants Sanctions Under Rule 11.

The Eleventh Circuit has explained that

> Federal Rule of Civil Procedure 11 authorizes a district court to impose sanctions against an attorney who files frivolous pleadings or motions. Fed. R. Civ. P. 11(b), (c). Rule 11 sanctions are warranted when a party files a pleading or motion that "(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose."

*Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941-42 (11th Cir. 2022) (quoting *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021) (internal quotation marks omitted)). "The standard for testing conduct under amended Rule 11 is reasonableness under the circumstances." *United States v. Milam*, 855 F.2d 739, 743 (11th Cir. 1988) (internal quotation marks omitted). In determining reasonableness under the circumstances, a two-step inquiry is employed: "(1) whether the party's

2

claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous" after conducting a reasonable inquiry. *Gulisano*, 34 F.4th at 942 (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). "A factual claim is frivolous when it has no reasonable factual basis [while a] legal claim is frivolous when it has no reasonable chance of succeeding." *Id.* (citing *Baker*, 158 F.3d at 524).

Here, there is no factual basis supporting the contention that eighteen federal employees and a U.S. Attorney's Office are trustees to a trust in Mr. El's name.[1] Plaintiff's legal theory that is rooted in "equity jurisdiction" neither has a reasonable chance of success nor could reasonably change existing law. Regularly throughout its Complaints, Plaintiff makes statements of alleged law without any citations to precedential sources. *See, e.g.*, Doc. 1-2, at 6 ¶¶ 17-18; *Brackins El Private Estate Trust v. Bondi*, No. 5:25-cv-1600 (ECF No. 1-2, at 9 ¶ 23; 10 ¶ 43); *Brackins El Private Estate Trust v. Mack*, No. 5:25-cv-1607 (ECF No. 1-1, at 3 ¶¶ 4, 6, 8, 9-12). When Plaintiff does cite to case law, oftentimes cases are seemingly hallucinated or do not support the proposition asserted. *See, e.g.*, Doc. 1-2, at 6 ¶ 25; *Brackins El Private Estate Trust v. Bondi*, No. 5:25-cv-1600 (ECF No. 1-2, at 9 ¶¶ 29, 32; 10 ¶ 38); *Brackins El Private Estate Trust v. Mack*, No. 5:25-cv-1607 (ECF No. 1-1, at 2

---

[1] While Plaintiff attempts to get around this by eventually describing Defendants as "trustees de son tort," there is still no factual basis that any of the named federal employees interfered with the alleged trust by assuming a role as a trustee over Mr. El's estate.

3

¶¶ 2, 4); *see also* Doc. 21, at 5 n.2. Moreover, Plaintiff's references to religious doctrine, among other nonprecedential sources, as support for legal assertions is inappropriate in a court of law and cannot support a cause of action. *See, e.g.,* Doc. 1-5, at 9. Finally, consecutive lawsuits asserting the same allegations against the same individuals implies filing in bad faith and for an improper purpose.[2]

In determining reasonableness under these circumstances, Plaintiff's claims are objectively frivolous. First, courts widely reject "sovereign citizen" theories. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013). Indeed, Plaintiff's "filings here are replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement." *Sealey v. Branch Banking and Trust Company*, 2019 U.S. Dist. LEXIS 28585, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). Second, the idea that the Attorney General of the United States and the Secretary of the Treasury, among sixteen other federal employees of which some are Mr. El's colleagues, are trustees to Mr. El's alleged trust is absurd.

As far as the second prong of the reasonableness inquiry, Ms. Ford, who signed nearly all of the papers in Mr. El's cases, should have known the pleadings

---

[2] Indeed, were Defendants interested in seeking costs resulting from excessive litigation, sanctions under 28 U.S.C. § 1927 would be appropriate for Ms. Ford's conduct. "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

4

were frivolous. "Even the most minimal investigation would have alerted" Ms. Ford that sovereign citizen theories have been deemed utterly frivolous by the courts. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996). This Court put Ms. Ford on notice of that fact in Orders entered in previous cases. *E.g.*, *El v. Nelson*, No. 5:24-cv-1244-LCB (ECF No. 17, at 3-4). Moreover, there is reason to believe that Ms. Ford did not even conduct a "reasonable inquiry" before filings were made using her court e-filing credentials. *See, e.g.*, *id.* at 1; *El v. Stewart*, No. 5:25-cv-581-LCB (ECF No. 31, at 1 n.1). Plaintiff's legal claims have "no chance of succeeding," deeming them frivolous and warranting sanctions under Rule 11. *Gulisano*, 34 F.4th at 942; *see* Defendants' Motion to Dismiss, Doc. 21.

## CONLCUSION

For the foregoing reasons, Defendants respectfully move for sanctions against Plaintiff's counsel Kimberly Ford.

Respectfully submitted

PRIM F. ESCALONA
United States Attorney

**s/ Alex M. LaGanke**
Alex M. LaGanke
AL. Bar No. 1331I04K
Assistant United States Attorney
1801 Fourth Avenue North
Birmingham, Alabama 35203
Tel.: (205) 244-2188
Email: Alex.LaGanke@usdoj.gov

5

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2025, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to all counsel of record, including Plaintiff's counsel.


**s/ Alex M. LaGanke**
Alex M. LaGanke

6

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

EL RANDY BRACKINS,              )
Plaintiff,                      )
                                )
V.                              ) Case No.:    CV-2025-900636.00
                                )
STEWART WENDELL SCOTT,          )
MOSBY DWIGHT LEWIS,             )
HUDDLESTON SHERRY DENISE,       )
RHODES STANLEY ET AL,           )
Defendants.                     )

## ORDER OF DISMISSAL

This matter was removed to Federal Court by the Defendants. Thereafter, the Honorable Liles Burk dismissed the action. See attached Exhibit A. Therefore, it is ORDERED, ADJUDGED and DECREED that the above-referenced matter be, and the same hereby is, Dismissed.

Costs are taxed as paid.


DONE this 11th day of September, 2025.

/s/ RUTH ANN HALL
CIRCUIT JUDGE

FILED

2025 Aug-05 PM 04:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

Exhibit "A"

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| RANDY BRACKINS EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No: 5:25-cv-581-LCB |
| WENDELL SCOTT STEWART, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is the United States' motion to dismiss, Doc. 21. On July 7, 2025, this Court scheduled a hearing on all pending motions in the case—including the Government's motion to dismiss—for August 5, 2025, at 1:30 p.m. CST. Doc. 27. On July 31, 2025, Brackins El submitted a "Notice of Ex Parte Private Trust Matter" in this case. Doc. 30.[1] In that filing, Brackins El stated that his "Notice of Judicial Default, Fiduciary Estoppel, and Trust Enforcement" "renders

---

[1] Brackins El filed a similar document in a related case the same day. *See* Doc. 16, *Brackins El v. Nelson, et al.*, ECF No. 5:24-cv-01244-LCB. As already explained to Plaintiff in that case, this filing is "irrelevant to the issues in the case and appear[s] to advance frivolous 'sovereign citizen' theories that lack any basis in the law." *Nelson*, Doc. 17 at 3. The Court is also concerned by the appearance that a member of the bar may be permitting a litigant to draft and submit documents using her signature.

the appearance for August 5, 2025, void by operation of equitable law." Doc. 30 at 46.

True to his word, neither Brackins El or his counsel appeared at the August 5 hearing, and did not respond to the Court's attempts to reach counsel or communicate with the Court or opposing counsel about their absence at the hearing. After Plaintiff failed to appear, the Court found—as further explained on the record—that the motion to dismiss was due to be granted for lack of subject matter jurisdiction and dismissed the case.

As a result, the case is DISMISSED WITHOUT PREJUDICE, and the Clerk is ORDERED to close the case. A final judgment will be entered separately. Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this August 5, 2025.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE



**FORDUMAS**
Law, Consulting and Mediation Firm

**Kimberly A. Ford, Esq. \*+**
**470 Providence Main, Suite 302C**
**Huntsville, Alabama 35806**

**DIRECT: 256. 886. 6240**
**FACSIMILE: 800. 408. 1501**
**EMAIL: kimberly@fordumas. com**

November 12, 2025

***Via Alabama State Bar Disciplinary Portal***

Alabama State Bar
Attn: Office of General Counsel
415 Dexter Avenue
Montgomery, AL 36104

> RE:    Response to Anonymous Bar Complaint dated November 12, 2025
>        File Number: CSP 2025-1004

Dear Bar Counsel:

I acknowledge receipt of notice CSP 2025-1004 concerning an anonymous complaint reportedly connected to filings I prepared and lodged for the Brackins El Private Estate Trust.

Each instrument referenced in that matter was executed and filed in a ministerial, equity capacity.

The documents:

- identify a private trust recognized under Alabama trust law;
- were submitted as ex parte notices for record perfection and fiduciary accounting, not as adversarial pleadings; and
- contain no allegations or statements directed at any individual or entity.

