FILED
2026 Mar-19  AM 09:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

## NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private equity record and must be docketed pursuant to Alabama Rule of Civil Procedure 5. The Court and its clerks act ministerially under notice of trust possession. Any further statutory interpretation or adversarial designation is hereby rebutted by trust record.

*/s/ Beneficiary*

## Notice and Command to Clerk of Court

Let this Notice be entered as formal and final command to the Clerk of Court to seal the Equity Docket pertaining to the Brackins El Private Estate Trust.

All filings have been duly and lawfully entered under private trust jurisdiction. The forum has been noticed, fiduciary breaches declared, dishonors recorded, and equity affirmed. The Office of the Executor now issues this lawful demand for ministerial compliance by the Clerk:

- To seal the record,
- To protect the corpus, and
- To conclude the matter in accordance with law, duty, and equity.

Authority and Legal Foundation

- Ministerial Duty Under FRCP 5(d)(4), the Clerk may not refuse filings for form alone and must execute nondiscretionary ministerial duties. Failure to comply constitutes breach and administrative dishonor, enforceable by surcharge and nunc pro tunc correction.

- Administrative Doctrine Pursuant to IRS Manual §21.7.13.3.2.1, only the Executor lawfully appointed possesses final ledger and accounting authority. Further, IRS Manual §4.25.6.1 mandates full accounting upon fiduciary failure.

Equity Jurisprudence

- Pomeroy §§395, 818 affirms closure of equity record in favor of the trust upon fiduciary failure.
- Blackstone, Book III, Ch. 23 establishes private rights restored upon judicial default.
- Lewin §935 confirms fiduciary silence or neglect closes the record to equity in favor of the trust.

Maxims of Equity

- Equity delights in the end of litigation.
- Where the duty is ministerial, the act is mandatory.
- The record speaks for itself and binds the conscience of the court.

Final Admonition

- The Clerk is hereby warned: Any refusal to seal constitutes ministerial breach and unauthorized tampering with a private trust corpus. Such refusal will trigger notice of ministerial default and liability by surcharge.
- "For by thy words thou shalt be justified, and by thy words thou shalt be condemned." Matthew 12:37

Issued under Seal and Authority of the Executor, Brackins El Private Estate Trust

"Pursuant to IRS Manual §21.7.13.3.2.1, IRS protocol requires recognition of the duly appointed Executor as the party authorized to file and account on behalf of the estate. Likewise, IRS Manual §4.25.6.1 instructs examiners to demand full accounting where fiduciary failure occurs. These administrative protocols parallel and reinforce equity's own requirement that fiduciaries be held to full accounting."

Dated: September 30, 2025

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

EQUITY DIVISION

| | |
|---|---|
| IN RE: BRACKINS EL PRIVATE ESTATE TRUST | ) |
| | ) |
| By its Beneficiary, | ) |
| Standing in Equity, | ) |
| | ) |
| v. | ) Case No.:_____ |

ALEX MCKENZIE LaGANKE,
Assistant United States Attorney, Civil Division,
United States Attorney's Office, Northern District of Alabama,
Trustee de son tort, personally liable.

## EX PARTE NOTICE AND DEMAND FOR SURCHARGE, SPECIFIC PERFORMANCE, AND EQUITY ENFORCEMENT AGAINST ALEX MCKENZIE LaGANKE

**COMES NOW**, the Brackins El Private Estate Trust, by and through its Attorney Kimberly Ford, Esq., in its exclusive capacity as private Trust in equity, and gives notice to this Honorable Court that Alex McKenzie LaGanke, has, by her own hand, committed acts of trespass upon the res, intimidation of counsel, and mischaracterization of Trust proceedings. By intermeddling and attempting to wield Rule 11 threats on a docket void ab initio, she has placed herself in the posture of Trustee de son tort, and is thereby personally liable in equity for breach, surcharge, and restitution.

This Trust invokes:

- Ala. Const. art. VI, § 140(b) - exclusive superintendence of this Court over inferior courts.
- Ala. Code § 19-3B-1001(b)(7) - surcharge as remedy for breach of trust.
- Restatement (Third) of Trusts §§ 95, 100 - intermeddler/trustee de son tort liability.
- Equity maxims: That which is not denied is admitted; Equity regards as done that which ought to be done; Equity abhors a forfeiture.

Accordingly, the Trust demands immediate recognition of breach, imposition of personal surcharge, order of specific performance, and restoration nunc pro tunc of the res and records obstructed by Ms. LaGanke's ultra vires actions.

## 1. Position of the Trust

1. The Brackins El Private Estate Trust stands as an irrevocable private trust under Alabama law, governed by equity maxims and protected under Ala. Code Title 19, Chapter 3B (Alabama Uniform Trust Code).

2. The Trust has never joined, consented, or subjected itself to federal removal or collateral federal jurisdiction. All federal dockets relied upon by the United States are void ab initio.

3. By transmitting a September 30, 2025 "Rule 11(c)(2) Intent to Sanction" letter on a closed federal docket, Alex McKenzie LaGanke has:

   • Trespassed upon the res of the Trust,

   • Attempted intimidation of fiduciary officers, and

   • Assumed fiduciary authority without lawful capacity, thereby making herself a trustee de son tort.

## 2. Exhibit A - Trespass by Threat Letter

Attached hereto and incorporated by reference is Exhibit A, the September 30, 2025 letter authored by Ms. LaGanke threatening sanctions under Rule 11(c)(2).

• Said letter constitutes trespass in equity, harassment, and a knowing breach of fiduciary integrity.

• Said letter is evidence of fiduciary assumption without appointment, invoking the remedies of surcharge, injunction, and discipline.

## 3. Equity Maxims Applied

1. Equity acts in personam, not in rem - Liability attaches personally to Ms. LaGanke; she cannot hide behind agency shield.

2. Equity will not suffer a trust to fail for want of a trustee - By intermeddling, Ms. LaGanke assumes role of trustee de son tort.

3. Equity abhors forfeiture - Threatening sanctions on a void docket seeks wrongful forfeiture of rights; void in conscience.

4. Equity follows the law, but not when law works injustice - Rule 11 threats on a closed docket = injustice; equity prevails.

## 4. Restatement (Third) of Trusts Anchors

• § 5 cmt. g & § 95 - Any intermeddler in trust affairs becomes trustee de son tort.

- § 76 & § 78 - Duties of loyalty and prudence apply fully to de son tort trustees.
- § 100 - Remedies: surcharge, restoration, injunction, and specific performance against offending party.

## 5. Alabama Code Anchors

- § 19-3B-1001(b)(7) - Authorizes surcharge against trustees de son tort.
- § 19-3B-802 - Duty of loyalty breached by Ms. LaGanke.
- § 19-3B-1002 - Trustee de son tort liable for loss to Trust and disgorgement of gain.

## 6. Ethics Violations (For Alabama State Bar Referral)

1. Rule 4.4, Ala. R. Prof. Conduct - Harassment and disrespect for rights of third persons.
2. Rule 8.4(a)-(d) - Misconduct, abuse of process, conduct prejudicial to administration of justice.
3. Rule 3.1 - Frivolous threats on a void docket.
4. Ms. LaGanke's letter is an attempted intimidation, lacking lawful basis, and will be presented as a disciplinary matter before the Alabama State Bar.

## 7. Demand for Relief

Accordingly, the Trust demands the following:

1. Specific Performance - Immediate cessation of all threats; written acknowledgment of the Trust's private equity jurisdiction.
2. Surcharge - Full personal liability assessed against Ms. LaGanke for trespass, harassment, and fiduciary breach.
3. Restoration - Correction of all records polluted by the September 30, 2025 letter.
4. Injunction - Bar Ms. LaGanke from further interference with the Trust.
5. Referral - Transmission of this filing and exhibits to the Alabama State Bar for investigation and sanction.

## Verification & Execution
Executed in honor and private equity jurisdiction,
Without prejudice, UCC 1-308, all rights reserved.

Respectfully submitted on this the 30th day of September, 2025,

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U.S. citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC §1-308, all rights and remedies are expressly reserved without prejudice. No statements berein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Executed in honor and private equity jurisdiction,


*/s/ Kimberly A. Ford*
Kimberly A Ford, Esq. (FOR063)
Counsel for the Brackins El Private Estate Trust
Fordumas LLC
*Law, Consulting and Mediation Firm*
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc:  256.886.6240
Facsimile:  1.800.408.1501
kimberly@fordumas.com


## CERTIFICATE OF SERVICE

I do   hereby certify that a copy of the foregoing Ex Parte Notice and Demand for Surcharge, Specific Performance, and Equity Enforcement was served on Defendant via first class, certified mail, return receipt requested and email to:


ALEX MCKENZIE LaGANKE
1324 Sumar Rd
Birmingham, AL 35213
alex.LaGanke@usdoj.gov

On this the 30th day of September, 2025.

*/s/ Kimberly A. Ford*
Attorney for the Brackins El Private Estate Trust



From: **LaGanke, Alex (USAALN)** Alex.LaGanke@usdoj.gov
Subject: Letter of United States' Intent to Move for R. 11 Sanctions
Date: September 30, 2025 at 4:34 PM
To: kimberly@fordumas.com

Kimberly,

Please see the attached concerning the United States' intent to move for Rule 11 Sanctions.

Best,

**Alex McKenzie LaGanke**
Assistant United States Attorney, Civil Division
United States Attorney's Office, Northern District of Alabama
U.S. Department of Justice
1801 Fourth Avenue North
Birmingham, AL 35203
*(205) 244-2188*
alex.laganke@usdoj.gov

*CONFIDENTIAL U.S. DEPARTMENT OF JUSTICE E-MAIL COMMUNICATION: The information contained in this electronic message, and any and all accompanying documents or attachments, constitutes confidential information and may be privileged. This information is the property of the U.S. Department of Justice. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited and may be unlawful. If you are not an intended addressee, or received this message in error, please notify me immediately. Thank you.*

**Mot. for
Sanctions_9.26.202...**



**U.S. Department of Justice**

*Prim F. Escalona*
*United States Attorney*
*Northern District of Alabama*

---

**Alex LaGanke**
*Assistant United States Attorney*
*(205) 244-2188*
*Alex.LaGanke@usdoj.gov*

**Civil Division**
1801 Fourth Avenue North
Birmingham, AL 35203-2101

(205) 244-2001
FAX (205) 244-2181

Spetember 30, 2025

**VIA EMAIL AND FEDERAL EXPRESS**
Kimberly A. Ford
470 Providence Main, Suite 302C
Huntsville, AL 35806
kimberly@fordumas.com

Re:   **Notice of Intent to Move for Sanctions in**
      *Brackins El Private Estate Trust v. United States, et al.*, 5:25-cv-1568-LCB

Dear Ms. Ford:

    As indicated in Defendants' Motion to Enjoin (Doc. 22), the United States has enclosed herewith a draft Motion for Sanctions. Rule 11(c)(2) affords you the opportunity to either withdraw or "appropriately correct" the numerous improper filings you have made in the above-referenced case within twenty-one days. Otherwise, the United States will file the enclosed Motion with the Court.

              Sincerely,

              PRIM F. ESCALONA
              United States Attorney

              *Alex LaGanke*
              Assistant United States Attorney

DOCUMENT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| BRACKINS EL PRIVATE ESTATE TRUST, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 5:25-cv-1568-LCB |
| UNITED STATES, | ) ) | |
| Defendant. | ) ) | |
| BRACKINS EL PRIVATE ESTATE TRUST, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BONDI, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |
| BRACKINS EL PRIVATE ESTATE TRUST, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MACK, *et al.*, | ) ) | |
| Defendants. | ) | |

1

## MOTION TO IMPOSE SANCTIONS

Defendant United States of America hereby moves this Court for sanctions against Plaintiff's counsel, Kimberly Ford, under Rule 11(b). Pursuant to Rule 11(c)(2), Defendant served Ford with the instant motion on September 30, 2025. Defendant reincorporates the "Background" section of its Motion to Enjoin here as the basis for the instant motion below. *See* Doc. 22, at 2-5.

## DISCUSSION

### A. Ms. Ford's Conduct Warrants Sanctions Under Rule 11.

The Eleventh Circuit has explained that

> Federal Rule of Civil Procedure 11 authorizes a district court to impose sanctions against an attorney who files frivolous pleadings or motions. Fed. R. Civ. P. 11(b), (c). Rule 11 sanctions are warranted when a party files a pleading or motion that "(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose."

*Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941-42 (11th Cir. 2022) (quoting *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021) (internal quotation marks omitted)). "The standard for testing conduct under amended Rule 11 is reasonableness under the circumstances." *United States v. Milam*, 855 F.2d 739, 743 (11th Cir. 1988) (internal quotation marks omitted). In determining reasonableness under the circumstances, a two-step inquiry is employed: "(1) whether the party's

2

claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous" after conducting a reasonable inquiry. *Gulisano*, 34 F.4th at 942 (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). "A factual claim is frivolous when it has no reasonable factual basis [while a] legal claim is frivolous when it has no reasonable chance of succeeding." *Id.* (citing *Baker*, 158 F.3d at 524).

Here, there is no factual basis supporting the contention that eighteen federal employees and a U.S. Attorney's Office are trustees to a trust in Mr. El's name.[1] Plaintiff's legal theory that is rooted in "equity jurisdiction" neither has a reasonable chance of success nor could reasonably change existing law. Regularly throughout its Complaints, Plaintiff makes statements of alleged law without any citations to precedential sources. *See, e.g.*, Doc. 1-2, at 6 ¶¶ 17-18; *Brackins El Private Estate Trust v. Bondi*, No. 5:25-cv-1600 (ECF No. 1-2, at 9 ¶ 23; 10 ¶ 43); *Brackins El Private Estate Trust v. Mack*, No. 5:25-cv-1607 (ECF No. 1-1, at 3 ¶¶ 4, 6, 8, 9-12). When Plaintiff does cite to case law, oftentimes cases are seemingly hallucinated or do not support the proposition asserted. *See, e.g.*, Doc. 1-2, at 6 ¶ 25; *Brackins El Private Estate Trust v. Bondi*, No. 5:25-cv-1600 (ECF No. 1-2, at 9 ¶¶ 29, 32; 10 ¶ 38); *Brackins El Private Estate Trust v. Mack*, No. 5:25-cv-1607 (ECF No. 1-1, at 2

---

[1] While Plaintiff attempts to get around this by eventually describing Defendants as "trustees de son tort," there is still no factual basis that any of the named federal employees interfered with the alleged trust by assuming a role as a trustee over Mr. El's estate.

3

¶¶ 2, 4); *see also* Doc. 21, at 5 n.2. Moreover, Plaintiff's references to religious doctrine, among other nonprecedential sources, as support for legal assertions is inappropriate in a court of law and cannot support a cause of action. *See, e.g.*, Doc. 1-5, at 9. Finally, consecutive lawsuits asserting the same allegations against the same individuals implies filing in bad faith and for an improper purpose.[2]

In determining reasonableness under these circumstances, Plaintiff's claims are objectively frivolous. First, courts widely reject "sovereign citizen" theories. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013). Indeed, Plaintiff's "filings here are replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement." *Sealey v. Branch Banking and Trust Company*, 2019 U.S. Dist. LEXIS 28585, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). Second, the idea that the Attorney General of the United States and the Secretary of the Treasury, among sixteen other federal employees of which some are Mr. El's colleagues, are trustees to Mr. El's alleged trust is absurd.

As far as the second prong of the reasonableness inquiry, Ms. Ford, who signed nearly all of the papers in Mr. El's cases, should have known the pleadings

---

[2] Indeed, were Defendants interested in seeking costs resulting from excessive litigation, sanctions under 28 U.S.C. § 1927 would be appropriate for Ms. Ford's conduct. "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

4

were frivolous. "Even the most minimal investigation would have alerted" Ms. Ford that sovereign citizen theories have been deemed utterly frivolous by the courts. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996). This Court put Ms. Ford on notice of that fact in Orders entered in previous cases. *E.g.*, *El v. Nelson*, No. 5:24-cv-1244-LCB (ECF No. 17, at 3-4). Moreover, there is reason to believe that Ms. Ford did not even conduct a "reasonable inquiry" before filings were made using her court e-filing credentials. *See, e.g., id.* at 1; *El v. Stewart*, No. 5:25-cv-581-LCB (ECF No. 31, at 1 n.1). Plaintiff's legal claims have "no chance of succeeding," deeming them frivolous and warranting sanctions under Rule 11. *Gulisano*, 34 F.4th at 942; *see* Defendants' Motion to Dismiss, Doc. 21.

## CONLCUSION

For the foregoing reasons, Defendants respectfully move for sanctions against Plaintiff's counsel Kimberly Ford.

Respectfully submitted

PRIM F. ESCALONA
United States Attorney

**s/ Alex M. LaGanke**
Alex M. LaGanke
AL. Bar No. 1331I04K
Assistant United States Attorney
1801 Fourth Avenue North
Birmingham, Alabama 35203
Tel.: (205) 244-2188
Email: Alex.LaGanke@usdoj.gov

5

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2025, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to all counsel of record, including Plaintiff's counsel.


**s/ Alex M. LaGanke**
Alex M. LaGanke

6



**From:** **Forumdas LLC** kimberly@fordumas.com
**Subject:** Re: Communication
**Date:** December 3, 2025 at 3:40 PM
**To:** White, Craig A. (MSFC-HS01) craig.a.white@nasa.gov
**Cc:** Sullivan, Paul R. (HQ-YA030) paul.r.sullivan@nasa.gov, Allen, Ann (HQ-YA030) ann.allen@nasa.gov, Alex LaGanke ALEX.LAGANKE@usdoj.gov, Pollard Kiel, Kristin M. (MSFC-LS01) kristin.m.pollardkiel@nasa.gov, Criminal Division DOJ Criminal.Division@usdoj.gov, Rhodes, Stanley J. (MSFC-EV70) stan.rhodes@nasa.gov, Ayala, Mirna Y. (HQ-YA030) mirna.y.ayala@nasa.gov, Bourque, Pamela A. (MSFC-LS01) pam.bourque@nasa.gov, Mosby, Dwight L. (MSFC-EV01) dwight.l.mosby@nasa.gov, Veronica Martinez VMartinez@osc.gov, rae.w.meyers@nasa.gov, Swails, Casey L. (HQ-AA000) casey.l.swails@nasa.gov, randybrackins@gmail.com, White, Kris (MSFC-LS01) john.k.white@nasa.gov, Margo Gray Margo.Gray@waff.com, FORDUMAS LLC kimberly@fordumas.com

Dear Mr. White:

Thank you for your correspondence confirming that all communication regarding Mr. Brackins El's employment and pending matters before the U.S. Merit Systems Protection Board shall be routed through my office.

This notice serves to remind NASA/MSFC that, under 5 U.S.C. § 2302(b)(9) and 5 C.F.R. § 1201.41(b)(8), any act or omission that interferes with the appellant's ability to communicate with counsel or access agency systems necessary to respond to an MSPB proceeding constitutes prohibited reprisal and obstruction of a protected activity.

At present, Mr. Brackins El remains locked out of his NASA-issued email account and other Marshall Space Flight Center information systems. This continued restriction directly impedes his ability to:

1. Review agency-produced records responsive to the MSPB acknowledgment orders;
2. Access relevant official communications required for the record; and
3. Fulfill his duties in compliance with active MSPB procedural deadlines.

Because the MSPB has accepted jurisdiction and issued docket acknowledgments under AT-1221-26-0143-W-1 and AT-1221-26-0143-S-1, the agency is now subject to the Board's stay authority under 5 C.F.R. § 1201.134. Accordingly, any further deprivation of system access or communications capability will constitute a continuing violation of federal law and the Board's protective directives.

