| Form **56-F**<br>(Rev. December 2022)<br>Department of the Treasury<br>Internal Revenue Service | **Notice Concerning Fiduciary Relationship<br>of Financial Institution**<br>(Internal Revenue Code sections 6036, 6402, and 6903)<br>Go to *www.irs.gov/Form56F* for the latest information. | OMB No. 1545-0013<br><br>For IRS Use Only |
|---|---|---|

**Part I    Identification**

| 1    Name of person for whom you are acting (as shown on the tax return) | 2    Employer Identification number |
|---|---|
| Brackins El Private Estate Trust | ███████705 |

| 3    Address of financial institution (number, street, and room or suite no.) |
|---|
| Pinnacle Financial Partners, 409 Madison Street |

| 4    City, state, and ZIP code | 5    Telephone no. |
|---|---|
| Huntsville AL 35801 | (256) 809-1600 |

6    Check the applicable box for the type of financial institution:    ☑ Bank    ☐ Thrift

7    Check here ☐ if the financial institution is insolvent.

8    Enter the ending date of the financial institution's tax year (mo., day, yr.): 12 / 31 / 2025

| 9    Fiduciary's name | 10    Contact person |
|---|---|
| Kimberly A. Ford, Esq. | Kimberly A. Ford |

| 11    Address of fiduciary (number, street, and room or suite no.) |
|---|
| 470 Providence Main, Suite 302C |

| 12    City or town, state, and ZIP code | 13    Telephone no. |
|---|---|
| Huntsville, AL 35806 | 256-886-8240 |

14    Check the applicable box if the fiduciary is a:
    ☑ Receiver        ☐ Conservator

15    Check this box ☐ if the financial institution is or was a member of a group filing a consolidated return and complete lines 16 to 21 below:

Lines 16 through 21 are to be completed only if the financial institution is or was a member of a group filing a consolidated return.

| 16    Name of person for whom you are acting (as shown on the tax return) | 17    Employer identification number |
|---|---|
| | |

| 18    Address of the common parent (number, street, and room or suite no.) |
|---|
| |

| 19    City, state, and ZIP code |
|---|
| |

20    Check here ☐ if a copy of this form has been sent to the common parent of the group.

21    Enter the tax year(s) that the financial institution is or was a member of the consolidated group: _____

**Part II    Authority**

22    Evidence of fiduciary authority. Check applicable box(es), and attach copy of applicable orders:

    a ☐ Appointment of conservator        b ☐ Replacement of conservator
    c ☐ Appointment of receiver          d ☐ Order of insolvency
    e ☑ Other evidence of creation of fiduciary relationship (describe): Trust Instr. & Restoration Escrow Acct. Agmt.Lawrence Co. Cir.Court

**Part III    Tax Notices**

23    All notices and other written communications with regard to income, employment, and excise taxes of the financial institution (listed on line 1) will be addressed to the fiduciary. Indicate below if other notices and written communications should be addressed to the fiduciary. Include the type of tax, tax periods, or years involved.

All income, escrow, and fiduciary accounting matters of the Brackins El Private Estate Trust (Restoration Escrow Account), tax year 2024 forward.

**Part IV    Revocation or Termination of Notice**

Section A—Total Revocation or Termination

24    Evidence of termination or revocation of fiduciary authority (Check applicable box(es)):

    a ☐ Certified copy of court order revoking fiduciary authority attached.
    b ☐ Copy of certificate of dissolution or termination of a business entity attached.
    c ☐ Other evidence of termination of fiduciary relationship (describe): _____

| Please<br>Sign<br>Here | Under penalties of perjury, I declare that I have examined this document, including any accompanying statements, and to the best of my knowledge and belief, it is true, correct, and complete.<br><br>*Kimberly A. Ford* | Fiduciary Agent/Trustee in Equity | 11/7/25 |
|---|---|---|---|
| | Fiduciary's signature | Title, if applicable | Date |

For Paperwork Reduction Act Notice, see back of form.        Cat. No. 12784J        Form **56-F** (Rev. 12-2022)

**EXHIBIT D**

Form 56-F (Rev. 12-2022)                                                                                                    Page **2**

## Future Developments

For the latest information about developments related to Form 56-F and its instructions, such as legislation enacted after they were published, go to www.irs.gov/Form56F.

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

## Purpose of Form

Use Form 56-F to notify the IRS of a fiduciary relationship only if that relationship is with respect to a financial institution (such as a bank or a thrift). Until you notify the IRS of the fiduciary relationship, notices of tax liability sent to the last known address of the taxpayer, or transferee, subject to liability are considered sufficient compliance by the IRS with the requirements of the Internal Revenue Code. However, if the financial institution is a member of a consolidated group, the provisions of Regulations section 1.1502-77 apply to the extent not modified by section 6402(k) and Regulations section 301.6402-7.

In addition, the filing of Form 56-F is a requirement to secure a refund pursuant to section 6402(k) and Regulations section 301.6402-7.

Section 6036 and Regulations section 301.6036-1 state that a notice is required of a receiver in proceedings other than bankruptcy, and other like fiduciaries. Section 6402(k) and Regulations section 301.6402-7 state that a fiduciary of an insolvent financial institution must file Form 56-F to secure its position with respect to any refund that may be available to a consolidated group.

Section 6903 and Regulations section 301.6903-1 state that every person acting in a fiduciary capacity must file a written notice with the IRS.

## Who Should File

Form 56-F should be filed instead of Form 56, Notice Concerning Fiduciary Relationship, by the federal agency acting as a fiduciary (defined below) in order to notify the IRS of the creation, termination, or change in status of a fiduciary relationship with a financial institution.

## Definition

Fiduciary. A fiduciary means the Federal Deposit Insurance Corporation, or other federal agency authorized by law to act as a receiver or conservator of a financial institution. The term also includes any federal instrumentality, subsidiary, or agency that is a predecessor or successor of this agency that is so authorized.

## When To File

Form 56-F must be filed with the IRS within 10 days from the date the fiduciary is appointed to act as a receiver or conservator. In addition, it should be filed in every subsequent tax year that the fiduciary continues to act as the receiver or conservator for that financial institution for purposes of section 6402(k).

If a Form 56-F has been filed for a solvent financial institution by the fiduciary and subsequently that financial institution becomes insolvent, the fiduciary should file a new Form 56-F and check the box on line 7.

Note: A fiduciary (defined above), who was appointed a fiduciary of a financial institution prior to the issuance of Form 56-F and who still is a fiduciary for the same financial institution, should file Form 56-F with the IRS as soon as possible.

A fiduciary (defined above), who may have previously filed Form 56 for a financial institution, and is still acting as a fiduciary for the same institution, should file a new Form 56-F as soon as possible.

## Where To File

For purposes of section 6402(k) and section 6903, send Form 56-F to the Internal Revenue Service Center where the financial institution for whom the fiduciary is acting files its income tax return.

For purposes of section 6036, send Form 56-F to the Advisory Group Manager of the area office of the IRS having jurisdiction over the person for whom you are acting. See Pub. 4235, Collection Advisory Offices Contact Information, for more information.

## Specific Instructions

### Part I—Identification

Lines 1-5. Provide all the requested information concerning the financial institution in this part.

Line 2. Section 6109 requires that the taxpayer's identification number must be disclosed. The principal purpose is to identify the financial institution for whom you are acting.

Line 7. Check this box if the financial institution is insolvent within the meaning of 12 U.S.C. 191, 12 U.S.C. 1821(c)(5)(A), 12 U.S.C. 1464(d)(2)(A), 12 U.S.C. 1464(d)(2)(C), or any applicable state law (or any successor statute that adopts a substantially similar statute).

Lines 9-13. Provide all the requested information regarding the fiduciary in this part. For example, on line 9, enter the full name of the fiduciary (such as the Federal Deposit Insurance Corporation or similar federal agency).

