FILED

2026 Mar-23  AM 11:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| BRACKINS EL PRIVATE ESTATE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>THE HONORABLE LILES C. BURKE; THE HONORABLE R. DAVID PROCTOR; JUSTIN JONES; THE ALABAMA STATE BAR; PRAVEEN KRISHNA; U.S. MARSHALS SERVICE,<br><br>Defendants. | CIVIL ACTION NO. 5:26-cv-0457-ECM |

**MOTION TO SEVER UNDER FEDERAL
RULE OF CIVIL PROCEDURE 21**

Defendants, the Honorable Liles C. Burke, United States District Judge for the Northern District of Alabama ("Judge Burke"), and the Honorable R. David Proctor, Senior United States District Judge for the Northern District of Alabama ("Judge Proctor"), move to sever their case from that of the remaining defendants in the above-captioned case under Federal Rule of Civil Procedure 21 because their counsel has also been named a defendant in the case. The other defendants do not oppose severance.

In support of the motion, Judges Burke and Proctor provide the following:

1.      Judges Burke and Proctor were previously named defendants in the consolidated cases, *Ford v. Burke*, No. 5:26-cv-0255, and *Ford v. Proctor*, No. 5:26-cv-0284, filed by Kimberly A. Ford ("Ford") arising out of her disbarment from the Northern District of Alabama. The undersigned is counsel for both judges in the matters.

2.      On March 7, 2026, Ford filed a complaint on behalf of the Brackins El Private Estate Trust (the "Trust") in the Circuit Court of Madison County, Alabama, naming as defendants, Judges Burke and Proctor and the undersigned, as well as Justin Jones, an attorney for the Alabama State Bar, the Alabama State Bar, and the U.S. Marshals Service. (Doc. 1-1 at 7.)

2.      On March 18, the case was removed to the U.S District Court for the Northern District of Alabama. (*See* Doc. 1.)

3.      Under Federal Rule of Civil Procedure 21, this Court "may at any time, on just terms, add or drop a party" and "sever any claim against a party." Fed. R. Civ. P. 21. It has "considerable discretion" in deciding whether to sever a case, *Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010), and may do so "in the interests of justice," *see Trantham v. Socoper, Inc.*, No. 1:16-cv-01476, 2020 WL 4365605, at *2 (N.D. Ala. July 30, 2020) (severing case in "interests of justice").

2

4.     Severance is appropriate here so that Judges Burke and Proctor may keep the undersigned as counsel without also having him as their co-defendant in the above-captioned case. As noted above, the undersigned is already representing Judges Burke and Proctor in consolidated cases involving Ford and anticipates raising the same defenses. In addition, Judges Burke and Proctor will raise the defense of absolute judicial immunity, which is unavailable to the other defendants.

5.     Judges Burke and Proctor will follow the scheduling order entered in response to the defendants' motion filed on March 19, 2026. (Doc. 3.)

6.     The undersigned has contacted the other defendants who do not object to severance.

7.     The position of the plaintiff is unknown. As of the date of this filing, the Trust is unrepresented in this case. Ford filed the complaint on behalf of the Brackins El Private Estate Trust in state court. However, she is barred from practicing in the Northern District of Alabama. *See* Doc. 37, *Brackins El Private Estate v. White, et al.*, Case 5:25-cv-01568-LCB (N.D. Ala.).

In addition, the Alabama State Bar has suspended her license.[1] Although Ford identifies herself as a trustee, she cannot represent the Trust in this proceeding because trusts cannot proceed *pro se*. *See J.J. Rissell, Allentown, PA Tr. v. Marchelos*,

---

[1]     *See* Alabama State Bar Member Portal, *https://members.alabar.org/Member_Portal/member_portal/member-search.aspx* (search "Kimberly Adina Ford") (last visited March 19, 2026).

976 F.3d 1233, 1235 (11th Cir. 2020) ("A trust, like a corporation, is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.") (cleaned up).

Moreover, while the PACER docket identifies Ford as a plaintiff in her own right, Ford's state-court complaint identifies only the trust as the plaintiff and explains that Ford "operates solely in her capacity as Fiduciary Counsel to the Trust." (Doc. 1-1 at 7-8.) Therefore, she is not herself a party to this case.

## CONCLUSION

This Court should sever Judges Burke and Proctor from the remaining defendants.

CATHERINE L. CROSBY
ACTING UNITED STATES
ATTORNEY

   /s/                  

Praveen Krishna
Assistant U.S. Attorney
U.S. Attorney's Office
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2001

4

## CERTIFICATE OF SERVICE

I certify that on March 23, 2026, I served a copy of the above on the Plaintiff

by sending a copy by certified mail to:

Kimberly A. Ford, Trustee
470 Providence Main, Suite 302C
Huntsville, AL 35806

_____/s/_____

Praveen Krishna
Assistant United States Attorney

5