FILED

2026 Mar-25  AM 08:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| BRACKINS EL PRIVATE ESTATE TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 5:26-CV-457-ECM-KFP |
| | ) | |
| HONORABLE LILES C BURKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendants Honorable Liles C. Burke and Honorable R. David Proctor's Motion to Sever Under Federal Rule of Civil Procedure 21 (Doc. 6). Defendants move to sever their case from the remaining defendants because their counsel in two separate cases[1] is also a named defendant in this case. Doc. 6 at 1–3.

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Likewise, "Federal Rule of Civil Procedure 42 allows the court to order a separate trial on issues or claims for 'convenience, to avoid prejudice, or to expedite and economize.'" *Trantham v. Socoper, Inc.*, 2020 U.S. Dist. LEXIS 134835, at *5 (N.D. Ala. July 30, 2020) (quoting Fed. R. Civ. P. 42). The Court has "considerable discretion" when choosing to sever a case. *Estate of Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010). "Among the factors considered in exercising that discretion include whether the claims arise from the same transaction or

---

[1] *Ford v. Burke*, No. 5:26-cv-255, and *Ford v. Proctor*, No. 5:26-cv-284.

occurrence, whether they present some common question of law or fact, whether severance would facilitate settlement or judicial economy, and the relative prejudice to each side if the motion is granted or denied." *SE Prop. Holdings, LLC v. Green*, 2020 U.S. Dist. LEXIS 160685, at *19 (S.D. Ala. Sept. 1, 2020) (quoting *Fisher v Ciba Specialty Chems. Corp.*, 245 F.R.D. 539, 541 (S.D. Ala. 2007)).

Here, the attorney serving as Defendants' counsel in *Ford v. Burke*, No. 5:26-cv-0255, and *Ford v. Proctor*, No. 5:26-cv-0284 is also a co-defendant in this case, which could complicate their defense or cause prejudice. Additionally, the nature of the expected defenses that these Defendants will be asserting (*See* Doc. 6 at 3) suggests judicial economy will be served by handling the claims against them separately. Under the circumstances presented, and for good cause, the undersigned finds that the interests of justice supports severance of Judges Burke and Proctor.

For these reasons it is RECOMMENDED that Defendants' Motion (Doc. 6) be GRANTED and the claims against Defendants Judge Burke and Judge Proctor be SEVERED from this case.

Further, it is ORDERED that on or before **April 8, 2026**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 25th day of March, 2026.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE