FILED

2026 Apr-27  AM 08:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| BRACKINS EL PRIVATE ESTATE TRUST,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE HONORABLE LILES C. BURKE; THE HONORABLE R. DAVID PROCTOR; JUSTIN JONES; THE ALABAMA STATE BAR; PRAVEEN KRISHNA, AUSA; U.S. MARSHALS SERVICE,<br><br>　　　　Defendants. | NO. 5:26-cv-00457-ECM-KFP |

### MOTION TO STAY RESPONSE DEADLINE

Defendants the U.S. Marshals Service and Praveen Krishna, Assistant U.S. Attorney, (the "Moving Defendants") move to stay their deadline to respond to Plaintiff's complaint until counsel appears in this action to represent Plaintiff. Counsel for the other defendants in this action have indicated they do not oppose this request. In support of this request, the Moving Defendants state as follows.

1.　　　The Moving Defendants' deadline to respond to Plaintiff's complaint is May 6, 2026. Order, Doc. 12. In response to Plaintiff's complaint, the Moving Defendants anticipate filing a motion to dismiss.

2.      On March 25, 2026, the Court entered an order requiring Plaintiff to secure legal representation and for Plaintiff's counsel to file a notice of appearance no later than April 22, 2026.  Order at 1, Doc. 11.

3.      As of the date of filing this motion, no counsel has entered an appearance on behalf of Plaintiff in this federal action.[1]

4.      Without counsel, Plaintiff is unable to proceed with litigating this action.  *See J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020) ("A trust, like a corporation, 'is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.'") (quoting *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)).

5.      Because Plaintiff's ability to maintain this action is currently unsettled, the Moving Defendants respectfully ask the Court to stay their response deadline until counsel appears on behalf of Plaintiff.  Such a stay would conserve any judicial resources that would be allocated to adjudicating the Moving Defendants' motion to dismiss.  A stay would also conserve attorney resources related to finalizing and filing a motion to dismiss that may be mooted by Plaintiff's inability to secure counsel.  Finally, a stay of the Moving Defendants'

---

[1] On March 30, 2026, Patrick S. Arrington filed a Notice of Appearance on behalf of Brackins El Private Estate Trust with the Madison County Circuit Court in the action that has been removed to federal court.  A copy of the Notice of Appearance is attached as Exhibit A.  On April 23, 2026, the undersigned emailed Mr. Arrington regarding Plaintiff's position on this motion.  As of the date of filing this motion, the undersigned has not received a response from Mr. Arrington.

response deadline would not prejudice Plaintiff because, at this time, Plaintiff is unable to proceed with its claims.  Balancing these various interests, a stay of the Moving Defendants' response deadline is appropriate.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

CATHERINE L. CROSBY
UNITED STATES ATTORNEY

s/Don B. Long III
Don B. Long III
Assistant U.S. Attorney
U.S. Attorney's Office
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2001

CERTIFICATE OF SERVICE

I certify that on or about April 27, 2026, I served a copy of the above on the

Plaintiff by sending a copy by certified mail to:

Patrick S. Arrington
PATRICK S. ARRINGTON, L.L.C.
225 Spragins Street
Suite D
Huntsville, Al 35801

s/Don B. Long III
Don B. Long III
Assistant U.S. Attorney

4