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U. S  citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC §1-308, all rights and remedies are expressly reserved without prejudice. No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Executed in honor and private equity jurisdiction,
/s/ Kimberly A. Ford, Esq.
Attorney of Record - Fiduciary Counsel
Brackins El Private Estate Trust



**FORDUMAS**
Law, Consulting and Mediation Firm

Alabama State Bar
Office of General Counsel
November 12, 2025
Page 2 of 3

At every stage I acted within the scope of my license and in good faith to preserve a client's lawful interests in equity.   No portion of the record violates the Rules of Professional Conduct, misrepresents fact, or interferes with any tribunal. Additionally, to my knowledge, an anonymous complainant lacks standing or identifiable interest.  From a substantive view, each of my filings: (1) Identifies the Trust as the real party in interest (not any individual), (2) Operates strictly under non-joinder and fiduciary duty principles, and (3) Seeks only ministerial compliance - not litigation against any person or agency.  Those facts alone demonstrate the filings were made in good faith and consistent with both equity and professional duty.   Any accusation to the contrary appears derivative of external frustration - likely from respondents whose positions have been procedurally defaulted -  rather than from a legitimate grievance grounded in professional misconduct.

Because the complaint was filed anonymously, I am unable to address specific claims or context.   I respectfully request written confirmation of:
1. the procedural rule under which an unsigned or anonymous complaint may be accepted, and
2. whether any identified party or client has alleged personal or professional harm.

Absent such information, the matter appears to be a meritless or retaliatory submission rather than a bona fide disciplinary grievance.  Until that's clarified, this looks less like a disciplinary matter and more like an attempt at intimidation following the LaGanke exposure event.   I remain fully cooperative with the Bar's review process and will provide any additional documentation or attestations the Office of General Counsel requires.

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U. S.  citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC §1-308, all rights and remedies are expressly reserved without prejudice.  No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction.  The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Executed in honor and private equity jurisdiction,
/s/ Kimberly A.  Ford, Esq.
Attorney of Record -  Fiduciary Counsel
Brackins El Private Estate Trust



**FORDUMAS**
⟨ Law, Consulting and Mediation Firm ⟩

Alabama State Bar
Office of General Counsel
November 12, 2025
Page 3 of 3

   In conclusion, my position remains: the Trust's filings are lawful, conscientious, and ministerial in nature - preserving private-equity rights without trespass into statutory jurisdiction.  The anonymity of the complaint itself underscores the lack of merit behind it.  Please do not hesitate to contact me if you have any further questions and/or concerns.  I thank you, in advance, for your prompt attention and closure of this matter.

Warmest regards,
/s/Kimberly A. Ford
Kimberly A. Ford

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U. S.  citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC §1-308, all rights and remedies are expressly reserved without prejudice.  No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction.  The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Executed in honor and private equity jurisdiction,
/s/ Kimberly A.  Ford, Esq.
Attorney of Record -  Fiduciary Counsel
Brackins El Private Estate Trust

DOCUMENT 4



**From:** LaGanke, Alex (USAALN) Alex.LaGanke@usdoj.gov  &
**Subject:** Letter of United States' Intent to Move for R. 11 Sanctions
**Date:** September 30, 2025 at 4:34 PM
**To:** kimberly@fordumas.com

Kimberly,

Please see the attached concerning the United States' intent to move for Rule 11
Sanctions.

Best,

**Alex McKenzie LaGanke**
Assistant United States Attorney, Civil Division
United States Attorney's Office, Northern District of Alabama
U.S. Department of Justice
1801 Fourth Avenue North
Birmingham, AL 35203
(205) 244-2188
alex.laganke@usdoj.gov

*CONFIDENTIAL U.S. DEPARTMENT OF JUSTICE E-MAIL COMMUNICATION: The information
contained in this electronic message, and any and all accompanying documents or attachments,
constitutes confidential information and may be privileged. This information is the property of the
U.S. Department of Justice. If you are not the intended recipient of this information, any disclosure,
copying, distribution, or the taking of any action in reliance on this information is strictly prohibited
and may be unlawful. If you are not an intended addressee, or received this message in error,
please notify me immediately. Thank you.*

**Mot. for Sanctions_9.26.2025
v.3.pdf**



## U.S. Department of Justice

*Prim F. Escalona*
*United States Attorney*
*Northern District of Alabama*

---

**Alex LaGanke**
*Assistant United States Attorney*
*(205) 244-2188*
*Alex.LaGanke@usdoj.gov*

**Civil Division**
1801 Fourth Avenue North
Birmingham, AL 35203-2101

(205) 244-2001
FAX (205) 244-2181

Spetember 30, 2025

**VIA EMAIL AND FEDERAL EXPRESS**
Kimberly A. Ford
470 Providence Main, Suite 302C
Huntsville, AL 35806
kimberly@fordumas.com

Re:     **Notice of Intent to Move for Sanctions in**
*Brackins El Private Estate Trust v. United States, et al.*, 5:25-cv-1568-LCB

Dear Ms. Ford:

As indicated in Defendants' Motion to Enjoin (Doc. 22), the United States has enclosed herewith a draft Motion for Sanctions. Rule 11(c)(2) affords you the opportunity to either withdraw or "appropriately correct" the numerous improper filings you have made in the above-referenced case within twenty-one days. Otherwise, the United States will file the enclosed Motion with the Court.

Sincerely,

PRIM F. ESCALONA
United States Attorney

*Alex LaGanke*
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

BRACKINS EL PRIVATE ESTATE
TRUST,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

) ) ) ) ) ) ) ) ) ) )

Case No. 5:25-cv-1568-LCB

BRACKINS EL PRIVATE ESTATE
TRUST,

    Plaintiff,

v.

BONDI, *et al.*,

    Defendants.

) ) ) ) ) ) ) ) ) ) ) ) )

BRACKINS EL PRIVATE ESTATE
TRUST,

    Plaintiff,

v.

MACK, *et al.*,

    Defendants.

) ) ) ) ) ) ) ) ) ) ) )

1

## MOTION TO IMPOSE SANCTIONS

Defendant United States of America hereby moves this Court for sanctions against Plaintiff's counsel, Kimberly Ford, under Rule 11(b). Pursuant to Rule 11(c)(2), Defendant served Ford with the instant motion on September 30, 2025. Defendant reincorporates the "Background" section of its Motion to Enjoin here as the basis for the instant motion below. *See* Doc. 22, at 2-5.

## DISCUSSION

### A. Ms. Ford's Conduct Warrants Sanctions Under Rule 11.

The Eleventh Circuit has explained that

> Federal Rule of Civil Procedure 11 authorizes a district court to impose sanctions against an attorney who files frivolous pleadings or motions. Fed. R. Civ. P. 11(b), (c). Rule 11 sanctions are warranted when a party files a pleading or motion that "(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose."

*Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941-42 (11th Cir. 2022) (quoting *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021) (internal quotation marks omitted)). "The standard for testing conduct under amended Rule 11 is reasonableness under the circumstances." *United States v. Milam*, 855 F.2d 739, 743 (11th Cir. 1988) (internal quotation marks omitted). In determining reasonableness under the circumstances, a two-step inquiry is employed: "(1) whether the party's

2

claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous" after conducting a reasonable inquiry. *Gulisano*, 34 F.4th at 942 (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). "A factual claim is frivolous when it has no reasonable factual basis [while a] legal claim is frivolous when it has no reasonable chance of succeeding." *Id.* (citing *Baker*, 158 F.3d at 524).

Here, there is no factual basis supporting the contention that eighteen federal employees and a U.S. Attorney's Office are trustees to a trust in Mr. El's name.[1] Plaintiff's legal theory that is rooted in "equity jurisdiction" neither has a reasonable chance of success nor could reasonably change existing law. Regularly throughout its Complaints, Plaintiff makes statements of alleged law without any citations to precedential sources. *See, e.g.*, Doc. 1-2, at 6 ¶¶ 17-18; *Brackins El Private Estate Trust v. Bondi*, No. 5:25-cv-1600 (ECF No. 1-2, at 9 ¶ 23; 10 ¶ 43); *Brackins El Private Estate Trust v. Mack*, No. 5:25-cv-1607 (ECF No. 1-1, at 3 ¶¶ 4, 6, 8, 9-12). When Plaintiff does cite to case law, oftentimes cases are seemingly hallucinated or do not support the proposition asserted. *See, e.g.*, Doc. 1-2, at 6 ¶ 25; *Brackins El Private Estate Trust v. Bondi*, No. 5:25-cv-1600 (ECF No. 1-2, at 9 ¶¶ 29, 32; 10 ¶ 38); *Brackins El Private Estate Trust v. Mack*, No. 5:25-cv-1607 (ECF No. 1-1, at 2

---

[1] While Plaintiff attempts to get around this by eventually describing Defendants as "trustees de son tort," there is still no factual basis that any of the named federal employees interfered with the alleged trust by assuming a role as a trustee over Mr. El's estate.

3

¶¶ 2, 4); *see also* Doc. 21, at 5 n.2. Moreover, Plaintiff's references to religious doctrine, among other nonprecedential sources, as support for legal assertions is inappropriate in a court of law and cannot support a cause of action. *See, e.g.*, Doc. 1-5, at 9. Finally, consecutive lawsuits asserting the same allegations against the same individuals implies filing in bad faith and for an improper purpose.[2]

In determining reasonableness under these circumstances, Plaintiff's claims are objectively frivolous. First, courts widely reject "sovereign citizen" theories. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013). Indeed, Plaintiff's "filings here are replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement." *Sealey v. Branch Banking and Trust Company*, 2019 U.S. Dist. LEXIS 28585, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). Second, the idea that the Attorney General of the United States and the Secretary of the Treasury, among sixteen other federal employees of which some are Mr. El's colleagues, are trustees to Mr. El's alleged trust is absurd.