Please confirm by return email that all NASA/MSFC account access, communications privileges, and related system credentials for Mr. Brackins El will be restored without delay, in order to ensure full compliance with MSPB procedure and avoid additional sanctions under 5 C.F.R. § 1201.43(b) for bad-faith conduct.

**Response to Craig White re communication.12.3.25.pdf**

Warmest regards,
Kimberly A. Ford, Esq.*

Kimberly A. Ford, Esq.
FORDUMAS LLC
Law, Consulting, and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, Alabama 35806
Business  256.886.6240
Facsimile  800.408.1501
kimberly@fordumas.com
www.fordumas.com

* Admitted to the practice of law in Alabama and Tennessee
* Registered on the Alabama State Court Mediator Roster

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged. The e-mail and any files transmitted with it are also subject to the attorney-client privilege and attorney work product doctrine, and contain confidential information intended only for the person(s) to whom this e-mail message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone at 256.886.6240 or by e-mail and destroy the original message without making a copy.

On Dec 3, 2025, at 3:18 PM, White, Craig A. (MSFC-HS01) <craig.a.white@nasa.gov> wrote:

Greetings,

Pursuant to the information provided by both you and Ms. Ford, communication from NASA/MSFC should be routed through Ms. Ford, who we were advised is your representative/counsel. As such, please have Ms. Ford to forward questions/concerns you may have.



**Craig A. White**
**Human Resources Specialist (ER)**
Human Capital Office

DOCUMENT 4

Marshall Space Flight Center
Huntsville, AL 35812
c: 256.583.4459
craig.a.white@nasa.gov



**Kimberly A. Ford, Esq.\*+**
**470 Providence Main, Suite 302C**
**Huntsville, Alabama 35806**

**DIRECT: 256.886.6240**
**FACSIMILE: 800.408.1501**
**EMAIL: kimberly@fordumas.com**

December 3, 2025

To:    Craig A. White (MSFC-HS01)

Cc:    Kris White (MSFC-LS01); Paul Sullivan (HQ-YA030); Pamela Bourque (MSFC-LS01); Alex La Ganke (DOJ); Veronica Martinez (OSC); Stanley Rhodes (MSFC-EV70); Mirna Ayala (HQ-YA030); Kristin Pollard Kiel (MSFC-LS01); Dwight Mosby (MSFC-EV01); Casey Swails (HQ-AA000); Rae Meyers;

RE:    MSPB Dockets - AT-1221-26-0143-W-1 and AT-1221-26-0143- S-1

Dear Mr. White:

Thank you for your correspondence confirming that all communication regarding Mr. Brackins El's employment and pending matters before the U.S. Merit Systems Protection Board shall be routed through my office.

This notice serves to remind NASA/MSFC that, under 5 U.S.C. § 2302(b)(9) and 5 C.F.R. § 1201.41(b)(8), any act or omission that interferes with the appellant's ability to communicate with counsel or access agency systems necessary to respond to an MSPB proceeding constitutes prohibited reprisal and obstruction of a protected activity.

At present, Mr. Brackins El remains locked out of his NASA-issued email account and other Marshall Space Flight Center information systems. This continued restriction directly impedes his ability to:
1. Review agency-produced records responsive to the MSPB acknowledgment orders;
2. Access relevant official communications required for the record; and
3. Fulfill his duties in compliance with active MSPB procedural deadlines.

Because the MSPB has accepted jurisdiction and issued docket acknowledgments under AT-1221-26-0143-W-1 and AT-1221-26-0143-S-1, the agency is now subject to the Board's stay authority under 5 C.F.R. § 1201.134. Accordingly, any further deprivation of system access or communications capability will constitute a continuing violation of federal law and the Board's protective directives.

---

*\*Licensed in Alabama & Tennessee*
*+Registered on Alabama State Court Mediation Roster*



Craig White
December 3, 2025
Page 2 of 2

Please confirm by return email that all NASA/MSFC account access, communications privileges, and related system credentials for Mr. Brackins El will be restored without delay, in order to ensure full compliance with MSPB procedure and avoid additional sanctions under 5 C.F.R. § 1201.43(b) for bad-faith conduct.

Respectfully,
/s/ Kimberly A. Ford
Kimberly A. Ford, Esq.
Fordumas LLC
Counsel for Appellant

---

*Licensed in Alabama & Tennessee
+Registered on Alabama State Court Mediation Roster

National Aeronautics and Space Administration

**Mary W. Jackson NASA Headquarters**
Washington, DC 20546-0001



November 21, 2025

Reply to Attn of:   Office of Equal Opportunity                    *Electronic Mail*

Kimberly A. Ford, Esq.
Fordumas, LLC
Law, Consulting and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, AL  35806

Re:  Dissatisfaction of Complaint Processing
      Randy Brackins El v. Sean Duffy, Acting Administrator, NASA
      Agency Docket No. NCN-25-MSFC-00010
      Allegations Date: May 4, 2025; May 5, 2025

The National Aeronautics and Space Administration (Agency), Office of Equal Opportunity (OEO) is in receipt of Complainant's allegations concerning the processing of this complaint. Specifically, on May 4, 2025, Complainant alleged that EEO Counselor Tora Henry "failed to identify or investigate key witnesses" and "failed to conduct a thorough investigation." Complainant further alleges that the EEO Counselor "failed to frame [his] complaint issues and address them thoroughly." On May 5, 2025, Complainant reiterated these concerns.

Federal Regulations specify that the role of an EEO Counselor is to advise individuals in writing of their rights and responsibilities (*see* 29 C.F.R. 1614.105(b)(1)). The role of an EEO Counselor is not to conduct a thorough inquiry but to conduct a "limited inquiry during the initial interview with the aggrieved individual for the purpose of determining jurisdictional questions. Use of the term "initial interview" in this context is not intended to suggest that during the first meeting with the aggrieved person an EEO Counselor must obtain all of the information s/he needs to determine the claim(s) or basis(es)." MD-110 Ch. 2(II))(3). The "inquiry is intended to be limited and is not intended to substitute for the in-depth factfinding required in the investigative stage of the formal complaint process." MD-110 Ch. 2 (V). An interview of an immediate supervisor and a more senior official certainly can be a sufficient inquiry to satisfy the requirements of a limited inquiry for the pre-complaint process. *Complainant v. Dep't of Defense*, EEOC DOC 0120111614, 2014 WL 3697485, at *2 (Jul. 18, 2014).

In this matter, the EEO Counselor met with the aggrieved on several occasions and obtained information concerning Complainant's allegations from Complainant, his

2

supervisor, and an appropriate senior official with knowledge of the situation. Counseling Report (CR) at 5-7. The EEO Counselor also explored resolution options with an appropriate official but was informed that budgetary constraints limited available relief. CR at 7-8. At the conclusion of the pre-complaint process, the EEO Counselor notified Complainant of his right to submit a written formal complaint. CR at 22. This notice included a copy of NASA's complaint form, NASA Form 1355. CR at 25. As reflected in Complainant's formal complaint, NASA Form 1355 provides Complainants with an opportunity to specify for themselves the issues in their complaint. It should also be noted that Complainant has previously pursued claims of discrimination through NASA's EEO process[1] and has thus shown that he is familiar with his right to submit his own written materials alongside NASA Form 1355.

Because it is not an EEO Counselor's job to conduct a thorough investigation, and because the EEO Counselor did speak with two management officials familiar with the situation at hand and made reasonable efforts to resolve the claims at issue, Complainant has not shown that the EEO Counselor failed to perform their duties. Because the EEO Counselor provided Complainant with his rights to frame his own claim in the formal process, Complainant's allegations concerning the EEO Counselor's role in the pre-complaint process is unpersuasive. Instead, it appears that an adequate pre-complaint process was conducted. Accordingly, Complainant has not shown that his EEO matter was processed improperly.

If Complainant requests an Equal Employment Opportunity Commission (EEOC) hearing, this determination is reviewable by an EEOC Administrative Judge (AJ) during the EEOC hearings process. If Complainant instead requests a Final Agency Decision (FAD), the Agency will issue a decision addressing all of Complainant's claims, including the allegations of inadequate processing. After the Agency issues a final determination, these matters may be appealed to EEOC's Office of Federal Operations.

If Complainant has any questions, please contact this office by email at *hq-dl-eo-complaints-programs-division@mail.nasa.gov* or by phone at (202) 358-2180.

**Paul Sullivan** Digitally signed by Paul Sullivan
Date: 2025.11.21
08:12:52 -05'00'

Paul R. Sullivan, Jr., Director
Complaints Management Division

cc:
Randy Brackins El, Complainant
MSFC OGC

---

[1] In prior matters, Complainant has filed formal complaints of discrimination and received Reports of Investigations. *See* NCN-20-MSFC-00077, NCN-21-MSFC-00010, NCN-22-MSFC-00048, and NCN-22-MSFC-00296. Accordingly, Complainant is familiar with his rights to frame his own claims in a formal complaint.

National Aeronautics and
Space Administration

**George C. Marshall Space Flight Center**
Marshall Space Flight Center, AL 35812



November 25, 2025

Reply to Attn of:  EV70

Mr. Randy B. El
Systems Design & Verification Branch
Spacecraft and Vehicle Systems Department
Engineering Directorate
Marshall Space Flight Center, Alabama 35812

Dear Mr. El:

This is a notice of proposed adverse action, issued pursuant to 5 CFR 752, to remove you from your position of Aerospace Engineer, AST, Flight Systems, GS-0861-13, $131,701.00 per annum, and from Federal employment. This removal shall take place no earlier than 30 calendar days from the date of receipt of this letter. The specific reasons for the proposed action are set forth below.

**REASON 1:**

Failure to Follow Instructions

**SPECIFICATION 1**

On or about August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to complete a certain training task related to your duties as Change Package Engineer (CPE). Specifically, Mr. Stewart instructed you to update the Space Launch System (SLS) Spacecraft/Payload Integration and Evolution (SPIE) Plan #036 and provided you with a due date of August 14, 2025, to complete this task. On August 12, 2025, you responded with two separate emails instructing Mr. Stewart to direct all communications through your counsel. You then failed to complete this task by August 14, 2025, as instructed.

**SPECIFICATION 2**

On or about August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to complete a certain training task related to your duties as CPE. Specifically, Mr. Stewart instructed you to fill out the Change Request (CR) form and provided you with a due date of August 14, 2025, to complete this task. On August 12, 2025, you responded with two separate emails instructing Mr. Stewart to direct all communications through your counsel. You then failed to complete this task by August 14, 2025, as instructed.

## SPECIFICATION 3

On or about August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to complete a certain training task related to your duties as CPE. Specifically, Mr. Stewart instructed you to fill out the 4511 form, which is the SLS Data Concurrence Sheet, and provided you with a due date of August 15, 2025, to complete this task. On August 12, 2025, you responded with two separate emails instructing Mr. Stewart to direct all communications through your counsel. You then failed to complete this task by August 15, 2025, as instructed.

## SPECIFICATION 4

On or about August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to complete a certain training task related to your duties as CPE. Specifically, Mr. Stewart instructed you to submit the CR and 4511 form to the Engineering Control Board (ECB) / Engineering Review Board (ERB) Drop Box and provided you with a due date of August 15, 2025, to complete this task. On August 12, 2025, you responded with two separate emails instructing Mr. Stewart to direct all communications through your counsel. You then failed to complete this task by August 15, 2025, as instructed.

## SPECIFICATION 5

On or about August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to complete a certain training task related to your duties as CPE. Specifically, Mr. Stewart instructed you to review and discuss the CR request email with your team lead, Hernando Gauto, and provided you with a due date of August 20, 2025, to complete this task. On August 12, 2025, you responded with two separate emails instructing Mr. Stewart to direct all communications through your counsel. You then failed to complete this task by August 20, 2025, as instructed.

## SPECIFICATION 6

On or about August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to complete a certain training task related to your duties as CPE. Specifically, Mr. Stewart instructed you to review and discuss the integrated comment spreadsheet with your team lead, Hernando Gauto, and provided you with a due date of August 20, 2025, to complete this task. On August 12, 2025, you responded with two separate emails instructing Mr. Stewart to direct all communications through your counsel. You then failed to complete this task by August 20, 2025, as instructed.

## SPECIFICATION 7

On or about August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to complete a certain training task related to your duties as CPE. Specifically, Mr. Stewart instructed you to develop certain presentation charts and provided you with a due date of August 25, 2025, to complete this task. In response to this assignment, on August 12, 2025, you responded with two separate emails instructing Mr. Stewart to direct all communications through your counsel. You then failed to complete this task by August 25, 2025, as instructed.

2

**SPECIFICATION 8**

On or about September 29, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to review certain training material in preparation for assisting the SPIE Ops Team with reviewing their Work Authorization Documents (WADs). Specifically, Mr. Stewart instructed you to review the training package "WADs 101" and provided you with a due date of close of business (COB) on September 29, 2025, to complete this task. In response to this assignment, on September 29, 2025, you sent an email to Mr. Stewart directing him to send all communications through your attorney, which further stated "…this is your final notice." You then failed to complete this task by September 29, 2025, as instructed.

**SPECIFICATION 9**

On or about September 29, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to review certain training material in preparation for assisting the SPIE Ops Team with reviewing their WADs. Specifically, Mr. Stewart instructed you to review the training package "TIPS Portal User Guide" and provided you with a due date of COB on September 30, 2025, to complete this task. In response to this assignment, on September 29, 2025, you sent an email to Mr. Stewart directing him to send all communications through attorney, which further stated "…this is your final notice." You then failed to complete this task by September 30, 2025, as instructed.

**SPECIFICATION 10**

On or about September 29, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you to review certain training material in preparation for assisting the SPIE Ops Team with reviewing their WADs. Specifically, Mr. Stewart instructed you to review the training package "SLS Solumina and WAD Tools Users Guide" and provided you with a due date of close of business COB on October 1, 2025, to complete this task. In response to this assignment, on September 29, 2025, you sent an email to Mr. Stewart directing him to send all communications through attorney, which further stated "…this is your final notice." You then failed to complete this task by October 1, 2025, as instructed.

**REASON 2:**

Conduct Unbecoming

**SPECIFICATION**

On or about August 21, 2025, Daniel J. Sears, an employee of a NASA contractor which supports the SLS Program, contacted you via email regarding a change in the "need date" for certain data related to the upcoming Artemis II Launch and requested your concurrence. Another contractor employee, Kelly R. Vacula, was also copied on the email. On or about August 22, 2025, you responded by instructing Mr. Sears to direct all communications to your attorney, as well as by providing various other information which was also unrelated to Mr. Sears' work request. Your conduct was unbecoming of a federal employee.

3

## BACKGROUND

On August 12, 2025, your supervisor, Mr. Wendell S. "Scotty" Stewart, instructed you via email to complete various training tasks related to your duties as a Change Package Engineer (CPE) and provided you with a due date for each task. The specific assignments are described in Specifications 1 through 7 to Reason 1 above. On that same date, you responded to Mr. Stewart in two separate emails.

In your first email, you stated, "Please as stated send all communications through counsel. My standing remains exclusively in the capacity of Executor for the Brackins El Private Estate Trust, and no statements, materials, or actions during the session should be construed otherwise." In your second email, you provided a message which began "Mr. Stewart Be advised and read the below message and adhere to it." The remainder of the message purported to be from your attorney, stating that she represents the "Executor of the Brackins El Private Estate Trust in all matters involving NASA, the EEOC, the Office of Special Counsel, and any related agencies or personnel." Among other directives, the message instructed Mr. Stewart to direct all communications to your attorney's office. The message concluded with a "NOTICE" that provided, in part, "Although the Executor is listed in your system as an employee, (Randy Brackins El, Implied Surety) … terminated the employee relationship and by operation of law created a new fiduciary relationship binding NASA and its agents as trustees with a fiduciary responsibility to the Office of the Trust by operation of law."[1]

On August 13, 2025, your attorney, Kimberly Ford, sent an email with the Subject "FINAL Notice" to various NASA officials, as well as officials at the Internal Revenue Service. In addition to other unrelated matters, Ms. Ford recounted that Mr. Stewart had directly contacted you on the previous day (regarding the CPE tasks), and she "demanded" that "…no NASA employee, including Stewart, will directly contact [you] on case-related matters going forward." In response to this email, Kris White, an attorney in the NASA Marshall Space Flight Center Office of the General Counsel, communicated to Ms. Ford (with a copy to you) that while NASA would certainly direct all communications related to EEO complaints or litigation matters to Ms. Ford as your attorney, the Agency has the statutory right through its management to assign work to its employees. *See* 5 U.S.C. § 7106. Mr. White further pointed out that Mr. Stewart's email to you on the previous day focused solely on work tasks related to your duties as CPE and did not include any communications related to EEO or litigation matters. Mr. White confirmed that your management would continue to directly assign you work and that you would be expected to complete the assigned tasks by the applicable deadlines. Ms. Ford then responded once again stating that you had formally severed your "employee" status with NASA, that a private estate trust had been lawfully formed and noticed, and that your name "…previously assumed to be under federal employee jurisdiction has been reclassified as estate res."

Thereafter, you failed to complete any of the CPE training tasks assigned to you by the deadlines provided, and to date, you have still failed to complete these tasks. The training

---

[1] As explained more fully below, these references to the "Brackins El Private Estate Trust," a "fiduciary relationship," and other related language are apparently intended to advance "sovereign citizen" theories.

4

tasks referenced in Specifications 1 through 7 to Reason 1 above were essential components of your professional development and were directly related to your job responsibilities in supporting NASA's SLS program as a CPE. Your supervisor made multiple attempts to obtain status updates on your progress and provided you with reasonable deadlines for completion. Your failure to complete these assignments has impacted the efficiency of operations within your branch and has required supervisors to expend additional time and resources to address your non-compliance. Of note, in June 2025, you were previously assigned virtually identical CPE tasks which you also failed and refused to complete.

In addition to your failure to complete these CPE training tasks, you behaved in an unbecoming manner toward a contractor employee supporting the SLS Program. On August 21, 2025, the contractor in question, which is essentially a customer of your organization, contacted you via email regarding a change in the "need date" for certain data related to the upcoming Artemis II Launch and requested your concurrence. Rather than responding with the information as requested, you instructed the contractor employee to direct all communications to your attorney, and then provided various other information which was also unrelated to the contractors work request such as information about the "Brackins El Private Estate Trust." This behavior is unacceptable and reflects poorly on your organization.

Further, on September 29, 2025, Mr. Stewart assigned you additional training tasks which were needed before you could assist the SPIE Ops Team with their Work Authorization Documents. The specific assignments are described in Specifications 8 through 10 to Reason 1 above. Once again, you responded to Mr. Stewart via email by instructing him to direct all communications through your attorney. You then disrespectfully concluded with "…this is your final notice." You then failed to complete any of these additional training tasks assigned to you by the deadlines provided, and to date, you have still failed to complete these tasks.