Line 10. The contact person should be the individual within the federal agency who has the authority to handle all tax matters on behalf of the financial institution.

Lines 16-21. Provide all the requested information in this part concerning the common parent of a consolidated group that includes (or included) the financial institution (if applicable).

If the form is submitted in compliance with the regulations under section 6402(k), the identification number of the common parent should be disclosed.

If the financial institution was a member of more than one consolidated group during any year(s) to which the fiduciary may claim a refund under section 6402(k), then the fiduciary must file a separate Form 56-F providing the information on each parent.

Line 20. Check the box if a copy of the form was sent to the appropriate common parent in compliance with Regulations section 301.6402-7.

## Part II—Authority

Check the appropriate box and attach a copy of the appropriate order.

## Part III—Tax Notices

All notices and other written communications with regard to income, employment, and excise taxes of the financial institution will be addressed to the fiduciary, with the exception of notices sent to the common parent under the provisions of Regulations section 1.1502-77. Other notices and written communications will be addressed to the fiduciary only as specified. For example, use this line to identify a transferee tax liability under section 6901.

## Part IV—Revocation or Termination of Notice

Complete this part if you are revoking or terminating all prior notices concerning fiduciary relationships on file with the IRS for the same tax matters and years or periods covered by this notice concerning fiduciary relationships.

## Signature

Sign Form 56-F under penalty of perjury and enter the title describing your role as a fiduciary (receiver or conservator).

---

Paperwork Reduction Act Notice. We ask for the information on the form to carry out the Internal Revenue laws of the United States. You are required to give us the information. We need it to ensure that you are complying with these laws and to allow us to figure and collect the right amount of tax.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 56-F will vary depending on individual circumstances. The estimated average time is:

| | |
|---|---|
| Recordkeeping | 7 min. |
| Learning about the law or the form | 28 min. |
| Preparing the form | 41 min. |
| Copying, assembling, and sending the form to the IRS | 14 min. |

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 56-F simpler, we would be happy to hear from you. You can send us comments from www.irs.gov/FormComments. Or you can send your comments to:

Internal Revenue Service
Tax Forms and Publications
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224

Do not send the form to this address. Instead, see Where To File on this page.

| Form **1041** | Department of the Treasury – Internal Revenue Service<br>**U.S. Income Tax Return for Estates and Trusts**<br>Go to www.irs.gov/Form1041 for instructions and the latest information. | **2024** | OMB No. 1545-0092 |
|---|---|---|---|

**A** Check all that apply:
- ☐ Decedent's estate
- ☐ Simple trust
- ☑ Complex trust
- ☐ Qualified disability trust
- ☐ ESBT (S portion only)
- ☐ Grantor type trust
- ☐ Bankruptcy estate – Ch. 7
- ☐ Bankruptcy estate – Ch. 11
- ☐ Pooled income fund

For calendar year 2024 or fiscal year beginning _____ , 2024, and ending _____ , 20 ___

Name of estate or trust (If a grantor type trust, see the instructions.)
**Brackins El Private Estate Trust**

Name and title of fiduciary
**Kimberly A. Ford, TTEE, carrier only**

Number, street, and room or suite no. (If a P.O. box, see the instructions.)
**6675 County Road 203**

City or town, state or province, country, and ZIP or foreign postal code
**Danville, AL 35619**

**C** Employer identification number
**41-6591705**

**D** Date entity created
**07-2024**

**E** Nonexempt charitable and split-interest trusts, check applicable box(es). See instructions.
- ☐ Described in sec. 4947(a)(1). Check here if not a private foundation . . . ☐
- ☐ Described in sec. 4947(a)(2)

**B** Number of Schedules K-1 attached (see instructions) **0**

**F** Check applicable boxes:
- ☑ Initial return
- ☐ Final return
- ☐ Amended return
- ☐ Net operating loss carryback
- ☐ Change in trust's name
- ☐ Change in fiduciary
- ☐ Change in fiduciary's name
- ☐ Change in fiduciary's address

**G** Check here if the estate or filing trust made a section 645 election . . . . . . . . ☐ Trust TIN _____

**Income**

| | | |
|---|---|---|
| 1 | Interest income . . . . . . . . . . . . . . . . . . . | **1** | 0 |
| 2a | Total ordinary dividends . . . . . . . . . . . . . . | **2a** | 0 |
| b | Qualified dividends allocable to: (1) Beneficiaries _____ (2) Estate or trust _____ | | |
| 3 | Business income or (loss). Attach Schedule C (Form 1040) . . . . . . . . | **3** | 0 |
| 4 | Capital gain or (loss). Attach Schedule D (Form 1041) . . . . . . . . . | **4** | 0 |
| 5 | Rents, royalties, partnerships, other estates and trusts, etc. Attach Schedule E (Form 1040) . . | **5** | 0 |
| 6 | Farm income or (loss). Attach Schedule F (Form 1040) . . . . . . . . . | **6** | 0 |
| 7 | Ordinary gain or (loss). Attach Form 4797 . . . . . . . . . . . . | **7** | 0 |
| 8 | Other income. List type and amount _____ | **8** | 0 |
| 9 | **Total income.** Combine lines 1, 2a, and 3 through 8 . . . . . . . . . . | **9** | 0 |

**Deductions**

| | | |
|---|---|---|
| 10 | Interest. Check if Form 4952 is attached ☐ . . . . . . . . . . . | **10** | 0 |
| 11 | Taxes . . . . . . . . . . . . . . . . . . . . . | **11** | 0 |
| 12 | Fiduciary fees. If only a portion is deductible under section 67(e), see instructions . . . . | **12** | 0 |
| 13 | Charitable deduction (from Schedule A, line 7) . . . . . . . . . . . | **13** | 0 |
| 14 | Attorney, accountant, and return preparer fees. If only a portion is deductible under section 67(e), see instructions . . . . . . . . . . . . . . . . . | **14** | 0 |
| 15a | Other deductions (attach schedule). See instructions for deductions allowable under section 67(e) | **15a** | 0 |
| b | Net operating loss deduction. See instructions . . . . . . . . . . . | **15b** | 0 |
| 16 | Add lines 10 through 15b . . . . . . . . . . . . . . . . | **16** | 0 |
| 17 | Adjusted total income or (loss). Subtract line 16 from line 9 . . . . . **17** | 0 | |
| 18 | Income distribution deduction (from Schedule B, line 15). Attach Schedules K-1 (Form 1041) . . | **18** | 0 |
| 19 | Estate tax deduction including certain generation-skipping taxes (attach computation) . . . . | **19** | 0 |
| 20 | Qualified business income deduction. Attach Form 8995 or 8995-A . . . . . . | **20** | 0 |
| 21 | Exemption . . . . . . . . . . . . . . . . . . . . | **21** | 0 |
| 22 | Add lines 18 through 21 . . . . . . . . . . . . . . . . | **22** | 0 |

**Tax and Payments**

| | | |
|---|---|---|
| 23 | Taxable income. Subtract line 22 from line 17. If a loss, see instructions . . . . . . | **23** | 0 |
| 24 | **Total tax** (from Schedule G, Part I, line 9) . . . . . . . . . . . . | **24** | 0 |
| 25 | Current year net 965 tax liability paid from Form 965-A, Part II, column (k) (see instructions) . . | **25** | 0 |
| 26 | **Total payments** (from Schedule G, Part II, line 19) . . . . . . . . . . | **26** | 0 |
| 27 | Estimated tax penalty. See instructions . . . . . . . . . . . . . | **27** | 0 |
| 28 | **Tax due.** If line 26 is smaller than the total of lines 24, 25, and 27, enter amount owed . . . . | **28** | 0 |
| 29 | **Overpayment.** If line 26 is larger than the total of lines 24, 25, and 27, enter amount overpaid . . | **29** | 0 |
| 30 | Amount of line 29 to be: a Credited to 2025 _____ ; b Refunded . . . . . . | **30** | 0 |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of fiduciary or officer representing fiduciary: _Kimberly A. Ford, TTEE_ Date: 11-14-25