As far as the second prong of the reasonableness inquiry, Ms. Ford, who signed nearly all of the papers in Mr. El's cases, should have known the pleadings

---

[2] Indeed, were Defendants interested in seeking costs resulting from excessive litigation, sanctions under 28 U.S.C. § 1927 would be appropriate for Ms. Ford's conduct. "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

4

were frivolous. "Even the most minimal investigation would have alerted" Ms. Ford that sovereign citizen theories have been deemed utterly frivolous by the courts. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996). This Court put Ms. Ford on notice of that fact in Orders entered in previous cases. *E.g.*, *El v. Nelson*, No. 5:24-cv-1244-LCB (ECF No. 17, at 3-4). Moreover, there is reason to believe that Ms. Ford did not even conduct a "reasonable inquiry" before filings were made using her court e-filing credentials. *See, e.g.*, *id.* at 1; *El v. Stewart*, No. 5:25-cv-581-LCB (ECF No. 31, at 1 n.1). Plaintiff's legal claims have "no chance of succeeding," deeming them frivolous and warranting sanctions under Rule 11. *Gulisano*, 34 F.4th at 942; *see* Defendants' Motion to Dismiss, Doc. 21.

## CONLCUSION

For the foregoing reasons, Defendants respectfully move for sanctions against Plaintiff's counsel Kimberly Ford.

Respectfully submitted

PRIM F. ESCALONA
United States Attorney

**s/ Alex M. LaGanke**
Alex M. LaGanke
AL. Bar No. 1331I04K
Assistant United States Attorney
1801 Fourth Avenue North
Birmingham, Alabama 35203
Tel.: (205) 244-2188
Email: Alex.LaGanke@usdoj.gov

5

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2025, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to all counsel of record, including Plaintiff's counsel.


**s/ Alex M. LaGanke**
Alex M. LaGanke

6

FILED

2025 Sep-19 PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| BRACKINS EL PRIVATE ESTATE TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 5:25-cv-01568-LCB |
| v. | ) |
| | ) |
| CRAIG WHITE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION TO CONSOLIDATE

The United States of America—on behalf of Defendants U.S. Attorney General Pamela Bondi; White House liaison Paul Ingrassia; U.S. Secretary of the Treasury and Acting Commissioner of Internal Revenue Service Scott Bessent; John White; Paula DeCesaris; Mack Larry; Pamela Borque; Phillip J. Morton; Paul R. Sullivan, Jr.; Wendell Scott Stewart; Stanley Rhodes; Sherry Denise Heddleston; Dwight Lewis Mosby; Craig A. White; Kristin Pollard Kiel; Joseph John Pelfrey; Ann Allen; and the U.S. Attorney's Office for the Northern District of Alabama—MOVES THIS Court to consolidate this action with other suits filed by Plaintiff in this Court: case numbers 5:25-cv-01600-HNJ and 5:25-cv-01607-HNJ. **Counsel for Codefendant Judge Ruth Ann Hall in case 5:25-cv-01600-HNJ does not oppose this motion**. In support thereof, Defendants show as follows:

1

### a. September 12, 2025

1. On September 12, 2025, Plaintiff's state court complaint was removed to this Court and docketed as case number 5:25-cv-01568-LCB. Plaintiff's Amended Complaint for libel, defamation, and "breach of fiduciary trust obligations" was filed against Craig White, Stanley Rhodes, and Paula DeCesaris. Doc. 1-2, at 5-6.

2. Plaintiff specifically alleged that Defendants Craig White, Stanley Rhodes, and Paula DeCesaris "engaged in libel and slander" when they "published, circulated, and endorsed false statements against" Mr. El related to his suspension from employment. *Id.* In support thereof, Plaintiff cites to written notices of proposed disciplinary action sent by NASA employees to Mr. El on NASA letterhead. *Id.* at Doc. 1-5, at 85-101.

### b. September 18, 2025

3. On September 18, 2025, another state court complaint by Plaintiff was removed to this Court and docketed as case number 5:25-cv-01600-HNJ. *Brackins El Private Estate Trust v. Bondi, et al.* Plaintiff's Complaint and Amended Complaint for breach of fiduciary duty were filed against the U.S. Attorney's Office for the Northern District of Alabama and seventeen federal employees, including Craig White, Stanley Rhodes, and Paula DeCesaris. *Id.* at ECF Nos. 1-1, 1-2. Madison County Circuit Court Judge Ruth Ann Hall is also a Defendant in this matter. *Id.*

Document Number: 3742832    e-Appeal Submission: 12/08/2025 02:40 PM ET    MSPB Page 38 of 666

4.      The second lawsuit alleges that the federal Defendants breached a "fiduciary duty" owed to Plaintiff because of "wrongful suspension" from his employment at NASA. *Id.* at ECF No. 1-2, at 10.

**c. September 19, 2025**

5.      On September 19, 2025, a third state court complaint filed by Plaintiff was removed to this Court and docketed as case number 5:25-cv-1607-HNJ. *Brackins El Private Estate Trust v. Mack Larry, et al.* Plaintiff's Complaint was filed against federal employees Mack Larry and Paul R. Sullivan, Jr.

6.      The third lawsuit alleges that Defendants breached a "fiduciary duty" owed to Plaintiff by "fail[ing] to correct . . . HR, payroll, and administrative records" related to Plaintiff's federal employment. *Id.* at ECF No. 1-1, at 2.

## BASIS FOR CONSOLIDATION

7.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a). The Eleventh Circuit has recognized that Rule 42(a) is a "codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quotations omitted). So long as cases share a "common question of law or fact," the Eleventh Circuit has "encouraged trial

3

judges to 'make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *Id.* (citing *Dupont v. S. Pac. Co.,* 366 F.2d 193, 195 (5th Cir. 1966)).

8.    In exercising its discretion, a court should consider numerous factors, including:

> [w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (citing *Arnold v. E. Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982)) (second alteration in original).

9.    As this Court recognized in a previous federal case filed by Plaintiff, "[t]his is essentially an employment case" regardless of how Plaintiff portrays himself and his claims. *Randy Brackins El v. Bill Nelson, et al.,* No. 5:24-cv-1244-LCB, ECF No. 17, at 3. Mr. El, as an employee of NASA, has brought suit against other NASA employees and various other federal officials for grievances Mr. El has concerning his employment with NASA and the United States' defense of such claims. Indeed, Plaintiff repeats the names of federal-employee defendants in all three cases.

10.     Notwithstanding the name under which he brings suit or how the names of Defendants are shuffled among his various lawsuits, Plaintiff's grievances for which he seeks relief in all his cases revolve around the same nucleus of fact: his suspension from federal employment.

11.     Consolidation of the three cases would benefit the Court and the parties in that it would eliminate unnecessary repetition. Because the parties and the claim in the second and third complaints substantially overlap with the first, consolidation is warranted. Moreover, in no way would the requested relief unfairly prejudice the Plaintiff or Codefendant.

Accordingly, Defendants respectfully request that the Court consolidate all of Plaintiff's cases into the instant case docketed at 5:25-cv-01568. In the event the Court denies the relief requested, Defendants respectfully request fourteen days from the date of the Court's Order to Answer the Complaint in this action.

Respectfully submitted

PRIM F. ESCALONA
United States Attorney

**s/ Alex M. LaGanke**
Alex M. LaGanke
AL. Bar No. 1331I04K
Assistant United States Attorney
1801 Fourth Avenue North
Birmingham, Alabama 35203
Tel.: (205) 244-2188
Email: Alex.LaGanke@usdoj.gov

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2025, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification

of such filing to all counsel of record, including Plaintiff's counsel.


**s/ Alex M. LaGanke**
Alex M. LaGanke

6

FILED

2025 Sep-12 PM 02:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| BRACKINS EL PRIVATE ESTATE TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| CRAIG WHITE, STANLEY RHODES, PAULA DECESARIS, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

The United States of America, on behalf of Craig White, Stanley Rhodes, and Paula DeCesaris, hereby files this Notice of Removal of the above-captioned civil action pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2), and shows as follows:

1. On September 4, 2025, the Beneficiary of the Brackins El Private Trust ("Plaintiff") filed an unsigned Complaint against "Respondents" Craig White, Stanley Rhodes, and Paula DeCesaris ("Defendants") in the Circuit Court of Madison County, Alabama, No. 47-CV-2025-901619.00 (Document 2). Exhibit A, Complaint. The next day, Plaintiff filed an Amended Complaint, which is a signed version of the original complaint (Document 10). Exhibit B, Amended Complaint.

2. The Certificate of Service reflects Plaintiff's service of the Complaint and Amended Complaint upon Defendants in their individual capacities. Exhibits A

1

and B. Defendants have not filed responsive pleadings to the Complaint or Amended Complaint. Exhibit C, State Court Docket.

3.  The Complaint asserts counts of "Defamation Per Se/Libel Per Se" and "breaches of fiduciary trust obligations." Exhibit B, at 5-6.