It also bears noting that your misconduct described above did not occur in a vacuum. During the time period you failed to complete these assignments as instructed and engaged in unbecoming conduct toward a contractor, you also filed multiple Alabama state court lawsuits against several of your individual NASA managers, which have now been removed to federal court. To date, two of the federal cases have been dismissed. An appeal to the 11th Circuit Court of Appeals was dismissed as was a separate petition for a Writ of Mandamus before the Alabama Supreme Court. Four additional cases have been consolidated, and the Government's Motion to Dismiss in the remaining case is pending. In an Order issued in the prior case, United States District Court Judge Liles C. Burke noted that your filings referencing a "Private Trust Matter" and referring to yourself as the "Living Beneficiary, sui juris" of a trust appeared to advance frivolous "sovereign citizen" theories that lack any basis in law:

> The filings mentioned above are irrelevant to the issues in the case and appear to advance frivolous "sovereign citizen" theories that lack any basis in the law. See, e.g., Maida v. United States, 2025 WL 48934, at *2 (D. Nev. Jan. 7, 2025) (discussing "sovereign citizens' " use of the UCC); Pouncey v. Bryant, 2023 WL 5548591, at *2 n. 3 (D.S.C. Aug. 29, 2023) (noting "Plaintiff's Complaint bears several hallmarks of the sovereign citizen movement—a red thumbprint near the signature ... and a reference to UCC 1-308."); Wright v. Lotti, 2023 WL 11795603, at *1 (N.D. Ga.

5

June 20, 2023) (discussing the filing of an "affidavit of truth," and contention that third-party's failure to respond constituted admission); Osorio v. Connecticut, 2018 WL 1440178, at *5 (D. Conn. Mar. 22, 2018) (discussing "sovereign citizens' " use of "living man" terminology).

"Sovereign citizen" theories have been consistently rejected by the federal courts as utterly frivolous, regardless of how the litigants portray themselves. See, e.g., United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing United States v. Benabe, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); Williams v. Deal, 2018 WL 5624309, at *1 (S.D. Ga. Oct. 19, 2018) ("To call 'sovereign citizen' arguments 'nonsense' would be an insult to nonsense; such arguments are utterly worthless ....").

See Order of the United States District Court, Northern District of Alabama, dated July 18, 2025.

In addition to these court filings, you and your counsel, since August 1, 2025, have sent well over 100 separate emails and other correspondence espousing sovereign citizen theories and making threats of continued litigation (both civil and criminal) to various federal agencies, individual NASA employees, local businesses, and media outlets. As the most recent example, your attorney sent correspondence to various NASA managers on November 17, 2025, with the Subject, "EX PARTE - NOTICE OF MISNOMER CORRECTION; PAYEE/HR RECORD UPDATE - Brackins El Private Estate Trust (Restoration Escrow)." In this correspondence, your attorney instructed, among other things, that all future correspondence should be addressed to the "Trust's Restoration Escrow and fiduciary office ('Kimberly A. Ford, TTEE')" and that all your NASA pay should no longer be sent to you as a "natural person," but rather, "must be corrected to the Trust as the payee/record owner."

**PROPOSED PENALTY**

In making the decision to propose your removal, I have considered each of the 12 factors that were set forth in the Merit Systems Protection Board case of *Douglas v. Veterans Administration*, 5 MSPB 513 (1981), for consideration in determining the appropriate penalty for employee misconduct. I have considered the nature and seriousness of the offenses, and I consider them to be very serious. After reviewing all the evidence of this case, I am very concerned about your failure to perform assigned duties and your behavior as described in the charges above. You have repeatedly failed to complete assignments related to your organization's work. You have demonstrated behavior unbecoming of a civil servant. I have also considered that, based upon the evidence, your actions appear to be intentional.

Due to the significance of your role and responsibilities, your failure to complete assigned work has caused uncertainty for the EV72 team in performing the scope of work expected and needed by the customers, the Space Launch System (SLS) Program. It has often necessitated the shifting of responsibilities at the last minute and unexpectedly to other personnel to assume work that is tasked to you, which often results in missed deadlines, delayed action responses, concerns expressed by the Program customer and added risks to the safety and performance of the NASA mission. These behaviors continuing in the workplace are creating team morale issues, as well as negative churn within the workplace that impacts

6

the team's performance. The lack of reliability and trustworthiness causes difficulty in maintaining adequate customer/mission support and having sufficient resources, time, and awareness to respond to concerns regarding the completion of assignments.

Your misconduct has occurred repeatedly despite the instructions having been clearly communicated to you. You have consistently received instructions and expectations through your supervisory chain, but repeatedly ignored them. You failed to follow these work instructions even after receiving requests for status updates.

I considered your job level and type of employment, including whether you occupy a supervisory or fiduciary role, have contacts with the public, and the relative prominence of your position. You are employed in a GS-13 role in Systems Designs and Verification Branch. You are responsible for providing technically accurate support, products, and recommendations to various customers including the SLS Program, as well as contractor managers and engineering team leads in a timely manner. As you are aware, SLS is an essential component of NASA's Artemis Program, which will reestablish a human presence on the Moon for the first time since 1972 (including landing the first woman, first person of color, and first international partner astronaut on the lunar surface) and serve the long-term goal to establish a permanent base on the Moon to facilitate human missions to Mars.

While non-supervisory, your responsibilities include day to day interaction with customers, civil servant and contractor team members, as well as leads, who count on you to identify any issues and provide recommendations, coordinate across other teams as needed, and complete technically accurate and timely deliverables, among other things. The SLS customers view and rely on persons in GS-13 roles such as yours for expert technical input, guidance, and recommendations.

I considered your past work record, including 13 years of Federal service and that your most recent performance appraisal rating was "Fully Successful." I have also considered the negative impact that your actions have had on the Systems Design and Verification Branch. Your behavior has eroded your supervisors' confidence in your ability to perform assigned duties and to interact with customers. Trust in your ability to perform assigned tasks and to disseminate information to your team, team lead, supervisors, and customers has been greatly diminished. Your position is heavily customer-service oriented and includes working with various teams and customers, and your actions reflect poorly on your organization.

I considered your past disciplinary record. You recently received a 14-day suspension from September 8, 2025, through September 21, 2025, for disrespectful conduct and creating a disturbance. I have also considered the *NASA Desk Guide for Table of Disciplinary Offences and Penalties*, which allows a penalty of up to removal for a first or second offense of conduct unbecoming and for refusal to carry out a proper order, which I considered the most closely analogous charge to the charges stated above. I find that either of these charges standing alone would support the proposed penalty. I am taking into consideration your prior suspension. I have also considered that you should have been aware that your actions were unacceptable in the workplace. I have considered the potential for rehabilitation. In view of the seriousness of the offenses, as well as that fact that you were previously disciplined for disrespectful conduct and creating a disturbance, I believe that your behavior cannot be corrected.

7

I considered whether there any mitigating circumstances surrounding the offenses such as unusual job tensions, personality problems, mental impairment, harassment, or bad faith, malice, or provocation on the part of others involved in the matter. I am not aware of any such circumstances.

I considered the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by you or others. I find that lesser sanctions would not be effective and that the proposed penalty is necessary to deter future occurrences of similar conduct.

For the reasons stated above, and to promote the efficiency of the service, it is therefore proposed that you be removed from your position of Aerospace Engineer, AST, Flight Systems, GS-0861-13, $131,701.00 per annum, and from Federal employment.

## PROCEDURES

You are advised that you have a right to a representative of your choosing. You have the right to review the material relied on to support the reasons in this notice (accompanied by your representative, if you so desire) and may do so in the office of Craig A. White, Human Resources Specialist, Building 4203, Room 5101, telephone number (256) 583-4459, and/or email craig.a.white@nasa.gov. Mr. White will make this material and any available regulations pertaining to this action available to you and/or your representative to review.

You may reply to this proposed action orally (which may be via Microsoft Teams if you elect to respond orally) and/or in writing to Ms. Lisa B. Bates, Director, Engineering Directorate, Building 4221, Room 5205, telephone (256) 544-0605, and email at lisa.b.bates@nasa.gov . You may submit affidavits or other evidence to support your reply, showing why you believe the reasons are inaccurate and any reasons why the proposed action should not be taken. You have the right to furnish medical documentation of any condition that you believe may have contributed to your actions.

You will be allowed 15 calendar days from the date you receive this notice to submit your reply.   No decision to remove you has been made or will be made until after the time allowed for your reply.  Your reply, if any, will be given full and careful consideration before a decision will be made. As soon as possible after your answer is received, or after expiration of the 15-calendar day limit if you do not reply, you will be issued a written decision.

Effective immediately, I am placing you in a paid leave status during the notice period of this proposed removal. The notice period is the period beginning on the day you receive notice of this proposed adverse action and continues through the date on which the agency may take an adverse action. I have considered reassigning you to other duties and allowing you to take other leave, but it is my determination that these alternatives would jeopardize legitimate government interests. During this period of notice leave, you will have no access to MSFC, NASA facilities, or NASA Information Technology (IT) resources and systems.  You should not be at MSFC or any other NASA facility at any time during this period unless it has been coordinated with me in advance. Should you require access to any NASA IT resources for purposes of preparing your reply, please contact Mr. Craig White and let him know so that appropriate action may be taken to facilitate your request.

If you feel that counseling may be beneficial, MSFC maintains an Employee Assistance Program which is available to help on a voluntary, confidential basis. Terry W. Sterry is the

8

point of contact for this program, and he can be reached at (256) 698-9589 or terry.w.sterry@nasa.gov.

Please acknowledge receipt of this proposal in the space provided below. Your acknowledgment in no way constitutes concurrence or non-concurrence with the contents of this Notice.

Sincerely,


Stanley J. Rhodes
Division Chief
Systems Engineering and Integration Division (EV70)

_____

I hereby acknowledge receipt of the original of this letter.           DATE

9

# Certificate of Service

e-Appeal has handled service of the assembled pleading to MSPB and the following Parties.

| Name & Address | Documents | Method of Service |
|---|---|---|
| MSPB: Atlanta Regional Office | NOTICE OF SUPPLEMENTAL CLAIM AND EMERGENCY PROTECTION | e-Appeal |
| Bourque, Pamela | NOTICE OF SUPPLEMENTAL CLAIM AND EMERGENCY PROTECTION | e-Appeal |
| Pollard Kiel, Kristin | NOTICE OF SUPPLEMENTAL CLAIM AND EMERGENCY PROTECTION | e-Appeal |

I agree to send a printed copy of the electronic pleading with attachments to all parties by the end of next business day, as follows:

| Name & Address | Documents | Method of Service |
|---|---|---|
| El, Randy<br>6675 County Road 203 Danville, Alabama 35619 United States of America | NOTICE OF SUPPLEMENTAL CLAIM AND EMERGENCY PROTECTION | US Mail |



From: cmecf_ALND@alnd.uscourts.gov
Subject: Activity in Case 5:25-cv-00581-LCB El v. Stewart et al Order
Date: August 5, 2025 at 4:44 PM
To: ecfAdmin@alnd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

### Northern District of Alabama

## Notice of Electronic Filing

The following transaction was entered on 8/5/2025 at 4:42 PM CDT and filed on 8/5/2025

**Case Name:**          El v. Stewart et al
**Case Number:**        5:25-cv-00581-LCB
**Filer:**
**Document Number:** 31

*Docket Text:*
**ORDER: The Court has found that the motion to dismiss was due to be granted for lack of subject matter jurisdiction, this case is DISMISSED WITHOUT PREJUDICE, and the Clerk is ORDERED to close the case. Signed by Judge Liles C Burke on 8/5/2025. (AHI)**

**5:25-cv-00581-LCB Notice has been electronically mailed to:**

Darren Walker , Jr    darren.walker@usdoj.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-00581-LCB Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=8/5/2025] [FileNumber=6216847-0] [2d6990b353afda0894e6ae414de050b9f7ba0e2ec210a29a0f20ce714e13ea7fe6e0 65fd8f4754f9f7ea56ad01e22ac790b9fd56ae34386dfa56a614b61cec96]]

<span style="color:red">Exhibit A</span>

DOCUMENT 4

ELECTRONICALLY FILED
3/7/2026 6:50 PM
47-CV-2026-900456.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT
## Case No. 26-10250

**BRACKINS EL PRIVATE ESTATE TRUST,**

**EIN: 41-65XXXXX,**

**By and Through Its Trustee,**

**KIMBERLY A. FORD, Esq., TTEE,**

**Fiduciary Agent/Trustee in Equity,**

**Complainant,**

**v.**

**LILES C. BURKE, United States District Judge;**

### JUDICIAL COUNCIL FOR THE 11TH CIRCUIT: COMPLAINT OF JUDICIAL MISCONDUCT

Nos: 5:25-cv-01568; 5:25-cv-01600; 5:25-cv-01607 and 5:25-cv-01685 (consolidated cases);

Kimberly A Ford, Esq. (ASB-4139-R80F)
Fiduciary Counsel for Brackins El Private Estate Trust
Fordumas LLC
*Law, Consulting and Mediation Firm*
470 Providence Main, Suite 302C  Huntsville, AL 35806
Ofc:  256.886.6240
Facsimile:  1.800.408.1501
kimberly@fordumas.com

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## Brief Statement of Judicial Misconduct
## By Hon. Liles C. Burke

This complaint concerns conduct by Judge Burke that exceeds the lawful authority of the court and violates constitutional due process protections and the Code of Conduct for United States Judges. In the underlying proceeding, the court issued orders and contempt threats directed toward a non-party beneficiary of a private trust even though that individual had not been joined as a party, had not entered an appearance, and had not otherwise submitted to the jurisdiction of the court. Federal Rule of Civil Procedure 17 provides that a trustee of an express trust is the real party in interest authorized to prosecute or defend litigation without joining beneficiaries. Fed. R. Civ. P. 17(a)(1)(E); Navarro Savings Assn. v. Lee, 446 U.S. 458, 464–66 (1980). Despite this settled rule, the court treated the beneficiary as if he were a litigant and attempted to impose coercive authority over him.

The court's actions also conflict with the limits placed on judicial orders under Federal Rule of Civil Procedure 65(d). Injunctions bind only parties, their agents, and persons acting in active concert or participation with them. Fed. R. Civ. P. 65(d)(2). Courts have long recognized that non-parties cannot be bound merely because they are associated with a litigant; rather, there must be proof that the individual aided or participated in violating a specific order. Regal Knitwear Co. v. NLRB, 324 U.S. 9, 13–14 (1945); Alemite Mfg. Corp. v. Staff, 42 F.2d 832, 832–33 (2d Cir. 1930). No such finding was made here. By directing contempt authority toward a non-party without establishing jurisdiction or participation, the court acted outside the procedural limits governing federal injunctions.

These actions raise serious due process concerns under the Fifth Amendment. Fundamental principles of jurisdiction require that an individual be subjected to the authority of a court only after proper joinder, notice, and an opportunity to be heard. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The attempt to extend coercive judicial authority to a non-party beneficiary without establishing jurisdiction undermines those protections.

The conduct also implicates several provisions of the Code of Conduct for United States Judges. Canon 1 requires judges to uphold the integrity and independence of the judiciary, and Canon 2 requires judges to avoid conduct that creates an appearance of impropriety. Canon 3 further requires a judge to perform the duties of the office fairly, impartially, and in accordance with the law.

By exercising authority beyond the procedural limits imposed by the Federal Rules of Civil Procedure and constitutional due process, the actions described above raise substantial questions regarding compliance with these ethical obligations.

## NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication. Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and its parties remain private, non-public, and are not submitted for adjudication or administrative review. All rights reserved, none waived. Recording of this document does not constitute a waiver of privacy, ownership, or trusteediscretion, and does not confer jurisdiction or authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

This document is protected under the principles of private contract, Article I §10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority."Equity regards the

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

**beneficiary as the true owner."**

- "Equity imputes intention to fulfill obligation."
- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

## NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private equity record and must be docketed pursuant to Alabama Rule of Civil Procedure 5. The Court and its clerks act ministerially under notice of trust possession. Any further statutory interpretation or adversarial designation is hereby rebutted by trust record.

*/s/ Beneficiary*

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected: jurisdiction in conscience only.

## Notice and Command to Clerk of Court

Let this Notice be entered as formal and final command to the Clerk of Court to seal the Equity Docket pertaining to the Brackins El Private Estate Trust.

All filings have been duly and lawfully entered under private trust jurisdiction. The forum has been noticed, fiduciary breaches declared, dishonors recorded, and equity affirmed. The Office of the Beneficiary now issues this lawful demand for ministerial compliance by the Clerk:

- To seal the record,

- To protect the corpus, and

- To conclude the matter in accordance with law, duty, and equity.

Authority and Legal Foundation
- Ministerial Duty Under ARCP 5, the Clerk may not refuse filings for form alone and must execute nondiscretionary ministerial duties. Failure to comply constitutes breach and administrative dishonor, enforceable by surcharge and nunc pro tunc correction.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

- Administrative Doctrine Pursuant to IRS Manual §21.7.13.3.2.1, only the Beneficiary lawfully appointed possesses final ledger and accounting authority. Further, IRS Manual §4.25.6.1 mandates full accounting upon fiduciary failure.

Equity Jurisprudence

- Pomeroy §§395, 818 affirms closure of equity record in favor of the trust upon fiduciary failure.
- Blackstone, Book III, Ch. 23 establishes private rights restored upon judicial default.
- Lewin §935 confirms fiduciary silence or neglect closes the record to equity in favor of the trust.

Maxims of Equity

- Equity delights in the end of litigation.
- Where the duty is ministerial, the act is mandatory.
- The record speaks for itself and binds the conscience of the court.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

Final Admonition

- The Clerk is hereby warned: Any refusal to seal constitutes ministerial breach and unauthorized tampering with a private trust corpus. Such refusal will trigger notice of ministerial default and liability by surcharge.

- "For by thy words thou shalt be justified, and by thy words thou shalt be condemned." Matthew 12:37

Issued under Seal and Authority of the Beneficiary, Brackins El Private Estate Trust

"Pursuant to IRS Manual §21.7.13.3.2.1, IRS protocol requires recognition of the duly appointed Beneficiary as the party authorized to file and account on behalf of the estate. Likewise, IRS Manual §4.25.6.1 instructs examiners to demand full accounting where fiduciary failure occurs. These administrative protocols parallel and reinforce equity's own requirement that fiduciaries be held to full accounting."

Dated: March 6, 2026

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)</u>
## <u>11th Cir. R. 26.1-1</u>

Alabama State Bar

Alexander, Joel T., Chief Administrative Judge Allen,

Allen, Ann

Bates, Lisa

Beneficiary, Brackins El Private Estate Trust

Bondi, Pamela Bondi, U.S.Attorney General

Bourque, Pamela

Brackins El Private Estate Trust

Burke, Hon. Liles C.

DeCaesaris, Paula

Ford, Esq. Kimberly A. Ford

Fordumas LLC

Hall, Hon. Ruth Ann

Huddleston, Sherry

Internal Revenue Service

Jones, Justin - Alabama State Bar

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

CIP 1 of 3

Judicial Inquiry Commission

Kiel, Esq., Kristin Pollard

Mack, Larry

Merit Systems Protection Board, Atlanta Regional Office

Moore, Rep. Barry

Morton, Phillip Jeff

Mosby, Dwight

National Aeronautical and Space Administration (NASA)
Attn: Office of the General Counsel

NASA Marshall Space Flight Center (MSFC)
Attn: Rae Meyer Center Director and the Office of the General

Pelfry, Joseph John

Proctor, Hon. R. David

Rhodes, Stanley

Sprague, Christopher G., Administrative Judge

State of Alabama

Stewart, Wendell Scott

United States Department of Justice

United States Department of the Treasury

United States Marshall Services, Northern District of Alabama

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

CIP 2 of 3

United States Office of Special Counsel

Waldrep, Hon. Callie C., Lawrence County, Alabama Circuit Court Judge

White, Craig

White, Esq., John K.


No publicly traded company or corporation has an interest in the outcome of this case.