EIN of fiduciary if a financial institution

May the IRS discuss this return with the preparer shown below? See instructions ☑ Yes ☐ No

**Paid Preparer Use Only**

| Preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| Firm's name | | | Firm's EIN | |
| Firm's address | | | Phone no. | |

For Paperwork Reduction Act Notice, see the separate instructions. Cat. No. 11370H Form **1041** (2024)

Form 1041 (2024) — Page **2**

| Schedule A | Charitable Deduction. Don't complete for a simple trust or a pooled income fund. | | |
|---|---|---|---|
| 1 | Amounts paid or permanently set aside for charitable purposes from gross income. See instructions | 1 | |
| 2 | Tax-exempt income allocable to charitable contributions. See instructions | 2 | |
| 3 | Subtract line 2 from line 1 | 3 | |
| 4 | Capital gains for the tax year allocated to corpus and paid or permanently set aside for charitable purposes | 4 | |
| 5 | Add lines 3 and 4 | 5 | |
| 6 | Section 1202 exclusion allocable to capital gains paid or permanently set aside for charitable purposes. See instructions | 6 | |
| 7 | **Charitable deduction.** Subtract line 6 from line 5. Enter here and on page 1, line 13 | 7 | |

| Schedule B | Income Distribution Deduction | | |
|---|---|---|---|
| 1 | Adjusted total income. See instructions | 1 | |
| 2 | Adjusted tax-exempt interest | 2 | |
| 3 | Total net gain from Schedule D (Form 1041), line 19, column (1). See instructions | 3 | |
| 4 | Enter amount from Schedule A, line 4 (minus any allocable section 1202 exclusion) | 4 | |
| 5 | Capital gains for the tax year included on Schedule A, line 1. See instructions | 5 | |
| 6 | Enter any gain from page 1, line 4, as a negative number. If page 1, line 4, is a loss, enter the loss as a positive number | 6 | |
| 7 | **Distributable net income.** Combine lines 1 through 6. If zero or less, enter -0- | 7 | |
| 8 | If a complex trust, enter accounting income for the tax year as determined under the governing instrument and applicable local law | 8 | |
| 9 | Income required to be distributed currently | 9 | |
| 10 | Other amounts paid, credited, or otherwise required to be distributed | 10 | |
| 11 | Total distributions. Add lines 9 and 10. If greater than line 8, see instructions | 11 | |
| 12 | Enter the amount of tax-exempt income included on line 11 | 12 | |
| 13 | Tentative income distribution deduction. Subtract line 12 from line 11 | 13 | |
| 14 | Tentative income distribution deduction. Subtract line 2 from line 7. If zero or less, enter -0- | 14 | |
| 15 | **Income distribution deduction.** Enter the smaller of line 13 or line 14 here and on page 1, line 18 | 15 | |

| Schedule G | Tax Computation and Payments (see instructions) | | |
|---|---|---|---|

**Part I — Tax Computation**

| | | | |
|---|---|---|---|
| 1 | **Tax:** | | |
| a | Tax on taxable income. See instructions | 1a | |
| b | Tax on lump-sum distributions. Attach Form 4972 | 1b | |
| c | Alternative minimum tax (from Schedule I (Form 1041), line 54) | 1c | |
| d | Amount from Form 4255, Part I, line 3, column (q) | 1d | |
| e | Total. Add lines 1a through 1d | | 1e |
| 2a | Foreign tax credit. Attach Form 1116 | 2a | |
| b | General business credit. Attach Form 3800 | 2b | |
| c | Credit for prior year minimum tax. Attach Form 8801 | 2c | |
| d | Bond credits. Attach Form 8912 | 2d | |
| e | Total credits. Add lines 2a through 2d | | 2e |
| 3 | Subtract line 2e from line 1e. If zero or less, enter -0- | | 3 |
| 4 | Tax on the ESBT portion of the trust (from ESBT Tax Worksheet, line 17). See instructions | | 4 |
| 5 | Net investment income tax from Form 8960, line 21 | | 5 |
| 6a | Amount from Form 4255, Part I, line 3, column (r) | | 6a |
| b | Recapture tax from Form 8611 | | 6b |
| c | Other recapture taxes: | | 6c |
| 7 | Household employment taxes. Attach Schedule H (Form 1040) | | 7 |
| 8 | Other taxes and amounts due | | 8 |
| 9 | **Total tax.** Add lines 3 through 8. Enter here and on page 1, line 24 | | 9 |

Form **1041** (2024)

Form 1041 (2024)                                                                                                    Page **3**

| Schedule G | Tax Computation and Payments (see instructions) *(continued)* | |
|---|---|---|

**Part II — Payments**

| | | | |
|---|---|---|---|
| 10 | Current year's estimated tax payments and amount applied from preceding year's return . . . . | **10** | |
| 11 | Estimated tax payments allocated to beneficiaries (from Form 1041-T) . . . . . . . . . . . . . | **11** | |
| 12 | Subtract line 11 from line 10 . . . . . . . . . . . . . . . . . . . . . . . . . . | **12** | |
| 13 | Tax paid with Form 7004. See instructions . . . . . . . . . . . . . . . . . . . | **13** | |
| 14 | Federal income tax withheld. If any is from Form(s) 1099, check here ☐ . . . . . . . . | **14** | |
| 15 | Current year net 965 tax liability from Form 965-A, Part I, column (f) (see instructions) . . . . . | **15** | |
| 16 | Payments from Form 2439 . . . . . . . . . . . . . . . . . . . . . . . . . | **16** | |
| 17 | Payments from Form 4136 . . . . . . . . . . . . . . . . . . . . . . . . . | **17** | |
| 18a | Elective payment election amount from Form 3800 . . . . . . . . . . . . . . . . | **18a** | |
| b | Other credits or payments (see instructions) . . . . . . . . . . . . . . . . . . | **18b** | |
| 19 | **Total payments.** Add lines 12 through 18b. Enter here and on page 1, line 26 . . . . . . . . | **19** | |

| Other Information | | Yes | No |
|---|---|---|---|
| 1 | Did the estate or trust receive tax-exempt income? If "Yes," attach a computation of the allocation of expenses. Enter the amount of tax-exempt interest income and exempt-interest dividends . . . . . $ _____ | | |
| 2 | Did the estate or trust receive all or any part of the earnings (salary, wages, and other compensation) of any individual by reason of a contract assignment or similar arrangement? . . . . . . . . . . . . . . | | |
| 3 | At any time during calendar year 2024, did the estate or trust have an interest in or a signature or other authority over a bank, securities, or other financial account in a foreign country? . . . . . . . . . . . . . . . | | |
| | See the instructions for exceptions and filing requirements for FinCEN Form 114. If "Yes," enter the name of the foreign country _____ | | |
| 4 | During the tax year, did the estate or trust receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the estate or trust may have to file Form 3520. See instructions . . . . . . . . . | | |
| 5 | Did the estate or trust receive, or pay, any qualified residence interest on seller-provided financing? If "Yes," see the instructions for the required attachment . . . . . . . . . . . . . . . . . . . . . . . | | |
| 6 | If this is an estate or a complex trust making the section 663(b) election, check here. See instructions . . . ☐ | | |
| 7 | To make a section 643(e)(3) election, attach Schedule D (Form 1041), and check here. See instructions . . . ☐ | | |
| 8 | If the decedent's estate has been open for more than 2 years, attach an explanation for the delay in closing the estate, and check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ | | |
| 9 | Are any present or future trust beneficiaries skip persons? See instructions . . . . . . . . . . . . . | | |
| 10 | Was the trust a specified domestic entity required to file Form 8938 for the tax year? See the Instructions for Form 8938 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| 11a | Did the estate or trust distribute S corporation stock for which it made a section 965(i) election? . . . . . . | | |
| b | If "Yes," did each beneficiary enter into an agreement to be liable for the net tax liability? See instructions . . . | | |
| 12 | Did the estate or trust either make a section 965(i) election or enter into a transfer agreement as an eligible section 965(i) transferee for S corporation stock held on the last day of the tax year? See instructions . . . . . . | | |
| 13 | At any time during the tax year, did the estate or trust (a) receive (as a reward, award, or payment for property or services); or (b) sell, exchange, or otherwise dispose of a digital asset (or a financial interest in a digital asset)? See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| 14 | **ESBTs only.** Does the ESBT have a nonresident alien grantor? If "Yes," see instructions . . . . . . . . | | |
| 15 | **ESBTs only.** Did the S portion of the trust claim a qualified business income deduction? If "Yes," see instructions | | |