4.  Defendants were at all times relevant to this action employees at the NASA George C. Marshall Space Flight Center ("MSFC") in Huntsville, Alabama. All of Defendants' alleged acts or omissions involving Plaintiff occurred in the scope of their federal employment. Exhibit D, Certification of Scope of Employment; 28 U.S.C. § 2671 ("Employee of the government" includes "officers or employees of any federal agency").

5.  Pursuant to 28 U.S.C. § 1442(a)(1), actions commenced in state court against federal officers "in an official or individual capacity" can be removed to federal district court for proper disposition. *State v. Meadows*, 88 F.4th 1331, 1338 (11th Cir. 2023) ("The federal-officer removal statute protects an officer of the United States from having to answer for his official conduct in a state court."). "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial . . . to the district

2

court of the United States for the district and division embracing the place in which

the action or proceeding is pending." 28 U.S.C. § 2679(d)(2).

6.    Removal of this case is proper under 28 U.S.C. §§ 1442(a)(1) and

2679(d)(2) because Plaintiff is asserting common law torts against federal

employees for acts or omissions undertaken within the scope of their federal

employment. *See* Exhibit B, Amended Complaint. Moreover, removal is proper

because these claims can only be brought against the United States in federal courts.

*See Trupei v. United States*, 304 F. App'x 776, 782 (11th Cir. 2008) (citing *Galvin

v. Occupational Safety and Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is

beyond dispute that the United States, and not the responsible agency or employee,

is the proper party defendant in a Federal Tort Claims Act suit.")).

7.    The United States files herewith the Certification of Scope of

Employment (Exhibit D), the state court docket report (Exhibit C), and all pleadings

and other documents filed under Case No. 47-CV-2025-901619.00, *Beneficiary –

Brackins El Private Estate Trust v. Craig White, et al.* (Exhibit E).

WHEREFORE, the aforesaid action is hereby removed from the Circuit Court

of Madison County, Alabama to the United States District Court for the Northern

District of Alabama, Northeastern Division.

Respectfully submitted,

PRIM F. ESCALONA
United States Attorney

Document Number: 3742039                e-Appeal Submission: 12/03/2025 02:40 PM ET                MSPB Page 69 of 666

s/ Alex M. LaGanke
Alex M. LaGanke
AL. Bar No. 1331I04K
Assistant United States Attorney
1801 Fourth Avenue North
Birmingham, Alabama 35203
Tel.: (205) 244-2188
Email: Alex.LaGanke@usdoj.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed with

the Clerk of Court, Northern District of Alabama, on September 12, 2025, and served

upon Plaintiff's counsel by sending a copy via first class mail to:

Kimberly A. Ford
FORDUMAS LLC
470 Providence Main, Suite 302C
Huntsville, AL 35806
Attorney for Plaintiff
kimberly@fordumas.com

/s Alex M. LaGanke
Assistant United States Attorney

5

# Certificate of Service

e-Appeal has handled service of the assembled pleading to MSPB and the following Parties.

| Name & Address | Documents | Method of Service |
|---|---|---|
| MSPB: Atlanta Regional Office | EMERGENCY NOTICE AND REQUEST FOR EQUITABLE STAY AND PROTECTION OF LEGAL COUNSEL | e-Appeal |
| Bourque, Pamela | EMERGENCY NOTICE AND REQUEST FOR EQUITABLE STAY AND PROTECTION OF LEGAL COUNSEL | e-Appeal |
| Pollard Kiel, Kristin | EMERGENCY NOTICE AND REQUEST FOR EQUITABLE STAY AND PROTECTION OF LEGAL COUNSEL | e-Appeal |

I agree to send a printed copy of the electronic pleading with attachments to all parties by the end of next business day, as follows:

| Name & Address | Documents | Method of Service |
|---|---|---|
| El, Randy<br><br>6675 County Road 203 Danville, Alabama 35619 United States of America | EMERGENCY NOTICE AND REQUEST FOR EQUITABLE STAY AND PROTECTION OF LEGAL COUNSEL | US Mail |



**AlaFile E-Notice**

47-CV-2025-901829.00

To:  KIMBERLY ADINA FORD ESQ.
kimberly@fordumas.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

BRACKINS EL PRIVATE ESTATE TRUST V. ALEX MCKENZIE LAGANKE
47-CV-2025-901829.00

The following complaint was FILED on 10/1/2025 12:42:58 AM

Notice Date:      10/1/2025 12:42:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

ELECTRONICALLY FILED
10/1/2025 12:42 AM
47-CV-2025-901829.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/25 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>47-CV-2025-901829.00<br>Date of Filing:        Judge Code:<br>10/01/2025 |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### BRACKINS EL PRIVATE ESTATE TRUST v. ALEX MCKENZIE LAGANKE

**First Plaintiff:** ☐ Business  ☐ Individual  ☐ Government  ☑ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☑ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING      P ☐ APPEAL FROM PROBATE COURT

A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ YES  ☑ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☐ MONETARY AWARD REQUESTED  ☑ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
FOR063

10/1/2025 12:42:57 AM
Date

/s/ KIMBERLY ADINA FORD ESQ.
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES  ☐ NO

ELECTRONICALLY FILED
10/1/2025 12:42 AM
47-CV-2025-901829.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication. Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and its parties remain private, non-public, and are not submitted for adjudication or administrative review. All rights reserved, none waived. Recording of this document does not constitute a waiver of privacy, ownership, or trustee discretion, and does not confer jurisdiction or authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

This document is protected under the principles of private contract, Article I Section 10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority."Equity regards the beneficiary as the true owner."

- "Equity imputes intention to fulfill obligation."

- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

## NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private equity record and must be docketed pursuant to Alabama Rule of Civil Procedure 5. The Court and its clerks act ministerially under notice of trust possession. Any further statutory interpretation or adversarial designation is hereby rebutted by trust record.

*/s/ Beneficiary*

**Notice and Command to Clerk of Court**

Let this Notice be entered as formal and final command to the Clerk of Court to seal the Equity Docket pertaining to the Brackins El Private Estate Trust.

All filings have been duly and lawfully entered under private trust jurisdiction. The forum has been noticed, fiduciary breaches declared, dishonors recorded, and equity affirmed. The Office of the Executor now issues this lawful demand for ministerial compliance by the Clerk:

- To seal the record,
- To protect the corpus, and
- To conclude the matter in accordance with law, duty, and equity.

Authority and Legal Foundation

- Ministerial Duty Under FRCP 5(d)(4), the Clerk may not refuse filings for form alone and must execute nondiscretionary ministerial duties. Failure to comply constitutes breach and administrative dishonor, enforceable by surcharge and nunc pro tunc correction.

- Administrative Doctrine Pursuant to IRS Manual §21.7.13.3.2.1, only the Executor lawfully appointed possesses final ledger and accounting authority. Further, IRS Manual §4.25.6.1 mandates full accounting upon fiduciary failure.

Equity Jurisprudence

- Pomeroy §§395, 818 affirms closure of equity record in favor of the trust upon fiduciary failure.
- Blackstone, Book III, Ch. 23 establishes private rights restored upon judicial default.
- Lewin §935 confirms fiduciary silence or neglect closes the record to equity in favor of the trust.

Maxims of Equity

- Equity delights in the end of litigation.
- Where the duty is ministerial, the act is mandatory.
- The record speaks for itself and binds the conscience of the court.

Final Admonition

- The Clerk is hereby warned: Any refusal to seal constitutes ministerial breach and unauthorized tampering with a private trust corpus. Such refusal will trigger notice of ministerial default and liability by surcharge.
- "For by thy words thou shalt be justified, and by thy words thou shalt be condemned." Matthew 12:37

Issued under Seal and Authority of the Executor, Brackins El Private Estate Trust

"Pursuant to IRS Manual §21.7.13.3.2.1, IRS protocol requires recognition of the duly appointed Executor as the party authorized to file and account on behalf of the estate. Likewise, IRS Manual §4.25.6.1 instructs examiners to demand full accounting where fiduciary failure occurs. These administrative protocols parallel and reinforce equity's own requirement that fiduciaries be held to full accounting."

Dated: September 30, 2025

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**

**EQUITY DIVISION**

**IN RE: BRACKINS EL PRIVATE ESTATE TRUST**     )
       )
By its Beneficiary,        )
Standing in Equity,        )
       )
v.        )     Case No.:_____

ALEX MCKENZIE LaGANKE,
Assistant United States Attorney, Civil Division,
United States Attorney's Office, Northern District of Alabama,
Trustee de son tort, personally liable.

## EX PARTE NOTICE AND DEMAND FOR SURCHARGE, SPECIFIC PERFORMANCE, AND EQUITY ENFORCEMENT AGAINST ALEX MCKENZIE LaGANKE

**COMES NOW**, the Brackins El Private Estate Trust, by and through its Attorney Kimberly Ford, Esq., in its exclusive capacity as private Trust in equity, and gives notice to this Honorable Court that Alex McKenzie LaGanke, has, by her own hand, committed acts of trespass upon the res, intimidation of counsel, and mischaracterization of Trust proceedings. By intermeddling and attempting to wield Rule 11 threats on a docket void ab initio, she has placed herself in the posture of Trustee de son tort, and is thereby personally liable in equity for breach, surcharge, and restitution.