Respectfully submitted on this the 6th day of March, 2026,


*/s/ Kimberly A. Ford*
Kimberly A Ford, Esq. (FOR063)
Fiduciary Counsel for Brackins El Private Estate Trust
Fordumas LLC
Law, Consulting and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1.800.408.1501
kimberly@fordumas.com


Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

# COMPLAINT OF JUDICIAL MISCONDUCT

## 1. COMPLAINANT INFORMATION

**Name of Complainant:** Kimberly Adina Ford, Esq. (ASB-4139-R80F)

TTEE / Fiduciary Agent / Trustee in Equity

Attorney of Record and Fiduciary Counsel

Brackins El Private Estate Trust

EIN 41-65XXXXX

**Contact Address:**

470 Providence Main, Suite 302C

Huntsville, AL 35806

**Daytime Telephone:**

256.886.6240

## 2. SUBJECT JUDGE

**Name of Judge:** Honorable Liles C. Burke

**Court:** United States District Court for the Northern District of Alabama, Northeast Division

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    1

## 3. RELATED LAWSUIT INFORMATION

This complaint concerns the behavior of Judge Burke in the following lawsuits and proceedings:

| Court | Case Number | Appeal Docket | Circuit |
|---|---|---|---|
| U.S. District Court, N.D. Alabama | [Underlying case number] | 26-10250 | Eleventh |
| U.S. Court of Appeals, 11th Circuit | 26-10250 | -- | Eleventh |
| U.S. Court of Appeals, 11th Circuit | 26-10607 | -- | Eleventh |
| U.S. Court of Appeals, 11th Circuit | 26-10607-B | -- | Eleventh |

**Are (were) you a party or lawyer in the lawsuit?**

The Complainant is the Trustee and Attorney of Record for the Brackins El Private Estate Trust, which is the Petitioner in Case No. 26-10250 and related proceedings. The Complainant files this complaint in her capacity as Trustee of the Trust and as Attorney of Record, on behalf of the Trust and its Beneficiary.

## 4. BRIEF STATEMENT OF FACTS

COMPLAINT OF JUDICIAL MISCONDUCT AGAINST THE HONORABLE LILES C. BURKE, UNITED STATES DISTRICT JUDGE, NORTHERN DISTRICT OF ALABAMA

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

Filed Pursuant to 28 U.S.C. Sections 351-364 and the Rules for Judicial-Conduct and Judicial-Disability Proceedings  The Brackins El Private Estate Trust (hereinafter "the Trust"), EIN 41-65XXXXX, through its Trustee and Attorney of Record, Kimberly Adina Ford, Esq. (ASB-4139-R80F), files this Complaint of Judicial Misconduct against the Honorable Liles C. Burke, United States District Judge for the Northern District of Alabama, pursuant to the Judicial Conduct and Disability Act of 1980, 28 U.S.C. Sections 351-364. The Trust declares under penalty of perjury that the following facts are true and correct to the best of the Complainant's knowledge.

## I. SUMMARY OF MISCONDUCT

Judge Liles C. Burke has engaged in a pattern of judicial misconduct that includes the following acts, each of which independently constitutes conduct prejudicial to the effective and expeditious administration of the business of the courts within the meaning of 28 U.S.C. §351(a):

(1) Disbarment of the Trust's Attorney of Record without notice or hearing;

(2) Causing the arrest of the Trust's Attorney of Record for filing a mandamus petition with the Eleventh Circuit;

(3) Locking the Trust's Attorney of Record out of the CM/ECF electronic filing system;

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                3

(4) Issuing contempt orders against the Trust Beneficiary, a non-party, and dispatching United States Marshals to serve those orders;

(5) Attempting to force the enjoinment of a non-party Trust beneficiary through contempt power in violation of the Alabama Uniform Trust Code and the Federal Rules of Civil Procedure;

(6) Defaulting in two companion cases before the Eleventh Circuit (Case Nos. 26-10607 and 26-10607-B) while simultaneously escalating enforcement actions in his own courtroom; and

(7) Retaliating against the Trust and its representatives for exercising the constitutionally protected right to petition the Eleventh Circuit for mandamus relief.

## II. SPECIFIC FACTS

**Disbarment Without Due Process.** Judge Burke disbarred Kimberly Adina Ford, Esq., the Trust's Trustee and Attorney of Record, from practice before the Northern District of Alabama. This disbarment was carried out without providing Attorney Ford with notice of the grounds for disbarment, without affording Attorney Ford an opportunity to be heard, and without issuing a written order containing findings of fact and conclusions of law. Attorney discipline in federal court requires due process, including notice and a hearing. Judge Burke provided neither. The disbarment effectively stripped the Trust of its legal representation and its Trustee's

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

ability to fulfill her fiduciary duties under the Alabama Uniform Trust Code, § 19-3B-816(a)(24), which grants the Trustee the exclusive power to prosecute or defend actions on behalf of the Trust.

**Arrest for Filing a Mandamus Petition.** After the Trust filed a mandamus petition with the United States Court of Appeals for the Eleventh Circuit seeking relief from Judge Burke's conduct, Judge Burke caused the arrest of Attorney Ford. Filing a mandamus petition with an appellate court is an exercise of the First Amendment right to petition the government for redress of grievances. It is also a recognized procedural remedy under 28 U.S.C. § 1651. Judge Burke's response to the filing of a mandamus petition was to arrest the attorney who filed it. This is retaliatory conduct that strikes at the foundation of the appellate process. If a district judge can arrest an attorney for seeking appellate review of the judge's conduct, the appellate process ceases to function.

**CM/ECF Lockout.** Judge Burke locked Attorney Ford out of the CM/ECF electronic filing system, preventing the Trust from accessing the court docket, filing pleadings, or monitoring the proceedings. This lockout was carried out without notice, without a hearing, and without a written order. The effect was to deny the Trust access to the court entirely-not merely to restrict the Trust's filings, but to render the Trust invisible to the court's electronic system.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

**Contempt Orders Against a Non-Party Trust Beneficiary.** On March 5, 2026, United States Marshals personally served contempt orders issued by Judge Burke upon the Trust Beneficiary, at his residence. The contempt orders command the Beneficiary's personal appearance at a contempt hearing scheduled for March 31, 2026. The Trust Beneficiary is not a party to any proceeding before Judge Burke. The Trust is the party. The Trustee is the authorized representative. The Beneficiary is the protected person for whose benefit the Trust exists. Judge Burke's contempt order against the Beneficiary constitutes an attempt to force the enjoinment of a non-party through contempt power, bypassing Federal Rule of Civil Procedure 19 (required joinder), Federal Rule of Civil Procedure 65(d)(2) (persons bound by injunction), and the Alabama Uniform Trust Code, which vests litigation authority exclusively in the Trustee (§19-3B-816(a)(24)) and provides that the Trustee represents and binds the beneficiaries (§19-3B-303(4)).

**Default in Companion Cases.** In Case No. 26-10607, the Eleventh Circuit ordered responses from Judge Burke and other respondents. No response was filed. The case was closed after default. In Case No. 26-10607-B, the Eleventh Circuit again ordered responses. No response was filed. The case was again closed after default. Judge Burke refuses to answer to the Eleventh Circuit while simultaneously escalating enforcement actions in his own courtroom. This pattern, silence before

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

the appellate court, aggression before his own court, demonstrates that Judge Burke is not administering justice but exercising personal authority unchecked by appellate oversight.

**Timing of Contempt Service.** The contempt orders were served on the Trust Beneficiary on March 5, 2026, the same day the Trust filed an Emergency Motion for Interim Relief in the Eleventh Circuit (Case No. 26-10250, Doc. 8) requesting a stay of all proceedings before Judge Burke, including the March 30-31, 2026 hearings. The same day, the Trust also filed an Ex Parte Complaint under 42 U.S.C. §1983 in the Circuit Court of Madison County, Alabama (Case No. 47-CV-2026-900424.00) against Justin Jones and the Alabama State Bar, alleging a coordinated pattern of interference with the Trust's legal representation. The timing of the Marshal service, on the same day as these filings, suggests retaliatory intent.

## III. PATTERN OF CONDUCT

The acts described above are not isolated incidents. They constitute a deliberate, escalating pattern of conduct designed to neutralize the Trust's legal representation and then target the Trust Beneficiary directly once the representative was removed. The sequence is as follows: (1) disbar the attorney; (2) arrest the attorney; (3) lock the attorney out of the filing system; (4) issue contempt orders against the beneficiary personally. Each step builds on the last. Each step removes another layer of protection between the court and the individual. The final step, contempt

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    7

orders against a non-party beneficiary, is the culmination of a campaign to circumvent the trust structure and reach the natural person that the Trust was established to protect.

This pattern is prejudicial to the effective and expeditious administration of the business of the courts because it transforms the judicial process from a forum for the resolution of disputes into a weapon for the persecution of a litigant. It undermines public confidence in the judiciary. It deters other litigants from exercising their right to seek appellate review. And it violates the fundamental principle that a judge must be impartial and must not use the powers of the office for personal purposes.

## IV. UNREBUTTED CHALLENGES TO AUTHORITY

The Trust has filed unrebutted affidavits as recorded instruments in Lawrence County, Alabama (Instrument Nos. 6002733 and 6003105) and Morgan County, Alabama (MISC Book 2022) challenging Judge Burke's oath, bond, and delegation of authority. No party has rebutted these affidavits. Under the legal principle that an unrebutted affidavit stands as truth in law, Judge Burke's compliance with the prerequisites of judicial authority remains an unresolved question. The Judicial Council is respectfully requested to investigate whether Judge Burke has a valid oath of office on file as required by 28 U.S.C. §453.

## V. RELATED PROCEEDINGS

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                                8

The following proceedings are currently pending and relate to the conduct described in this complaint:

| Forum | Case Number | Nature of Proceeding | Status |
| --- | --- | --- | --- |
| U.S. Court of Appeals, 11th Circuit | 26-10250 | Mandamus, Rule Nisi, Emergency Motion | Pending |
| U.S. Court of Appeals, 11th Circuit | 26-10607 | Companion case | Closed (default) |
| U.S. Court of Appeals, 11th Circuit | 26-10607-B | Companion case | Closed (default) |
| Circuit Court, Madison County, AL | 47-CV-2026-900424.00 | §1983 against Jones/Bar | Pending |
| Alabama Supreme Court | SC-2025-0903 | Trust filings accepted; binders requested | Pending |
| MSPB | Docket # AT-1221-26-0143-W-1 | Petition for Review | Pending |

## VI. DEMAND FOR DECLARATORY RELIEF

The Trust respectfully requests that the Judicial Council:

(1) Investigate the conduct of Judge Liles C. Burke as described in this complaint;

(2) Determine whether Judge Burke's conduct constitutes misconduct prejudicial to the effective and expeditious administration of the business of the courts under 28 U.S.C. §351(a);

(3) Take appropriate corrective action, which may include but is not limited to:

private or public reprimand, censure, request for voluntary retirement, temporary

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

or permanent reassignment of cases, or certification to the Judicial Conference of the United States for consideration of impeachment under 28 U.S.C. §354(b)(2)(A);

(4) Investigate whether Judge Burke has a valid oath of office on file as required by 28 U.S.C. §453; and

(5) Take such other and further action as the Judicial Council deems appropriate to protect the integrity of the judicial process and the rights of the Trust and its Beneficiary.

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U.S. citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC §1-308, all rights and remedies are expressly reserved without prejudice. No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

10

## 5. DECLARATION AND SIGNATURE

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

**Signature:** /s/ *Kimberly A. Ford*

**Printed Name:** Kimberly Adina Ford, Esq.
Fiduciary Counsel for Brackins El Private Estate Trust
EIN 41-65XXXXX
Fordumas LLC
*Law, Consulting and Mediation Firm*
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc:  256.886.6240
Facsimile:  1.800.408.1501
kimberly@fordumas.com

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

# EXHIBITS TO BE ATTACHED

# Exhibit                              Description

**Exhibit A**                         Emergency Supplemental Notice of Material Developments
and Memorandum of Law filed in Case No. 26-10250
(documenting contempt order violations of Alabama Trust
Code and federal law**(A true and correct copy of the
docketed filing in Case No. 10250)**

**Exhibit B**                         Contempt orders served by U.S. Marshals on the Trust
Beneficiary on March 5, 2026

**Exhibit C**                         Recorded instruments, Unrebutted affidavits filed in Lawrence
County (Instrument Nos. 6002733 and 6003105) and Morgan
County (MISC Book 2022)

**Exhibit D**                         IRS Notice CP 575 D confirming Trust EIN 41- 65XXXXX

**Exhibit E**                         Supplemental Deed of Trust establishing Trust structure,
Trustee authority, and Beneficiary status

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.          12

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
Case No. 26-10250

BRACKINS EL PRIVATE ESTATE TRUST,

EIN: 41-65XXXXX,

By and Through Its Trustee,

KIMBERLY A. FORD, Esq., TTEE,

Fiduciary Agent/Trustee in Equity,

Plaintiff,

v.

LILES C. BURKE, United States District Judge;

    Respondent.

## EMERGENCY SUPPLEMENTAL NOTICE OF MATERIAL DEVELOPMENTS AND MEMORANDUM OF LAW REGARDING RESPONDENT'S UNLAWFUL ATTEMPT TO FORCE ENJOINMENT OF A NON-PARTY TRUST BENEFICIARY THROUGH CONTEMPT POWER
Nos: 5:25-cv-01568; 5:25-cv-01600; 5:25-cv-01607 and
5:25-cv-01685 (consolidated cases);

Kimberly A Ford, Esq. (ASB-4139-R80F)
Fiduciary Counsel for Brackins El Private Estate Trust
Fordumas LLC
*Law, Consulting and Mediation Firm*
470 Providence Main, Suite 302C  Huntsville, AL 35806
Ofc:  256.886.6240
Facsimile:  1.800.408.1501
kimberly@fordumas.com

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach: Trust silence is not consent. Equity perfected; jurisdiction in conscience only.


**EXHIBIT A**

## NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication. Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and its parties remain private, non-public, and are not submitted for adjudication or administrative review. All rights reserved, none waived. Recording of this document does not constitute a waiver of privacy, ownership, or trusteediscretion, and does not confer jurisdiction or authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

This document is protected under the principles of private contract, Article I §10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority. "Equity regards the

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

i

**beneficiary as the true owner."**

- "Equity imputes intention to fulfill obligation."
- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

## NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private

equity record and must be docketed pursuant to Alabama Rule of Civil Procedure 5.

The Court and its clerks act ministerially under notice of trust possession. Any

further statutory interpretation or adversarial designation is hereby rebutted by trust

record.

*/s/ Beneficiary*

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## Notice and Command to Clerk of Court

Let this Notice be entered as formal and final command to the Clerk of Court to seal the Equity Docket pertaining to the Brackins El Private Estate Trust.

All filings have been duly and lawfully entered under private trust jurisdiction. The forum has been noticed, fiduciary breaches declared, dishonors recorded, and equity affirmed. The Office of the Beneficiary now issues this lawful demand for ministerial compliance by the Clerk:

• To seal the record,

• To protect the corpus, and

• To conclude the matter in accordance with law, duty, and equity.

Authority and Legal Foundation
• Ministerial Duty Under ARCP 5, the Clerk may not refuse filings for form alone and must execute nondiscretionary ministerial duties. Failure to comply constitutes breach and administrative dishonor, enforceable by surcharge and nunc pro tunc correction.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

- Administrative Doctrine Pursuant to IRS Manual §21.7.13.3.2.1, only the Beneficiary lawfully appointed possesses final ledger and accounting authority. Further, IRS Manual §4.25.6.1 mandates full accounting upon fiduciary failure.

Equity Jurisprudence

- Pomeroy §§395, 818 affirms closure of equity record in favor of the trust upon fiduciary failure.
- Blackstone, Book III, Ch. 23 establishes private rights restored upon judicial default.
- Lewin §935 confirms fiduciary silence or neglect closes the record to equity in favor of the trust.

Maxims of Equity

- Equity delights in the end of litigation.
- Where the duty is ministerial, the act is mandatory.
- The record speaks for itself and binds the conscience of the court.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

Final Admonition

- The Clerk is hereby warned: Any refusal to seal constitutes ministerial breach and unauthorized tampering with a private trust corpus. Such refusal will trigger notice of ministerial default and liability by surcharge.
- "For by thy words thou shalt be justified, and by thy words thou shalt be condemned." Matthew 12:37

Issued under Seal and Authority of the Beneficiary, Brackins El Private Estate Trust

"Pursuant to IRS Manual §21.7.13.3.2.1, IRS protocol requires recognition of the duly appointed Beneficiary as the party authorized to file and account on behalf of the estate. Likewise, IRS Manual §4.25.6.1 instructs examiners to demand full accounting where fiduciary failure occurs. These administrative protocols parallel and reinforce equity's own requirement that fiduciaries be held to full accounting."

Dated: March 5, 2026

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP) 11th Cir. R. 26.1-1

Alabama State Bar

Alexander, Joel T., Chief Administrative Judge

Allen, Ann

Bates, Lisa

Bondi, Pamela Bondi, U.S.Attorney General

Bourque, Pamela

Brackins El Private Estate Trust

Burke, Hon. Liles C.

DeCaesaris, Paula

El, Randy Brackins

Ford, Esq. Kimberly A. Ford

Fordumas LLC

Hall, Hon. Ruth Ann

Huddleston, Sherry

Internal Revenue Service

Jones, Justin - Alabama State Bar

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

Judicial Inquiry Commission

Kiel, Esq., Kristin Pollard

Mack, Larry

Merit Systems Protection Board, Atlanta Regional Office

Moore, Rep. Barry

Morton, Phillip Jeff

Mosby, Dwight

National Aeronautical and Space Administration (NASA)
Attn: Office of the General Counsel

NASA Marshall Space Flight Center (MSFC)
Attn: Rae Meyer Center Director and the Office of the General

Pelfry, Joseph John

Proctor, Hon. R. David

Rhodes, Stanley

Sprague, Christopher G., Administrative Judge

State of Alabama

Stewart, Wendell Scott

United States Department of Justice

United States Department of the Treasury

United States Marshall Services, Northern District of Alabama

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

CIP 2 of 3

United States Office of Special Counsel

Waldrep, Hon. Callie C., Lawrence County, Alabama Circuit Court Judge

White, Craig

White, Esq., John K.


No publicly traded company or corporation has an interest in the outcome of this case.


Respectfully submitted on this the 6th day of March, 2026,

/s/ Kimberly A. Ford
Kimberly A Ford, Esq. (FOR063)
Fiduciary Counsel for Brackins El Private Estate Trust
Fordumas LLC
Law, Consulting and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1.800.408.1501
kimberly@fordumas.com

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes
continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

CIP 3 of 3

## I. INTRODUCTION AND PURPOSE OF THIS NOTICE

The Brackins El Private Estate Trust (hereinafter "the Trust"), EIN 41-65XXXXX, through its duly appointed Trustee and Attorney of Record, Kimberly Adina Ford, Esq., respectfully files this Emergency Supplemental Notice to inform this Honorable Court of material developments that occurred on March 5, 2026, the same date the Trust filed its Emergency Motion for Interim Relief (Doc. 8) in this proceeding.

On the evening of March 5, 2026, United States Marshals personally served contempt orders issued by Respondent Judge Liles C. Burke upon Randy Brackins El, the Trust Beneficiary, commanding his personal appearance at a contempt hearing scheduled for March 31, 2026. This service occurred mere hours after the Trust filed its Emergency Motion requesting this Court to stay all proceedings before Judge Burke pending resolution of the mandamus petition and Rule Nisi (Doc. 4).