Form **1041** (2024)

**IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
PHILADELPHIA  PA    19255-0023

Date of this notice:  11-12-2025

Employer Identification Number:
█████705

001912.718255.101178.31973 1 MB 0.671 532

Form:  SS-4

Number of this notice:  CP 575 D

BRACKINS EL PRIVATE ESTATE TRUST- R
 ESTORATION ESCROW ACCOUNT
KIMBERLY A FORD TTEE
6675 COUNTY ROAD 203
DANVILLE  AL    35619

For assistance you may call us at
1-800-829-4933

001912

IF YOU WRITE, ATTACH THE
STUB OF THIS NOTICE.

              WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN).  We assigned you
EIN ████████705.  This EIN will identify your estate or trust.  If you are not the
applicant, please contact the individual who is handling the estate or trust for you.
Please keep this notice in your permanent records.

Taxpayers request an EIN for their business.  Some taxpayers receive CP575 notices
when another person has stolen their identity and are opening a business using their
information.  If you did not apply for this EIN, please visit, www.irs.gov/
einnotrequested.

When filing tax documents, making payments, or replying to any related correspondence,
it is very important that you use your EIN and complete name and address exactly as
shown above.  Any variation may cause a delay in processing, result in incorrect
information in your account, or even cause you to be assigned more than one EIN.  If
the information is not correct as shown above, please make the correction using the
attached tear-off stub and return it to us.

Based on the information received from you or your representative, you must file the
following forms by the dates shown.

                 Form 1041                        11/06/2025

If you have questions about the forms or the due dates shown, you can call us at the
phone number or write to us at the address shown at the top of this notice.  If you
need help in determining your annual accounting period (tax year), see Publication
538, Accounting Periods and Methods.

We assigned you a tax classification (corporation, partnership, estate, trust, EPMF,
etc.) based on information obtained from you or your representative.  It is not a
legal determination of your tax classification and is not binding on the IRS.  If you
want a legal determination of your tax classification, you may request a private
letter ruling from the IRS under the guidelines in Revenue Procedure 2020-1, 2020-1
I.R.B. 1 (or superseding Revenue Procedure for the year at issue).  Note: Certain tax
classification elections can be requested by filing Form 8832, Entity Classification
Election.  See Form 8832 and its instructions for additional information.

(IRS USE ONLY)    575D              11-12-2025  BRAC  B  0509907037  55-4

IMPORTANT REMINDERS:

*   Keep a copy of this notice in your permanent records.  This notice is issued
    only one time and IRS will not be able to generate a duplicate copy for you.
    You may give a copy of this document to anyone asking for proof of your EIN.

*   Use this EIN and your name exactly as they appear at the top of this notice
    on all your federal tax forms.

*   Refer to this EIN on your tax-related correspondence and documents.

*   Provide future officers of your organization with a copy of this notice.

Your name control associated with this EIN is BRAC.  You will need to provide this
information, along with your EIN, if you file your returns electronically.

Safeguard your EIN by referring to Publication 4557, Safeguarding Taxpayer Data:
A Guide for Your Business.

You can get any of the forms or publications mentioned in this letter by visiting our
website at www.irs.gov/forms-pubs or by calling 800-TAX-FORM (800-829-3676).

If you have questions about your EIN, you can contact us at the phone number or
address listed at the top of this notice.  If you write, please tear off the stub at
the bottom of this notice and include it with your letter.  If you do not need to
write us, do not complete, and return this stub.

Thank you for your cooperation.

(IRS USE ONLY)    575D    11-12-2025    BRAC    B    0509907037    SS-4



001912

Keep this part for your records.                    CP 575 D (Rev. 1-2022)

--------------------------------------------------------------------------------

Return this part with any correspondence
so we may identify your account.  Please                          CP 575 D
correct any errors in your name or address.
                                                                0509907037

Your Telephone Number   Best Time to Call   DATE OF THIS NOTICE:  11-12-2025
(     )        -                            EMPLOYER IDENTIFICATION NUMBER: 705
                                            FORM:  SS-4                NOBOD

                                            BRACKINS EL PRIVATE ESTATE TRUST- I
                                              ESTORATION ESCROW ACCOUNT
                                            KIMBERLY A FORD TTEE
INTERNAL REVENUE SERVICE                     6675 COUNTY ROAD 203
PHILADELPHIA  PA   19255-0023               DANVILLE  AL   35619

Case 5:26-cv-00457-ECM-KFP     Document 1-7     Filed 03/18/26     Page 9 of 31

USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 86 of 107

## SUPPLEMENTAL DEED OF TRUST AND APPOINTMENT OF TRUSTEE

### BRACKINS EL PRIVATE ESTATE TRUST
### RESTORATION ESCROW ACCOUNT
A Private Irrevocable Complex Trust Existing in Equity

THIS SUPPLEMENTAL DEED OF TRUST AND APPOINTMENT OF TRUSTEE (hereinafter "Deed") is made and entered into on this ___ day of ___, 2022 by and between:

**GRANTOR:** ▮▮▮▮▮▮ a living man, acting in his private capacity as Grantor, of the Brackins El Private Estate Trust

c/o 6675 County Road 203
Danville, Alabama 35619
(hereinafter referred to as "Grantor")

**TRUSTEE:** Kimberly Adina Ford, Esq., TTEE
Fiduciary Agent/Trustee in Equity
Attorney of Record and Fiduciary Counsel
FORDUMAS Law, Consulting and Mediation Firm
470 Providence Main, Suite 302C
Huntsville, Alabama 35806
Telephone: 256-886-6240
Facsimile: 800-408-1501
Email:kimberly@fordumas.com, Alabama State Bar No. ASB-4139-R80F
(hereinafter referred to as "Trustee")

**BENEFICIARY:** ▮▮▮▮▮▮, in his private capacity
c/o 6675 County Road 203
Danville, Alabama 35619
(hereinafter referred to as "Beneficiary")

### RECITALS

WHEREAS, the Grantor established the original Brackins Declaration of Trust on or about January 2, 2022, which was subsequently recorded in Morgan County, Alabama, and supplemented by an Affidavit of Ownership of Certificate of Title and Registered Securities recorded on June 23, 2022, in Morgan County Probate (MISC Book 2022, Pages 6926-6928), and an Affidavit of Truth and UCC-1 Financing Statement recorded on August 9, 2022, in Morgan County Probate (MISC Book 2022, Pages 26612-26616); and

**EXHIBIT E**

**WHEREAS,** the Trust was reconstituted and reorganized as a private irrevocable complex trust in or about July 2024, as reflected in the Trust's federal tax filings; and

**WHEREAS,** the Grantor executed a Durable Power of Attorney on June 13, 2025, notarized in Morgan County, Alabama, and filed an Affidavit of Declaration of Irrevocable Trust on June 27, 2025, recorded at the Lawrence County Probate Office (Instrument No. 6002733), and a Supplemental Correction and Jurisdictional Addendum on July 23, 2025, recorded at the Lawrence County Probate Office (Instrument No. 6003105); and