This Trust invokes:

- Ala. Const. art. VI, § 140(b) - exclusive superintendence of this Court over inferior courts.
- Ala. Code § 19-3B-1001(b)(7) - surcharge as remedy for breach of trust.
- Restatement (Third) of Trusts §§ 95, 100 - intermeddler/trustee de son tort liability.
- Equity maxims: That which is not denied is admitted; Equity regards as done that which ought to be done; Equity abhors a forfeiture.

Accordingly, the Trust demands immediate recognition of breach, imposition of personal surcharge, order of specific performance, and restoration nunc pro tunc of the res and records obstructed by Ms. LaGanke's ultra vires actions.

## 1. Position of the Trust

1. The Brackins El Private Estate Trust stands as an irrevocable private trust under Alabama law, governed by equity maxims and protected under Ala. Code Title 19, Chapter 3B (Alabama Uniform Trust Code).

2. The Trust has never joined, consented, or subjected itself to federal removal or collateral federal jurisdiction. All federal dockets relied upon by the United States are void ab initio.

3. By transmitting a September 30, 2025 "Rule 11(c)(2) Intent to Sanction" letter on a closed federal docket, Alex McKenzie LaGanke has:

   • Trespassed upon the res of the Trust,

   • Attempted intimidation of fiduciary officers, and

   • Assumed fiduciary authority without lawful capacity, thereby making herself a trustee de son tort.

## 2. Exhibit A - Trespass by Threat Letter

Attached hereto and incorporated by reference is Exhibit A, the September 30, 2025 letter authored by Ms. LaGanke threatening sanctions under Rule 11(c)(2).

   • Said letter constitutes trespass in equity, harassment, and a knowing breach of fiduciary integrity.

   • Said letter is evidence of fiduciary assumption without appointment, invoking the remedies of surcharge, injunction, and discipline.

## 3. Equity Maxims Applied

1. Equity acts in personam, not in rem - Liability attaches personally to Ms. LaGanke; she cannot hide behind agency shield.

2. Equity will not suffer a trust to fail for want of a trustee - By intermeddling, Ms. LaGanke assumes role of trustee de son tort.

3. Equity abhors forfeiture - Threatening sanctions on a void docket seeks wrongful forfeiture of rights; void in conscience.

4. Equity follows the law, but not when law works injustice - Rule 11 threats on a closed docket = injustice; equity prevails.

## 4. Restatement (Third) of Trusts Anchors

   • § 5 cmt. g & § 95 - Any intermeddler in trust affairs becomes trustee de son tort.

- § 76 & § 78 - Duties of loyalty and prudence apply fully to de son tort trustees.
- § 100 - Remedies: surcharge, restoration, injunction, and specific performance against offending party.

## 5. Alabama Code Anchors

- § 19-3B-1001(b)(7) - Authorizes surcharge against trustees de son tort.
- § 19-3B-802 - Duty of loyalty breached by Ms. LaGanke.
- § 19-3B-1002 - Trustee de son tort liable for loss to Trust and disgorgement of gain.

## 6. Ethics Violations (For Alabama State Bar Referral)

1. Rule 4.4, Ala. R. Prof. Conduct - Harassment and disrespect for rights of third persons.
2. Rule 8.4(a)-(d) - Misconduct, abuse of process, conduct prejudicial to administration of justice.
3. Rule 3.1 - Frivolous threats on a void docket.
4. Ms. LaGanke's letter is an attempted intimidation, lacking lawful basis, and will be presented as a disciplinary matter before the Alabama State Bar.

## 7. Demand for Relief

Accordingly, the Trust demands the following:

1. Specific Performance - Immediate cessation of all threats; written acknowledgment of the Trust's private equity jurisdiction.
2. Surcharge - Full personal liability assessed against Ms. LaGanke for trespass, harassment, and fiduciary breach.
3. Restoration - Correction of all records polluted by the September 30, 2025 letter.
4. Injunction - Bar Ms. LaGanke from further interference with the Trust.
5. Referral - Transmission of this filing and exhibits to the Alabama State Bar for investigation and sanction.

## Verification & Execution

Executed in honor and private equity jurisdiction,
Without prejudice, UCC 1-308, all rights reserved.

Respectfully submitted on this the 30th day of September, 2025,

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U.S. citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC §1-308, all rights and remedies are expressly reserved without prejudice. No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Executed in honor and private equity jurisdiction,

/s/ Kimberly A. Ford
Kimberly A Ford, Esq. (FOR063)
Counsel for the Brackins El Private Estate Trust
Fordumas LLC
*Law, Consulting and Mediation Firm*
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc:  256.886.6240
Facsimile:  1.800.408.1501
kimberly@fordumas.com

## CERTIFICATE OF SERVICE

I do   hereby certify that a copy of the foregoing Ex Parte Notice and Demand for Surcharge, Specific Performance, and Equity Enforcement was served on Defendant via first class, certified mail, return receipt requested and email to:

ALEX MCKENZIE LaGANKE
1324 Sumar Rd
Birmingham, AL 35213
alex.LaGanke@usdoj.gov

On this the 30th day of September, 2025.

/s/ Kimberly A. Ford
Attorney for the Brackins El Private Estate Trust

**From: LaGanke, Alex (USAALN)** Alex.LaGanke@usdoj.gov 📎
**Subject:** Letter of United States' Intent to Move for R. 11 Sanctions
**Date:** September 30, 2025 at 4:34 PM
**To:** kimberly@fordumas.com



Kimberly,

Please see the attached concerning the United States' intent to move for Rule 11 Sanctions.

Best,

**Alex McKenzie LaGanke**
Assistant United States Attorney, Civil Division
United States Attorney's Office, Northern District of Alabama
U.S. Department of Justice
1801 Fourth Avenue North
Birmingham, AL 35203
(205) 244-2188
alex.laganke@usdoj.gov

*CONFIDENTIAL U.S. DEPARTMENT OF JUSTICE E-MAIL COMMUNICATION: The information contained in this electronic message, and any and all accompanying documents or attachments, constitutes confidential information and may be privileged. This information is the property of the U.S. Department of Justice. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited and may be unlawful. If you are not an intended addressee, or received this message in error, please notify me immediately. Thank you.*

**Mot. for
Sanctions_9.26.202...**

DOCUMENT 2



**U.S. Department of Justice**

*Prim F. Escalona*
*United States Attorney*
*Northern District of Alabama*

| | | |
|---|---|---|
| **Alex LaGanke**<br>*Assistant United States Attorney*<br>*(205) 244-2188*<br>*Alex.LaGanke@usdoj.gov* | **Civil Division**<br>1801 Fourth Avenue North<br>Birmingham, AL 35203-2101 | (205) 244-2001<br>FAX (205) 244-2181 |

Spetember 30, 2025

**VIA EMAIL AND FEDERAL EXPRESS**
Kimberly A. Ford
470 Providence Main, Suite 302C
Huntsville, AL 35806
kimberly@fordumas.com

Re:     **Notice of Intent to Move for Sanctions in**
       *Brackins El Private Estate Trust v. United States, et al.*, 5:25-cv-1568-LCB

Dear Ms. Ford:

       As indicated in Defendants' Motion to Enjoin (Doc. 22), the United States has enclosed herewith a draft Motion for Sanctions. Rule 11(c)(2) affords you the opportunity to either withdraw or "appropriately correct" the numerous improper filings you have made in the above-referenced case within twenty-one days. Otherwise, the United States will file the enclosed Motion with the Court.

                      Sincerely,

                      PRIM F. ESCALONA
                      United States Attorney

                      *Alex LaGanke*
                      Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| BRACKINS EL PRIVATE ESTATE TRUST, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 5:25-cv-1568-LCB |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| BRACKINS EL PRIVATE ESTATE TRUST, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| BONDI, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| BRACKINS EL PRIVATE ESTATE TRUST, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| MACK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

1

## MOTION TO IMPOSE SANCTIONS

Defendant United States of America hereby moves this Court for sanctions against Plaintiff's counsel, Kimberly Ford, under Rule 11(b). Pursuant to Rule 11(c)(2), Defendant served Ford with the instant motion on September 30, 2025. Defendant reincorporates the "Background" section of its Motion to Enjoin here as the basis for the instant motion below. *See* Doc. 22, at 2-5.

## DISCUSSION

### A. Ms. Ford's Conduct Warrants Sanctions Under Rule 11.

The Eleventh Circuit has explained that

> Federal Rule of Civil Procedure 11 authorizes a district court to impose sanctions against an attorney who files frivolous pleadings or motions. Fed. R. Civ. P. 11(b), (c). Rule 11 sanctions are warranted when a party files a pleading or motion that "(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose."

*Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941-42 (11th Cir. 2022) (quoting *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021) (internal quotation marks omitted)). "The standard for testing conduct under amended Rule 11 is reasonableness under the circumstances." *United States v. Milam*, 855 F.2d 739, 743 (11th Cir. 1988) (internal quotation marks omitted). In determining reasonableness under the circumstances, a two-step inquiry is employed: "(1) whether the party's

2

claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous" after conducting a reasonable inquiry. *Gulisano*, 34 F.4th at 942 (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). "A factual claim is frivolous when it has no reasonable factual basis [while a] legal claim is frivolous when it has no reasonable chance of succeeding." *Id.* (citing *Baker*, 158 F.3d at 524).