This development is of the utmost urgency because it demonstrates, in real time, the very conduct the Emergency Motion seeks to restrain. Judge Burke is attempting to force the enjoinment of a non-party Trust beneficiary through the exercise of contempt power, a course of action that violates the Alabama Uniform Trust Code, the Federal Rules of Civil Procedure, the United States Constitution, and the fundamental principles of equity upon which the Trust operates. The Trust

respectfully requests that this Court take judicial notice of these developments, consider them in connection with the pending Emergency Motion and Rule Nisi, and act before March 31, 2026, to prevent the irreparable harm that will result if Judge Burke is permitted to proceed with the contempt hearing against a non-party.

## II. STATEMENT OF MATERIAL FACTS

On March 5, 2026, the following events occurred in rapid succession, the timing of which is material to this Court's consideration:

First, the Trust, through its Trustee and Attorney of Record, filed the Emergency Motion for Interim Relief (Doc. 8) in this proceeding, requesting that this Court stay all proceedings before Judge Burke in the Northern District of Alabama, including the contempt and sanctions hearings scheduled for March 30-31, 2026.

Second, the Trust, through its Trustee, filed an Ex Parte Complaint for Declaratory and Injunctive Relief under 42 U.S.C. Section 1983 in the Circuit Court of Madison County, Alabama, Case No. 47-CV-2026-900424.00, against Justin Jones and the Alabama State Bar, with an Application for Temporary Restraining Order, alleging a coordinated pattern of interference with the Trust's legal representation.

Third, on the evening of the same day, United States Marshals appeared at the residence of Randy Brackins El, the Trust Beneficiary, and personally served

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

contempt orders issued by Judge Burke commanding the Beneficiary's personal appearance at a contempt hearing on March 31, 2026. The contempt orders purport to compel the Beneficiary, who is not a party to the underlying proceedings, to appear before Judge Burke's court and submit to the court's contempt jurisdiction.

The Trust Beneficiary, Randy Brackins El, is not now, and has never been, a party to the proceedings before Judge Burke in his individual or personal capacity. The Trust is the party. The Trustee, Kimberly Adina Ford, Esq., is the authorized representative of the Trust in all judicial proceedings. The Beneficiary's sole relationship to the litigation is as the protected person for whose benefit the Trust exists and operates.

Judge Burke's contempt order against the Beneficiary constitutes an unlawful attempt to force enjoinment, to compel a non-party into the jurisdiction of his court through the coercive power of contempt, bypassing every procedural safeguard that the Federal Rules of Civil Procedure, the Alabama Uniform Trust Code, and the United States Constitution require before a person may be made subject to a court's authority.

## III. THE TRUST STRUCTURE AND THE LEGAL SEPARATION OF BENEFICIARY FROM PARTY

The Brackins El Private Estate Trust was established on January 2, 2022, as an irrevocable express trust under the laws of the State of Alabama. The Trust is

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only

3

governed by the Alabama Uniform Trust Code, Alabama Code Title 19, Chapter 3B (hereinafter "the Trust Code"). The Trust holds IRS-assigned Employer Identification Number 41-65XXXXX, confirmed by IRS Notice CP 575 D. The Trust files annual federal fiduciary income tax returns on IRS Form 1041 and has designated its Trustee on IRS Form 56-F and IRS Form 2848.

The Trust's organizational structure establishes a clear legal separation between the Trust entity, the Trustee, and the Beneficiary:

The Trust is the legal entity that holds the Trust Estate, including all claims, causes of action, and legal interests transferred to it by the Grantor. The Trust is the party to all judicial proceedings initiated on its behalf.

The Trustee, Kimberly Adina Ford, Esq., is the fiduciary who administers the Trust, manages the Trust Estate, and represents the Trust in all judicial proceedings. The Trustee holds three distinct designations: TTEE (IRS Form 1041), Fiduciary Agent and Trustee in Equity (IRS Form 56-F), and Attorney of Record and Fiduciary Counsel.

The Beneficiary, Randy Brackins El, is the person for whose benefit the Trust exists. The Beneficiary is not the Trust. The Beneficiary is not the Trustee. The Beneficiary is the protected person whose interests the Trust and Trustee are duty-bound to advance and protect.

This tripartite structure is not a legal fiction. It is the fundamental architecture of trust law as codified in the Alabama Uniform Trust Code and recognized by every jurisdiction in the United States. Judge Burke's contempt order against the Beneficiary personally collapses this structure by treating the Beneficiary as if he were the party, a legal error that violates every provision of trust law discussed below.

## IV. VIOLATIONS OF THE ALABAMA UNIFORM TRUST CODE

Judge Burke's contempt order against the Trust Beneficiary violates multiple provisions of the Alabama Uniform Trust Code, Title 19, Chapter 3B, Alabama Code 1975, as follows:

### A. Violation of Section 19-3B-303(4): Representation by Fiduciaries

Alabama Code Section 19-3B-303(4) provides:

> "To the extent there is no conflict of interest between the representative and the person represented . . . a trustee may represent and bind the beneficiaries of the trust."

This provision establishes that the Trustee, not the Beneficiary, is the authorized representative of the Trust and its beneficiaries in all matters, including judicial proceedings. The Trustee represents and binds the Beneficiary. The Beneficiary does not appear independently; the Beneficiary is represented through the Trustee.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

5

Judge Burke's contempt order bypasses the Trustee entirely and commands the Beneficiary to appear personally. This is a direct violation of Section 19-3B-303(4). If Judge Burke has any grievance with the Trust's conduct in litigation, his remedy is to address the Trustee, the authorized representative, not to reach past the Trustee and seize the Beneficiary through contempt power.

## B. Violation of Section 19-3B-816(a)(24): Trustee's Exclusive Litigation Power

Alabama Code Section 19-3B-816(a)(24) grants the Trustee the power to:

> "prosecute or defend an action, claim, or judicial proceeding in any
> jurisdiction to protect trust property and the trustee in the performance
> of the trustee's duties and to employ counsel, expert witnesses, or
> other agents."

This provision vests the power to litigate exclusively in the Trustee. The Beneficiary has no independent litigation role under the Trust Code. Judge Burke's contempt order against the Beneficiary effectively conscripts a non-party into litigation, overriding the statutory allocation of litigation authority that the Alabama Legislature codified in Section 19-3B-816(a)(24).

## C. Violation of Section 19-3B-802: Duty of Loyalty

Alabama Code Section 19-3B-802(a) provides that "[a] trustee shall administer the trust solely in the interests of the beneficiaries." The Trustee owes an absolute duty of loyalty to the Beneficiary. Judge Burke's contempt order directly interferes with this fiduciary relationship by subjecting the Beneficiary to

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                        6

judicial coercion that the Trust structure was designed to prevent. By targeting the Beneficiary personally, Judge Burke is undermining the Trustee's ability to fulfill her statutory duty to protect the Beneficiary's interests.

## D. Violation of Section 19-3B-809: Control and Protection of Trust Property

Alabama Code Section 19-3B-809 provides that "[a] trustee shall take reasonable steps to take control of and protect the trust property." The Trust Estate includes the legal claims and causes of action that are the subject of the underlying litigation. Judge Burke's contempt order threatens the integrity of the Trust Estate by subjecting the Beneficiary, the person whose injuries give rise to the Trust's claims, to coercive judicial process that could compromise the Trust's legal positions.

## E. Violation of Section 19-3B-105(b): Mandatory Rules

Alabama Code Section 19-3B-105(b) enumerates thirteen mandatory rules that cannot be overridden by any provision, including the terms of the trust itself. Section 19-3B-105(b)(2) mandates "the duty of a trustee to act in good faith and in accordance with the terms and purposes of the trust and the interest of the beneficiaries." Section 19-3B-105(b)(3) mandates "the requirement that a trust and its terms be for the benefit of its beneficiaries, and that the trust have a purpose that is lawful, not contrary to public policy, and possible to achieve." Judge Burke's

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                                    7

contempt order renders the Trust's protective purpose impossible to achieve by subjecting the Beneficiary to the very judicial coercion the Trust was established to manage through its Trustee. If the terms of the Trust itself cannot override these mandatory rules, then a fortiori, a contempt order issued by a court that has no jurisdiction over the Beneficiary as a party cannot override them.

## F. Violation of Section 19-3B-501 and Section 19-3B-502: Beneficiary Protections

Alabama Code Section 19-3B-501 limits the rights of a beneficiary's creditors and assignees to reach the beneficiary's interest in a trust. Section 19-3B-502 provides that a valid spendthrift provision restrains both voluntary and involuntary transfer of a beneficiary's interest. While these provisions are most commonly applied in the creditor context, they reflect a broader legislative policy: the Alabama Legislature has determined that trust beneficiaries are to be protected from external claims against their trust interests. Judge Burke's contempt order is, in substance, an attempt to reach the Beneficiary's person, a far more invasive act than reaching the Beneficiary's property interest. If the Trust Code protects the Beneficiary's property interest from involuntary seizure, it necessarily protects the Beneficiary's person from involuntary conscription into litigation in which the Beneficiary is not a party.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

8

## G. Violation of Section 19-3B-201 and Section 19-3B-202: Jurisdictional Limits

Alabama Code Section 19-3B-201(a) provides that "[t]he court may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law." Judge Burke's jurisdiction has not been invoked by the Beneficiary. The Beneficiary has not filed any pleading, entered any appearance, or submitted to the jurisdiction of Judge Burke's court in his personal capacity.

Alabama Code Section 19-3B-202 provides that "a trustee submits personally to the jurisdiction of the courts of this state regarding any matter involving a trust." This provision establishes that it is the Trustee who submits to jurisdiction, not the Beneficiary. The Trust Code distinguishes between the Trustee's jurisdictional submission and the Beneficiary's protected status. Judge Burke's contempt order conflates the two, treating the Beneficiary as if he had submitted to the court's jurisdiction when the Trust Code provides that only the Trustee has done so.

## V. VIOLATIONS OF THE FEDERAL RULES OF CIVIL PROCEDURE

## A. Violation of Rule 65(d)(2): Persons Bound by an Injunction or Restraining Order

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

9

Federal Rule of Civil Procedure 65(d)(2) provides that an injunction or restraining order binds only:

> "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."

The Trust Beneficiary is not a party to the proceedings before Judge Burke. The Trust Beneficiary is not an officer, agent, servant, employee, or attorney of the Trust. The Trust Beneficiary is the protected person for whose benefit the Trust exists. A trust beneficiary is, by definition, the person who receives the benefit of the trust, not a person who acts on behalf of the trust. The Beneficiary is not "in active concert or participation" with the Trust in the sense contemplated by Rule 65(d)(2)(C); the Beneficiary is the person the Trust serves.

The Supreme Court has long held that Rule 65(d) does not permit courts to impose obligations on non-parties merely because they have some relationship to a litigant. Regal Knitwear Co. v. NLRB, 324 U.S. 9, 13-14 (1945). Instead, liability for contempt requires proof that the non-party aided or abetted the violation of a specific court order. Id. Federal courts have repeatedly emphasized that injunctions cannot bind persons who are strangers to the litigation unless they actively participate in violating the court's order. Alemite Mfg. Corp. v. Staff, 42 F.2d 832, 832-33 (2d Cir. 1930). The mere status of being a beneficiary of a trust does not establish such participation. Absent evidence that the beneficiary directed,

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    10

controlled, or assisted the alleged violation of the court's order, Rule 65 does not permit contempt jurisdiction over that individual.

Judge Burke's contempt order against the Beneficiary exceeds the scope of persons who may be bound by a court's orders under Rule 65(d)(2). The order is therefore void as applied to the Beneficiary.

## B. Violation of Rule 19: Required Joinder of Parties

Federal Rule of Civil Procedure 19 governs the joinder of persons who are required for just adjudication. Under Rule 19(a), a person must be joined as a party if:

> "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

If Judge Burke believed that the Beneficiary was a necessary party, the proper procedure was to order joinder under Rule 19, which requires a motion, briefing, and a judicial determination that the absent person is necessary. Judge Burke did not follow this procedure. He did not order joinder. He did not conduct a Rule 19 analysis. He did not determine whether the Beneficiary was a necessary party. Instead, he issued a contempt order directly against the Beneficiary, bypassing the procedural requirements of Rule 19 entirely.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                                    11

This is forced enjoinment. It is the use of contempt power to accomplish what Rule 19 requires be accomplished through proper procedural channels. It is a violation of the Federal Rules of Civil Procedure and a denial of the Beneficiary's right to the procedural protections that Rule 19 affords.

## C. Violation of Rule 17: Real Party in Interest

Federal Rule of Civil Procedure 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." Rule 17(a)(1) further provides that "[a] trustee of an express trust" may sue in the trustee's own name without joining the person for whose benefit the action is brought.

This provision explicitly authorizes the Trustee to prosecute the Trust's claims without joining the Beneficiary. The Federal Rules contemplate that the Trustee is the real party in interest, and the Beneficiary need not be a party. Judge Burke's contempt order against the Beneficiary contradicts Rule 17(a)(1) by compelling the appearance of a person whom the Federal Rules expressly provide need not be joined. See 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Section 1560 (3d ed. 2010). A court that compels a beneficiary to appear despite the trustee's presence as a party disregards this foundational rule and improperly expands its jurisdiction over persons not before the court.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## VI. CONSTITUTIONAL VIOLATIONS

### A. Violation of the Fifth Amendment: Due Process

The Fifth Amendment to the United States Constitution provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. A contempt order carries the potential for incarceration, a deprivation of liberty. Before a person may be subjected to the coercive power of contempt, that person must be afforded due process, which includes, at minimum, notice and an opportunity to be heard.

The Beneficiary has not been afforded due process. The Beneficiary was never made a party to the proceedings. The Beneficiary was never served with a complaint or summons. The Beneficiary was never given notice that he was subject to the court's jurisdiction. The Beneficiary was never given an opportunity to be heard on the question of whether the court has authority over him. The first notice the Beneficiary received was the contempt order itself, served by United States Marshals at his residence.

Contempt sanctions imposed upon a non-party who has not been joined, served, or otherwise subjected to the court's jurisdiction raise fundamental due process concerns. Courts must ensure that individuals are not bound by judicial orders without first establishing jurisdiction and notice consistent with constitutional requirements. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

(1945). Where a beneficiary has not appeared as a litigant and has not been shown to have acted in concert with a party to violate an order, extending contempt jurisdiction to that beneficiary exceeds the limits recognized by Rule 65 and longstanding principles of due process.

A contempt order served upon a non-party who has never been joined, never been served, never appeared, and never been given an opportunity to contest the court's jurisdiction is a violation of the Fifth Amendment's guarantee of due process. The contempt order is void.

## B. Violation of the First Amendment: Right to Petition

The First Amendment to the United States Constitution protects the right of the people "to petition the Government for a redress of grievances." U.S. Const. amend. I. The Trust's mandamus petition before this Court, the Emergency Motion, and the Rule Nisi are all exercises of the right to petition. The Trust Beneficiary is the person whose grievances the Trust seeks to redress.

Judge Burke's contempt order was served on the same day the Trust filed its Emergency Motion in this Court. The timing suggests that the contempt order is retaliatory, a response to the Trust's exercise of its First Amendment right to petition the Eleventh Circuit for relief from Judge Burke's conduct. Retaliatory use of contempt power to punish or deter the exercise of the right to petition is a violation of the First Amendment.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    14

## C. Violation of Article III: Jurisdiction

Article III of the United States Constitution limits the judicial power of the United States to "Cases" and "Controversies." U.S. Const. art. III, Section 2. A court's jurisdiction extends only to the parties before it. The Beneficiary is not a party before Judge Burke's court. Judge Burke has no Article III jurisdiction over the Beneficiary in his personal capacity. The contempt order, insofar as it purports to exercise judicial power over a non-party, exceeds the constitutional limits of Article III jurisdiction.

## VII. VIOLATIONS OF ADDITIONAL FEDERAL STATUTES

## A. 18 U.S.C. Section 401: Contempt Power Limited

Title 18, United States Code, Section 401 provides that a court "shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other." The phrase "and none other" is a statutory limitation on contempt power. A court may punish contempt of its authority, but it has no authority over a non-party who has not been joined, has not appeared, and has not been subjected to any order of the court. Judge Burke's contempt order against the Beneficiary exceeds the statutory authority conferred by 18 U.S.C. Section 401 because the Beneficiary has never been subject to the court's authority.

## B. 28 U.S.C. Section 453: Oath of Office

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    15

Title 28, United States Code, Section 453 requires that each justice or judge

of the United States "shall take the following oath or affirmation before performing

the duties of his office." The oath is a prerequisite to the lawful exercise of judicial

authority. The Trust has challenged Judge Burke's compliance with the oath

requirement through unrebutted affidavits recorded as public instruments in

Lawrence County, Alabama (Instrument Nos. 6002733 and 6003105) and Morgan

County, Alabama (MISC Book 2022). These affidavits, which remain unrebutted,

challenge Judge Burke's oath, bond, and delegation of authority. Judge Burke's

compliance with 28 U.S.C. Section 453 is an unresolved question that this Court

should consider in evaluating whether Judge Burke had lawful authority to issue

the contempt order.

## C. 42 U.S.C. Section 1983: Deprivation of Rights Under Color of Law

Judge Burke's contempt order against the Beneficiary constitutes a

deprivation of rights under color of law in violation of 42 U.S.C. Section 1983.

The Beneficiary's rights to due process (Fifth Amendment), to petition (First

Amendment), and to be free from the exercise of judicial power absent jurisdiction

(Article III) are being violated by a person acting under color of federal judicial

authority. The Trust has filed a separate Section 1983 action in the Circuit Court of

Madison County, Alabama, Case No. 47-CV-2026-900424.00, addressing the

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

broader pattern of civil rights violations. The contempt order served on March 5, 2026, constitutes additional evidence of the pattern alleged in that complaint.

## D. 42 U.S.C. Section 1985: Conspiracy to Interfere with Civil Rights

The timing and pattern of events suggest a coordinated effort to deprive the Trust and its Beneficiary of their civil rights. Judge Burke disbarred the Trust's attorney without notice or hearing. The Alabama State Bar, through Justin Jones, initiated disciplinary proceedings against the same attorney. Judge Burke then issued contempt orders against the Beneficiary personally, targeting the protected person after neutralizing the protector. This sequential targeting of the attorney and then the beneficiary is consistent with a conspiracy to interfere with civil rights as described in 42 U.S.C. Section 1985(2) and (3).

## VIII. BIVENS CLAIM: PERSONAL LIABILITY OF RESPONDENT FOR CONSTITUTIONAL VIOLATIONS

### A. The Bivens Framework and Its Application

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized an implied cause of action for damages against federal officials who violate constitutional rights while acting under color of federal authority. Unlike 42 U.S.C. Section 1983, which reaches state actors, Bivens provides the constitutional remedy against federal actors who

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                     17

deprive persons of their rights. Judge Burke is a federal judicial officer. The United States Marshals who served the contempt orders are federal law enforcement officers. Section 1983 does not reach them. Bivens does.

The Trust hereby places this Court and all parties on notice that the Trust reserves and preserves all Bivens claims against Judge Burke in his individual capacity, and against any federal officer who participated in the enforcement of the unlawful contempt order against the non-party Trust Beneficiary.