**WHEREAS,** the Internal Revenue Service assigned Employer Identification Number 41-6591705 to the Brackins El Private Estate Trust, Restoration Escrow Account, by Notice CP 575 D dated November 12, 2025, designating Kimberly A. Ford as TTEE (Trustee); and

**WHEREAS,** the Trustee executed and filed the Trust's initial U.S. Income Tax Return for Estates and Trusts (IRS Form 1041) for tax year 2024 on November 19, 2025, and filed IRS Form 56-F (Notice Concerning Fiduciary Relationship of Financial Institution) with respect to the Trust's account at Pinnacle Financial Partners, 409 Madison Street, Huntsville, Alabama 35801, and filed IRS Form 2848 (Power of Attorney and Declaration of Representative) authorizing the Trustee to act on behalf of the Trust in all income, escrow, and fiduciary accounting matters from tax year 2024 forward; and

**WHEREAS,** a Trust Instrument and Restoration Escrow Account Agreement have been filed with the Lawrence County Circuit Court, as referenced in the Form 56-F; and

**WHEREAS,** the Grantor desires to formally memorialize and confirm the appointment of Kimberly Adina Ford, Esq., as Trustee of the Trust, and to set forth the powers, duties, and obligations of the Trustee in a comprehensive instrument that supplements and is consistent with all prior Trust instruments; and

**WHEREAS,** the Trustee has agreed to accept and continue to perform the duties, responsibilities, and obligations of the office of Trustee as set forth herein and in all prior Trust instruments;

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor hereby declares, confirms, and supplements the Trust as follows:

## ARTICLE I: NAME, IDENTIFICATION, AND ESTABLISHMENT

**Section 1.1. Name.** The Trust shall be known as the **"Brackins El Private Estate Trust,"** (hereinafter referred to as the "Trust"). The Trust may also be

referenced as the "Brackins El Private Estate Trust" or the "Brackins El Trust" in filings, correspondence, and legal proceedings.

**Section 1.2. Establishment and Continuity.** This Deed supplements and confirms the Trust originally established by the Brackins Declaration of Trust dated January 2, 2022, as subsequently amended, supplemented, and reconstituted through the instruments identified in the Recitals above. This Deed does not create a new trust but rather memorializes, confirms, and supplements the existing Trust and the appointment of the Trustee.

**Section 1.3. Tax Identification.** The Trust has been assigned Employer Identification Number 41-6591705 by the Internal Revenue Service, as confirmed by IRS Notice CP 575 D dated November 12, 2025. The Trust is classified as a complex trust for federal income tax purposes.

**Section 1.4. Situs.** The principal situs of this Trust shall be Lawrence County, Alabama, where the Trust's foundational instruments are recorded. The Trust's mailing address is 6675 County Road 203, Danville, Alabama 35619. The Trust's telephone number is 256-886-6240.

**Section 1.5. Financial Institution.** The Trust maintains accounts at Pinnacle Financial Partners, 409 Madison Street, Huntsville, Alabama 35801, as reflected in IRS Form 56-F filed by the Trustee.

**Section 1.6. Private Nature.** The Trust is a private estate existing in equity. Its terms, assets, and administration are confidential and shall not be disclosed to any person or entity except as required by law, by order of a court of competent jurisdiction, or as necessary to protect the rights of the Trust and its Beneficiary in judicial or administrative proceedings. No statement in this Deed or in any filing made on behalf of the Trust shall be deemed a waiver of Trust separation or construed as a submission to any foreign or statutory jurisdiction. All rights and remedies are expressly reserved without prejudice pursuant to UCC Section 1-308.

## ARTICLE II: APPOINTMENT AND CONFIRMATION OF TRUSTEE

**Section 2.1. Appointment.** The Grantor hereby formally appoints, confirms, and ratifies the appointment of **Kimberly Adina Ford, Esq.**, as the Trustee of the Trust, effective nunc pro tunc to the date of the IRS Notice CP 575 D (November 12, 2025), which designated Kimberly A. Ford as TTEE of the Trust.

**Section 2.2. Titles and Capacities.** The Trustee shall hold and may use the following titles in connection with the administration of the Trust and in all filings, correspondence, and legal proceedings on behalf of the Trust:

(a) **TTEE** (Trustee), as designated by the Internal Revenue Service;

(b) **Fiduciary Agent/Trustee in Equity**, as designated in IRS Form 56-F;

(c) **Attorney of Record and Fiduciary Counsel**, in her capacity as a licensed attorney representing the Trust in legal proceedings; and

(d) Such other titles as may be appropriate to the Trustee's role and consistent with the purposes of the Trust.

**Section 2.3. Acceptance.** The Trustee hereby accepts the appointment and agrees to hold, administer, and protect the Trust Estate in accordance with the terms of this Deed, all prior Trust instruments, and her fiduciary duties under the laws of the State of Alabama.

## ARTICLE III: PURPOSE OF THE TRUST

**Section 3.1. General Purpose.** The Trust is established and maintained for the following purposes:

(a) To hold, protect, manage, and administer the Trust Estate (as defined in Article IV) for the benefit of the Beneficiary;

(b) To protect and prosecute all legal claims, causes of action, constitutional rights, and employment rights belonging to or arising from the interests of the Beneficiary, including but not limited to claims arising under the United States Constitution, 42 U.S.C. Sections 1983 and 1985, the Whistleblower Protection Act (5 U.S.C. Section 2302), the Family and Medical Leave Act (29 U.S.C. Section 2601 et seq.), the Americans with Disabilities Act (42 U.S.C. Section 12101 et seq.), Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e et seq.), and any other federal or state statute, regulation, or common law doctrine;

(c) To preserve and defend the Beneficiary's right of access to the courts of the United States and the State of Alabama, including the right to petition for redress of grievances under the First Amendment to the United States Constitution;

(d) To hold, manage, and protect real and personal property, financial assets, intellectual property, and any other assets transferred to the Trust by the Grantor or acquired by the Trust in the course of its administration;

(e) To receive, hold, and distribute any monetary awards, settlements, judgments, back pay, compensatory damages, punitive damages, or other relief obtained through the prosecution of the Beneficiary's legal claims;

(f) To maintain the Trust's accounts, file all required federal, state, and local tax returns, and comply with all applicable reporting obligations; and

(g) To carry out any other lawful purpose consistent with the protection and advancement of the Beneficiary's rights and interests.

## ARTICLE IV: TRUST ESTATE

**Section 4.1. Initial Trust Estate.** The Trust Estate consists of all property, rights, and interests previously transferred to the Trust through the instruments identified in the Recitals, together with the following:

(a) All legal claims, causes of action, and rights of action currently pending or hereafter arising, including but not limited to those identified in Article III, Section 3.1(b), and those specifically enumerated in Schedule A attached hereto;

(b) All rights to back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs, and any other monetary or equitable relief arising from the prosecution of such claims;

(c) All employment rights, benefits, and entitlements arising from the Beneficiary's employment with the National Aeronautics and Space Administration (NASA), Marshall Space Flight Center, Huntsville, Alabama;

(d) All real and personal property, tangible and intangible, previously transferred to the Trust or hereafter transferred by the Grantor or any other person;

(e) All funds held in the Trust's accounts at Pinnacle Financial Partners and any other financial institution; and

(f) All income, proceeds, and appreciation derived from the foregoing.

**Section 4.2. Additional Contributions.** The Grantor or any other person may, from time to time, transfer additional property to the Trust by delivering such property to the Trustee with a written instrument identifying the property and expressing the intent that it be held as part of the Trust Estate.

**Section 4.3. Acceptance.** The Trustee hereby confirms acceptance of the Trust Estate and agrees to hold, administer, and distribute the same in accordance with the terms of this Deed and all prior Trust instruments.