Here, there is no factual basis supporting the contention that eighteen federal employees and a U.S. Attorney's Office are trustees to a trust in Mr. El's name.[1] Plaintiff's legal theory that is rooted in "equity jurisdiction" neither has a reasonable chance of success nor could reasonably change existing law. Regularly throughout its Complaints, Plaintiff makes statements of alleged law without any citations to precedential sources. *See, e.g.*, Doc. 1-2, at 6 ¶¶ 17-18; *Brackins El Private Estate Trust v. Bondi*, No. 5:25-cv-1600 (ECF No. 1-2, at 9 ¶ 23; 10 ¶ 43); *Brackins El Private Estate Trust v. Mack*, No. 5:25-cv-1607 (ECF No. 1-1, at 3 ¶¶ 4, 6, 8, 9-12). When Plaintiff does cite to case law, oftentimes cases are seemingly hallucinated or do not support the proposition asserted. *See, e.g.*, Doc. 1-2, at 6 ¶ 25; *Brackins El Private Estate Trust v. Bondi*, No. 5:25-cv-1600 (ECF No. 1-2, at 9 ¶¶ 29, 32; 10 ¶ 38); *Brackins El Private Estate Trust v. Mack*, No. 5:25-cv-1607 (ECF No. 1-1, at 2

---

[1] While Plaintiff attempts to get around this by eventually describing Defendants as "trustees de son tort," there is still no factual basis that any of the named federal employees interfered with the alleged trust by assuming a role as a trustee over Mr. El's estate.

3

¶¶ 2, 4); *see also* Doc. 21, at 5 n.2. Moreover, Plaintiff's references to religious doctrine, among other nonprecedential sources, as support for legal assertions is inappropriate in a court of law and cannot support a cause of action. *See, e.g.*, Doc. 1-5, at 9. Finally, consecutive lawsuits asserting the same allegations against the same individuals implies filing in bad faith and for an improper purpose.[2]

In determining reasonableness under these circumstances, Plaintiff's claims are objectively frivolous. First, courts widely reject "sovereign citizen" theories. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013). Indeed, Plaintiff's "filings here are replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement." *Sealey v. Branch Banking and Trust Company*, 2019 U.S. Dist. LEXIS 28585, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). Second, the idea that the Attorney General of the United States and the Secretary of the Treasury, among sixteen other federal employees of which some are Mr. El's colleagues, are trustees to Mr. El's alleged trust is absurd.

As far as the second prong of the reasonableness inquiry, Ms. Ford, who signed nearly all of the papers in Mr. El's cases, should have known the pleadings

---

[2] Indeed, were Defendants interested in seeking costs resulting from excessive litigation, sanctions under 28 U.S.C. § 1927 would be appropriate for Ms. Ford's conduct. "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

4

were frivolous. "Even the most minimal investigation would have alerted" Ms. Ford that sovereign citizen theories have been deemed utterly frivolous by the courts. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996). This Court put Ms. Ford on notice of that fact in Orders entered in previous cases. *E.g.*, *El v. Nelson*, No. 5:24-cv-1244-LCB (ECF No. 17, at 3-4). Moreover, there is reason to believe that Ms. Ford did not even conduct a "reasonable inquiry" before filings were made using her court e-filing credentials. *See, e.g.*, *id.* at 1; *El v. Stewart*, No. 5:25-cv-581-LCB (ECF No. 31, at 1 n.1). Plaintiff's legal claims have "no chance of succeeding," deeming them frivolous and warranting sanctions under Rule 11. *Gulisano*, 34 F.4th at 942; *see* Defendants' Motion to Dismiss, Doc. 21.

## CONLCUSION

For the foregoing reasons, Defendants respectfully move for sanctions against Plaintiff's counsel Kimberly Ford.

Respectfully submitted

PRIM F. ESCALONA
United States Attorney

**s/ Alex M. LaGanke**
Alex M. LaGanke
AL. Bar No. 1331I04K
Assistant United States Attorney
1801 Fourth Avenue North
Birmingham, Alabama 35203
Tel.: (205) 244-2188
Email: Alex.LaGanke@usdoj.gov

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on _____, 2025, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to all counsel of record, including Plaintiff's counsel.


**s/ Alex M. LaGanke**
Alex M. LaGanke

6



**From:** **Fordumas LLC** kimberly@fordumas.com  📎
**Subject:** Re: Communication
**Date:** December 3, 2025 at 3:40 PM
**To:** White, Craig A. (MSFC-HS01) craig.a.white@nasa.gov
**Cc:** Sullivan, Paul R. (HQ-YA030) paul.r.sullivan@nasa.gov, Allen, Ann (HQ-YA030) ann.allen@nasa.gov, Alex LaGanke ALEX.LAGANKE@usdoj.gov, Pollard Kiel, Kristin M. (MSFC-LS01) kristin.m.pollardkiel@nasa.gov, Criminal Division DOJ Criminal.Division@usdoj.gov, Rhodes, Stanley J. (MSFC-EV70) stan.rhodes@nasa.gov, Ayala, Mirna Y. (HQ-YA030) mirna.y.ayala@nasa.gov, Bourque, Pamela A. (MSFC-LS01) pam.bourque@nasa.gov, Mosby, Dwight L. (MSFC-EV01) dwight.l.mosby@nasa.gov, Veronica Martinez VMartinez@osc.gov, rae.w.meyers@nasa.gov, Swails, Casey L. (HQ-AA000) casey.l.swails@nasa.gov, randybrackins@gmail.com, White, Kris (MSFC-LS01) john.k.white@nasa.gov, Margo Gray Margo.Gray@waff.com, FORDUMAS LLC kimberly@fordumas.com

Dear Mr. White:

Thank you for your correspondence confirming that all communication regarding Mr. Brackins El's employment and pending matters before the U.S. Merit Systems Protection Board shall be routed through my office.

This notice serves to remind NASA/MSFC that, under 5 U.S.C. § 2302(b)(9) and 5 C.F.R. § 1201.41(b)(8), any act or omission that interferes with the appellant's ability to communicate with counsel or access agency systems necessary to respond to an MSPB proceeding constitutes prohibited reprisal and obstruction of a protected activity.

At present, Mr. Brackins El remains locked out of his NASA-issued email account and other Marshall Space Flight Center information systems. This continued restriction directly impedes his ability to:

1. Review agency-produced records responsive to the MSPB acknowledgment orders;
2. Access relevant official communications required for the record; and
3. Fulfill his duties in compliance with active MSPB procedural deadlines.

Because the MSPB has accepted jurisdiction and issued docket acknowledgments under AT-1221-26-0143-W-1 and AT-1221-26-0143-S-1, the agency is now subject to the Board's stay authority under 5 C.F.R. § 1201.134. Accordingly, any further deprivation of system access or communications capability will constitute a continuing violation of federal law and the Board's protective directives.

Please confirm by return email that all NASA/MSFC account access, communications privileges, and related system credentials for Mr. Brackins El will be restored without delay, in order to ensure full compliance with MSPB procedure and avoid additional sanctions under 5 C.F.R. § 1201.43(b) for bad-faith conduct.

**Response to Craig White re communication.12.3.25.pdf**    ■

Warmest regards,
Kimberly A. Ford, Esq.*

Kimberly A. Ford, Esq.
FORDUMAS LLC
Law, Consulting, and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, Alabama 35806
Business 256.886.6240
Facsimile 800.408.1501
kimberly@fordumas.com
www.fordumas.com

* Admitted to the practice of law in Alabama and Tennessee
* Registered on the Alabama State Court Mediator Roster

---

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged. The e-mail and any files transmitted with it are also subject to the attorney-client privilege and attorney work product doctrine, and contain confidential information intended only for the person(s) to whom this e-mail message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone at 256.886.6240 or by e-mail and destroy the original message without making a copy.

On Dec 3, 2025, at 3:18 PM, White, Craig A. (MSFC-HS01) <craig.a.white@nasa.gov> wrote:

Greetings,

Pursuant to the information provided by both you and Ms. Ford, communication from NASA/MSFC should be routed through Ms. Ford, who we were advised is your representative/counsel. As such, please have Ms. Ford to forward questions/concerns you may have.



**Craig A. White**
**Human Resources Specialist (ER)**
Human Capital Office

Marshall Space Flight Center
Huntsville, AL 35812
c: 256.583.4459
craig.a.white@nasa.gov



**FORDUMAS**
~❀ Law, Consulting and Mediation Firm ❀~

**Kimberly A. Ford, Esq.*+**
**470 Providence Main, Suite 302C**
**Huntsville, Alabama 35806**

**DIRECT: 256.886.6240**
**FACSIMILE: 800.408.1501**
**EMAIL: kimberly@fordumas.com**

December 3, 2025

To:    Craig A. White (MSFC-HS01)

Cc:    Kris White (MSFC-LS01); Paul Sullivan (HQ-YA030); Pamela Bourque (MSFC-LS01);
Alex La Ganke (DOJ); Veronica Martinez (OSC); Stanley Rhodes (MSFC-EV70); Mirna
Ayala (HQ-YA030); Kristin Pollard Kiel (MSFC-LS01); Dwight Mosby (MSFC-EV01);
Casey Swails (HQ-AA000); Rae Meyers;

RE:    MSPB Dockets - AT-1221-26-0143-W-1 and AT-1221-26-0143- S-1

Dear Mr. White:

Thank you for your correspondence confirming that all communication regarding Mr.
Brackins El's employment and pending matters before the U.S. Merit Systems Protection Board
shall be routed through my office.