## B. Fifth Amendment Due Process: A Recognized Bivens Context

The Supreme Court in Davis v. Passman, 442 U.S. 228 (1979), recognized a Bivens cause of action for Fifth Amendment violations by federal officials. The Trust Beneficiary's claim falls squarely within this recognized context. Judge Burke deprived the Trust Beneficiary of liberty, through contempt orders carrying the threat of incarceration, without due process of law. The Beneficiary was never made a party. The Beneficiary was never served with process. The Beneficiary was never given notice or an opportunity to be heard. The first process the Beneficiary received was the contempt order itself, delivered by United States Marshals at his residence.

This is not a request to extend Bivens into a new context. This is the application of Bivens in the exact context the Supreme Court recognized in Davis

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

v. Passman: a Fifth Amendment due process violation by a federal official acting under color of federal authority.

## C. First Amendment Retaliation: Bivens Liability for Retaliatory Contempt

Judge Burke's contempt order was served on the same day the Trust filed its Emergency Motion in this Court. The Trust's mandamus petition, Emergency Motion, and Rule Nisi are all exercises of the First Amendment right to petition the government for redress of grievances. Judge Burke's response to the Trust's exercise of that right was to dispatch United States Marshals to serve contempt orders on the Trust Beneficiary. The timing of the contempt service, on the same day as the Emergency Motion filing, constitutes evidence of retaliatory intent sufficient to support a Bivens claim for First Amendment retaliation.

## D. Judicial Immunity Does Not Bar These Claims

Judge Burke will assert judicial immunity. Under Stump v. Sparkman, 435 U.S. 349 (1978), judicial immunity is overcome when the judge acted "in the clear absence of all jurisdiction." Under Mireles v. Waco, 502 U.S. 9 (1991), judicial immunity is also overcome when the judge's actions were not taken in a judicial capacity.

Judge Burke's contempt order against the Trust Beneficiary satisfies both exceptions. The Beneficiary is not a party. No joinder motion was filed. No Rule

19 analysis was conducted. No process was served making the Beneficiary a party. Judge Burke had no jurisdiction, not diminished jurisdiction, not disputed jurisdiction, but no jurisdiction whatsoever, over the Trust Beneficiary as an individual. The contempt order was issued in the complete absence of all jurisdiction over the person it targeted. Judicial immunity does not attach to acts taken in the clear absence of all jurisdiction.

Further, under Pulliam v. Allen, 466 U.S. 522 (1984), judicial immunity does not bar prospective injunctive relief against a judicial officer. While the Federal Courts Improvement Act of 1996 modified Pulliam to require that declaratory relief be unavailable or inadequate before injunctive relief may issue, the Act did not modify the Stump exception for acts taken in the clear absence of jurisdiction. The Bivens claim for damages and the request for injunctive relief operate on parallel tracks, and judicial immunity bars neither.

## E. The Westfall Act Does Not Shield Bivens Claims

The Department of Justice has certified Judge Burke's conduct under the Westfall Act, 28 U.S.C. Section 2679, substituting the United States as the defendant for common law tort claims. However, the Westfall Act applies only to common law tort claims against federal employees acting within the scope of their employment. The Westfall Act does not apply to constitutional tort claims under Bivens. The Supreme Court has never held that the Westfall Act bars Bivens

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    20

actions. The DOJ's Westfall certification therefore provides no shield against the Trust's Bivens claim. Judge Burke stands personally exposed.

**F. The Ziglar v. Abbasi Analysis Does Not Bar This Claim**

In Ziglar v. Abbasi, 582 U.S. 120 (2017), the Supreme Court held that courts must exercise caution before extending Bivens to new contexts and must consider whether "special factors" counsel hesitation. The Trust's Bivens claim does not require extension to a new context. The Fifth Amendment due process claim falls within the recognized Bivens context of Davis v. Passman. Moreover, even under the Abbasi framework, no special factors counsel hesitation here. There is no alternative remedial structure that provides the Trust Beneficiary with a damages remedy for the constitutional violations inflicted by Judge Burke. The mandamus proceeding before this Court provides injunctive relief but not damages. The Judicial Council complaint provides institutional discipline but not compensation. The Section 1983 action in Madison County reaches state actors but not federal actors. Bivens is the only vehicle that provides the Trust Beneficiary with a damages remedy against the federal official who violated his constitutional rights.

**G. Notice of Intent to File Bivens Action**

The Trust hereby provides formal notice to this Court, to Judge Burke, and to all parties that the Trust intends to file a Bivens action against Judge Liles C.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    21

Burke in his individual capacity in an appropriate federal district court. The Bivens action will seek compensatory damages for the deprivation of the Trust Beneficiary's Fifth Amendment right to due process, compensatory damages for the violation of the Trust Beneficiary's First Amendment right to petition, and punitive damages for the willful, malicious, and retaliatory nature of Judge Burke's conduct.

This notice is provided in this filing so that the record before this Court is complete and so that this Court may consider the full scope of the Trust's legal position, including the personal liability exposure of the Respondent, in evaluating the pending Emergency Motion, Rule Nisi, and mandamus petition.

## IX. THE PATTERN OF NON-ENGAGEMENT AND ITS SIGNIFICANCE

This Court should consider Judge Burke's contempt order in the context of the broader pattern of non-engagement by all respondents in this and related proceedings.

In Case No. 26-10607, this Court ordered responses from the respondents, including Judge Burke, NASA, and the Department of Justice. No respondent filed a response. The case was closed after the respondents' default.

In Case No. 26-10607-B, this Court again ordered responses. No respondent filed a response. The case was closed after the respondents' default.

The Trust has filed multiple unrebutted affidavits as recorded instruments in Lawrence County (Instrument Nos. 6002733 and 6003105) and Morgan County (MISC Book 2022). No party has rebutted any affidavit.

The Alabama Supreme Court, in Case No. SC-2025-0903, requested binders from the Trust and accepted filings in Trust posture. No opposing party has challenged the Trust's standing before the Alabama Supreme Court.

Against this backdrop of universal silence, Judge Burke's contempt order stands in stark contrast. Judge Burke refuses to respond to this Court's orders in companion cases, refuses to rebut the Trust's affidavits, and refuses to engage with the Trust's legal arguments, yet he issues contempt orders against a non-party Beneficiary and dispatches United States Marshals to serve them. This is not the conduct of a judicial officer administering justice. This is the conduct of a judicial officer using the coercive machinery of the state to punish and intimidate a person who has petitioned a higher court for relief from that officer's misconduct.

The maxim of equity applies: he who seeks equity must come with clean hands. Judge Burke cannot seek the aid of his own contempt power while refusing to answer to this Court's authority.

## X. CONSTRUCTIVE NOTICE AND RECORDED INSTRUMENTS

The Trust has provided constructive notice to all parties, including Judge Burke, through recorded instruments filed in the public records of Lawrence

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                23

County, Alabama, and Morgan County, Alabama. These recorded instruments include affidavits challenging Judge Burke's oath, bond, and delegation of authority, as well as affidavits establishing the Trust's structure, the Trustee's authority, and the Beneficiary's non-party status.

Under Alabama law, a recorded instrument provides constructive notice to all persons. Ala. Code Section 35-4-90. The legal maxim "notice to agent is notice to principal" applies: service of these recorded instruments upon any agent of the government constitutes notice to the government itself.

Judge Burke was on constructive notice that the Beneficiary is not a party to the Trust's litigation. Judge Burke was on constructive notice that the Trustee is the authorized representative of the Trust and its Beneficiary. Despite this constructive notice, Judge Burke issued a contempt order against the Beneficiary. This is not error. This is willful disregard of the Trust's established legal structure.

## XI. DEMAND FOR RELIEF

In light of the foregoing, the Trust respectfully requests that this Court:

1. Take judicial notice of the contempt order served upon the Trust Beneficiary on March 5, 2026, and consider it as a material development in connection with the pending Emergency Motion for Interim Relief (Doc. 8) and the Rule Nisi (Doc. 4).

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

2. Issue the Rule Nisi (Doc. 4), commanding Judge Burke to show cause why he should not be directed to vacate the contempt order against the non-party Beneficiary, cease all proceedings against the Trust and its representatives, and recuse himself from all matters involving the Trust.

3. Grant the Emergency Motion for Interim Relief (Doc. 8) and stay all proceedings before Judge Burke, including the March 31, 2026 contempt hearing, pending resolution of the mandamus petition.

4. Order Judge Burke to respond to this Supplemental Notice and explain the legal basis for issuing a contempt order against a non-party Trust beneficiary who has never been joined as a party, never been served with process, and never appeared before his court.

5. Refer this matter to the Judicial Council of the Eleventh Circuit under 28 U.S.C. Sections 351-364 for investigation of Judge Burke's pattern of conduct, including the disbarment of the Trust's attorney without notice or hearing, the arrest of the Trust's attorney for filing a mandamus petition, the lockout of the Trust's attorney from CM/ECF, and the issuance of contempt orders against a non-party Trust beneficiary.

6. Take judicial notice of the Trust's notice of intent to file a Bivens action against Judge Burke in his individual capacity for compensatory and punitive damages arising from the constitutional violations described herein, and consider

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

25

the Respondent's personal liability exposure in evaluating the urgency of the pending Emergency Motion and Rule Nisi.

7. Grant such other and further relief as this Court deems just and proper.

## XII. CONCLUSION

Judge Burke's contempt order against the Trust Beneficiary is not a lawful exercise of judicial authority. It is an unlawful attempt to force the enjoinment of a non-party through the coercive power of contempt, in violation of the Alabama Uniform Trust Code (Sections 19-3B-105, 19-3B-201, 19-3B-202, 19-3B-303, 19-3B-501, 19-3B-502, 19-3B-802, 19-3B-809, and 19-3B-816), the Federal Rules of Civil Procedure (Rules 17, 19, and 65), the United States Constitution (U.S. Const. amends. I, V; U.S. Const. art. III), federal statutes (18 U.S.C. Section 401, 28 U.S.C. Section 453, 42 U.S.C. Sections 1983 and 1985), and the constitutional tort framework established by <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and <u>Davis v. Passman</u>, 442 U.S. 228 (1979). Judge Burke's personal liability exposure under Bivens is not a threat; it is a legal consequence of his decision to exercise contempt power over a non-party in the clear absence of all jurisdiction, while retaliating against the Trust for exercising its First Amendment right to petition this Court for relief.

The Beneficiary is not a party. The Trust is the party. The Trustee is the representative. This is not a novel legal theory; it is the fundamental structure of

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

26

trust law as codified by the Alabama Legislature and recognized by every court in the United States. Judge Burke's refusal to honor this structure, while simultaneously refusing to respond to this Court's orders in companion cases and refusing to rebut the Trust's recorded affidavits, demonstrates a pattern of conduct that this Court has both the authority and the duty to correct.

The Trust respectfully urges this Court to act before March 31, 2026.

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U.S. citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC Section 1-308, all rights and remedies are expressly reserved without prejudice. No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

27

Respectfully submitted this 5th day of March, 2026. I declare under penalty of

perjury that the foregoing is true and correct. Executed on March 6, 2026 at

Huntsville, AL.


/s/ Kimberly A. Ford
Kimberly A. Ford
Fiduciary Counsel for Brackins El Private Estate Trust
FORDUMAS LLC
Law, Consulting and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1-800-408-1501
kimberly@fordumas.com

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the type-volume limitation of Federal Rule of

Appellate Procedure 21(d)(1). This filing contains approximately 6,069 words,

excluding the parts of the filing exempted by Federal Rule of Appellate Procedure

32(f). This notice has been prepared using a proportionally spaced typeface using

Times New Roman 14-point font.

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

## CERTIFICATE OF SERVICE

I do hereby certify that on March 5, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will send notification of such filing to all counsel of record. In the event CM/ECF access is unavailable, service shall be completed by first-class mail, postage prepaid, to all parties at their addresses of record, pursuant to FRAP 25(d).

Attn: Pamela Bondi, U.S.Attorney General
950 Pennsylvania Ave., NW
Washington, D.C. 20530-0001

United States Department of Justice
United States Attorney[s Office, Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203

United States Office of Special Counsel
Attn: Paul Ingrassia, Special Counsel
1730 M Street NW, Suite 218
Washington, DC 20036-4505

United States Marshals Service, Northern District of Alabama
Hugo L. Black United States Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Greer M. Lynch, Clerk of Court
U.S. District Court, Northern District of Alabama

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                    30

1729 5th Avenue North
Birmingham, AL 35203


Internal Revenue Service (IRS)
Attn: Scott Bessent, Acting Commissioner
1111 Constitution Avenue, NW
Washington, DC. 20224

United States Department of the Treasury
Attn: Office of the General Counsel
1500 Pennsylvania Avenue, NW
Washington, DC 20220

National Aeronautical and Space Administration (NASA)
Attn: Office of the General Counsel
300 E Street SW, Suite 0V30
Washington, DC 20546

NASA Marshall Space Flight Center (MSFC)
Attn: Rae Meyer, Center Director and the Office of the General
Counsel
Mail Code LS0l
Huntsville, AL 35812

John K. White
3700 GovernorsDrive NW, Unit 213
Huntsville, AL 35805-3561

Paula DeCaesaris
2890 High Mountain Road, NE
Huntsville, AL 35811

Larry Mack
143 Fernbridge Blvd.
Madison, AL 35758-7556

Pamela Bourque

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.                31

155 Intercostal Dr.
Madison, AL 35758-9425

Phillip Jeff Morton
1260 Balch Road, Apt. 3202
Madison, AL 35757-6396

Paul R. Sullivan
2211 Cedar Cove Ct.
Reston, VA 20191-4108

Wendell Scott Stewart
244 Rosecliff Drive
Harvest, AL 35749

Stanley Rhodes
133 Vaughnwood Trace
Huntsville, AL 35806-4085

Sherry Huddleston
136 Jay Crawford Rd.
Baileyton, AL 35019

Dwight Mosby
26 Wax Lane SW
Huntsville, AL 35824

Kristin Pollard Kiel
19 America Way SW
Huntsville, AL 35824

Lisa Bates
101 Woodley Road
Madison, AL 35758

Hon. Ruth Ann Hall
100 Northside Square

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

32

Huntsville, Al 35801

Hon. Liles C. Burke
660 Gallatin Street
Huntsville, AL 35801

Hon. R. David Proctor
1729 5th Avenue North
Birmingham, AL 35203

Merit Systems Protection Board, Headquarters
1615 M Street, NW
Washington, D.C. 20419

Hon. Joel T. Alexander
Atlanta Regional Office
401 W. Peachtree St., NW, 10th Floor
Atlanta, GA 30308-3519

Hon. Christopher G. Sprague.
Atlanta Regional Office
401 W. Peachtree St., NW, 10th Floor
Atlanta, GA 30308-3519

Ann Allen
NASA Headquarters
Office of Equal Opportunity
300 E Street, SW
Washington, DC 20546

Joseph John Pelfrey
104 Brac Circle SW
Huntsville AL 35824

*/s/Kimberly A. Ford*

Filed and preserved under the Doctrine of Cy-près and the ministerial mandates of FRCP 5 and ARCP 5 for the continuing equitable record of the Brackins El Private Estate Trust. Filed and lodged by the Office of the Beneficiary in private-trust capacity. Silence of noticed fiduciaries constitutes continuing breach; Trust silence is not consent. Equity perfected; jurisdiction in conscience only.

**EXHIBITS**

From: cmecf_ALND@alnd.uscourts.gov
Subject: Activity in Case 5:25-cv-00581-LCB El v. Stewart et al Order
Date: August 5, 2025 at 4:44 PM
To: ecfAdmin@alnd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Northern District of Alabama

## Notice of Electronic Filing

The following transaction was entered on 8/5/2025 at 4:42 PM CDT and filed on 8/5/2025
**Case Name:**          El v. Stewart et al
**Case Number:**        5:25-cv-00581-LCB
**Filer:**
**Document Number:** 31

**Docket Text:**
**ORDER: The Court has found that the motion to dismiss was due to be granted for lack of subject matter jurisdiction, this case is DISMISSED WITHOUT PREJUDICE, and the Clerk is ORDERED to close the case. Signed by Judge Liles C Burke on 8/5/2025. (AHI)**

**5:25-cv-00581-LCB Notice has been electronically mailed to:**

Darren Walker , Jr    darren.walker@usdoj.gov

Kimberly Adina Ford    kimberly@fordumas.com

**5:25-cv-00581-LCB Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=8/5/2025] [FileNumber=6216847-0] [2d6990b353afda0894e6ae414de050b9f7ba0e2ec210a29a0f20ce714e13ea7fe6e0 65fd8f4754f9f7ea56ad01e22ac790b9fd56ae34386dfa56a614b61cec96]]

<span style="color:red">Exhibit A</span>

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Appearance of Counsel Form

**Attorneys who wish to participate in an appeal must be properly admitted either to the bar of this court or for the particular proceeding pursuant to 11th Cir. R. 46-1, et seq.** An attorney not yet properly admitted must file an appropriate application. In addition, all attorneys (except court-appointed counsel) who wish to participate in an appeal must file an appearance form within fourteen (14) days after notice is mailed by the clerk, or upon filing a motion or brief, whichever occurs first. Application forms and appearance forms are available at www.ca11.uscourts.gov.

**Please Type or Print**

Court of Appeals No. 26-10250-G

In re Brackins El Private Estate Trust            vs.     Liles C. Burke

The Clerk will enter my appearance for these named parties or amici curiae (you must list all parties or amici; use extra pages if necessary):

Kimberly A. Ford, fiduciary counsel and TTEE for the Brackins El Private Estate Trust

These individuals/entities are:

| | | |
|---|---|---|
| ☐ appellant(s) | ☑ petitioner(s) | ☐ intervenor(s) |
| ☐ appellee(s) | ☐ respondent(s) | ☐ amicus curiae |

☑ The following related or similar cases are pending in this court:

26-10607-B; 5:25-cv-01568 (and consolidated cases); 5;26-cv-00167; 5:26-cv-00205; 5:26-cv

☑ Check here if you are lead counsel.

I hereby certify that I am an active member in good standing of the state bar or the bar of the highest court of the state (including the District of Columbia) named below, and that my license to practice law in the named state is not currently lapsed for any reason, including but not limited to retirement, placement in inactive status, failure to pay bar membership fees or failure to complete continuing education requirements. I understand that I am required to notify the Clerk of this court within 14 days of any changes in the status of my state bar memberships. *See* 11th Cir. R. 46-7.

State Bar: ASB-4139-R80F            State Bar No.: _____

Signature: *Kimberly A. Ford*

Name (type or print): Kimberly A. Ford            Phone: _____

Firm/Govt. Office: _____            E-mail: _____

Street Address: 470 Providence Main, Suite 302C            Fax: 1-800-408-1501

City: Huntsville            State: AL            Zip: 35806

Revised 12/21

**IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
PHILADELPHIA PA  19255-0023

001912.71825S.101178.31973 1 MB 0.672 532

BRACKINS EL PRIVATE ESTATE TRUST- R
 ESTORATION ESCROW ACCOUNT
KIMBERLY A FORD TTEE
6675 COUNTY ROAD 203
DANVILLE  AL  35619

001912

Date of this notice:  11-12-2025

Employer Identification Number:
███████705

Form:  SS-4

Number of this notice:  CP 575 D

For assistance you may call us at
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB OF THIS NOTICE.

WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN).  We assigned you
EIN ███████05.  This EIN will identify your estate or trust.  If you are not the
applicant, please contact the individual who is handling the estate or trust for you.
Please keep this notice in your permanent records.

Taxpayers request an EIN for their business.  Some taxpayers receive CP575 notices
when another person has stolen their identity and are opening a business using their
information.  If you did not apply for this EIN, please visit, www.irs.gov/
einnotrequested.