## ARTICLE V: POWERS AND DUTIES OF THE TRUSTEE

**Section 5.1. General Powers.** The Trustee shall have all powers necessary and appropriate to carry out the purposes of this Trust, including but not limited to the following:

(a) **Power to Litigate.** The Trustee shall have full power and authority to initiate, prosecute, defend, settle, compromise, or otherwise resolve any legal claim, cause of action, or proceeding on behalf of the Trust and its Beneficiary in any court of competent jurisdiction, including but not limited to the United States District Courts, the United States Courts of Appeals, the United States Supreme Court, the Merit Systems Protection Board, the Equal Employment Opportunity Commission, and any state court or administrative tribunal.

(b) **Power to Retain Counsel.** The Trustee may retain such legal counsel, experts, consultants, and other professionals as the Trustee deems necessary or advisable for the administration of the Trust and the prosecution of its legal claims. The Trustee, being a licensed attorney, may also serve as counsel of record for the Trust in any proceeding.

(c) **Power to Manage Property.** The Trustee shall have full power and authority to acquire, hold, manage, invest, reinvest, sell, convey, exchange, lease, mortgage, pledge, or otherwise dispose of any property constituting part of the Trust Estate.

(d) **Power to Execute Documents.** The Trustee shall have full power and authority to execute, acknowledge, and deliver any and all instruments, documents, and agreements necessary or appropriate to carry out the purposes of this Trust.

(e) **Power to Open and Manage Accounts.** The Trustee shall have the power to open and maintain bank accounts, brokerage accounts, escrow accounts, and other financial accounts in the name of the Trust, including the existing account at Pinnacle Financial Partners.

(f) **Power to Collect and Distribute.** The Trustee shall have the power to collect all income, proceeds, awards, settlements, and other sums due to the Trust and to distribute the same to the Beneficiary in accordance with the terms of this Deed.

(g) **Power to File Tax Returns and IRS Forms.** The Trustee shall have the power and duty to file all required federal, state, and local tax returns on behalf of the Trust using the Trust's EIN (41-6591705), including but not limited to IRS Form 1041 (U.S. Income Tax Return for Estates and Trusts), IRS Form 56-F (Notice Concerning Fiduciary Relationship of Financial Institution), IRS Form 2848 (Power of Attorney and Declaration of Representative), and all 1099-series information returns.

(h) **Power to Act as Fiduciary Agent.** The Trustee shall have the power to act as Fiduciary Agent/Trustee in Equity in all matters relating to the Trust's financial accounts, tax obligations, and fiduciary relationships with financial institutions.

**Section 5.2. Fiduciary Duty.** The Trustee shall administer the Trust in good faith, in accordance with its terms and purposes, and in the best interests of the Beneficiary. The Trustee shall exercise the care, skill, prudence, and diligence that a reasonably prudent person acting in a like capacity would exercise under the circumstances. The Trustee owes the highest duty of loyalty to the Beneficiary and shall not engage in any self-dealing or conflict of interest.

**Section 5.3. Duty to Defend.** The Trustee shall have an affirmative duty to defend the Trust Estate and the rights of the Beneficiary against all threats, claims, encumbrances, and adverse actions, whether arising from private parties, state actors, or federal officials. This duty includes, without limitation, the obligation to:

(a) Challenge any judicial order, administrative action, or disciplinary proceeding that threatens the integrity of the Trust or the constitutional rights of the Beneficiary;

(b) Seek emergency relief, including temporary restraining orders, preliminary injunctions, writs of mandamus, and writs of prohibition, when the Trust's interests or the Beneficiary's liberty are at risk;

(c) File petitions, motions, notices, and other documents in any court or administrative tribunal as necessary to protect the Trust and the Beneficiary; and

(d) Resist any attempt by any person, entity, court, or agency to interfere with the Trustee's access to the courts or the Trustee's ability to fulfill her fiduciary obligations.

**Section 5.4. Duty to Account.** The Trustee shall maintain accurate and complete records of all Trust transactions, assets, liabilities, income, and distributions. The Trustee shall provide an annual accounting to the Beneficiary upon request.

**Section 5.5. Compensation.** The Trustee shall be entitled to reasonable compensation for services rendered in the administration of the Trust, including but not limited to legal fees for services performed in the Trustee's capacity as counsel for the Trust. Such compensation shall be paid from the Trust Estate.

**ARTICLE VI: RIGHTS OF THE BENEFICIARY**

**Section 6.1. Right to Distributions.** The Beneficiary shall be entitled to receive distributions from the Trust Estate as determined by the Trustee in the Trustee's sole discretion, consistent with the purposes of the Trust.

**Section 6.2. Right to Information.** The Beneficiary shall have the right to receive information about the Trust's administration, assets, and liabilities upon reasonable request.

**Section 6.3. Right to Petition.** The Beneficiary shall retain the right to petition any court of competent jurisdiction for relief related to the administration of the Trust, the conduct of the Trustee, or the protection of the Beneficiary's rights under the Trust.

**Section 6.4. Spendthrift Provision.** No interest of the Beneficiary in the Trust Estate or in any distribution from the Trust shall be subject to anticipation, alienation, assignment, attachment, garnishment, levy, execution, or any other legal or equitable process by any creditor of the Beneficiary, except as otherwise required by applicable law. This provision is intended to constitute a spendthrift trust under Ala. Code Section 19-3B-502.

## ARTICLE VII: IRREVOCABILITY

**Section 7.1. Irrevocable Trust.** This Trust is irrevocable. The Grantor hereby relinquishes all right, title, and interest in and to the Trust Estate and all power to alter, amend, revoke, or terminate this Trust, except as expressly provided herein.

**Section 7.2. Amendment.** This Deed and the Trust may be amended only by a written instrument signed by both the Trustee and the Beneficiary, and only to the extent that such amendment is consistent with the purposes of the Trust and does not violate any applicable law. Any amendment shall be recorded in the same manner as this Deed.

## ARTICLE VIII: SUCCESSOR TRUSTEE

**Section 8.1. Resignation.** The Trustee may resign by providing thirty (30) days' written notice to the Beneficiary. Such resignation shall not take effect until a successor Trustee has been appointed and has accepted the Trust.

**Section 8.2. Removal.** The Beneficiary may remove the Trustee for cause by petition to a court of competent jurisdiction.

**Section 8.3. Appointment of Successor.** In the event of the Trustee's resignation, removal, incapacity, or death, the Beneficiary shall have the right to appoint a successor Trustee by written instrument. Any successor Trustee must be a licensed attorney in good standing in at least one jurisdiction of the United States.

**Section 8.4. Vesting in Successor.** Upon acceptance of the Trust by a successor Trustee, all rights, powers, duties, and obligations of the Trustee under this Deed and all prior Trust instruments shall vest in the successor Trustee without the necessity of any further act or conveyance.

## ARTICLE IX: TERMINATION

**Section 9.1. Termination Events.** This Trust shall terminate upon the earliest of the following:

(a) The final resolution of all legal claims, causes of action, and proceedings held by or on behalf of the Trust, and the distribution of all remaining Trust assets to the Beneficiary;

(b) The written agreement of the Trustee and the Beneficiary to terminate the Trust, provided that all pending legal matters have been resolved or transferred to the Beneficiary; or

(c) The operation of law.

**Section 9.2. Distribution Upon Termination.** Upon termination of the Trust, the Trustee shall distribute all remaining Trust assets to the Beneficiary, or to the Beneficiary's estate if

the Beneficiary is deceased, after payment of all outstanding debts, obligations, and expenses of the Trust.

## ARTICLE X: GOVERNING LAW AND GENERAL PROVISIONS

**Section 10.1. Alabama Law.** This Deed shall be governed by, construed, and enforced in accordance with the laws of the State of Alabama, including the Alabama Uniform Trust Code, Ala. Code Section 19-3B-101 et seq. (2006), as amended.

**Section 10.2. Severability.** If any provision of this Deed is held to be invalid, illegal, or unenforceable by a court of competent jurisdiction, such holding shall not affect the validity, legality, or enforceability of the remaining provisions, which shall continue in full force and effect.