This notice serves to remind NASA/MSFC that, under 5 U.S.C. § 2302(b)(9) and 5
C.F.R. § 1201.41(b)(8), any act or omission that interferes with the appellant's ability to
communicate with counsel or access agency systems necessary to respond to an MSPB
proceeding constitutes prohibited reprisal and obstruction of a protected activity.

At present, Mr. Brackins El remains locked out of his NASA-issued email account and
other Marshall Space Flight Center information systems. This continued restriction directly
impedes his ability to:
  1. Review agency-produced records responsive to the MSPB acknowledgment orders;
  2. Access relevant official communications required for the record; and
  3. Fulfill his duties in compliance with active MSPB procedural deadlines.

Because the MSPB has accepted jurisdiction and issued docket acknowledgments under
AT-1221-26-0143-W-1 and AT-1221-26-0143-S-1, the agency is now subject to the Board's stay
authority under 5 C.F.R. § 1201.134. Accordingly, any further deprivation of system access or
communications capability will constitute a continuing violation of federal law and the Board's
protective directives.

---

***\*Licensed in Alabama & Tennessee***
***+Registered on Alabama State Court Mediation Roster***



Craig White
December 3, 2025
Page 2 of 2

Please confirm by return email that all NASA/MSFC account access, communications privileges, and related system credentials for Mr. Brackins El will be restored without delay, in order to ensure full compliance with MSPB procedure and avoid additional sanctions under 5 C.F.R. § 1201.43(b) for bad-faith conduct.

Respectfully,
/s/ Kimberly A. Ford
Kimberly A. Ford, Esq.
Fordumas LLC
Counsel for Appellant

---

*Licensed in Alabama & Tennessee
+Registered on Alabama State Court Mediation Roster

National Aeronautics and Space Administration

**Mary W. Jackson NASA Headquarters**
Washington, DC 20546-0001



November 21, 2025

Reply to Attn of:   Office of Equal Opportunity                    *Electronic Mail*

Kimberly A. Ford, Esq.
Fordumas, LLC
Law, Consulting and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, AL  35806

Re:   Dissatisfaction of Complaint Processing
      Randy Brackins El v. Sean Duffy, Acting Administrator, NASA
      Agency Docket No. NCN-25-MSFC-00010
      Allegations Date: May 4, 2025; May 5, 2025

The National Aeronautics and Space Administration (Agency), Office of Equal Opportunity (OEO) is in receipt of Complainant's allegations concerning the processing of this complaint. Specifically, on May 4, 2025, Complainant alleged that EEO Counselor Tora Henry "failed to identify or investigate key witnesses" and "failed to conduct a thorough investigation." Complainant further alleges that the EEO Counselor "failed to frame [his] complaint issues and address them thoroughly." On May 5, 2025, Complainant reiterated these concerns.

Federal Regulations specify that the role of an EEO Counselor is to advise individuals in writing of their rights and responsibilities (*see* 29 C.F.R. 1614.105(b)(1)). The role of an EEO Counselor is not to conduct a thorough inquiry but to conduct a "limited inquiry during the initial interview with the aggrieved individual for the purpose of determining jurisdictional questions. Use of the term "initial interview" in this context is not intended to suggest that during the first meeting with the aggrieved person an EEO Counselor must obtain all of the information s/he needs to determine the claim(s) or basis(es)." MD-110 Ch. 2(II))(3). The "inquiry is intended to be limited and is not intended to substitute for the in-depth factfinding required in the investigative stage of the formal complaint process." MD-110 Ch. 2 (V). An interview of an immediate supervisor and a more senior official certainly can be a sufficient inquiry to satisfy the requirements of a limited inquiry for the pre-complaint process. *Complainant v. Dep't of Defense*, EEOC DOC 0120111614, 2014 WL 3697485, at *2 (Jul. 18, 2014).

In this matter, the EEO Counselor met with the aggrieved on several occasions and obtained information concerning Complainant's allegations from Complainant, his

supervisor, and an appropriate senior official with knowledge of the situation. Counseling Report (CR) at 5-7. The EEO Counselor also explored resolution options with an appropriate official but was informed that budgetary constraints limited available relief. CR at 7-8. At the conclusion of the pre-complaint process, the EEO Counselor notified Complainant of his right to submit a written formal complaint. CR at 22. This notice included a copy of NASA's complaint form, NASA Form 1355. CR at 25. As reflected in Complainant's formal complaint, NASA Form 1355 provides Complainants with an opportunity to specify for themselves the issues in their complaint. It should also be noted that Complainant has previously pursued claims of discrimination through NASA's EEO process[1] and has thus shown that he is familiar with his right to submit his own written materials alongside NASA Form 1355.

Because it is not an EEO Counselor's job to conduct a thorough investigation, and because the EEO Counselor did speak with two management officials familiar with the situation at hand and made reasonable efforts to resolve the claims at issue, Complainant has not shown that the EEO Counselor failed to perform their duties. Because the EEO Counselor provided Complainant with his rights to frame his own claim in the formal process, Complainant's allegations concerning the EEO Counselor's role in the pre-complaint process is unpersuasive. Instead, it appears that an adequate pre-complaint process was conducted. Accordingly, Complainant has not shown that his EEO matter was processed improperly.

If Complainant requests an Equal Employment Opportunity Commission (EEOC) hearing, this determination is reviewable by an EEOC Administrative Judge (AJ) during the EEOC hearings process. If Complainant instead requests a Final Agency Decision (FAD), the Agency will issue a decision addressing all of Complainant's claims, including the allegations of inadequate processing. After the Agency issues a final determination, these matters may be appealed to EEOC's Office of Federal Operations.

If Complainant has any questions, please contact this office by email at *hq-dl-eo-complaints-programs-division@mail.nasa.gov* or by phone at (202) 358-2180.

Paul Sullivan
Digitally signed by Paul Sullivan
Date: 2025.11.21
08:12:52 -05'00'

Paul R. Sullivan, Jr., Director
Complaints Management Division

cc:
Randy Brackins El, Complainant
MSFC OGC

---

[1] In prior matters, Complainant has filed formal complaints of discrimination and received Reports of Investigations. *See* NCN-20-MSFC-00077, NCN-21-MSFC-00010, NCN-22-MSFC-00048, and NCN-22-MSFC-00296. Accordingly, Complainant is familiar with his rights to frame his own claims in a formal complaint.

National Aeronautics and
Space Administration

**George C. Marshall Space Flight Center**
Marshall Space Flight Center, AL 35812



November 25, 2025

Reply to Attn of:    EV70

Mr. Randy B. El
Systems Design & Verification Branch
Spacecraft and Vehicle Systems Department
Engineering Directorate
Marshall Space Flight Center, Alabama 35812

Dear Mr. El:

This is a notice of proposed adverse action, issued pursuant to 5 CFR 752, to remove you from your position of Aerospace Engineer, AST, Flight Systems, GS-0861-13, $131,701.00 per annum, and from Federal employment. This removal shall take place no earlier than 30 calendar days from the date of receipt of this letter. The specific reasons for the proposed action are set forth below.

**REASON 1:**

Failure to Follow Instructions

**SPECIFICATION 1**

On or about August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to complete a certain training task related to your duties as Change Package Engineer (CPE). Specifically, Mr. Stewart instructed you to update the Space Launch System (SLS) Spacecraft/Payload Integration and Evolution (SPIE) Plan #036 and provided you with a due date of August 14, 2025, to complete this task. On August 12, 2025, you responded with two separate emails instructing Mr. Stewart to direct all communications through your counsel. You then failed to complete this task by August 14, 2025, as instructed.

**SPECIFICATION 2**

On or about August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to complete a certain training task related to your duties as CPE. Specifically, Mr. Stewart instructed you to fill out the Change Request (CR) form and provided you with a due date of August 14, 2025, to complete this task. On August 12, 2025, you responded with two separate emails instructing Mr. Stewart to direct all communications through your counsel. You then failed to complete this task by August 14, 2025, as instructed.

## SPECIFICATION 3

On or about August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to complete a certain training task related to your duties as CPE. Specifically, Mr. Stewart instructed you to fill out the 4511 form, which is the SLS Data Concurrence Sheet, and provided you with a due date of August 15, 2025, to complete this task. On August 12, 2025, you responded with two separate emails instructing Mr. Stewart to direct all communications through your counsel. You then failed to complete this task by August 15, 2025, as instructed.

## SPECIFICATION 4

On or about August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to complete a certain training task related to your duties as CPE. Specifically, Mr. Stewart instructed you to submit the CR and 4511 form to the Engineering Control Board (ECB) / Engineering Review Board (ERB) Drop Box and provided you with a due date of August 15, 2025, to complete this task. On August 12, 2025, you responded with two separate emails instructing Mr. Stewart to direct all communications through your counsel. You then failed to complete this task by August 15, 2025, as instructed.