When filing tax documents, making payments, or replying to any related correspondence,
it is very important that you use your EIN and complete name and address exactly as
shown above.  Any variation may cause a delay in processing, result in incorrect
information in your account, or even cause you to be assigned more than one EIN.  If
the information is not correct as shown above, please make the correction using the
attached tear-off stub and return it to us.

Based on the information received from you or your representative, you must file the
following forms by the dates shown.

                    Form 1041                      11/06/2025

If you have questions about the forms or the due dates shown, you can call us at the
phone number or write to us at the address shown at the top of this notice.  If you
need help in determining your annual accounting period (tax year), see Publication
538, Accounting Periods and Methods.

We assigned you a tax classification (corporation, partnership, estate, trust, EPMF,
etc.) based on information obtained from you or your representative.  It is not a
legal determination of your tax classification and is not binding on the IRS.  If you
want a legal determination of your tax classification, you may request a private
letter ruling from the IRS under the guidelines in Revenue Procedure 2020-1, 2020-1
I.R.B. 1 (or superseding Revenue Procedure for the year at issue).  Note: Certain tax
classification elections can be requested by filing Form 8832, Entity Classification
Election.  See Form 8832 and its instructions for additional information.

(IRS USE ONLY)    575D                      11-12-2025  BRAC  B  0509907037  SS-4

IMPORTANT REMINDERS:

&ast; Keep a copy of this notice in your permanent records.  This notice is issued
  only one time and IRS will not be able to generate a duplicate copy for you.
  You may give a copy of this document to anyone asking for proof of your EIN.

&ast; Use this EIN and your name exactly as they appear at the top of this notice
  on all your federal tax forms.

&ast; Refer to this EIN on your tax-related correspondence and documents.

&ast; Provide future officers of your organization with a copy of this notice.

Your name control associated with this EIN is BRAC.  You will need to provide this
information, along with your EIN, if you file your returns electronically.

Safeguard your EIN by referring to Publication 4557, Safeguarding Taxpayer Data:
A Guide for Your Business.

You can get any of the forms or publications mentioned in this letter by visiting our
website at www.irs.gov/forms-pubs or by calling 800-TAX-FORM (800-829-3676).

If you have questions about your EIN, you can contact us at the phone number or
address listed at the top of this notice.  If you write, please tear off the stub at
the bottom of this notice and include it with your letter.  If you do not need to
write us, do not complete, and return this stub.

Thank you for your cooperation.

(IRS USE ONLY)      575D                      11-12-2025   BRAC   B   0509907037   SS-4



001912

Keep this part for your records.        CP 575 D (Rev. 1-2022)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Return this part with any correspondence                                CP 575 D
so we may identify your account.  Please
correct any errors in your name or address.                         0509907037


Your Telephone Number   Best Time to Call   DATE OF THIS NOTICE:  11-12-2025
(    )       -                              EMPLOYER IDENTIFICATION NUMBER: 705
                                            FORM:  SS-4                    NOBOD

                                            BRACKINS EL PRIVATE ESTATE TRUST- (
                                             ESTORATION ESCROW ACCOUNT
                                            KIMBERLY A FORD TTEE
                                            6675 COUNTY ROAD 203
INTERNAL REVENUE SERVICE                    DANVILLE  AL   35619
PHILADELPHIA  PA   19255-0023

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| BRACKINS EL PRIVATE ESTATE,<br><br>    Plaintiff,<br><br>v.<br><br>CRAIG WHITE, *et al.*,<br><br>    Defendants. | Case No.: 5:25-cv-1568-LCB |
| BRACKINS EL PRIVATE ESTATE TRUST,<br><br>    Plaintiff,<br><br>v.<br><br>PAMELA BONDI, *et al.*,<br><br>    Defendants. | Case No.: 5:25-cv-1600-LCB |
| BRACKINS EL PRIVATE ESTATE TRUST,<br><br>    Plaintiff,<br><br>v.<br><br>LARRY K. MACK, *et al.*,<br><br>    Defendants. | Case No.: 5:25-cv-1607-LCB |
| BRACKINS EL PRIVATE ESTATE, TRUST<br><br>    Plaintiff,<br><br>v.<br><br>ALEX MCKENZIE LAGANKE,<br><br>    Defendant. | Case No.: 5:25-cv-1685-LCB |

**EXHIBIT B**

## ORDER

In January of 2026, the Court disbarred attorney Kimberly Ford from practice in the Northern District of Alabama and ordered her to certify within ten days that she had provided a copy of the disbarment order to her clients, opposing counsel, and the judge presiding over the matter in every pending state or federal case in which she was counsel of record. She did not. She was therefore held in contempt of court and remanded to the custody of the U.S. Marshals until she purged herself of that contempt.

Then in early February, Ford, despite her disbarment, filed new pleadings on behalf of a client in the Northern District of Alabama. The Court struck her pleadings and expressly ordered her to stop filing any more papers on behalf of others in the District. But here we go again: in direct contradiction of that order, Ford has filed new pleadings, new motions, and other papers as attorney of record for two clients in the Northern District.

The Court therefore **ORDERS** Kimberly Ford to show cause why she should not be held in criminal contempt for violating a lawful court order; requests that her contempt be prosecuted by the U.S. Attorney for the Northern District of Alabama; and sets this matter for trial.

## I.    BACKGROUND

On January 23, 2026, the Court disbarred attorney Kimberly Ford from practice in the U.S. District Court for the Northern District of Alabama, finding that her "thoroughgoing contempt and entrenched pattern of misconduct" had amply "demonstrate[d] her unfitness to practice in this district." (Doc. 37 at 54). Specifically, Ford was publicly reprimanded and disbarred for her intentional, bad-faith threats and harassment toward opposing counsel, her knowing equivocations with the Court, her abuses of the judicial process and frivolous advocacy, and her willful violations of Court orders. *Id.* at 2

Notwithstanding this disbarment, Ford filed a new complaint in the District nine days later on behalf of Randy Brackins El. *Brackins El v. Bates*, 5:26-cv-167-LCB (N.D. Ala. Feb. 1, 2026), ECF No. 1. The Court struck the complaint and dismissed the case without prejudice, because a person not barred in the Northern District may only represent themself if they are not otherwise represented by an attorney. *Bates*, 5:26-167-LCB, ECF No. 2 at 1–2 (quoting N.D. ALA. L.R. 83.1(d), (j)).

But the day after the complaint was stricken and the case dismissed, Ford filed an "Emergency Motion to Vacate Void Dismissal and Restore Original Action" on behalf of Brackins El. *Bates*, 5:26-cv-167-LCB, ECF No. 3. The Court struck this filing too, explaining once again that "Ford is prohibited from filing anything in this

court . . . on anyone's behalf but her own[,] because last month she was disbarred from practice in the Northern District of Alabama." *Bates*, 5:26-cv-167-LCB, ECF No. 4. at 1.

Then on February 9, Ford filed a new case on Brackins El's behalf with the same recently stricken complaint along with four additional papers: a motion for the Court's disqualification and recusal, two filings in support of that motion, and a motion for judgment as a matter of law. *Brackins El v. Bates, et al.*, 5:26-cv-205-LCB (N.D. Ala. Feb. 9, 2026), ECF Nos. 1, 2, 3, 4 & 5. The Court struck each one of these for the same reason it had stricken the complaint the week before: Ford was "prohibited from practicing law in the district." *Bates*, 5:26-cv-205-LCB, ECF No. 6 at 2. In striking the complaint this time, however, the Court rebuked Ford for continuing to practice law, and, to make sure that she fully "grasp[ed] the meaning of disbarment," it ordered her to "cease filing anything on behalf of others in the Northern District of Alabama." *Id.* The order carried a warning that if she filed "anything further in this district on anyone's behalf but her own," she could be held in contempt of court. *Id.*

Notwithstanding this warning, Ford has since filed two new cases on behalf of others in the Northern District of Alabama. The first reintroduces the twice-stricken complaint on behalf of Randy Brackins El, *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), while the second petitions the Court for habeas

4

relief under 28 U.S.C. § 2254 on behalf of Timothy Van Anderson, *Van Anderson v. Sanders*, 3:26-cv-258-LCB-NAD (N.D. Ala. Feb. 16, 2026).

In the third iteration of the *Bates* case, Ford has also filed the following pleadings, motions, and other papers: a supplemental motion for judicial disqualification and recusal; a consolidated motion to compel agency action under 5 U.S.C. § 706(1) and notice of MSPB delay; a motion for judgment as a matter of law; a first amended complaint; a supplemental notice of re-filed exhibits and incorporation into amended complaint; a supplemental ex-parte notice of trust interference; a supplemental notice of newly filed state supreme court records in support of pending motion for judgment as a matter of law; Plaintiff's corrected and strengthened supplemental notice of authorities and newly filed state supreme court records in further support of pending motion for judgment as a matter of law; Plaintiff's corrected supplemental notice of filing, motion to enforce federal EEOC settlement agreement, motion for summary judgment on statutory timing violation, Loudermill due process violation, and whistleblower retaliation prima facie case, and motion for recusal pursuant to 28 U.S.C. § 455(a); and motion under Federal Rule of Civil Procedure 60(b) to Vacate order of dismissal. *Bates*, 5:26-cv-256-LCB, ECF Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 & 14.

In the habeas case, Ford has also filed a motion under Federal Rule of Civil Procedure 60(b) to vacate order of dismissal. *Van Anderson*, 3:26-cv-258-LCB-NAD, ECF No. 3.

## II.   LEGAL STANDARDS

Title 18 U.S.C § 401 empowers a federal district court to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Where the nature of such contempt is criminal, the court may punish "any person . . . for that contempt after prosecution on notice." FED. R. CRIM. P. 42(a).

Notice to a person threatened with criminal contempt "must (A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) state the essential facts constituting the charged criminal contempt and describe it as such." *Id.* at (a)(1). In such cases, the court must also "request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt." *Id.* at (a)(2).

Criminal contempt is neither a felony nor a misdemeanor but a *sui generis* offense. *United States v. Cohn*, 586 F.3d 844, 848-49 (11th Cir. 2009). If the

maximum sentence is limited to six months imprisonment or a fine of $5,000, the matter may be prosecuted as a petty offense and tried without a jury. *See Taylor v. Hayes*, 418 U.S. 488, 495 (1974) (holding that contempt may be charged as a petty offense and tried without a jury); 18 U.S.C. § 19 (defining petty offenses); and 18 U.S.C. § 3571(b)(6) (limiting fines for petty offenses to $5,000).

## III.   DISCUSSION

The Court could not have put the matter more plainly: Ford may not practice law in the Northern District of Alabama. When Ford tried to do so anyway, the Court was patient; it struck her unlawful filings and gently reminded her that disbarment means—well, disbarment. But Ford kept filing things anyway and was then expressly ordered to cease filing anything on behalf of others in this District.

Following that express order, Ford then filed a total of fifteen documents on behalf of others in this District, and because she has continued to file documents on behalf of others in the Northern District of Alabama, the Court finds probable cause to believe she has willfully violated a lawful order of the Court. *Bates*, 5:26-cv-205-LCB, ECF No. 6. Ford has been warned many times of the consequences of filing without legal authority, and this Court therefore initiates these criminal contempt proceedings against her.

## IV. CONCLUSION

In accordance with Rule 42 of the Federal Rules of Criminal Procedure, the Court therefore **ORDERS** as follows:

1.      Because she has filed the following documents, the Court finds probable cause to believe that Ford has violated a lawful court order that she cease filing documents on behalf of others in the Northern District of Alabama, *Bates*, 5:26-cv-205-LCB, ECF No. 6:

- *Van Anderson v. Sanders*, 3:26-cv-258-LCB-NAD (N.D. Ala. Feb. 13, 2026), ECF No. 1;

- *Van Anderson v. Sanders*, 3:26-cv-258-LCB-NAD (N.D. Ala. Feb. 13, 2026), ECF No. 3

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 1;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 2;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 3;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 4;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 5;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 6;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 7;

8

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 8;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 9;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 10;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 11;

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 12; and

- *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. Feb. 13, 2026), ECF No. 14.

2. The Court **SETS** this matter for a bench trial on **March 30, 2026, at 9:00 a.m.** in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Ford must show cause why she should not be held in criminal contempt under 18 U.S.C § 401 for disobedience of a lawful court order.

3. The Court requests that the United States prosecute this matter as a petty offense. If Ford is held in criminal contempt, she may thus face up to six months imprisonment, a fine of up to $5,000.00, or both for each willful violation of the Court's order. During the prosecution of this matter, Ford is entitled to the protections normally afforded a criminal defendant charged with a petty offense, including the right to representation of counsel, the

presumption of innocence, the privilege against self-incrimination, the opportunity to testify on her behalf, the right to cross-examine and call witnesses, and the right to proof beyond a reasonable doubt. *See Hicks v. Feiock*, 485 U.S. 624, 631-32 (1988) (criminal penalties for contempt may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings).

4.     The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States.

5.     The Clerk of Court is **DIRECTED** to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama.

6.     The United States Marshals Service is directed to serve a copy of this order on Ford.

**DONE** and **ORDERED** this February 26, 2026.

LILES C. BURKE
UNITED STATES DISTRICT JUDGE

Case 5:26-cv-00457-ECM-KFP    Document 1-6    Filed 03/18/26    Page 115 of 133
Case 5:25-cv-01568-LCB    Document 46    Filed 02/27/26    Page 1 of 7
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 59 of 107

FILED
2026 Feb-27 PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **BRACKINS EL PRIVATE ESTATE,**<br><br>    Plaintiff,<br><br>v.<br><br>**CRAIG WHITE,** *et al.*,<br><br>    Defendants. | **Case No.: 5:25-cv-1568-LCB** |
| **BRACKINS EL PRIVATE ESTATE TRUST,**<br><br>    Plaintiff,<br><br>v.<br><br>**PAMELA BONDI,** *et al.*,<br><br>    Defendants. | **Case No.: 5:25-cv-1600-LCB** |
| **BRACKINS EL PRIVATE ESTATE TRUST,**<br><br>    Plaintiff,<br><br>v.<br><br>**LARRY K. MACK,** *et al.*,<br><br>    Defendants. | **Case No.: 5:25-cv-1607-LCB** |
| **BRACKINS EL PRIVATE ESTATE, TRUST**<br><br>    Plaintiff,<br><br>v.<br><br>**ALEX MCKENZIE LAGANKE,**<br><br>    Defendant. | **Case No.: 5:25-cv-1685-LCB** |

Case 5:26-cv-00457-ECM-KFP    Document 1-6    Filed 03/18/26    Page 116 of 133
Case 5:25-cv-01568-LCB    Document 46    Filed 02/27/26    Page 2 of 7
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 60 of 107

## ORDER

In February of 2026, the Court permanently enjoined Randy Brackins El—as well as trusts in his name, and all variations thereof—from commencing new lawsuits in any federal court against any person or entity without first obtaining that court's leave or hiring an attorney to represent him who is licensed to practice in the jurisdiction. (Doc. 44). Following this injunction, Brackins El filed a new case in the U.S. District Court for the Northern District of Alabama without first obtaining the Court's leave or hiring an attorney licensed to practice in the District. *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. February 13, 2026). The Court therefore **ORDERS** Randy Brackins El to show-cause why he should not be held in criminal contempt for violating a lawful court order; requests that his contempt be prosecuted by the U.S. Attorney for the Northern District of Alabama; and sets this matter for trial.

## I.    BACKGROUND

Over the past 18 months, Randy Brackins El has filed eight lawsuits, either in his own name or as the beneficiary of a putative trust, arising from an employment dispute with the National Aeronautics and Space Administration's George C. Marshall Space Flight Center. *Brackins El v. Nelson*, 5:24-cv-1244-LCB (N.D. Ala. Sept. 11, 2024); *Brackins El v. Stewart*, 5:25-cv-581-LCB (N.D. Apr. 17, 2025); *Brackins El Private Estate v. White*, 5:25-cv-1568-LCB (N.D. Ala. Sept. 12, 2025);

2

Case 5:26-cv-00457-ECM-KFP   Document 1-6   Filed 03/18/26   Page 117 of 133
Case 5:25-cv-01568-LCB   Document 46   Filed 02/27/26   Page 3 of 7
USCA11 Case: 26-10250   Document: 10   Date Filed: 03/06/2026   Page: 61 of 107

*Brackins El Private Estate Trust v. Bondi*, 5:25-cv-1600-LCB (N.D. Ala. Sept. 18, 2025); *Brackins El Private Estate Trust v. Mack*, 5:25-cv-1607-LCB (N.D. Ala. Sept. 19, 2025); *Brackins El v. Bates*, 5:26-cv-167-LCB (N.D. Ala. Feb. 1, 2026); *Brackins El v. Bates*, 5:26-cv-205-LCB (N.D. Ala. Feb. 9, 2026); *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Fed. 13, 2026). All have been stricken has frivolous.

On February 11, 2026, the Court declared Mr. Brackins El a vexatious litigant under 28 U.S.C. § 1651(a) and permanently enjoined him from filing new lawsuits in various federal and state fora without that forum's pre-filing approval. (Doc. 44). As part of that injunction, the Court ordered the following:

> Brackins El—as well as all trusts in his name, and all other variations thereof—is permanently enjoined from commencing new lawsuits in any federal court, agency, tribunal, committee, or other forum against any person or entity, or from serving any person or entity with any paper purporting to initiate any lawsuit, action, proceeding, or matter, without first obtaining leave of that court, agency, tribunal, committee, or other forum.
>
> Brackins El, or any person or entity acting for him or at his behest, must attach a copy of this order in every case in which he seeks leave to initiate a new lawsuit in any federal court, agency, tribunal, committee, or other forum.

*Id.* at 4–5.

Two days later, Brackins El filed his eighth lawsuit, *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13 2026). Brackins El did not obtain the Court's

3

Case 5:26-cv-00457-ECM-KFP   Document 1-6   Filed 03/18/26   Page 118 of 133
Case 5:25-cv-01568-LCB   Document 46   Filed 02/27/26   Page 4 of 7
USCA11 Case: 26-10250   Document: 10   Date Filed: 03/06/2026   Page: 62 of 107

leave before initiating this lawsuit or hire an attorney to represent him who is licensed to practice in the District.

## II.   LEGAL STANDARDS

Title 18 U.S.C § 401 empowers a federal district court to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Where the nature of such contempt is criminal, the court may punish "any person . . . for that contempt after prosecution on notice." FED. R. CRIM. P. 42(a).

Notice to a person threatened with criminal contempt "must (A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) state the essential facts constituting the charged criminal contempt and describe it as such." *Id.* at (a)(1). In such cases, the court must also "request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt." *Id.* at (a)(2).

Criminal contempt is neither a felony nor a misdemeanor but a *sui generis* offense. *United States v. Cohn*, 586 F.3d 844, 848-49 (11th Cir. 2009). If the maximum sentence is limited to six months imprisonment or a fine of $5,000, the

Case 5:26-cv-00457-ECM-KFP   Document 1-6   Filed 03/18/26   Page 119 of 133
Case 5:25-cv-01568-LCB   Document 46   Filed 02/27/26   Page 5 of 7
USCA11 Case: 26-10250   Document: 10   Date Filed: 03/06/2026   Page: 63 of 107

matter may be prosecuted as a petty offense and tried without a jury. *See Taylor v. Hayes*, 418 U.S. 488, 495 (1974) (holding that contempt may be charged as a petty offense and tried without a jury); 18 U.S.C. § 19 (defining petty offenses); and 18 U.S.C. § 3571(b)(6) (limiting fines for petty offenses to $5,000).