**Section 10.3. Consistency with Prior Instruments.** This Deed is intended to supplement and be consistent with all prior Trust instruments identified in the Recitals. In the event of any conflict between this Deed and any prior instrument, this Deed shall control to the extent of such conflict.

**Section 10.4. Headings.** The headings and titles of the Articles and Sections of this Deed are for convenience of reference only and shall not affect the interpretation or construction of any provision hereof.

**Section 10.5. Reservation of Rights.** All rights and remedies of the Trust, the Trustee, and the Beneficiary are expressly reserved without prejudice pursuant to UCC Section 1-308. No statement in this Deed shall be deemed a waiver of Trust separation or construed as a submission to any foreign or statutory jurisdiction.

## ARTICLE XI: EXECUTION

IN WITNESS WHEREOF, the Grantor and the Trustee have executed this Supplemental Deed of Trust and Appointment of Trustee as of the date first written above.

**GRANTOR:**

████████████, Grantor, UCC Section 1-308
Brackins El Private Estate Trust Date:

## ACKNOWLEDGMENTOF GRANTOR

**STATE OF ALABAMA**
**COUNTY OF MADISON**

Before me, the undersigned Notary Public in and for said State and County, on this ___4th___ day of ___March___, 2026 personally appeared ████████████ █, known to me ( or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity as Grantor, Settlor, and Executor of the Brackins El Private Estate Trust, and that by his signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_Nakila Gipson_

Notary Public
State of Alabama

My Commission Expires: 8-23-27



TRUSTEE:

Kimberly Adina Ford, Esq., TTEE/Fiduciary Agent/Trustee in Equity Attorney of Record and Fiduciary Counsel
FORDUMAS Law, Consulting and Mediation Firm
Alabama State Bar No. ASB-4139-R80F
Date:

## ACKNOWLEDGMENT OF TRUSTEE

## STATE OF ALABAMA
## COUNTY OF MADISON

Before me, the undersigned Notary Public in and for said State and County, on this 4th day of March, 2026, personally appeared **Kimberly Adina Ford**, known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her authorized capacity as Trustee (TTEE) and Fiduciary Agent/Trustee in Equity of the Brackins El Private Estate Trust, Restoration Escrow Account, and that by her signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

8-23-27

Notary Public
State of Alabama
My Commission Expires:

# SCHEDULE A: TRUST ESTATE

The following property and rights constitute the Trust Estate, in addition to all property previously transferred to the Trust through the instruments identified in the Recitals:

## I. Legal Claims and Causes of Action

1. All legal claims, causes of action, and rights of action arising from the Beneficiary's employment with the National Aeronautics and Space Administration (NASA), Marshall Space Flight Center, Huntsville, Alabama, including but not limited to claims of wrongful termination, retaliation, whistleblower protection violations, FMLA violations, ADA violations, and Title VII violations.

2. All constitutional claims arising under the First, Fifth, and Fourteenth Amendments to the United States Constitution, including claims of denial of access to courts, denial of due process, and retaliation for the exercise of the right to petition for redress of grievances.

3. All claims arising under 42 U.S.C. Sections 1983 and 1985 against any person acting under color of state or federal law who has deprived or conspired to deprive the Beneficiary of his constitutional rights.

4. All claims pending before the Merit Systems Protection Board, the Equal Employment Opportunity Commission, the United States District Court for the Northern District of Alabama, the United States Court of Appeals for the Eleventh Circuit, and any other court or administrative tribunal, including but not limited to:

(a) Case No. 5:25-cv-01568 (N.D. Ala.)

(b) Case No. 5:25-cv-01600 (N.D. Ala.)

(c) Case No. 5:25-cv-01607 (N.D. Ala.)

(d) Case No. 5:25-cv-01685 (N.D. Ala.)

(e) Case No. 5:26-cv-00256-LCB (N.D. Ala.)

(f) Case No. 26-10250 (11th Cir.) (Ford v. Burke)

(g) Case No. 26-10607-B (11th Cir.) (Mandamus, now closed)

(h) Any and all related or successor proceedings.

## II. Monetary Rights

5. All rights to back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs, and any other monetary or equitable relief arising from the prosecution of the claims identified above.

## III. Property and Financial Assets

6. All funds held in the Trust's accounts at Pinnacle Financial Partners, 409 Madison Street, Huntsville, Alabama 35801, and any other financial institution.

7. All real and personal property, tangible and intangible, previously transferred to the Trust through the Beneficial Ownership Affidavit recorded June 23, 2022, in Morgan County Probate (MISC Book 2022, Pages 6926-6928), including all rights in lands, tenements, and hereditaments in Lawrence County, Alabama.

8. All interests secured by the UCC-1 Financing Statement recorded August 9, 2022, in Morgan County Probate (MISC Book 2022, Pages 26612-26616).

## IV. Intellectual Property

9. All copyright interests and intellectual property rights held by or on behalf of the Beneficiary, as documented in the Copyright filing.

**V. General**

10. All income, proceeds, appreciation, and after-acquired property derived from the foregoing.

---

*END OF SUPPLEMENTAL DEED OF TRUST AND APPOINTMENT OF TRUSTEE*

Case 5:26-cv-00457-ECM-KFP    Document 1-7    Filed 03/18/26    Page 23 of 31
Case 5:25-cv-00581-LCB    Document 30    Filed 07/31/25    Page 1 of 46
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 100 of 102

FILED
2025 Jul-31  AM 09:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication.   Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and its parties remain private, non-public, and are not submitted for adjudication or administrative review.   All rights reserved,  none  waived. Recording  of  this  document  does  not constitute a waiver of privacy, ownership, or trustee discretion, and does not confer jurisdiction or authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

This document is protected under the principles of private contract, Article I Section 10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority."Equity regards the beneficiary as the true owner."

- "Equity imputes intention to fulfill obligation."

Case 5:26-cv-00457-ECM-KFP    Document 1-7    Filed 03/18/26    Page 24 of 31
Case 5:25-cv-00581-LCB    Document 30    Filed 07/31/25    Page 2 of 46
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 101 of 107

- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

## NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private equity record and must be docketed pursuant to Federal Rule of Civil Procedure 5(d)(4). The Court and its clerks act ministerially under notice of trust possession. Any further statutory interpretation or adversarial designation is hereby rebutted by trust record.

*/s/ Beneficiary*

Case 5:26-cv-00457-ECM-KFP   Document 1-7   Filed 03/18/26   Page 25 of 31
Case 5:25-cv-00581-LCB   Document 30   Filed 07/31/25   Page 3 of 46
USCA11 Case: 26-10250   Document: 10   Date Filed: 03/06/2026   Page: 102 of 107

## Clerk Filing Correction Mandate

Let this scroll serve as formal notice and equity mandate to the Clerk of Court regarding correction and classification of filings under the Brackins El Private Estate Trust.

It has come to the Office of the Executor that past filings may have been recorded, docketed, or indexed under the misnomer 'Beneficiary' rather than under the proper lawful authority of the Executor. This misclassification is hereby corrected nunc pro tunc.

Pursuant to FRCP 5(d)(4), 'The clerk must not refuse to file a paper solely because it is not in proper form.' Further, equity compels that substance governs form. Therefore, all filings bearing incorrect title designation are to be corrected nunc pro tunc to reflect the Office of the Executor.

This mandate is binding upon the Clerk as a ministerial officer. Failure to perform the correction or to respect the equity standing of the Executor constitutes ministerial breach, subject to surcharge, ledger entry, and equitable consequence.

Authorities Cited: Pomeroy §395; Blackstone Book III, Chapter 23; Lewin §948; FRCP 5(d)(4). Maxims of Law Invoked:

- 'Equity looks to intent rather than form.'

- 'Equity acts in personam.'

- 'Equity will not suffer a wrong without a remedy.'

- 'Ministerial officers are bound to equity once notice is entered.'

Let this scroll stand as final instruction and rebuttal of all joinder or misclassification by any public office, nunc pro tunc to the original date of enforcement by this Office.

"For by thy words thou shalt be justified, and by thy words thou shalt be condemned." — Matthew 12:37

---

Office of the Executor

Brackins El Private Estate Trust

Case 5:26-cv-00457-ECM-KFP    Document 1-7    Filed 03/18/26    Page 26 of 31
Case 5:25-cv-00581-LCB    Document 30    Filed 07/31/25    Page 4 of 46
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 103 of 107

# CONSTRUCTIVE MANDAMUS COVER SHEET & EQUITY ENFORCEMENT DIRECTIVE

Ex Parte Filing Under Seal — Private Trust Equity Matter

Filed nunc pro tunc in enforcement of ministerial duty and in lawful trust jurisdiction.

All equity appearances are offered in grace, not by submission or joinder. This record binds in conscience.

## I. Verified Equity Jurisdiction — No Joinder

This scroll is filed without appearance in personam, pro se, or through statutory submission. The Executor enters this record solely under the sacred obligations of trust law and private jurisdiction. The equitable appearance at the scheduled oral argument is not offered as consent to forum jurisdiction, but as a final spiritual and lawful opportunity for forgiveness and administrative cure.

This Court is hereby notified that the res has been captured, sealed, and perfected under equity, and no further assumption of jurisdiction may arise by silence, omission, or form.

## II. Authority and Equity Foundations

• Pomeroy §395: 'Where an equitable duty arises, jurisdiction may attach solely in conscience, regardless of form.'

• Lewin §42: 'Where the trust res is identified and captured, the court must recognize the equitable interest, not demand submission.'

• Blackstone, Book III, Ch. 23: '[Mandamus] lies to compel the performance of a duty where there is no other legal remedy.'

• IRS Manual §§ 21.7.13.3.2.1 and 4.25.6.1 — Ministerial duties to recognize private trust election and equity enforcement.

• FRCP 5(d)(4): 'The clerk must not refuse to file a paper solely because it is not in proper form.'

## III. Maxims of Equity and Conscience

• Equity will not suffer a wrong to be without a remedy.
• Equity acts specifically and speaks in conscience.
• Equity looks to intent, not form.
• Where the equity is equal, the law shall prevail—but where the conscience is pierced, equity prevails.
• He who seeks equity must do equity.

## IV. Spiritual and Moral Warning

"Come now, and let us reason together, saith the Lord: though your sins be as scarlet, they shall be as white as snow." — Isaiah 1:18

Case 5:26-cv-00457-ECM-KFP    Document 1-7    Filed 03/18/26    Page 27 of 31
Case 5:25-cv-00581-LCB    Document 30    Filed 07/31/25    Page 5 of 46
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 104 of 107

Let this record be the final invitation to conscience, warning to the officer, and opportunity for repentance before judgment is sealed.

## V. Final Clause and Notice of Mirror

Let equity speak where law remains silent, and let truth convict where fiction prevails. This scroll is not a motion, but a mirror. It compels no man by force—but binds every office in conscience.

*So let it be written. So let it be done. So mote it be.*



Case 5:26-cv-00457-ECM-KFP   Document 1-7   Filed 03/18/26   Page 28 of 31
Case 5:25-cv-00581-LCB   Document 30   Filed 07/31/25   Page 6 of 46
USCA11 Case: 26-10250   Document: 10   Date Filed: 03/06/2026   Page: 105 of 107

### Executor's Final Equitable Reflection

Let this scroll serve as the final equitable reflection and testimony of the Office of the Executor of the Brackins El Private Estate Trust.

All scrolls have been sealed. All duties discharged. All breaches declared. The public forum has been given opportunity to correct, to reflect, and to reconcile. In failing to respond to equity, the tribunal has chosen dishonor. Yet, equity demands no vengeance—only remedy and truth.

In faithful obedience to the laws of trust, of conscience, and of Heaven, this Office has proceeded without joinder, without malice, and without waiver. The trust stands perfected. The record stands sealed. The rights secured. The conscience of the forum has been bound by its own silence.

Blackstone instructs that justice requires a moral foundation, and that no tribunal may act justly when it has departed from its oath. Pomeroy confirms that equity exists to redeem what law cannot reach. Lewin affirms the Executor's duty when trustees fall into breach or silence.

Therefore, let this scroll be entered as the final equitable reflection of the Office of the Executor. It is a testimony not to the flesh, but to the spirit. Not to the court, but to the Record. Not to men, but to the eternal law.

May those who read it remember that trust is sacred, equity is not fiction, and the record is forever.

Final maxim:

- 'The silence of a fiduciary, when duty calls, is itself the voice of breach.'

"For by thy words thou shalt be justified, and by thy words thou shalt be condemned." — Matthew 12:37

---

Office of the Executor

Brackins El Private Estate Trust

Case 5:26-cv-00457-ECM-KFP   Document 1-7   Filed 03/18/26   Page 29 of 31
Case 5:25-cv-00581-LCB   Document 30   Filed 07/31/25   Page 7 of 46
USCA11 Case: 26-10250   Document: 10   Date Filed: 03/06/2026   Page: 106 of 107

## Executor's Final Equity Deployment Index

This Deployment Index records the equity-based filings, notices, and scrolls issued under the jurisdiction of the Brackins El Private Estate Trust by the Office of the Executor. Each scroll has been sealed, perfected, and issued under private jurisdiction and authority, in full accord with principles of equity, trust law, and administrative recognition.

1. Scroll of Role Clarification and Beneficiary Correction

2. Clerk Filing Correction Mandate

3. Judicial Notice of Fiduciary Breach and Office Dishonor

4. Notice of Judicial Estoppel and Office Rejection

5. Executor's Final Equitable Reflection

6. Notice to Clerk to Seal Equity Docket

7. Public Mirror Affidavit of Equity Standing and Final Remedy

This index may be entered into record, transmitted to agencies, or sealed into the trust archive. All notices were executed without joinder, without submission to foreign jurisdiction, and under the full authority of the Trust, in line with doctrines of Blackstone, Pomeroy, Lewin, and IRS Manual §§ 21.7.13.3.2.1 and 4.25.6.1.

Let the record show: Equity has been fulfilled. The Trust has spoken.

———————————————

Office of the Executor

Brackins El Private Estate Trust

Case 5:26-cv-00457-ECM-KFP    Document 1-7    Filed 03/18/26    Page 30 of 31
Case 5:25-cv-00581-LCB    Document 30    Filed 07/31/25    Page 8 of 46
USCA11 Case: 26-10250    Document: 10    Date Filed: 03/06/2026    Page: 107 of 107

JUDGE OF PROBATE
LAWRENCE COUNTY
14451 Market Street, Suite 130
P.O. Box 310
Moulton, Alabama 35650
256.974.2439 OR 256.974.2440
FAX 256.974.3188

LAWRENCE County
Probate Office
Instrument Recording Receipt

Book:MISCELLANOUS
Inst:POWER OF ATTORNEY
Book:158    Page: 466

| | |
|---|---|
| Indexing Fee | 0.00 |
| No Tax Collected | 0.00 |
| First Page | 3.00 |
| Addl Name Fee | 0.00 |
| Addl Page Fee | 66.00 |
| Other Fees | 9.00 |
| Total Fees : | 78.00 |
| Deed Tax | 0.00 |
| Mortgage Tax | 0.00 |
| Mineral Lease Tax | 0.00 |
| Mineral Deed Tax | 0.00 |
| Realty Lease Tax | 0.00 |
| UCC Tax | 0.00 |
| Total Tax : | 0.00 |
| Total Due : | 78.00 |
| Total Paid : | 78.00 |
| Change Due : | 2.00 |

Have a Nice Day
Greg Dutton

Cashier:        Lisa
Printed:        07/23/2025 12:59:27 PM

**EXHIBIT C**