## SPECIFICATION 5

On or about August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to complete a certain training task related to your duties as CPE. Specifically, Mr. Stewart instructed you to review and discuss the CR request email with your team lead, Hernando Gauto, and provided you with a due date of August 20, 2025, to complete this task. On August 12, 2025, you responded with two separate emails instructing Mr. Stewart to direct all communications through your counsel. You then failed to complete this task by August 20, 2025, as instructed.

## SPECIFICATION 6

On or about August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to complete a certain training task related to your duties as CPE. Specifically, Mr. Stewart instructed you to review and discuss the integrated comment spreadsheet with your team lead, Hernando Gauto, and provided you with a due date of August 20, 2025, to complete this task. On August 12, 2025, you responded with two separate emails instructing Mr. Stewart to direct all communications through your counsel. You then failed to complete this task by August 20, 2025, as instructed.

## SPECIFICATION 7

On or about August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to complete a certain training task related to your duties as CPE. Specifically, Mr. Stewart instructed you to develop certain presentation charts and provided you with a due date of August 25, 2025, to complete this task. In response to this assignment, on August 12, 2025, you responded with two separate emails instructing Mr. Stewart to direct all communications through your counsel. You then failed to complete this task by August 25, 2025, as instructed.

2

**SPECIFICATION 8**

On or about September 29, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to review certain training material in preparation for assisting the SPIE Ops Team with reviewing their Work Authorization Documents (WADs). Specifically, Mr. Stewart instructed you to review the training package "WADs 101" and provided you with a due date of close of business (COB) on September 29, 2025, to complete this task. In response to this assignment, on September 29, 2025, you sent an email to Mr. Stewart directing him to send all communications through your attorney, which further stated "…this is your final notice." You then failed to complete this task by September 29, 2025, as instructed.

**SPECIFICATION 9**

On or about September 29, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to review certain training material in preparation for assisting the SPIE Ops Team with reviewing their WADs. Specifically, Mr. Stewart instructed you to review the training package "TIPS Portal User Guide" and provided you with a due date of COB on September 30, 2025, to complete this task. In response to this assignment, on September 29, 2025, you sent an email to Mr. Stewart directing him to send all communications through attorney, which further stated "…this is your final notice." You then failed to complete this task by September 30, 2025, as instructed.

**SPECIFICATION 10**

On or about September 29, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to review certain training material in preparation for assisting the SPIE Ops Team with reviewing their WADs. Specifically, Mr. Stewart instructed you to review the training package "SLS Solumina and WAD Tools Users Guide" and provided you with a due date of close of business COB on October 1, 2025, to complete this task. In response to this assignment, on September 29, 2025, you sent an email to Mr. Stewart directing him to send all communications through attorney, which further stated "…this is your final notice." You then failed to complete this task by October 1, 2025, as instructed.

**REASON 2**:

Conduct Unbecoming

**SPECIFICATION**

On or about August 21, 2025, Daniel J. Sears, an employee of a NASA contractor which supports the SLS Program, contacted you via email regarding a change in the "need date" for certain data related to the upcoming Artemis II Launch and requested your concurrence. Another contractor employee, Kelly R. Vacula, was also copied on the email. On or about August 22, 2025, you responded by instructing Mr. Sears to direct all communications to your attorney, as well as by providing various other information which was also unrelated to Mr. Sears' work request. Your conduct was unbecoming of a federal employee.

3

## BACKGROUND

On August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you via email to complete various training tasks related to your duties as a Change Package Engineer (CPE) and provided you with a due date for each task. The specific assignments are described in Specifications 1 through 7 to Reason 1 above. On that same date, you responded to Mr. Stewart in two separate emails.

In your first email, you stated, "Please as stated send all communications through counsel. My standing remains exclusively in the capacity of Executor for the Brackins El Private Estate Trust, and no statements, materials, or actions during the session should be construed otherwise." In your second email, you provided a message which began "Mr. Stewart Be advised and read the below message and adhere to it." The remainder of the message purported to be from your attorney, stating that she represents the "Executor of the Brackins El Private Estate Trust in all matters involving NASA, the EEOC, the Office of Special Counsel, and any related agencies or personnel." Among other directives, the message instructed Mr. Stewart to direct all communications to your attorney's office. The message concluded with a "NOTICE" that provided, in part, "Although the Executor is listed in your system as an employee, (Randy Brackins El, Implied Surety) ... terminated the employee relationship and by operation of law created a new fiduciary relationship binding NASA and its agents as trustees with a fiduciary responsibility to the Office of the Trust by operation of law."[1]

On August 13, 2025, your attorney, Kimberly Ford, sent an email with the Subject "FINAL Notice" to various NASA officials, as well as officials at the Internal Revenue Service.  In addition to other unrelated matters, Ms. Ford recounted that Mr. Stewart had directly contacted you on the previous day (regarding the CPE tasks), and she "demanded" that "...no NASA employee, including Stewart, will directly contact [you] on case-related matters going forward." In response to this email, Kris White, an attorney in the NASA Marshall Space Flight Center Office of the General Counsel, communicated to Ms. Ford (with a copy to you) that while NASA would certainly direct all communications related to EEO complaints or litigation matters to Ms. Ford as your attorney, the Agency has the statutory right through its management to assign work to its employees. *See* 5 U.S.C. § 7106.  Mr. White further pointed out that Mr. Stewart's email to you on the previous day focused solely on work tasks related to your duties as CPE and did not include any communications related to EEO or litigation matters. Mr. White confirmed that your management would continue to directly assign you work and that you would be expected to complete the assigned tasks by the applicable deadlines. Ms. Ford then responded once again stating that you had formally severed your "employee" status with NASA, that a private estate trust had been lawfully formed and noticed, and that your name "...previously assumed to be under federal employee jurisdiction has been reclassified as estate res."

Thereafter, you failed to complete any of the CPE training tasks assigned to you by the deadlines provided, and to date, you have still failed to complete these tasks. The training

---

[1] As explained more fully below, these references to the "Brackins El Private Estate Trust," a "fiduciary relationship," and other related language are apparently intended to advance "sovereign citizen" theories.

4

tasks referenced in Specifications 1 through 7 to Reason 1 above were essential components of your professional development and were directly related to your job responsibilities in supporting NASA's SLS program as a CPE. Your supervisor made multiple attempts to obtain status updates on your progress and provided you with reasonable deadlines for completion. Your failure to complete these assignments has impacted the efficiency of operations within your branch and has required supervisors to expend additional time and resources to address your non-compliance.  Of note, in June 2025, you were previously assigned virtually identical CPE tasks which you also failed and refused to complete.

In addition to your failure to complete these CPE training tasks, you behaved in an unbecoming manner toward a contractor employee supporting the SLS Program. On August 21, 2025, the contractor in question, which is essentially a customer of your organization, contacted you via email regarding a change in the "need date" for certain data related to the upcoming Artemis II Launch and requested your concurrence. Rather than responding with the information as requested, you instructed the contractor employee to direct all communications to your attorney, and then provided various other information which was also unrelated to the contractors work request such as information about the "Brackins El Private Estate Trust."  This behavior is unacceptable and reflects poorly on your organization.

Further, on September 29, 2025, Mr. Stewart assigned you additional training tasks which were needed before you could assist the SPIE Ops Team with their Work Authorization Documents.  The specific assignments are described in Specifications 8 through 10 to Reason 1 above. Once again, you responded to Mr. Stewart via email by instructing him to direct all communications through your attorney.  You then disrespectfully concluded with "…this is your final notice."  You then failed to complete any of these additional training tasks assigned to you by the deadlines provided, and to date, you have still failed to complete these tasks.

It also bears noting that your misconduct described above did not occur in a vacuum.  During the time period you failed to complete these assignments as instructed and engaged in unbecoming conduct toward a contractor, you also filed multiple Alabama state court lawsuits against several of your individual NASA managers, which have now been removed to federal court. To date, two of the federal cases have been dismissed. An appeal to the 11th Circuit Court of Appeals was dismissed as was a separate petition for a Writ of Mandamus before the Alabama Supreme Court.  Four additional cases have been consolidated, and the Government's Motion to Dismiss in the remaining case is pending.  In an Order issued in the prior case, United States District Court Judge Liles C. Burke noted that your filings referencing a "Private Trust Matter" and referring to yourself as the "Living Beneficiary, sui juris" of a trust appeared to advance frivolous "sovereign citizen" theories that lack any basis in law:

> The filings mentioned above are irrelevant to the issues in the case and appear to advance frivolous "sovereign citizen" theories that lack any basis in the law. See, e.g., Maida v. United States, 2025 WL 48934, at *2 (D. Nev. Jan. 7, 2025) (discussing "sovereign citizens' " use of the UCC); Pouncey v. Bryant, 2023 WL 5548591, at *2 n. 3 (D.S.C. Aug. 29, 2023) (noting "Plaintiff's Complaint bears several hallmarks of the sovereign citizen movement—a red thumbprint near the signature ... and a reference to UCC 1-308."); Wright v. Lotti, 2023 WL 11795603, at *1 (N.D. Ga.

5