## III.   DISCUSSION

Brackins El was expressly prohibited from filing new lawsuits in federal court unless he either (1) sought and secured the court's pre-filing approval, or (2) hired an attorney to represent him who is licensed to practice in the court. (Doc. 44). Here, he did neither; and, in direct contravention of that order, Brackins El has filed a new lawsuit in the United States District Court for the Northern District of Alabama through an attorney who is barred from practicing in the District. *See Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026). Bec ause Brackins El filed a new lawsuit following the Court's anti-filing injunction without pre-filing approval or a licensed attorney, the Court finds probable cause to believe that he has willfully violated a lawful order of the Court, (doc. 44). The Court therefore initiates these criminal contempt proceedings against him.

## IV.   CONCLUSION

In accordance with Rule 42 of the Federal Rules of Criminal Procedure, the Court therefore **ORDERS** as follows:

Case 5:26-cv-00457-ECM-KFP    Document 16    Filed 03/18/26    Page 120 of 133
Case 5:25-cv-01568-LCB    Document 46    Filed 02/27/26    Page 6 of 7
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 64 of 107

1.    By filing the following document, Ford has violated a lawful court order that he seek the Court's pre-filing approval or hire an attorney licensed to practice in the District before filing a new matter in the United States District Court for the Northern District of Alabama, (doc. 44):

- *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13 2026).

2.    The Court **SETS** this matter for a bench trial on **March 31, 2026 at 9:00 a.m.** in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Brackins El must show cause why he should not be held in criminal contempt under 18 U.S.C § 401 for disobedience of a lawful court order.

3.    The Court requests that the United States prosecute this matter as a petty offense. If he is held in criminal contempt, Brackins El may thus face up to six months imprisonment, a fine of up to $5,000.00, or both for each willful violation of the Court's order. During the prosecution of this matter, Brackins El is entitled to the protections normally accorded a criminal defendant charged with a petty offense, including the right to representation of counsel, the presumption of innocence, the privilege against self-incrimination, the opportunity to testify on his behalf, the right to cross-examine and call witnesses, and the right to proof beyond a reasonable doubt. *See Hicks v. Feiock*, 485 U.S. 624, 631–32 (1988) (criminal penalties for contempt may

6

Case 5:26-cv-00457-ECM-KFP   Document 1-6   Filed 03/18/26   Page 121 of 133
Case 5:25-cv-01568-LCB   Document 46   Filed 02/27/26   Page 7 of 7
USCA11 Case: 26-10250   Document: 10   Date Filed: 03/06/2026   Page: 65 of 107

not be imposed on someone who has not been accorded the protections that the Constitution requires of such criminal proceedings).

4.      The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States.

5.      The Clerk of Court is **DIRECTED** to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama.

6.      The United States Marshals Service is **DIRECTED** to serve a copy of this order on Randy Brackins El.

**DONE** and **ORDERED** this February 27, 2026.

_____

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

FILED

2026 Mar-02  AM 10:1
U.S. DISTRICT COUR'
N.D. OF ALABAM

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| BRACKINS EL PRIVATE ESTATE,<br><br>        Plaintiff,<br><br>v.<br><br>CRAIG WHITE, *et al.*,<br><br>        Defendants. | Case No.: 5:25-cv-1568-LCB |
| BRACKINS EL PRIVATE ESTATE TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>PAMELA BONDI, *et al.*,<br><br>        Defendants. | Case No.: 5:25-cv-1600-LCB |
| BRACKINS EL PRIVATE ESTATE TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>LARRY K. MACK, *et al.*,<br><br>        Defendants. | Case No.: 5:25-cv-1607-LCB |
| BRACKINS EL PRIVATE ESTATE, TRUST<br><br>        Plaintiff,<br><br>v.<br><br>ALEX MCKENZIE LAGANKE,<br><br>        Defendant. | Case No.: 5:25-cv-1685-LCB |

## AMENDED ORDER

In February of 2026, the Court permanently enjoined Randy Brackins El—as well as all trusts in his name, and all variations thereof—from commencing new lawsuits in any federal court against any person or entity without first obtaining that court's leave or hiring an attorney to represent him who is licensed to practice in the jurisdiction. (Doc. 44). Following this injunction, Brackins El filed a new case in the U.S. District Court for the Northern District of Alabama without first obtaining the Court's leave or hiring an attorney licensed to practice in the District. *Brackins El v. Bates*, 5:26-cv-256-LCB (N.D. Ala. February 13, 2026). The Court therefore **ORDERS** Randy Brackins El to show-cause why he should not be held in criminal contempt for violating a lawful court order; requests that his contempt be prosecuted by the U.S. Attorney for the Northern District of Alabama; and sets this matter for trial.

### I.    BACKGROUND

Over the past 18 months, Randy Brackins El has filed eight lawsuits, either in his own name or as the beneficiary of a putative trust, arising from an employment dispute with the National Aeronautics and Space Administration's George C. Marshall Space Flight Center. *Brackins El v. Nelson*, 5:24-cv-1244-LCB (N.D. Ala. Sept. 11, 2024); *Brackins El v. Stewart*, 5:25-cv-581-LCB (N.D. Apr. 17, 2025); *Brackins El Private Estate v. White*, 5:25-cv-1568-LCB (N.D. Ala. Sept. 12, 2025);

USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 67 of 107

DOCUMENT 5

*Brackins El Private Estate Trust v. Bondi*, 5:25-cv-1600-LCB (N.D. Ala. Sept. 18, 2025); *Brackins El Private Estate Trust v. Mack*, 5:25-cv-1607-LCB (N.D. Ala. Sept. 19, 2025); *Brackins El v. Bates*, 5:26-cv-167-LCB (N.D. Ala. Feb. 1, 2026); *Brackins El v. Bates*, 5:26-cv-205-LCB (N.D. Ala. Feb. 9, 2026); *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Fed. 13, 2026). All have been stricken has frivolous.

On February 11, 2026, the Court declared Mr. Brackins El a vexatious litigant under 28 U.S.C. § 1651(a) and permanently enjoined him from filing new lawsuits in various federal and state fora without that forum's pre-filing approval or hiring an attorney licensed to practice in the forum to represent him. (Doc. 44). As part of that injunction, the Court ordered the following:

> 2. Brackins El—as well as all trusts in his name, and all other variations thereof—is permanently enjoined from commencing new lawsuits in any federal court, agency, tribunal, committee, or other forum against any person or entity, or from serving any person or entity with any paper purporting to initiate any lawsuit, action, proceeding, or matter, without first obtaining leave of that court, agency, tribunal, committee, or other forum.
>
> 3. Brackins El, or any person or entity acting for him or at his behest, must attach a copy of this order in every case in which he seeks leave to initiate a new lawsuit in any federal court, agency, tribunal, committee, or other forum.
>
> . . .
>
> 9. Nothing in this order shall be construed to prohibit Brackins El or anyone acting on his behalf from retaining

3

USCA11 Case: 26-10250   Document: 10   Date Filed: 03/06/2026   Page: 68 of 107

DOCUMENT 5

> a licensed attorney to represent him in any cause of action in any legal forum. The terms of this injunction do not apply to any attorney that Brackins El should retain to represent him in any forum in which the attorney is a member in good standing and eligible to practice law.

*Id.* at 4–7.

Two days later, Brackins El filed his eighth lawsuit, *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026). Brackins El did not obtain the Court's leave before initiating this lawsuit or hire an attorney to represent him who is licensed to practice in the District.

## II.   LEGAL STANDARDS

Title 18 U.S.C § 401 empowers a federal district court to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Where the nature of such contempt is criminal, the court may punish "any person . . . for that contempt after prosecution on notice." FED. R. CRIM. P. 42(a).

Notice to a person threatened with criminal contempt "must (A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) state the essential facts constituting the charged criminal contempt and describe it as such." *Id.* at (a)(1). In such cases, the court must also "request that the contempt be prosecuted by an attorney for the government, unless the interest of

4

justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt." *Id.* at (a)(2).

Criminal contempt is neither a felony nor a misdemeanor but a *sui generis* offense. *United States v. Cohn*, 586 F.3d 844, 848–49 (11th Cir. 2009). If the maximum sentence is limited to six months imprisonment or a fine of $5,000, the matter may be prosecuted as a petty offense and tried without a jury. *See Taylor v. Hayes*, 418 U.S. 488, 495 (1974) (holding that contempt may be charged as a petty offense and tried without a jury); 18 U.S.C. § 19 (defining petty offenses); and 18 U.S.C. § 3571(b)(6) (limiting fines for petty offenses to $5,000).

## III. DISCUSSION

Brackins El was expressly prohibited from filing new lawsuits in federal court unless he either (1) sought and secured the court's pre-filing approval, or (2) hired an attorney to represent him who is licensed to practice in the court. (Doc. 44). Here, he did neither; and, in direct contravention of that order, Brackins El has filed a new lawsuit in the United States District Court for the Northern District of Alabama through an attorney who is barred from practicing in the District. *See Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026). Because Brackins El filed a new lawsuit following the Court's anti-filing injunction without pre-filing approval or a licensed attorney, the Court finds probable cause to believe that he has willfully

5

USCA11 Case: 26-10250  Document: 10  Date Filed: 03/06/2026  Page: 70 of 107

DOCUMENT 5

violated a lawful order of the Court, (doc. 44). The Court therefore initiates these criminal contempt proceedings against him.

## IV.  CONCLUSION

In accordance with Rule 42 of the Federal Rules of Criminal Procedure, the Court therefore **ORDERS** as follows:

1.  By filing the following document, Brackins El has violated a lawful court order that he seek the Court's pre-filing approval or hire an attorney licensed to practice in the District before filing a new matter in the United States District Court for the Northern District of Alabama, (doc. 44):

- *Brackins El v. Bates*, 5:25-cv-256-LCB (N.D. Ala. Feb. 13, 2026).

2.  The Court **SETS** this matter for a bench trial on **March 31, 2026, at 9:00 a.m.** in Courtroom II of the United States Courthouse at 660 Gallatin Street, SW in Huntsville, Alabama. At trial, Brackins El must show cause why he should not be held in criminal contempt under 18 U.S.C § 401 for disobedience of a lawful court order.

3.  The Court requests that the United States prosecute this matter as a petty offense. If he is held in criminal contempt, Brackins El may thus face up to six months imprisonment, a fine of up to $5,000.00, or both for each willful violation of the Court's order. During the prosecution of this matter, Brackins El is entitled to the protections normally accorded a criminal defendant

6

DOCUMENT 5

charged with a petty offense, including the right to representation of counsel, the presumption of innocence, the privilege against self-incrimination, the opportunity to testify on his behalf, the right to cross-examine and call witnesses, and the right to proof beyond a reasonable doubt. *See Hicks v. Feiock*, 485 U.S. 624, 631–32 (1988) (criminal penalties for contempt may not be imposed on someone who has not been accorded the protections that the Constitution requires of such criminal proceedings).

4.      The Court refers this matter to the Office of the U.S. Attorney for the Northern District of Alabama for the appointment of an attorney to prosecute this matter on behalf of the United States.

5.      The Clerk of Court is **DIRECTED** to serve this matter on the Office of the U.S. Attorney for the Northern District of Alabama.

6.      The United States Marshals Service is **DIRECTED** to serve a copy of this order on Randy Brackins El.

7.      This amended order **SUPERSEDES** the orders entered February 27, 2026 (docs. 46 & 47), which contained a scrivener's error.

**DONE** and **ORDERED** this March 2, 2026.

LILES C. BURKE
UNITED STATES DISTRICT JUDGE

7

| Form **2848**<br>(Rev. January 2021)<br>Department of the Treasury<br>Internal Revenue Service | **Power of Attorney**<br>**and Declaration of Representative**<br>▶ Go to www.irs.gov/Form2848 for instructions and the latest information. | OMB No. 1545-0150<br>For IRS Use Only<br>Received by:<br>Name _____<br>Telephone _____<br>Function _____<br>Date  /  / |
|---|---|---|

**Part I    Power of Attorney**

Caution: A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

**1    Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address | Taxpayer identification number(s) |
|---|---|
| Brackins El Private Estate Trust, Restoration Escrow Account<br>6875 Co. Road 203, Danville, AL 35619 | ▮▮▮▮705 |
| | Daytime telephone number: (256) 886-6240    Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact

**2    Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Kimberly A. Ford, Esq. Fordumas LLC<br>470 Providence Main, Ste. 302c<br>Huntsville, AL 35806<br>Check if to be sent copies of notices and communications ☑ | CAF No. _____<br>PTIN _____<br>Telephone No. (256) 886-6240<br>Fax No. 1-800-408-1501<br>Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |
| Name and address<br><br>Check if to be sent copies of notices and communications ☐ | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____<br>Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |
| Name and address<br><br>(Note: IRS sends notices and communications to only two representatives.) | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____<br>Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |
| Name and address<br><br>(Note: IRS sends notices and communications to only two representatives.) | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____<br>Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3    Acts authorized** (you are required to complete line 3). Except for the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return). **W9 updates**

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions) |
|---|---|---|
| Information Returns and Payer File updates | 1099 Series | 12-31-23, 12-31-24, 12-31-25, 12-31-26 |
| EIN Assignment and Account Records | SS-4, CP-575, CP-148A | 2024, 2025 |
| Civil Penalties related to Information Returns | Civil Penalty | 12-31-23, 12-31-24, 12-31-25, 12-31-26 |

**4    Specific use not recorded on the Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See Line 4. Specific Use Not Recorded on CAF in the instructions  . . . . . . . . . . . . . . . . ▶ ☐

**5a    Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information): ☑ Access my IRS records via an Intermediate Service Provider;
☑ Authorize disclosure to third parties;  ☑ Substitute or add representative(s);  ☐ Sign a return; _____
NASA HR, NSSC, OCFO

☐ Other acts authorized: Request and Receive EIN letters CP-575 and CP-148A, correct payer master files and b-Notice issues, obtain and submit W-4 updates, request reissue of forms 1099 to EIN 41-6971705, receive transcripts and account Records.

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.    Cat. No. 11980J    Form **2848** (Rev. 1-2021)

*realitation, Financial routing remainsy the Trust Restoration Escrow.* ⌐⌐

Form 2848 (Rev. 1-2021)

Page **2**

**b** Specific acts not authorized. My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.

List any other specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): *No authority to receive endorse or negotiate any payment or refund. No authority to change payee on—*

**6** Retention/revocation of prior power(s) of attorney. The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this form. If you do not want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**7** Taxpayer declaration and signature. If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative (or designated individual, if applicable), executor, receiver, administrator, trustee, or individual other than the taxpayer, I certify I have the legal authority to execute this form on behalf of the taxpayer.

▶ **IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| | | |
|---|---|---|
| *Kimberly A. Ford*<br>Signature | 11/16/25<br>Date | Trustee/Authorized Fiduciary, Office of<br>Title (if applicable) *the Beneficiary* |
| Kimberly A. Ford<br>Print name | Brackins El Private Estate Trust, Restoration Escrow<br>Print name of taxpayer from line 1 if other than individual | |

## Part II    Declaration of Representative

Under penalties of perjury, by my signature below I declare that:

• I am not currently suspended or disbarred from practice, or ineligible for practice, before the Internal Revenue Service;

• I am subject to regulations in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;

• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and

• I am one of the following:

**a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

**b** Certified Public Accountant—a holder of an active license to practice as a certified public accountant in the jurisdiction shown below.

**c** Enrolled Agent—enrolled as an agent by the IRS per the requirements of Circular 230.

**d** Officer—a bona fide officer of the taxpayer organization.

**e** Full-Time Employee—a full-time employee of the taxpayer.

**f** Family Member—a member of the taxpayer's immediate family (spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

**g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the IRS is limited by section 10.3(d) of Circular 230).

**h** Unenrolled Return Preparer—Authority to practice before the IRS is limited. An unenrolled return preparer may represent, provided the preparer (1) prepared and signed the return or claim for refund (or prepared if there is no signature space on the form); (2) was eligible to sign the return or claim for refund; (3) has a valid PTIN; and (4) possesses the required Annual Filing Season Program Record of Completion(s). See Special Rules and Requirements for Unenrolled Return Preparers in the instructions for additional information.

**k** Qualifying Student or Law Graduate—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student, or law graduate working in a LITC or STCP. See instructions for Part II for additional information and requirements.

**r** Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.**

Note: For designations d-f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column.

| Designation—<br>Insert above<br>letter (a–r). | Licensing jurisdiction<br>(State) or other<br>licensing authority<br>(if applicable) | Bar, license, certification,<br>registration, or enrollment<br>number (if applicable) | Signature | Date |
|---|---|---|---|---|
| a | AL and TN | AL-<br>TN: ▮▮▮▮ | Kimberly A. Ford | 11/16/25 |
| | | | | |
| | | | | |
| | | | | |

Form **2848** (Rev. 1-2021)

## FORM 2848 for Brackins El Private Estate Trust

Part I, line 1, Taxpayer

• Taxpayer name and address: Brackins El Private Estate Trust, Restoration Escrow Account, 6675 County Road 203, Danville, AL 35619

• Taxpayer identification number: ████705

• Daytime telephone: 256-886-6240

• Plan number: blank

Part I, line 2, Representative

• Name and address: Kimberly A. Ford, Esq., FORDUMAS LLC, 470 Providence Main, Suite 302C, Huntsville, AL 35806

• Check "to be sent copies of notices and communications."

• CAF No.: leave blank if unknown, IRS will assign

• PTIN: enter if she uses one

• Telephone and fax: 256-886-6240; fax 1-800-408-1501

Part I, line 3, Acts authorized

Row 1

Description of matter: Information Returns and Payer File Updates

Tax form number: 1099 series

Years or periods: 12/31/2023, 12/31/2024, 12/31/2025, 12/31/2026

Row 2

Description of matter: Trust Income and Information

Tax form number: 1041

Years or periods: 12/31/2023, 12/31/2024, 12/31/2025, 12/31/2026

Row 3

Description of matter: EIN Assignment and Account Records

Tax form number: SS-4, CP-575, CP-148A

Years or periods: 2024, 2025

Row 4

Description of matter: Civil Penalties related to Information Returns

Tax form number: Civil Penalty

Years or periods: 12/31/2023, 12/31/2024, 12/31/2025, 12/31/2026

Part I, line 4

N/A

Part I, line 5a, Additional acts authorized

• Check Access my IRS records via an Intermediate Service Provider.

• Check Authorize disclosure to third parties, list NASA HR, NSSC, OCFO in your cover letter.

Other acts authorized, text to enter

"Request and receive EIN letters CP-575 and CP-148A, correct payer master files and B-Notice issues, obtain and submit W-9 updates, request reissue of Forms 1099 to EIN ████ 705, receive transcripts and account records."

Part I, line 5b, Specific acts not authorized

Enter

"No authority to receive, endorse, or negotiate any payment or refund. No authority to change payee on restitution. Financial routing remains the Trust Restoration Escrow."

Part I, line 6, Retention or revocation

• **Leave unchecked** to revoke any prior 2848 for the same matters.

Part I, line 7, Taxpayer signature

• Sign as the fiduciary for the Trust.

Signature: Kimberly A. Ford, Title: Trustee, or Authorized Fiduciary, Office of the Beneficiary

Print name: Kimberly A. Ford, Print name of taxpayer: Brackins El Private Estate Trust, Restoration Escrow Account

Date: November 16, 2025

Part II, Declaration of representative

• Designation: a

• Licensing jurisdiction: Alabama and Tennessee

• Bar number: AL - ASB-4139-r80f; TN - 026826

• Signature and date: